UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHIRIN BAYATI and MOJAN KAMALVAND, *individually and on behalf of all others similarly situated*, | § § § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-0410-B |
| | § | |
| GWG HOLDINGS INC., BRAD K. HEPPNER, ROY W. BAILEY, PETER T. CANGANY, JR., DAVID F. CHAVENSON, THOMAS O. HICKS, DENNIS P. LOCKHART, BRUCE W. SCHNITZER, DAVID H. DE WEESE, MURRAY T. HOLLAND, and TIMOTHY L. EVANS, | § § § § § § § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Defendant GWG Holding, Inc. ("GWG") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. Doc. 34, Notice Suggestion Bankr. The next day, this Court stayed all actions against GWG and ordered the nondebtor parties to advise the Court on whether the stay should also extend to these parties. Doc. 35, Elec. Order. Four days later, Plaintiffs Thomas Horton and Frank Moore filed a Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel. *See* Doc. 37, Mot. Appointment. However, L Bond Management LLC ("Intervenors") filed a Motion to Intervene the day before GWG filed the voluntary petition for bankruptcy and that motion is now also pending before the Court. *See* Doc. 32, Mot. Intervene. The parties then

-1-

responded to the Court's extension of the stay Order and asked the Court to "enter an order staying the proceedings in this action," subject to some exclusions.  Doc. 41, Agreed Joint Statement Auto. Stay, 3. Plaintiffs propose to request the bankruptcy court modify the automatic stay for (1) this Court to adjudicate the Plaintiff's Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (Doc. 37) and (2) to permit Plaintiffs "[to] serv[e] and enforc[e] third-party subpoenas on the two registered investment advisors who solicited [Plaintiffs'] investments in the securities at issue in this litigation." *Id.* at 2–3. Specifically missing from this request to permit the bankruptcy court to modify the stay is any reference to whether the Court may also adjudicate the Intervenors' Motion to Intervene. *See id.* Accordingly, the Court finds that a stay is warranted against the nondebtor defendants, but the parties' request for the bankruptcy court to modify the stay should also include (3) allowing this Court to adjudicate the pending Motion to Intervene (Doc. 32).

The automatic stay under 11 U.S.C. § 362(a) generally protects only the debtor in the bankruptcy proceeding, not codebtors, cotortfeasors, or other nondebtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). Further, "[t]he automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding." *Picco v. Glob. Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990). Thus, despite the initiation of the Chapter 11 proceeding here, this Court can "retain jurisdiction to determine the applicability of the stay to litigation pending before [it], and to enter orders not inconsistent with the terms of the stay." *Id.*

But the Fifth Circuit has recognized at least one instance where the stay may be extended to nondebtors—cases where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-

party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Servs.*, 349 F.3d at 825 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). However, this exception should only apply where a "claim of a formal tie or contractual indemnification ha[s] been made to create an identity of interests between the debtor and nondebtor." *Id.*

In this case, Plaintiffs bring securities claims against GWG and five current or former directors and officers of GWG (the "Individual Defendants"). Doc. 1, Compl., ¶¶ 17–26, 85–106; Doc. 40, Notice of Dismissal, 1 (dismissing five of the ten original Individual Defendants). In their Complaint, Plaintiffs further contend that each Individual Defendant acted as "a principal, agent, alter ego, joint venturer, partner, or affiliate of each other Defendant." *Id.* ¶ 33. As such, Plaintiffs claim a formal tie between each of the Defendants and an extension of the automatic stay is warranted. *See Reliant Energy Servs.*, 349 F.3d at 825.

Accordingly, the Court **EXTENDS** its stay under 11 U.S.C. § 362(a)(1) to the claims against the nondebtor parties, subject to the following: (1) Thomas Horton and Frank Moore may move the bankruptcy court for a limited modification or retroactive lifting of this stay to allow this Court to entertain their lead plaintiff motion; (2) Thomas Horton and Frank Moore may move the bankruptcy court for a limited modification or retroactive lifting of this stay to allow them to proceed with certain third-party discovery; and (3) Intervenors may move the bankruptcy court for a limited modification or retroactive lifting of this stay to allow this Court to entertain its Motion to Intervene.

SO ORDERED.

SIGNED: May 12, 2022.


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE