# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **SHIRIN BAYATI and MOJAN KAMALVAND**, individually and on behalf of all others similarly situated, | § § § § | Civil Action No. 3:22-cv-00410-B<br><br>CLASS ACTION |
| Plaintiffs, | § § | |
| vs. | § § | |
| **GWG HOLDINGS, INC.**, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | Introduction | 1 |
| II. | Procedural and Factual Background | 2 |
| III. | Argument | 5 |
| | a.   The *Bayati* and *Horton* Actions Should Be Consolidated | 5 |
| IV. | The Court Should Enter the Proposed Consolidation Order | 8 |
| V. | Appointment of the Hon. W. Royal Furgeson (Ret.) as Mediator | 9 |
| VI. | Conclusion | 9 |

## TABLE OF AUTHORITIES

**Cases**

*Blackmoss Invs., Inc. v. ACA Cap. Holdings, Inc.*,
 252 F.R.D. 188 (S.D.N.Y. 2008) ................................................................................................ 6

*Broll v. Nat'l Asset Servs., Inc.*,
 2018 WL 11400095 (W.D. Tex. Apr. 13, 2018) ........................................................................ 5

*CenturyLink Sales Pracs. & Sec. Litig.*,
 2018 WL 1902725 (D. Minn. Apr. 20, 2018) ........................................................................ 6, 8

*Edwards v. McDermott Int'l, Inc.*,
 2021 WL 1415900 (S.D. Tex. Apr. 12, 2021) ........................................................................ 6, 8

*Glauser v. EVCI Center Colleges Holding Corp.*,
 236 F.R.D. 184 (S.D.N.Y. 2006) ................................................................................................ 7

*In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*,
 549 F.2d 1006 (5th Cir. 1977) ................................................................................................... 5

*In re Bear Stearns Companies, Inc. Sec., Derivative, & Emp. Ret. Income Sec. Act (Erisa) Litig.*,
 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ................................................................................... 6

*In re BP, PLC Sec. Litig.*,
 758 F. Supp. 2d 428 (S.D. Tex. 2010) ....................................................................................... 6

*In re Gen. Elec. Sec. Litig.*,
 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ............................................................................ 6

*In re OSI Pharms., Inc. Sec. Litig.*,
 2005 WL 6171305 (E.D.N.Y. Sept. 21, 2005) ........................................................................... 6

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
 219 F.R.D. 343 (D. Md. 2003) ................................................................................................... 6

*In re Synergy Pharms. Inc. Sec. Litig.*,
 2020 WL 5763830 (E.D.N.Y. Sept. 28, 2020) ........................................................................... 6

*In re Universal Access, Inc. Sec. Litig.*,
 209 F.R.D. 379 (E.D. Tex. 2002) ............................................................................................... 5

*Kin-Yip Chun v. Fluor Corp.*,
 2020 WL 2745527 (N.D. Tex. May 26, 2020) ...................................................................... 6, 8

*Pinkowitz v. Elan Corp., PLC*,
 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) .................................................................. 6

*Porzio v. Overseas Shipholding Grp12*,
 2013 WL 407678 (S.D.N.Y. Feb. 1, 2013) ................................................................................ 6

*Weisz v. Calpine Corp.*,
 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ........................................................................ 6

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................. 7

**Statutes**

11 U.S.C. § 362 ................................................................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(A)(ii) ........................................................................................................ 9

15 U.S.C. § 78u-4(a)(3)(B)(ii) ........................................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ....................................................................................................... 9

Securities Act of 1933, Section 11 ............................................................................................. 1, 2

Securities Act of 1933, Section 12 ............................................................................................. 1, 2

Securities Act of 1933, Section 15 ............................................................................................. 1, 2

**Rules**

Fed. R. Civ. P. § 42 ......................................................................................................................... 8

Fed. R. Civ. P. § 42(a) ................................................................................................................. 2, 5

I.     **Introduction**

On August 1, 2023, debtors in the related bankruptcy action, *In re GWG Holdings, Inc., et al.*, Case No. 22-90032 (MI) (Bankr. S.D. Tex.) (the "Bankruptcy Action"), filed a *Notice of (I) Occurrence of the Effective Date and (II) Related Bar Dates* (Bankruptcy Action, Doc. 2079), informing the bankruptcy court that the effective date of debtors' Chapter 11 plan occurred on August 1. Accordingly, lead plaintiffs Thomas Horton and Frank Moore (the "Lead Plaintiffs") respectfully request this Court vacate its orders staying all claims against Debtor and nondebtor parties. *See* Docs. 35, 42.

Lead Plaintiffs further move that this matter be assigned to a single judge and to consolidate *Bayati v. GWG Holdings, Inc., et al.*, Case No. 3:22-cv-00410-B (N.D. Tex.) (the "*Bayati* Action") and *Horton v. Heppner, et al.*, Case No. 3:23-cv-01230-X (N.D. Tex.) (the "*Horton* Action"). Both cases are brought pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") by the same class representatives and allege violations on behalf of the same class under Sections 11, 12 and 15 of the Securities Act of 1933 (the "Securities Act") in connection with the same offering of the same debt securities of the same issuer. Assignment of both cases to a single judge for consolidated proceedings is consistent with the provisions of the PSLRA, and will increase judicial efficiency, conserve party resources, and prevent the possibility of inconsistent rulings and judgments.

Finally, Lead Plaintiffs move for an order appointing a mediator. Lead Plaintiffs' counsel have conferred with counsel for all defendants in *Horton* and *Bayati*. The individual defendants in both Actions and defendant The Beneficient Company Group, L.P. ("Ben LP"), are all insured under the same insurance policies. To avoid potentially unnecessary depletion of insurance policies on litigation expenses if the claims asserted in these cases can be resolved consensually, the parties

1

have agreed to engage in an early mediation process. The parties agree to the appointment of the Hon. W. Royal Furgeson (Ret.), and Judge Furgeson has agreed to accept this appointment and has already met with the parties to familiarize himself with the subject matter of this litigation. To allow for mediation and to limit any ongoing depletion of the insurance, the parties request a period of 90 days to complete the mediation, with an order to report before the expiration of that period as to the status of the mediation. Lead Plaintiffs respectfully submit with this motion a proposed order consolidating actions, providing for the filing of a consolidated complaint within 20 days after entry of the consolidation order, setting the date of Defendants' responses to 90 days after the filing of the consolidated complaint, and appointing Judge Furgeson as mediator in this Action. Entry of the proposed consolidation order will promote the orderly conduct of the consolidated actions and simplify further proceedings. For all the reasons set forth below, Lead Plaintiffs respectfully request that these Actions be assigned to a single District Court Judge and consolidated for pretrial and trial pursuant to Federal Rule of Civil Procedure 42(a) and the accompanying proposed consolidation order.

## II.     Procedural and Factual Background

On February 18, 2022, Shirin Bayati and Mojan Kamalvand commenced this Action and filed a complaint against GWG Holdings, Inc. ("GWGH") and certain of its officers and directors for violations of Sections 11, 12, and 15 of the Securities Act on behalf of a putative class of investors. Doc. 1 ("*Bayati* Compl."). The complaint takes issue with disclosures concerning related party transactions. In 2018, GWGH shifted away from its business strategy of acquiring life insurance policies and began making significant investments in Ben LP, an entity founded and controlled by Brad K. Heppner. *Bayati* Compl., ¶ 3. On December 31, 2019, Ben LP became a consolidated subsidiary of GWGH and they remained consolidated until November 29, 2021. *Id.*,

¶ 28. Between August 2020 and April 2021, GWGH sold over $350 million of L Bonds in connection with its registration statement declared effective June 2020 (the "Registration Statement"). *Id.*, ¶ 1.

The later-filed *Horton* Action raises many of the same issues of law and fact as this Action. For example, both Actions allege that the Registration Statement contained materially false and misleading representations and omissions regarding GWGH's use of L Bond proceeds during 2019, related party transactions associated with Ben LP's repayment of certain debts, and the integrity of GWGH's financial statements. *See Bayati* Compl., ¶¶ 2, 6, 47-55, 73, 77-78; *Horton* Doc 1 ("*Horton* Compl."), ¶¶ 67-88, 96-107. In addition, both Actions raise the issue of Ben LP's treatment of trust-borrowers as "unaffiliated," when, in reality, these trust-borrowers were Ben LP subsidiaries. *Bayati* Compl., ¶¶ 45-49; *Horton* Compl., ¶¶ 55-64.

In October 2020, GWGH received a SEC subpoena for documents and information relating to the L Bond offering and its accounting practices, among other areas of inquiry, as part of a non-public investigation of GWGH being conducted by the SEC. *Bayati* Compl., ¶ 8. GWGH missed the deadline for GWGH's 2020 annual report and subsequent quarterly reports, and in November 2021 restated certain financial statements for the year ending December 31, 2019. *Id.*, ¶¶ 7, 48-49, 77. In January 2022, GWGH missed a payment of interest and principal due and owing to L Bond holders and announced its hiring of restructuring counsel. *Id.*, ¶ 10. In February 2022, GWGH disclosed that it was unable to continue making payments on the L Bonds. *Id.*

On April 20, 2022, GWGH and other related debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Pursuant to the automatic bankruptcy stay, the Court entered an order staying all claims against the debtors on April 21. Doc. 35. On May 5, the parties

filed an Agreed Joint Statement on Automatic Stay to extend the stay to all non-debtor defendants in this case and, on May 12, the Court extended the stay to all non-debtor parties. Docs. 41-42.

Thomas Horton and Frank Moore filed a Motion for Appointment as Lead Plaintiff in this Action on April 25, 2022. Doc. 37. On May 6, they filed a Motion for Relief from the Automatic Stay in the bankruptcy court requesting that they be allowed to prosecute the Lead Plaintiff Motion and, on May 31, the bankruptcy court entered an order lifting the automatic stay to enable the Court to entertain their motion for appointment of lead plaintiff. On June 2, the Court lifted the stay in accordance with the bankruptcy court's order. Docs. 43-44. The Court also directed that any party opposing the motion for appointment as lead plaintiff to file a response on or before June 17, 2022. Doc. 44. No response was filed. On August 5, the Court appointed Horton and Moore Lead Plaintiffs pursuant to the PSLRA and approved their selection of Girard Sharp LLP and Malmfeldt Law Group P.C. as Lead Counsel. Doc. 51.

On May 26, 2023, Horton and Moore filed the *Horton* Action and a Notice of Related Case (*Horton* Doc. 1-2), relating *Horton* with this Action because the two cases involve a common nucleus of operative facts.[1] The *Horton* complaint asserts claims under the Securities Act against nondebtors Ben LP, GWGH's former auditor Whitley Penn LLP, and individual defendants Heppner, Cangany, Hicks, Lockhart, and Schnitzer on behalf of persons who acquired L Bonds pursuant to GWGH's June 2020 Registration Statement. These individuals were named as defendants in the complaint in this Action but, based on an agreement with their counsel, were voluntarily dismissed in May 2022 to facilitate Ben LP's attempt to implement its new business plan. Doc. 40. *Horton* was filed to preserve the investor claims against these defendants from the

---

[1] On March 30, 2023, another related securities complaint was filed in this District. *See Scura v. Heppner, et al.*, Case No. 3:23-cv-00680-X (N.D. Tex.) ("*Scura* Action"), Doc. 1. That case was dismissed on June 8. *Id.*, Doc. 23.

4

Securities Act's statute of repose. *See Broll v. Nat'l Asset Servs., Inc.*, 2018 WL 11400095, at *4 (W.D. Tex. Apr. 13, 2018) (the three-year statute of repose "is not subject to equitable tolling.").

On August 1, 2023, debtors filed a notice informing the bankruptcy court that the effective date of debtors' Chapter 11 plan had occurred. Bankruptcy Action, Doc. 2079. The stays arising under or entered during the Bankruptcy Action under 11 U.S.C. § 362 generally expire upon the effective date of the Chapter 11 plan. *See* Bankruptcy Action, Doc. 1952 at 37.

### III. Argument

#### a. The *Bayati* and *Horton* Actions Should Be Consolidated

Under Federal Rule of Civil Procedure 42(a), the Court may consolidate cases involving common legal or factual questions to avoid unnecessary cost and delay. "In this Circuit, district judges have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quotation marks and citation omitted). "Further, the PSLRA expressly requires that the Court enter an order consolidating similar actions[.]" *In re Universal Access, Inc. Sec. Litig.*, 209 F.R.D. 379, 382 (E.D. Tex. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)).

In deciding whether to consolidate cases, the Court considers factors including, but not limited to:

> (1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will reduce the expense of trying the case separately.

5

*Kin-Yip Chun v. Fluor Corp.,* 2020 WL 2745527, at *2 (N.D. Tex. May 26, 2020) (Starr, J.) (footnote and citations omitted).

The requirements for consolidation are met here because the *Bayati* and *Horton* Actions are pending in the same District and involve overlapping facts and classes. In the PSLRA context, "[d]ifferences in class periods, parties, or damages among the suits do not necessarily defeat consolidation, so long as the essential claims and facts alleged in each case are similar." *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003). "Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *Edwards v. McDermott Int'l, Inc.*, 2021 WL 1415900, at *2 (S.D. Tex. Apr. 12, 2021) (citations omitted). For instance, "[c]ourts have consolidated cases where there is no overlap in the class period, or where the actions share only a single common question of fact." *In re Synergy Pharms. Inc. Sec. Litig.*, 2020 WL 5763830, at *3 (E.D.N.Y. Sept. 28, 2020) (citations omitted); *see also Weisz v. Calpine Corp.*, 2002 WL 32818827, at *3 (N.D. Cal. Aug. 19, 2002) (focusing on whether actions are premised on the same underlying factual events); *Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) (similar); *CenturyLink Sales Pracs. & Sec. Litig.*, 2018 WL 1902725, at *4 (D. Minn. Apr. 20, 2018) (similar).[2]

Even "significant differences among the claims in the various cases" do not preclude consolidation so long as they still involved common questions of fact and law. *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432 (S.D. Tex. 2010). Here, however, the two cases are not

---

[2] *See also, e.g., Porzio v. Overseas Shipholding Grp12*, 2013 WL 407678, at *3 (S.D.N.Y. Feb. 1, 2013); *In re Bear Stearns Companies, Inc. Sec., Derivative, & Emp. Ret. Income Sec. Act (Erisa) Litig.*, 2009 WL 50132, at *6 (S.D.N.Y. Jan. 5, 2009); *see also In re Gen. Elec. Sec. Litig.*, 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009); *Blackmoss Invs., Inc. v. ACA Cap. Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008); *In re OSI Pharms., Inc. Sec. Litig.*, 2005 WL 6171305, at *5 (E.D.N.Y. Sept. 21, 2005).

significantly different. Both involve alleged violations in connection with the sale of the same securities pursuant to the same registration statement. *See, e.g.*, *Bayati* Compl., ¶¶ 1, 85-106; *Horton* Compl., ¶¶ 1, 141-178. "Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006); *see Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact . . . ."). Each case references the same public statements and reports—*e.g.*, GWGH's 2019 annual report on Form 10-K, GWGH's 2020 annual report on Form 10-K, GWGH's June 3, 2020 registration statement, GWGH's June 5, 2020 prospectus related to its L Bond offering. *Bayati* Compl., ¶¶ 1-2, 4-6, 36, 47-50, 55, 61, 66-67, 69-75, 77-78; *Horton* Compl., ¶¶ 1-2, 5-15, 18-20, 41, 51-52, 54-60, 63, 66-72, 74-78, 80-82, 84, 87-92, 94-97, 99-101, 105-109, 115, 117-119, 121-123, 125-126, 130, 135-137, 139. The plaintiffs in both Actions allege that the defendants issued or caused to be issued material omissions and misleading statements. *Bayati* Compl., ¶¶ 4, 66-78, 85-106; *Horton* Compl., ¶¶ 50-118, 141-178.

The cases share various other similarities. Both Actions include a proposed class of individuals who acquired L Bonds traceable to a GWGH registration statement made effective on June 3, 2020. *Bayati* Compl., ¶¶ 1, 79; *Horton* Compl., ¶¶ 1, 135. Moreover, the individual defendants named in *Horton* were originally named in this Action but dismissed as part of an agreement between the parties. Doc. 40; *Bayati* Compl., ¶¶ 17, 19, 21-23; *Horton* Compl., ¶¶ 26-30. Because the two Actions are plainly related, if "the matters were not consolidated, there would be a risk of inconsistent or conflicting rulings regarding Defendants' liability and class members' recoverable damages" while consolidation "will result in substantial judicial economy and avoid

7

the inconvenience, expense, and prejudice from having the parties litigate two identical class actions." *In re CenturyLink*, 2018 WL 1902725, at *4.

The other factors also weigh in favor of consolidation. No prejudice will ensue from consolidation as Defendants do not oppose consolidation. On the other hand, consolidation will conserve judicial and party resources and reduce the costs litigation. *See Kin-Yip Chun*, 2020 WL 2745527, at *4 ("[T]he Court's judicial efficiencies will be increased and resources conserved by only having to rule on one class action certification motion and by avoiding the risk of prejudice and confusion that may come with the overlapping issues between these two cases."); *Edwards*, 2021 WL 1415900, at *2 ("Moreover, the record contains no indication that any party will suffer prejudice from consolidation, and consolidation will significantly enhance judicial economy and ensure consistent findings and rulings.").

The Court should therefore consolidate the cases pursuant to Rule 42 and the PSLRA.

**IV.     The Court Should Enter the Proposed Consolidation Order**

Lead Plaintiffs submit with this motion a proposed Pretrial Order No. 1. The order is patterned on the Manual for Complex Litigation and conforms to the orders entered by other courts in this District in similar securities actions. Identification of Horton and Moore as Lead Plaintiffs and their counsel as Lead Plaintiffs' Counsel is appropriate because this Court previously appointed them to serve in this capacity in accordance with the procedures of the PSLRA. Doc. 51. Moreover, the filing of the *Horton* Action did not require publication of notice because, as explained above, the *Horton* Action asserts substantially similar claims on behalf of the same proposed class as this Action. The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff . . . in the first filed action shall be required to cause notice to be published." 15 U.S.C. §

78u-4(a)(3)(A)(ii). Separately, while notice was published in *Scura*, that action was subsequently dismissed (s*ee Scura* Doc. 23) and, in any event, Horton and Moore were movants that held the largest financial interest, which weighs heavily in their favor for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (The PSLRA creates a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class.").

## V.     Appointment of the Hon. W. Royal Furgeson (Ret.) as Mediator

Lead Plaintiffs and defendants Murray T. Holland, Timothy L. Evans, David H. de Weese, David F. Chavenson, Roy W. Bailey, Brad K. Heppner, Peter T. Cangany, Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, and Ben LP respectfully further request that this Court enter an order appointing Judge Furgeson as mediator in this Action and suspend the dates for responses to the consolidated complaint for a period of 90 days to allow the parties to participate in mediation. Whitley Penn LLP does not oppose the request but does not intend to join the mediation at this time. The defendant parties requesting appointment of a mediator have provided information concerning the principal insurance resources potentially available to them to satisfy a judgment and the ongoing depletion of those resources. Lead Plaintiffs' counsel and counsel for these defendants believe immediate appointment of a mediator is desirable as the continuing depletion of insurance will work to the detriment of parties in resolving this matter.  The parties requesting mediation held an initial mediation with Judge Furgeson on June 6, 2023, and believe further mediation under Judge Furgeson's auspices will be beneficial.

## VI.     Conclusion

Plaintiffs respectfully request that these matters be assigned to a single judge, that the Court enter an order in substantially the form of proposed consolidation order, order the filing of

9

a consolidated complaint, with responses thereto due 90 days from the date of filing, and appoint the Hon. W. Royal Furgeson (Ret.) as mediator.

DATED: August 16, 2023

**GIRARD SHARP LLP**

 /s/ Daniel C. Girard

Daniel C. Girard (admitted *pro hac vice*)
Jordan Elias (admitted *pro hac vice*)
Adam E. Polk (admitted *pro hac vice*)
Sean Greene (admitted *pro hac vice*)
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dgirard@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com
sgreene@girardsharp.com

Paul D. Malmfeldt (admitted *pro hac vice*)
**MALMFELDT LAW GROUP P.C.**
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Tel: (312) 606-8625
pdm@malmfeldt.com

Warren T. Burns (TXBN 24053119)
Spencer Cox (TXBN 24097540)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550

*Attorneys for Lead Plaintiffs Thomas Horton and Frank Moore*

**CERTIFICATE OF SERVICE**

This is to certify that on August 16, 2023, I have filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

 /s/ Daniel C. Girard