UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHIRIN BAYATI and MOJAN KAMALVAND, *individually and on behalf of all others similarly situated*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-0410-B |
| GWG HOLDINGS, INC.; ROY W. BAILEY; DAVID F. CHAVENSON; DAVID H. DE WEESE; MURRAY T. HOLLAND, and TIMOTHY L. EVANS, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Lead Plaintiffs Thomas Horton and Frank Moore (the "Lead Plaintiffs")'s Unopposed Motion to Consolidate Cases (Doc. 55). Lead Plaintiffs ask the Court to lift the bankruptcy stay and consolidate this case, *Bayati v. GWG Holdings*, No. 3:22-CV-0410-B, (N.D. Tex. filed Feb. 18, 2022) (Boyle, J.) with another case now pending before the Court, *Horton v. Heppner*, No. 3:23-CV-1230-X, (N.D. Tex. filed Aug. 18, 2023) (Starr, J.). Doc. 55, Mot. Consolidate, 1. Lead Plaintiffs also request the Court issue a proposed consolidation order and appoint a mediator. *Id.* at 1–2. The Court **GRANTS in part** and **DENIES in part** the Motion (Doc. 55). The bankruptcy stay is **LIFTED,** and the Court **GRANTS** the request to consolidate the *Bayati* and *Horton* actions. The Court also accepts, in substantial part, the proposed consolidation order, but mediation shall be mandatory for all parties. The Court will therefore enter subsequent consolidation and mediation orders following this Order.

I.

# BACKGROUND[1]

This is a putative securities class action. In February 2022, Plaintiffs Shirin Bayati and Mojan Kamalvand filed suit against GWG Holdings, Inc. ("GWGH") and several of its officers and directors (collectively, the "Defendants"). Doc. 1, Compl., ¶¶ 17–28. Bayati and Shirin alleged, individually and on behalf of other similarly situated investors, that Defendants' sale of bonds during 2020 and 2021 violated various provisions of the Securities Act. *See generally* Doc. 1, Compl.

Until 2018, GWGH's primary business was purchasing life insurance policies in the secondary market at a discount to the ultimate death benefit. *See id.* ¶ 35. GWGH primarily funded these purchases through the sale of bonds it marketed as "L Bonds." *Id.* ¶ 36. Beginning in 2018, however, GWGH started to shift its business away from purchasing life insurance policies and towards investing in a specific entity: the Beneficient Company Group L.P. ("Ben LP"). GWGH's stated aim was to build a business that would provide "mid-to-high net worth individuals trust services and related liquidity products and loans for alternative assets and illiquid funds." *Id.* ¶ 38.

Relevant here, in mid-2020, GWGH filed a Registration Statement for an L Bond offering with the Securities and Exchange Commission ("SEC"). *Id.* ¶ 66. The SEC declared the Registration Statement effective on June 3, 2020 (the "June 2020 Registration Statement"). *Id.* Between August 2020 and April 2021, GWGH issued over $350 million in L Bonds. *Id.* ¶ 69. Ultimately, however, GWGH revealed in February 2022 "that it was unable to continue making payments on the L Bonds." *Id.* ¶ 10. The L Bonds lost significant value. *See id.*

---

[1] The Court draws on the facts as alleged in the Complaint (Doc. 1).

Plaintiffs Bayati and Shirin each owned L Bonds issued pursuant to the June 2022 Registration Statement. *See id.* ¶¶ 15–16. They filed a class action in February 2022, alleging that Defendants made material misrepresentations and omissions in the June 2020 Registration Statement in violation of sections 11, 12 and 15 of the Securities Act. *Id.* ¶¶ 79, 85–106. More specifically, Bayati and Shirin allege Defendants misrepresented how GWGH intended to use the bond proceeds and how GWGH had previously used bond proceeds in 2019. *See, e.g., id.* ¶¶ 5–6, 49–50, 54, 70. The reality, according to Bayati and Shirin, was that instead of growing GWGH's liquidity products for alternative assets, GWGH was diverting the bond proceeds to pay Ben LP's debts and improperly enrich Ben LP and its related entities and owners. *See id.* Bayati and Shirin also allege that the June 2020 Registration Statement incorporated financial statements and reports containing misrepresentations and omissions that helped obfuscate these realities in the L Bond offering. *See id.* ¶¶ 49, 73.

In April 2022, two months after Bayati and Shirin filed suit, GWGH filed for Chapter 11 bankruptcy. *See* Doc. 34, Suggestion of Bankruptcy. The Court entered an automatic stay and stayed all claims against both GWGH and the non-debtor defendants, subject to a few exceptions. *See* Doc. 42, Order, 3. One of those exceptions was adjudicating Horton and Moore's motion to be lead plaintiffs in the action, *id.*, which the Court granted in August 2022, Doc. 51, Order Appointing Lead Plaintiff. Also during the stay, several non-debtor defendants were voluntarily dismissed "to facilitate Ben LP's attempt to implement its new business plan." Doc. 56, Mot. Consolidate Br., 4; *see also* Doc. 40, Notice of Dismissal. But, to preserve the claims against those non-debtor defendants, the Lead Plaintiffs filed a separate, parallel action in August 2023. *See Horton v. Heppner*, No. 3:23-CV-1230-X, (N.D. Tex. filed Aug. 18, 2023) (Starr, J.); *see also* Doc. 56, Mot. Consolidate Br., 4–5.

Since then, the Chapter 11 bankruptcy plan for GWGH has gone into effect, and the bankruptcy stay has therefore expired. *See* Order Chapter 11 Plan at 37, 84, *In re GWG Holdings, Inc.*, Ch. 11 Case No. 22-90032 (S.D. Tex. June 20, 2023), Doc. 1952; Notice of Effective Date, *In re GWG Holdings, Inc.*, Ch. 11 Case No. 22-90032 (S.D. Tex. Aug. 1, 2023), Doc. 2079. With both the *Bayati* and *Horton* actions pending, the Lead Plaintiffs now seek to consolidate the cases. Doc. 55, Mot. Consolidate.

## II.

## LEGAL STANDARD

Consolidation of cases is appropriate "when the cases involve common questions of law and fact, and . . . [consolidation] would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) (citing, *inter alia*, Fed. R. Civ. P. 42). However, "[c]onsolidation is improper if it would prejudice the rights of the parties." *Id.* Under Rule 42(a), "the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

When weighing whether to consolidate actions, a court considers factors such as:

(1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial.

*RTIC Drinkware, LLC v. YETI Coolers, LLC*, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017).

## III.

## ANALYSIS

Unsurprisingly, given their shared procedural history, all the factors outlined above favor the consolidation of the *Bayati* and *Horton* actions. Both cases are now pending before this Court. And the cases make nearly identical legal claims based on the same set of facts. That is, both actions allege violations of sections 11, 12, and 15 of the Securities Act based on the June 2020 Registration Statement. *Compare* Doc. 1, Compl., ¶¶ 85–106, *with* Complaint ¶¶ 153–178, *Horton v. Heppner*, No. 3:23-CV-1230 (N.D. Tex. May 26, 2023) (Starr, J.), Doc. 1. More precisely, both cases allege that Defendants (now split) made material misrepresentations in the June 2020 Registration Statement relating to GWGH's intended and prior use of bond proceeds. *Compare, e.g.*, Doc. 1, Compl., ¶¶ 5–6, 49, 54, 70, *with* Complaint ¶¶ 1–20, *Horton v. Heppner*, No. 3:23-CV-1230 (N.D. Tex. May 26, 2023) (Starr, J.), Doc. 1. These actions therefore relate to the same documents, reports, and financial statements. *See, e.g.*, *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006) ("[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports . . . .") (internal quotations omitted). The actions are also filed on behalf of the same proposed class: investors who purchased L Bonds pursuant to the June 2020 Registration Statement. *Compare* Doc. 1, Compl., ¶¶ 1, 79, *with* Complaint ¶ 135, *Horton v. Heppner*, No. 3:23-CV-1230 (N.D. Tex. May 26, 2023) (Starr, J.).

Consolidation of these actions, which are both in their early stages, would therefore promote judicial efficiency. *See RTIC Drinkware*, 2017 WL 5244173, at *2. And Defendants' consent to the consolidation ameliorates concerns over potential prejudice. *See* Doc. 56, Mot.

Consolidate. Accordingly, the Court finds consolidation of the *Bayati* and *Horton* actions appropriate and **GRANTS** the request.

The parties also ask the Court to enter a proposed consolidation order which sets forth various procedures and appoints a mediator. *See generally* Doc. 55-1, Proposed Order. This request is **GRANTED in part** and **DENIED in part.** The Court will require mandatory mediation by all parties instead of the parties' proposed voluntary mediation. *See id.* ¶ 13. The Court will therefore issue more detailed consolidation and mediation orders following this Order.

### IV.

### CONCLUSION

In sum, the Court **GRANTS in part** and **DENIES in part** the Motion for Consolidation (Doc. 55). The bankruptcy stay previously entered in this case is **LIFTED,** and the Court **GRANTS** the request to consolidate the *Bayati* and *Horton* actions. The Court also accepts, in substantial part, the proposed consolidation order, but mediation shall be mandatory for all parties. The Court will therefore enter subsequent consolidation and mediation orders following this Order.

SO ORDERED.

SIGNED: September 12, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE