**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| IN RE GWG HOLDINGS, INC. SECURITIES LITIGATION | § § § § § § § § § § | Case No.: 3:22-cv-00410-B |

## DEFENDANT ROY W. BAILEY'S REPLY TO PLAINTIFFS' RESPONSE TO BAILEY'S MOTION TO DISMISS

Defendant Roy W. Bailey ("Bailey") hereby files this Reply to Plaintiffs' Omnibus Response to Defendants' Motions to Dismiss. Bailey incorporates by reference and adopts for all purposes the arguments of Bailey's Motion to Dismiss. Dkt. 89. In addition, Plaintiffs' Sections 12(a)(2) and 15 claims must be dismissed because Plaintiffs fail to plead facts demonstrating that Bailey is a statutory seller or a control person as required under Sections 12(a)(2) and 15. Because Plaintiffs fail to plead facts sufficient to state a claim against Bailey under Sections 11, 12(a)(2), and 15, all claims against Bailey must be dismissed.

## BACKGROUND

Combined, Plaintiffs' Consolidated Class Action Complaint ("CCAC") and Omnibus Response to Defendants' Motion to Dismiss ("Response") mention Bailey by name *only three times*: once to identify him as a party and a director and twice in a positive light. CCAC ¶ 34; Dkt. 100 at p. 38, fn. 26. Otherwise, Bailey is lumped with the other "Individual Defendants." Plaintiffs forward *zero* factual allegations involving Bailey specifically. The CCAC neither alleges facts demonstrating that Bailey is a "seller" under Section 12(a)(2), nor alleges facts showing that Bailey is a "control person" under Section 15.

1

Similarly, the Response references Bailey in a single footnote reflecting Bailey's resistance to and disagreement with GWG management and other directors over the direction of the company. Dkt. 100 at p. 38, fn.26. Rather than asserting "control," Plaintiffs' contentions reflect an indisputable *lack* of control on Bailey's part.

In the CCAC and Response together, Bailey is mentioned by name *only three times*: once to identify him as a party and twice to explain that Bailey resigned over disagreement with GWG management. Plaintiffs fail to state a claim against Bailey.

## ARGUMENT

The Court must dismiss all claims against Bailey. As argued in Bailey's Motion to Dismiss, Plaintiffs fail to adequately plead facts demonstrating that the Registration Statement contains misleading statements or omissions as required for Section 11 liability. Dkt. 89. Plaintiffs also fail to demonstrate their standing to bring a Section 11 claim. *Id*. Thus, Plaintiffs' Section 11 claim should be dismissed.

In addition, the Court should dismiss Plaintiffs' Section 12(a)(2) claim against Bailey because Plaintiffs allege no facts demonstrating that Bailey is a statutory seller as required to demonstrate their standing to bring a claim against Bailey under Section 12(a)(2). Plaintiffs do not allege Bailey "actually passe[d] title to" them. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir. 2003). Nor do Plaintiffs allege that Bailey "successfully solicit[ed] the purchase [of L Bonds], motivated at least in part by a desire to serve his own financials interests or those of the securities owner." *Pinter v. Dahl*, 486 U.S. 622, 647 (1988). Because Plaintiffs fail to plead facts sufficient to establish their standing to bring a Section 12(a)(2) claim against Bailey, that claim should be dismissed. *See Rosenzweig*, 332 F.3d at 871 (affirming 12(b)(6) dismissal of Section 12(a)(2) claim because plaintiffs failed to establish statutory standing).

Finally, the Court should dismiss Plaintiffs' Section 15 claim against Bailey because Plaintiffs allege no facts establishing that Bailey is a "control person" as required for Section 15 liability. And in fact, what the Plaintiffs *do* allege about Bailey shows that Bailey actually had *no* control over any primary violator. Accordingly, Plaintiffs' *own allegations* undermine their contention that Bailey is a control person. In addition, Plaintiffs' Section 15 claim should be dismissed because Plaintiffs' fail to adequately plead a Section 11 or 12 claim against Bailey. Thus, the Court should dismiss Plaintiffs' Section 15 claim against Bailey.

In sum, all claims against Bailey should be dismissed.

**I.     The Section 12(a)(2) claim must be dismissed because Plaintiffs lack standing to assert a Section(12)(a)(2) claim against Bailey.**

Plaintiffs plead no facts establishing that Bailey is a "seller" under Section 12(a)(2), so Plaintiffs fail to demonstrate their standing to assert a Section 12(a)(2) claim against Bailey.

Section 12(a)(2) only permits claims against "statutory sellers." *Pinter*, 486 U.S. at 641–42. Plaintiffs lack statutory standing to assert a claim when they fail to allege facts demonstrating that a defendant is a statutory seller. *See Rosenzweig*, 332 F.3d at 871 (affirming district court's conclusion that plaintiffs lacked standing because they failed to plead facts showing that defendants were statutory sellers). Failure to establish statutory standing is grounds for a 12(b)(6) dismissal. *See id*. (affirming 12(b)(6) dismissal where plaintiffs do not establish standing for Section 12(a)(2) claim). "Statutory seller" means either "the person who actually passes title to the buyer, or 'the person who successfully solicits the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner,' e.g., a broker." *Id*. (quoting *Pinter*, 486 U.S. at 647).

Here, the CCAC alleges zero facts establishing that Bailey "actually passe[d] title" to the Plaintiffs. *Id*. In fact, what the CCAC *does* allege about who passed title to the Plaintiffs

3

undermines Plaintiffs' Section 12(a)(2) claim against Bailey.  Plaintiffs state that the L Bonds were "sold through participating dealers and licensed financial advisors and representatives."  CCAC ¶ 55.  Thus, under Plaintiffs' allegations, Bailey could *not* have passed title of the L Bonds to the Plaintiffs; instead, participating dealers and financial advisors did.  Plaintiffs' own factual allegations, then, defeat this basis for a claim against Bailey under Section 12(a)(2).

Plaintiffs also allege zero facts demonstrating that Bailey solicited Plaintiffs to purchase L Bonds.  The Fifth Circuit understands what it means to "solicit the purchase" for purposes of Section 12(a)(2) liability narrowly: "[t]o count as 'solicitation' the seller must, at a minimum, directly communicate with the buyer."  *Rosenzweig*, 332 F.3d at 871.  Plaintiffs do not allege that Bailey ever directly communicated with them about anything at all, let alone about purchasing L Bonds.  Because Plaintiffs do not allege—and cannot show—that Bailey solicited Plaintiffs' purchase of L Bonds, this basis for a 12(a)(2) liability must fail.

Based on the foregoing, Plaintiffs do not have standing to bring a 12(a)(2) claim against Bailey, and the Court must dismiss this claim against him.

Plaintiffs' only attempt to establish that Bailey is a "seller" for purposes of Section 12(a)(2) is through half-hearted, bare group pleading.  But that too runs afoul of *Rosenzweig*.  Plaintiffs allege that the "Defendants' acts of solicitation included participating in the preparation, dissemination, and promotion of the false and misleading Prospectus directly to the Plaintiffs and Class members."  CCAC ¶ 176.  But lumping Bailey together with the Individual Defendants simply because Bailey signed the Registration Statement does not come close to establishing that Bailey "directly communicate[d] with the buyer[s]."  *Rosenzweig*, 332 F.3d at 871.  Simply put, signing the Registration Statement does not make Bailey a statutory seller.  *Id*.

Bailey neither passed title to the Plaintiffs nor directly communicated with the Plaintiffs. The Plaintiffs have failed to show their standing to assert this claim against Bailey, so it must be dismissed.

## II. Plaintiffs' Section 15 claim must be dismissed because Plaintiffs fail to plead that Bailey controlled GWG.

The Court must dismiss Plaintiffs' Section 15 claim because Plaintiffs fail to plead facts establishing that Bailey was a "control person." Under Section 15, a person who controls someone who is liable under Section 11 or Section 12 can be held jointly and severally liable for the conduct of the controlled person. *See* 15 U.S.C. § 77o. Thus, "[t]o allege control person liability under § 15, the plaintiff must allege both a primary violation of § 11 or § 12 and the defendant's control over the primary violator." *In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 674 (N.D. Tex. 2013). In order to state a claim under Section 15, "a plaintiff must allege some facts beyond a defendant's position or title that show the defendant had actual power or control over the controlled person." *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. 2d 364, 380 (S.D. Tex. 2011), *aff'd sub nom. Harold Roucher Tr. U/A DTD 9/21/72 v. Nocella*, 464 F. App'x 334 (5th Cir. 2012). In particular, to state a Section 15 claim, "a plaintiff must at least show that the defendant had an ability to control the specific transaction or activity upon which the primary violation is based." *Heck v. Triche*, 775 F.3d 265, 283 (5th Cir. 2014) (internal citations omitted).[1] And even if Bailey *did* have some "control" over GWG's operations—which he did not—still, Bailey would not be a control person under Section 15 because "control over day-to-day operations is not facial evidence of control over a primary violation." *Ahders v. SEI Priv. Tr. Co.*, 982 F.3d 312, 317 (5th Cir. 2020).

---

[1] Footnote 29 of the CCAC, leaves the mistaken impression that *In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624 (S.D. Tex. 2021) distinguishes *Heck*'s holding concerning the pleading standard at the motion to dismiss stage. However, *Venator* itself applied the *Heck* standard at this stage. *See Id*. at 666 (quoting *Heck*).

Plaintiffs fail to state a Section 15 claim against Bailey because they allege no facts showing that Bailey had "actual power or control" over a primary violator. *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. 2d at 380. In fact, here, Plaintiffs' own statements with respect to Bailey negate that contention and show, instead, that Bailey had *no* control in the face of other GWG actors.

To support their Section 15 claim against Bailey, Plaintiffs again lump Bailey with all "Individual Defendants." And the only "facts" Plaintiffs allege to show that Bailey (along with the other Individual Defendants) was a control person are:

> The Individual Defendants were controlling persons of GWG by virtue of their positions as Directors or senior officers of GWG. The Individual Defendants each had a series of direct or indirect business or personal relationships with other Directors or officers or major shareholders of GWG. At all relevant times, the Individual Defendants participated in the operation and management of GWG, and conducted and participated, directly and indirectly, in the conduct of GWG's business affairs.

CCAC ¶ 183.

Plaintiffs allege *nothing else* to demonstrate that Bailey is a control person.

Plaintiffs' assertion that Bailey is a control person, then, is wholly conclusory and is based simply on his former position as a GWG Director—nothing more. But again, Plaintiffs "must allege some facts beyond a defendant's position or title" to state a Section 15 claim. *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. 2d at 380. Further, as discussed *supra*, Plaintiffs mention Bailey by name only three times in the CCAC and Response combined. None of these references to Bailey, nor any of the ephemeral references in Plaintiffs' CCAC to "direct or indirect business or personal relationships" with others, come *close* to satisfying the Fifth Circuit's standard that plaintiffs "must at least show that the defendant had an ability to control the specific transaction or activity upon which the primary violation is based" in order to state a Section 15 claim. *Heck*,

775 F.3d at 283.  Because Plaintiffs allege no facts other than Bailey's former position to support their Section 15 claim, the Court must dismiss Plaintiffs' claim.[2]

In fact, Plaintiffs' references to Bailey in the Response belie their assertion that Bailey is a control person for purposes of Section 15 liability.  As Plaintiffs state:

> Bailey, Fine, and MacDowell resigned over 'disagreements with GWG relating to certain operations, policies, and practices'—in particular, they "object to certain terms and parameters of a proposed investment [GWG] was considering in . . . Ben.'

Dkt. 100 at p. 38, fn.26

Rather than indicating Bailey's control, his disagreement and resignation demonstrate Bailey's total lack of control.  They simply ignored him.  Thus, Plaintiffs' own factual allegations—and the only factual allegations throughout that are specific to Bailey—*undermine* Plaintiffs' assertion that Bailey is a control person under Section 15.  This Court should dismiss Plaintiffs' Section 15 claim.

Finally, liability under Section 15 is derivative of liability for a primary violation under Sections 11 or 12.  *See* 15 U.S.C. § 77o.  But as argued *supra* and in Bailey's Motion to Dismiss (Dkt. 89), Plaintiffs fail to state a claim for a primary violation.  Thus, Plaintiffs' Section 15 claim should be dismissed.

**CONCLUSION**

The Court should dismiss Plaintiffs' Sections 11, 12(a)(2), and 15 claims against Bailey.  As argued in Bailey's Motion to Dismiss, Plaintiffs fail to state a Section 11 claim.  In addition, Plaintiffs fail to allege any facts establishing their standing to assert a Section 12(a)(2) claim against Bailey because they allege no facts to show that Bailey is a statutory seller.  And in fact,

---

[2] In the Response, Plaintiffs provide a list of events purportedly "demonstrating" control by the "Individual Defendants." Dkt. 100 at p. 47–49. However, all of these events **predated** Bailey's appointment to the GWG Board in March 2020.  So, by their own assertions, Plaintiffs yet again demonstrate Bailey's total lack of control.

Plaintiffs' own factual allegations cut against their claim that Bailey is a statutory seller because Plaintiffs state that securities dealers and financial advisors—not Bailey—passed title of the L Bonds to Plaintiffs. Plaintiffs' 12(a)(2) claim should be dismissed. Finally, the Court should dismiss Plaintiffs' Section 15 claim because Plaintiffs fail to allege facts establishing that Bailey was a "control person" over a primary violator. And again, the very facts that Plaintiffs *do* allege cut against their assertion that Bailey is a control person because, rather than reflecting his control, they demonstrate his *lack* of control over the applicable parties. Thus, the Court should dismiss Plaintiffs' Section 15 claim.

In sum, all claims asserted against Bailey are deficient and should be dismissed.

Dated:  March 21, 2024                    Respectfully submitted,

                                                **WINSTON & STRAWN LLP**

                                                */s/ Steven H. Stodghill*
                                                Steven H. Stodghill
                                                Texas Bar No. 19261100
                                                sstodhill@winston.com
                                                John C.C. Sanders, Jr.
                                                Texas Bar No. 24057036
                                                jsanders@winston.com
                                                2121 North Pearl Street, Suite 900
                                                Dallas, TX 75201
                                                +1 214-453-6500 Telephone
                                                +1 214-453-6400 Facsimile

                                                ***Counsel for Roy W. Bailey***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been on counsel of record who are deemed to have consented to electronic service on March 21, 2024, via electronic filing using the Court's CM/ECF system.

                                                /s/ *Steven H. Stodghill*