**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | § | |
| IN RE GWG HOLDINGS, INC. | § | Case No. 3:22-cv-00410-B |
| SECURITIES LITIGATION | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANTS DAVID F. CHAVENSON'S AND DAVID H.**
**DE WEESE'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' Consolidated Opposition to Motions to Dismiss ("Opposition" or "Opp.") fails to rescue its pleading from the fundamental errors that doom the claims against defendants David F. Chavenson and David H. de Weese. Dkt. No. 100. There are no allegations in the Consolidated Amended Complaint ("CAC") demonstrating wrongdoing by Mr. Chavenson or Mr. de Weese, and the Opposition does not refute that fact. Dkt. No. 63. Instead, Plaintiffs attempt to condemn these individuals with broad, conclusory allegations that say virtually nothing about them specifically. That vague and conclusory approach is not enough to withstand legal scrutiny. The claims should be dismissed.

Regarding Section 11, the Opposition does not establish standing, which is lacking because Plaintiffs failed to adequately plead that their L Bonds are traceable to the June 3, 2020 Registration Statement. At the time Plaintiffs allegedly purchased their L Bonds, GWG concurrently offered L Bonds pursuant to *two* different registration statements—one that is challenged and one that is not. That fact alone renders Plaintiffs' conclusory assertions of traceability defective as a matter of law. As to Sections 12(a)(2) and 15, Plaintiffs' 50 pages of briefing does not reference any actions by Mr. Chavenson or Mr. de Weese that support a claim of liability. Plaintiffs' inability to state any claims against Messrs. Chavenson and de Weese warrants

1

dismissal of the claims without leave to amend.

## I.    ARGUMENT

### A.    Plaintiffs' Section 11 Claim Should be Dismissed Without Leave to Amend

Messrs. Chavenson and de Weese demonstrated in their Motion to Dismiss that Plaintiffs fail to state a Section 11 claim against them because the CAC does not plead facts sufficient to trace Plaintiffs' L Bond purchases to the allegedly defective June 3, 2020 Registration Statement. As a result, Plaintiffs lack standing to pursue the Section 11 claim.  Dkt. No. 90 ("Mot.") at 3.

In opposition, relying in part on (largely irrelevant) matters alleged nowhere in the CAC, Plaintiffs contend that their tracing allegations are sufficient because:  (i) L Bonds could only be purchased directly from the company or through a broker dealer; (ii) previously-issued bonds that matured and were renewed pursuant to the June 3, 2020 Registration Statement constitute purchases pursuant to that registration statement; and (iii) GWG's records can confirm—and therefore trace—all purchases.  Those arguments miss the mark on traceability.  Where, as here, there were *concurrent* L Bond offerings at the time Plaintiffs acquired their bonds, the tracing requirement mandates that Plaintiffs plead facts plausibly demonstrating that they purchased their L Bonds pursuant to the challenged Registration Statement as opposed to some other registration statement.  Plaintiffs have not met that burden.

From June 3, 2020 through the third quarter of 2020, GWG offered L Bonds to investors pursuant to *two* different registration statements—a December 1, 2017 registration statement and the June 3, 2020 Registration Statement. (CAC ¶¶ 5, 6.)[1]  Plaintiffs allege that they acquired their

---

[1] *See also* CAC ¶ 6, n.2 (incorporating by reference the June 5, 2020 prospectus);  GWG Holdings, Inc., Prospectus Supplement No. 2 at F-32 (Form 424B3) (June 5, 2020) ("On December 1, 2017, a registration statement relating to an additional public offering was declared effective permitting us to sell up to an additional $1.0 billion in principal amount of L Bonds on a continuous basis

L Bonds during this period—Plaintiff Horton alleges he acquired his L Bonds "on or about July 22, 2020," and Plaintiff Moore alleges purchases "on or about September 1, 2020."  CAC ¶¶ 24, 25.[2]  Both of those purchase dates where when the *two* registration statements were in effect.

Based *only* on the purchase dates, Plaintiffs jump to the conclusion that their purchases were "pursuant to the [June 3, 2020] Registration Statement" (*Id.*); they assert that this boilerplate allegation is sufficient to meet their pleading burden.  But Plaintiffs' conclusion ignores the admitted fact that from June 3, 2020 through the third quarter of 2020—the period when Plaintiffs allegedly purchased their L Bonds—there were *two* registration statements in effect, *either of which* could have been the source of Plaintiffs' L Bond purchases.  To meet their traceability pleading burden, it is not enough for Plaintiffs to plead facts showing that they *could have* acquired their L Bonds pursuant to the June 3, 2020 Registration Statement.  Rather, Plaintiffs must plead facts *plausibly* demonstrating that they *actually did* acquire their L Bonds pursuant to the challenged registration statement.  *See Johnson v. CBD Energy Ltd.*, No. CV H-15-1668, 2016 WL 3654657, at *4–5 (S.D. Tex. July 6, 2016) (holding that "boilerplate language" fails to "plausibly allege traceability," particularly "where the company offers shares in multiple registration statements"); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107-08 (9th Cir. 2013) (dismissing claims based on conclusory tracing allegations, reasoning that "[s]tanding alone, the conclusory allegation that plaintiffs 'purchased [the securities at issue] directly traceable

---

through December 2020. We reached the maximum capacity on this offering during the third quarter of 2020.").

[2] Although Plaintiffs assert that there was no secondary market for L Bonds, the prospectus filed with the registration statement says otherwise.  Indeed, the prospectus—which Plaintiffs incorporate by reference in the CAC—acknowledges that, while GWG did not expect a public trading market to develop for the L Bonds, the bonds could, in fact, be transferred. *See* CAC ¶ 6, n.2; GWG Holdings, Inc., Prospectus at vii (Form 424B1) (June 3, 2020).

to the Company's Secondary Offering' does not allow us to draw a reasonable inference about anything because it is devoid of factual content.").

The CAC is bereft of factual allegations plausibly demonstrating that Plaintiffs' L Bond purchases are traceable to the June 3, 2020 Registration Statement.  Plaintiffs' allegations establish only *when* they purchased their L Bonds: during a time when *both* the December 1, 2017 registration statement (which is *not* challenged) and the June 3, 2020 Registration Statement (which *is* challenged) were effective.  As the Ninth Circuit in *Century Aluminum* instructed, "[w]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation."  729 F.3d at 1108.  Such allegations are insufficient as a matter of law "because they do not tend to exclude the possibility" that Plaintiffs' securities came from a pool of ones that were previously issued.  *Id.*

Because the June 3, 2020 Registration Statement was not the sole source of L Bond offerings at the time of Plaintiffs' alleged purchases, Plaintiffs must exclude the possibility that their L Bonds came from a pool of ones that were previously issued.  Plaintiffs are silent on that point.  Plaintiffs' unsupported conclusion that the purchases were pursuant to the challenged Registration Statement fails to meet their burden as a matter of law.  Plaintiffs' Section 11 claim, therefore, should be dismissed.

Plaintiffs do not specifically request leave to amend the Section 11 claim and instead include a general request for "leave to amend to reflect the results of their continuing investigation as to any claim the Court finds insufficiently pleaded."  Opp. at 50 (citations omitted).  "[D]istrict courts generally disapprove of 'routine and perfunctory' requests to amend that are thrown in as a 'safety valve' in the event a court rules in favor of the defendant, 'particularly where a plaintiff's

claims are clearly deficient.'" *Jenkins v. Tarrant Cty. Sheriff's Off.*, No. 4:21-cv-0910-O, 2022 WL 426593, at *14 (N.D. Tex. Feb. 11, 2022) (citations omitted). Plaintiffs' Section 11 claim is unsupported by the requisite well-pleaded facts, is clearly deficient, and appears incapable of being fixed. As in *Jenkins*, Plaintiffs' perfunctory request to amend should be denied.

### B. Plaintiffs' Section 12(a)(2) Claim Should Be Dismissed Without Leave To Amend

Messrs. Chavenson and de Weese demonstrated in their Motion to Dismiss that Plaintiffs fail to state a Section 12(a)(2) claim against them because the CAC does not plead facts demonstrating that these defendants were statutory sellers. Mot. at 6. Unable to refute this showing, Plaintiffs concede their failure and request leave to amend. Opp. at 50. That request should be denied and Plaintiffs' Section 12(a)(2) claim against Messrs. Chavenson and de Weese should be dismissed with prejudice because Plaintiffs have failed to demonstrate how their requested amendment could cure their pleading failures.

District courts have broad discretion to deny requests to amend the pleadings when amendment would be futile. *Marucci Sports, L.L.C. v. Nat. Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). An amended complaint is futile if the new allegations would fail to state a claim upon which relief may be granted under Rule 12(b)(6). *See id.* at 378–79. A district court may properly conclude that amendment would be futile where, as here, Plaintiffs have not demonstrated to the Court how they would replead with more specificity if given the opportunity, have not proffered a proposed amended complaint to the Court, or have not suggested in their responsive pleading any additional facts not initially pled that could, if necessary, cure the pleading defects raised by the defendants. *In Reliant Secs. Litig.*, No. H-02-1810, 2004 WL 7347565, at *25 (S.D. Tex. Jan. 16, 2004).

Here, Plaintiffs have made no effort to identify any additional facts they would plead if given the opportunity, nor have they proffered an amended complaint. Instead, Plaintiffs summarily assert that an amended complaint would "allege that *certain* of the Individual Defendants 'passed title to Plaintiffs or solicited their purchases through direct communication.'" Opp. at 50 (emphasis added). This assertion does nothing to explain what facts, if any, Plaintiffs would plead as to Messrs. Chavenson or de Weese or how the requested amendment would cure Plaintiffs' pleading defects as to those defendants. To the contrary, Plaintiffs' assertion is nothing more than an unsubstantiated and conclusory statement that will be unable to survive a second motion to dismiss. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir. 2003) (dismissing 12(a)(2) claim where plaintiffs failed to allege facts demonstrating that defendants "assumed the 'unusual' role of becoming a 'vendor's agent' or otherwise actively solicited the plaintiffs to purchase" the securities) (citations omitted). Here, no amount of additional time for Plaintiffs can change the facts that Messrs. Chavenson and de Weese never participated in the sale of L Bonds— they made no solicitations of buyers and did not even communicate with buyers. Amendment would be futile.

Having conceded their failure to state a Section 12(a)(2) claim and having failed to identify a single fact they would plead as to Mr. Chavenson or de Weese if permitted to amend, Plaintiffs' Section 12(a)(2) claim against Messrs. Chavenson and de Weese should be dismissed with prejudice.

### C.        Plaintiffs' Section 15 Claim Should Be Dismissed Without Leave to Amend

Messrs. Chavenson and de Weese demonstrated that Plaintiffs' Section 15 claim against them fails because the CAC does not plead a primary violation of the securities laws. Moreover, the CAC does not plead any requisite facts demonstrating that Messrs. Chavenson and de Weese

were "control persons" of GWG.  In opposition, Plaintiffs assert they have met their pleading burden, but they point to no well-pleaded facts in their CAC that support their control person claim as to Messrs. Chavenson or de Weese.  The Section 15 claim as to these defendants should be dismissed.

To plead a Section 15 claim against Messrs. Chavenson and de Weese, Plaintiffs must allege that these defendants had the "power to control the controlled person or to influence corporate policy."  Mot. at 8; Opp. at 47–48.  To meet this burden, Plaintiffs must plead "facts from which it can reasonably be inferred that the ***particular*** defendant was a control person."  *In re Enron Secs., Deriv. & ERISA Litig.*, 235 F.Supp.2d 549, 598 (S.D. Tex. 2002) (emphasis added).  Plaintiffs do not dispute this requirement.  In an effort to defend their pleadings, Plaintiffs point to allegations as to other defendants, but not related to Messrs. Chavenson and de Weese.  *See* Opp. at 49 ("***Heppner*** and his associates acquired control of GWG," CAC ¶ 3; "***Holland*** was the trust advisor of the Seller Trusts," CAC ¶ 49; "former directors ***Stein*** and ***Glaser*** became aware that ***Brad's*** plan was to also use future cash flows to pay related parties, CAC" ¶ 117) (emphasis added).  Notably absent from Plaintiffs' list are any allegations about Mr. Chavenson or Mr. de Weese.

In an apparent effort to overcome their pleading error, Plaintiffs direct the Court to a single, catch-all allegation in the CAC—"Individual Defendants also are liable under Section 15 because, as Plaintiffs allege (CAC ¶ 183), their role as GWG directors and officers gave them the 'power to control the controlled person or to influence corporate policy' during the relevant time period."  Opp. at 49 (citations omitted).  Plaintiffs' conclusory and indiscriminate labelling of all GWG directors and officers as control persons is insufficient; that generic allegation does not state a Section 15 claim against Messrs. Chavenson and de Weese because it fails to plead facts

demonstrating that these specific defendants were control persons.  *See Enron,* 235 F.Supp.2d at 598 (requiring factual allegations as to each defendant).  For example, Plaintiffs do not even allege that Messrs. Chavenson and de Weese were officers or insiders of GWG or Beneficient.  Because they cannot.  Moreover, Mr. de Weese only briefly served on the Beneficient board of directors, and Mr. Chavenson never served on the Beneficient board (and Plaintiffs' allegations do not allege that he did).  CAC ¶ 33.  Plaintiffs' cannot rely on Messrs. Chavenson's and de Weese's positions as GWG directors alone to plead a Section 15 claim because a "plaintiff needs to allege some facts beyond a defendant's position or title that show that the defendant had actual power or control over the controlled person."  *Enron*, 235 F.Supp.2d at 595 (citing *Dennis v. Gen. Imaging, Inc.*, 918 F.2d 496, 509–10 (5th Cir. 1990)).  Having failed to allege those facts, Plaintiffs' Section 15 claim fails as a matter of law.

Plaintiffs do not specifically request leave to amend their Section 15 claim, relying instead on their catch-all request for "leave to amend. . . any claim the Court finds insufficiently pleaded." Opp. at 50 (citations omitted).  Plaintiffs have had ample time and opportunity to plead the requisite facts or identify the additional facts they would plead if permitted.  They have failed on both accounts.  Their perfunctory request to amend should be denied.  *See Jenkins*, No. 4:21-cv-0910-O, 2022 WL 426593, at *14.

## II.   CONCLUSION

Plaintiffs make no allegations of wrongdoing by Mr. Chavenson or Mr. de Weese.  The CAC is entirely absent of allegations of misstatements, solicitation or communication with buyers,

improper receipt of funds, involvement in actionable decisions, and participation in the day-to-day dealings and management of GWG as to these defendants.

For the reasons set forth above and in the Beneficient Defendants' papers, Plaintiffs' claims against Messrs. Chavenson and de Weese fail as a matter of law. Plaintiffs had nearly two years to uncover facts sufficient to state a claim and have already had the opportunity to amend their pleading when the underlying securities actions were consolidated. *See* Dkt. No. 60. Additional opportunities to amend would be futile, particularly since Plaintiffs have not identified *any* facts they would allege to cure their pleading defects.

Defendants request the Court to dismiss Plaintiffs' Sections 11, 12, and 15 claims against Messrs. Chavenson and de Weese with prejudice.

Dated:  March 21, 2024                                  Respectfully submitted,


                                                        **O'MELVENY & MYERS, LLP**

                                                        By: */s/ Timothy S. Durst*
                                                        Timothy S. Durst (TX Bar No. 00786924)
                                                        Kristin Alvarado (TX Bar No. 24116024)
                                                        2801 North Harwood Street, Ste 1600
                                                        Dallas, TX 75201
                                                        Telephone: 972-360-1923
                                                        Email: tdurst@omm.com
                                                        Email: kalvarado@omm.com

                                                        Amy S. Park (*admitted pro hac vice*)
                                                        2765 Sand Hill Road
                                                        Menlo Park, CA 94025
                                                        Telephone: 650-473-2600
                                                        Email: apark@omm.com

                                                        **Attorneys for Individual Defendants**
                                                        **David F. Chavenson and David H. de**
                                                        **Weese**

## CERTIFICATE OF SERVICE

I, Kristin Alvarado, hereby certify that on March 21, 2024, the forgoing document was filed with the Court's CM/ECF electronic filing system, and that a copy of this document will be served electronically on all counsel of record through the Court's ECF system.

*/s/ Kristin Alvarado*_____
Kristin Alvarado