**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| IN RE GWG HOLDINGS, INC.<br>SECURITIES LITIGATION | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:22-cv-00410-B |

**REPLY BRIEF IN SUPPORT OF DEFENDANT TIMOTHY L. EVANS' MOTION TO DISMISS**

Defendant Timothy L. Evans submits this reply brief in further support of his motion to dismiss with prejudice Plaintiffs' claims against him for alleged violations of Section 11, Section 12, and Section 15 of the Securities Act of 1933 (Counts I, III, and IV of the Complaint) (Dkt. No. 94) ("Mot." Or "Motion").

## PRELIMINARY STATEMENT

Plaintiffs' Opposition (Dkt. No. 100) ("Opp.") makes no mention of Mr. Evans individually. It identifies no alleged misstatements or omissions made by him. And it cites to no improper conduct by him. This is hardly surprising, because Plaintiffs' Complaint is bereft of allegations against Mr. Evans too. Rather, Plaintiffs' claims against Mr. Evans are premised exclusively on the theory that he—as one of a group of other so-called "Individual Defendants"—is liable for alleged misstatements and omissions in the June 2020 Registration Statement filed by GWG, regardless of his personal conduct.

Plaintiffs' effort to drag Mr. Evans into this dispute fails. Indeed, while Plaintiffs' Opposition doubles down on their allegations against GWG and certain other defendants, it not-so-subtly backs away from any allegation of impropriety about Mr. Evans.

*First*, Plaintiffs effectively concede that Mr. Evans was not a "statutory seller" under Section 12 of the Securities Act and therefore cannot be subject to liability under that section. Plaintiffs toss up a vague request for leave to amend the Complaint as to "certain" Individual Defendants, but they do not describe any facts that would qualify Mr. Evans as a statutory seller. Nor could they, because there are none.

*Second*, Plaintiffs continue to premise their control person liability argument under Section 15 of the Securities Act exclusively on Mr. Evans' title. But an allegation of status alone is

1

insufficient to plead control person liability as the Fifth Circuit and other courts have held time and again.

*Finally*, as to the claims under Section 11 of the Securities Act, while Plaintiffs stage a massive effort to rebrand the allegations in their Complaint, it remains the case that all of the purportedly material facts that Plaintiffs contend were concealed from them in the Registration Statement were in fact disclosed either in that document or in documents incorporated therein.

Simply put, the core infirmity of Plaintiffs' theory is that they wrongly attempt to ground liability based solely on the manifestation of risks that were fully disclosed to them.  Accordingly, all claims against Mr. Evans should be dismissed in full with prejudice.

## ARGUMENT

### I.    Plaintiffs Do Not And Cannot Plead That Mr. Evans Was A "Statutory Seller"

As described in Mr. Evans' Opening Brief, only "statutory sellers"—or those who pass title to, or solicit the purchase of, the relevant securities—can be liable for a violation of Section 12(a)(2). Mot. at 9-10.  Plaintiffs' own allegations foreclose any such theory here.  Plaintiffs allege that a "network of independent broker-dealers" and/or GWG—not Mr. Evans—passed title to the L Bonds.  Mot. at 10 (citing Compl. ¶¶ 40, 55).  Moreover, Plaintiffs do not allege that Mr. Evans "directly communicate[d] with the buyer," which under binding law is the bare "minimum" for pleading solicitation.  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir. 2003) (emphasis added); Mot. at 10-11.  Accordingly, there is no basis to conclude that Mr. Evans was a statutory seller.

Rather than seek to save their claim, Plaintiffs' Opposition throws in the towel.  For one, the Opposition confirms that "Plaintiffs acquired L Bonds directly from GWG." Opp. at 12.  And Plaintiffs do not otherwise even try to assert that the Complaint alleges (even in conclusory fashion) that Mr. Evans was a statutory seller.  Having failed to defend their statutory seller theory in

response to Mr. Evans' Motion, Plaintiffs have abandoned their Section 12(a)(2) claim against him and it should be dismissed with prejudice. *See McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) ("This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings."); *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding that plaintiff's "fail[ure] to defend her retaliatory abandonment claim" in response to defendant's motion to dismiss "constituted abandonment" of that claim).

Nor should Plaintiffs be permitted to attempt to revive their abandoned claim through amendment because such amendment would be futile. *See* Opp. at 50 (seeking leave to amend); *Crosby v. Cox Commc'ns, Inc.*, 2016 WL 6403348, at *4 (E.D. La. Oct. 28, 2016) ("granting leave to amend would be futile given plaintiffs' abandonment of the claim, as well as plaintiffs' apparent inability to plead sufficient facts despite already having had the opportunity to amend the complaint"). A request for leave to amend must provide "at least some notice of what [the] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021). Here, Plaintiffs merely assert in one sentence that their amended complaint would allege that "*certain* of the Individual Defendants" were statutory sellers, without specifying which ones. Opp. at 50 (emphasis added). They do not even bother to state whether Mr. Evans is one of these Individual Defendants, instead leaving him (and the Court) to wait and see. And Plaintiffs do not enumerate *any* additional facts that would (or could) be added to cure the fatal pleading defects that they effectively concede exist.[1] Plaintiffs have—and always have had—access to their own trading records. There was

---

[1] Plaintiffs' reliance on *Venator Materials* (Opp. at 50) is misplaced. In that case, there were at least "certain sworn affidavits" that suggested the Section 12(a)(2) claims could be cured

nothing preventing them from including allegations of direct sales or communications from Mr. Evans to them. But there are no such facts to allege. Leave to amend should therefore be denied. *See Johnson v. Tyson Foods, Inc.*, 2023 WL 2645553, at *4 (5th Cir. Mar. 27, 2023) (district court did not err in denying leave to amend when "single paragraph" request in plaintiffs' opposition to motion to dismiss did not "provide *any* additional, curative facts" to "correct the deficiencies in their pleading").[2]

## II.  Plaintiffs Have Not Sufficiently Alleged Control Person Liability

Setting aside that Mr. Evans was not a director when the Registration Statement became effective, *see* Compl. ¶ 32, Mr. Evans' Motion demonstrates that a mere allegation that he was CFO of GWG does not establish his control over GWG under Section 15. Mot. at 11-12. Moreover, the Complaint's other conclusory allegations—which are not specific to Mr. Evans— do not adequately plead that he had "an ability to control the specific transaction or activity upon which the primary violation is based," *Heck v. Triche*, 775 F.3d 265, 283 (5th Cir. 2014), or that he "had effective day-to-day control of [GWG], or had the requisite power to directly or indirectly control or influence corporate policy, or had actual power or influence over [GWG]." *In re Venator Materials*, 547 F. Supp. 3d at 666 (cleaned up); Mot. at 12-13.

---

through amendment. *In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624, 670 (S.D. Tex. 2021). Here, there is no indication, anywhere, that the claim against Mr. Evans could be cured.

2       Plaintiffs also make a broad request for leave to amend "as to any claim the Court finds insufficiently pleaded" in order to include the undisclosed "results" of their investigation. Opp. at 50. Such generalized requests do not warrant leave, especially when Plaintiffs have already had the opportunity to replead once. *See Scott*, 16 F.4th at 1209 (finding leave to amend was properly denied when plaintiff merely requested leave "[s]hould th[e] Court disagree" that claim was adequately pleaded); *Heinze v. Tesco Corp.*, 971 F.3d 475, 485 (5th Cir. 2020) (finding leave to amend was properly denied when plaintiff "already had one opportunity to amend his complaint" and made "only a general request for leave to amend" without identifying "how amendment would cure the defects identified above") (cleaned up).

Plaintiffs say that the Individual Defendants are control persons because "their role as GWG directors and officers gave them" power to control GWG. Opp. at 49. But again, Plaintiffs cannot show control merely by pointing to Mr. Evans' title, as their own cases show. *See* Opp. at 47 (citing *In re Cobalt Int'l Energy, Inc.*, 2016 WL 215476, at *11 (S.D. Tex. Jan. 19, 2016) ("A plaintiff needs to allege some facts beyond the defendant's position or title that show the defendant had actual power or control over the controlled person.")); *see also Dennis v. Gen. Imaging, Inc.*, 918 F.2d 496, 509-10 (5th Cir. 1990) ("While Robinson was a director of New South, this status alone will not automatically cause him to be deemed a Section 15 or 20 controlling person. He must be found to have influence over at least the direction of the firm."). Plaintiffs do not identify any well-pled allegations in the Complaint regarding Mr. Evans' supposed control over the alleged misstatements or omissions at issue in this case, besides his bare title. *See* Opp. at 49.

The Opposition otherwise cites to snippets of cases and attempts to distinguish other cases on the facts. None of this saves Plaintiffs' claim against Mr. Evans. For instance, Plaintiffs assert that "there is a relaxed and lenient pleading standard" under Section 15. Opp. at 47 (cleaned up). But even purportedly "relaxed" and "lenient" pleading standards require factual allegations for each defendant. Indeed, in the cases cited by Plaintiffs, there were numerous specific allegations that suggested control—the exact type of allegations that are absent here. *See In re Cobalt Int'l Energy, Inc.*, 2016 WL 215476, at *11 (relying on defendants' "significant stock ownership" and "right to select a majority of the members of" board committees to find control sufficiently alleged); *One Longhorn Land I, L.P. v. Defendant FF Arabian, LLC*, 2015 WL 7432360, at *3 (E.D. Tex. Nov. 23, 2015) (describing across three paragraphs the complaint's specific allegations of control).

Plaintiffs also say that "business relationships, interlocking directors, family relations, or the power to influence and control the activities of another" can establish the requisite control.

Opp. at 47 (citing *In re Cobalt Int'l Energy, Inc.*, 2016 WL 215476, at *11). But this does not help Plaintiffs, as the Complaint does not identify any such relationships of Mr. Evans and does not describe any such power to influence by him. *See* Mot. at 12-13.

Plaintiffs also argue that "Defendants' control person cases support their control person liability here" (Opp. at 49-50, n.29), without explaining how this is so as to Mr. Evans. Nor do Plaintiffs explain how their purported factual distinctions support liability against Mr. Evans.

### III. Mr. Evans' Joins The Beneficient Company's Arguments With Respect To The Registration Statement

As demonstrated in the Opening Brief (Dkt No. 68) and reinforced in the Reply Brief filed by The Beneficient Company Group L.P. ("Ben"), the Complaint does not include any material statement in the Registration Statement that was false or misleading when made. This forecloses liability under Sections 11 and 12 of the Securities Act. Rather than rehash these same arguments, Mr. Evans joins in and incorporates by reference the arguments in Ben's Reply as if fully set forth herein.

Mr. Evans also joins in and incorporates by reference all other arguments in Ben's Reply Brief as if fully set forth herein.

### CONCLUSION

The claims against Mr. Evans should be dismissed in full with prejudice.

DATED: March 21, 2024

Respectfully Submitted,

*/s/ Nowell D. Bamberger*
Matthew C. Solomon (*pro hac vice*)
Nowell D. Bamberger (*pro hac vice*)
**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Fax: (202) 974-1999
msolomon@cgsh.com
nbamberger@cgsh.com

Roger B. Cowie (Texas Bar No. 00783886)
Chase T. Cobb (Texas Bar No. 24116208)
**LOCKE LORD LLP**
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
Telephone: (214) 740-8614
Fax: (214) 740-8800
rcowie@lockelord.com
chase.cobb@lockelord.com

*Attorneys for Timothy L. Evans*

## CERTIFICATE OF SERVICE

This is to certify that on March 21, 2024, I have filed the above and foregoing on the

Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record

will be served electronically with true and exact copies of this filing.

*/s/ Nowell D. Bamberger*
Nowell D. Bamberger

7