# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| | § | |
| | § | Case No. 3:22-cv-00410 |
| IN RE GWG HOLDINGS, INC. | § | |
| SECURITIES LITIGATION | § | Class Action |
| | § | |
| | § | Jury Trial Demanded |
| | § | |

---

# DEFENDANT MURRAY HOLLAND'S REPLY TO

# PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

---

S. Michael McColloch
S. MICHAEL MCCOLLOCH, PLLC
6060 N. Central Expressway, Suite 500
Dallas, Texas 75206
(214) 643-6055

Karen Cook
KAREN COOK, PLLC
6060 N. Central Expressway, Suite 500
Dallas, Texas 75206
(214) 643-6054

Attorneys for Defendant Murray Holland

Defendant Murray Holland ("Holland") submits this reply to Plaintiffs' response ("Response") in opposition to his motion to dismiss Plaintiffs' claims in their Consolidated Class Action Complaint for violations of the federal securities laws, respectfully stating as follows:

## I.
## Introduction

Plaintiffs' Response fails to overcome the pleading deficiencies of the consolidated complaint ("Complaint") [Dkt. 63] described in Holland's Motion to Dismiss [Dkt. 95]. As a threshold matter, Plaintiffs have provided the Court with no basis upon which to find they have standing, and this Court should dismiss the Complaint for that reason alone. The Response fares no better regarding the numerous other fatal deficiencies in the Complaint, which resorts throughout to impermissible "group pleading" and relies on new alleged facts outside the four corners of the Complaint. The allegations as to Holland are so sparse and lacking in specifics that the Court cannot reasonably infer that Holland is liable for any of the alleged misconduct. Finally, this Court should reject Plaintiffs' request for leave to amend since they provide no specific amendments which could cure these deficiencies, requiring the Court to dismiss the Complaint as to Holland with prejudice.

## II.
## The Response Fails to Show that the Complaint Establishes Standing under Either Section 11 or Section 12 of the Securities Act

### A. Section 11

As noted in Holland's Motion to Dismiss, Dkt. 95 at 8-10, the Complaint fails to adequately allege that the putative class members have standing to sue under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, under that section's strict tracing requirements. Section 11 only applies to a person acquiring "such security," 15 U.S.C. § 77k(a), which effectively provides standing only to "anyone who can 'trace' his shares to the challenged registration statement." *Krim v.*

*PcOrder.com, Inc.*, 402 F.3d 489, 494–502 (5th Cir. 2005); *Rosenzweig*, 332 F.3d 854, 873 (5th Cir. 2003); *see also, Slack Techs., LLC v. Pirani*, 143 S. Ct. 1433, 1440–41 (2023).  The challenged registration statement was issued effective June, 2020.  The problem for Plaintiffs results from the fact—conceded in the Complaint and well established by the public record—that the GWG L-Bonds existed long before that and *automatically* renewed when they came due, even if during an open registration statement later in time.[1]  Thus Plaintiffs have still not provided any facts from which the Court may infer that the Plaintiffs' purchased L-Bonds in 2020 that were issued pursuant to the 2020 registration statement as opposed to the earlier 2017 offering, and implicitly concede as much by advancing only the boilerplate argument  that they "acquired" their L Bonds "pursuant to the Registration Statement."[2]   *Which* registration statement—2017 or 2020—they cannot say.  This defect is fatal to their standing to pursue a claim under Section 11.

The Response further reveals the inadequacy of the standing allegations when it indicates that discovery may fill in the missing details,[3] such as when the various L-Bonds were issued and to which putative class members.  But even these details—if the Plaintiffs were even able to allege them—will not save the Complaint, since this information will not allow them to trace the bonds to one of the registration statements in particular.

Courts have consistently held that the sort of bare-bones, conclusory allegations in this Complaint are insufficient to satisfy the "often impossible" task of "trac[ing] the lineage of [their] shares to [a particular] offering." *Barnes v. Osofsky*, 373 F.2d 269, 271–72 (2d Cir. 1967); *see also Krim*, 402 F.3d at 498 (noting that "the fungible nature of stocks" makes tracing "virtually

---

[1]  *See* Dkt. 100 at 20-21.  The 2017 Offering was still in effect and had not been exhausted through the third quarter of 2020.  *See* 11/19/2020 Form 10-Q.

[2]  Response, at 20-21.

[3]  *Id.*

impossible"). Such "boilerplate language" does not "plausibly allege traceability," especially in cases like this one "where the company offers shares in multiple registration statements." *Johnson v. CBD Energy Ltd.*, No. CV H-15-1668, 2016 WL 3654657, at *5–6 (S.D. Tex. July 6, 2016). The Section 11 claims in the Complaint must be dismissed.

## B. Section 12

Plaintiffs do not really attempt to defend the standing deficiencies in their Section 12 allegations, instead asking the Court for leave to amend in an attempt to supply the missing factual allegations.[4] But because the Plaintiffs do not proffer any new facts that would cure the defects, the Court should instead dismiss with prejudice. *See, e.g., Moran v. Louisiana Dep't of Pub. Safety & Corr.*, No. 22-30787, 2023 WL 5983923, at *1 (5th Cir. Sept. 14, 2023) (per curiam) (affirming dismissal without opportunity to replead where motion to dismiss put the plaintiff on notice of the deficiencies in complaint, yet the plaintiff failed to proffer a proposed amended complaint or identify additional facts not initially plead that would cure defects); *Paul v. Sabban*, No. 22-51113, 2023 WL 4704117, at *2 (5th Cir. July 24, 2023) (per curiam) (affirming denial of leave to amend where Plaintiff's request "lacked any factual detail that would remedy deficiencies in their complaint, and they did not attach a proposed amended complaint setting forth any facts suggesting amendment would be anything other than futile").

### III.
**The Response Provides No Basis to Escape the Heightened Pleading Requirements of Rule 9(b) for the Claims under Section 11 of the Securities Act**

Exalting form over substance, the Plaintiffs assert that "where a complaint does not allege that the defendants are liable for fraudulent or intentional conduct under Section 11, . . . the claims do not 'sound in fraud' and they cannot be dismissed for failure to satisfy Rule 9(b)," quoting from

---

[4] Dkt. 100, at 62.

*In re Enron Corp. Sec., Deriv. & "Erisa" Litig.*, 2003 WL 230688, at *12 (S.D. Tex. Jan. 28, 2003). This ignores the fact that the Section 11 claims are rife with averments that sound in fraud, even if the Plaintiffs carefully tiptoed around the word "fraud" in drafting their Complaint. They also allege intentional conduct. *Enron* is inapposite. Repeated allegations of "false and misleading" conduct in a years-long scheme to deceive bondholders are indeed grounded in fraud, requiring the Plaintiffs to meet the heightened pleading standard of Rule 9(b).[5] *See Lone Star Ladies Inv. Club v. Schlotsky's Inc*., 238 F.3d 363, 368 (5th Cir. 2001). The Section 11 claims must be dismissed.

### IV.
### The Response Does Nothing to Cure the Pleading Deficiencies
### Regarding the Claimed Material Misrepresentations

The Response does not explain how Plaintiffs have plausibly alleged a Section 11 claim by alleging that the 2020 Restatement revealed the "true" nature of GWG's business with the ExAlt Trusts, how the restatement was material to investors, or just how Holland had sufficient knowledge to be held individually liable for the Restatement.

The Complaint's assertions of overvaluation are grounded on the change in presentation of the "ExAlt loans" in the Restatement, allegedly causing Ben's financial performance and assets to be misstated. *See* Dkt. 63 at ¶ 83. But the accounting presentation GWG had adopted prior to the Restatement was based on GAAP, the professional conclusions of multiple accounting firms, and supported by audits of multiple accounting firms.[6] Moreover, the record establishes that GWG disclosed all facts regarding the ExAlt Trusts necessary for any reasonable investor to understand

---

[5] Dkt. 95, at 5-6.

[6] *See* Dkt. 100, at 16-17; GWG Annual Report (Form 10-K) (2019), at F-1–F-3; GWG Current Report (Form 8-K) (Sept. 17, 2020) at p. 1. GWG, Annual Report (Form 10-K) (2019), at F-1.

the alleged "true" nature.[7]   This change in accounting treatment does not give rise to actionable misrepresentation in any event.  With regard to the goodwill valuation as well, accounting judgments and interpretations are statements of opinion—not fact.[8]  The Plaintiffs' Response does not overcome or distinguish *Omnicare, Inc. v. Laborers Dist. Council Const. Indus.*, where the Supreme Court held that "a statement of opinion is not misleading just because external facts show the opinion to be incorrect. Reasonable investors do not understand such statements as guarantees, and § 11's omissions clause therefore does not treat them that way."  575 U.S. 175, 188 (2015).  As noted in Holland's Motion to Dismiss, the *Omnicare* Court held that an opinion statement is only actionable under the Securities Act if: (1) the speaker did not hold the belief professed, (2) the supporting facts supplied were untrue, or (3) the stated opinion, though sincerely held and otherwise true as a matter of fact, omitted information whose omission made the stated opinion misleading to a reasonable investor.  *Id.* at 186.  Specifically, said the Court, "[t]he investor must identify particular (and material) facts going to the basis for the issuer's opinion—facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have—whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context. That is no small task for an investor." *Id*. at 194.

It is a task that the Plaintiffs here have failed to discharge.  GWG expressly described how it calculated its fair value and goodwill, warned investors that those valuations were "based on estimates and assumptions," and disclosed various risks that could require future goodwill

---

[7]  *See* Dkt. 100, at 16-18.

[8]   Goodwill estimates have been consistently held to be statements of opinion, not fact. See, e.g., *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011) ("Estimates of goodwill depend on management's determination of the 'fair value' of the assets acquired and liabilities assumed, which are not matters of objective fact."); *Ortiz v. Canopy Growth Corp*., 537 F. Supp. 3d 621, 666–68 (D. N.J. 2021) (noting that multiple courts have found that determining the "fair value" of a company's assets, including its goodwill, is an "inherently subjective" process).

impairment.[9]  The Response likewise fails to explain how the Complaint establishes a factual basis for establishing knowledge of the relevant facts and accounting esoterica on the part of Holland. This is equally fatal to the Plaintiffs' misrepresentation claims.  *Einhorn v. Axogen, Inc.*, 42 F.4th 1218, 1224–25 (11th Cir. 2022) ("Aside from cursorily alleging that [Defendant] knew the statements were materially false or misleading, [Plaintiff] failed to allege any facts suggesting [Defendant's] actual knowledge of the statements' falsity."); *see also Edgar v. Anadarko Petroleum Corp.*, No. 17-1372, 2018 WL 3032573, at 13 (S.D. Tex. June 19, 2018).

The Response makes little effort to defend its conclusory allegations that the alleged misstatements, omissions and change in accounting treatment were "material," and points to no factual averments which can be characterized as material.  Instead, Plaintiffs attempt to evade the problem altogether by asserting incorrectly that such "questions as to materiality [] cannot be resolved at the pleading stage,"[10] citing out-of-circuit cases which do not stand for that categorical proposition.  But at least in the Fifth Circuit, it is very much an issue to be resolved at the pleading stage, where cases are indeed dismissed for failure to adequately allege materiality.  *See Kapps v. Torch Offshore, Inc.*, 379 F.3d 207, 215 (5th Cir. 2004); *see also Crutchfield v. Match Grp., Inc.*, 529 F. Supp. 3d 570, 591 (N.D. Tex. 2021) (finding alleged misstatements were not material); *In re Venator Materials PLC Sec. Litig.*, 547 F. Supp. 3d 624, 669 (S.D. Tex. 2021) (dismissing Section 11 claim for failure to adequately plead material misrepresentation); *In re Franklin Bank*

---

[9]  The Registration Statement made clear that the goodwill valuation was subject to change based on any number of factors. *See* GWG Annual Report (Form 10-K) (2019) at pp. 11, 26, 40, 50, F-20, F-22, F-23; *see also* Notes to Ben's Consolidated Financial Statements (attached to the 2019 10-K) at pp. 11, 23. Prospectus (June 5, 2020) at p. 5.  The Registration Statement made it clear that "Investing in our L Bonds may be considered speculative and involves a high degree of risk, including the risk of losing your entire investment….The L Bonds are only suitable for persons with substantial financial resources and with no need for liquidity in this investment."

[10]  Dkt. 100, at 28.

*Corp. Sec. Litig.*, 782 F. Supp. 2d 364, 408 (S.D Tex. 2011) (finding materiality not alleged as a matter of law and granting motion to dismiss).

**V.**

**The Response Fails to Save the Section 15 Claim Because the Plaintiffs Still Lack any Factual Allegations to Establish that Holland was a "Control Person"**

The Response adds nothing pertinent to the sparse and insufficient factual allegations in support of the Complaint's invocation of the "control person" theory of liability codified in Section 15 of the Securities Act, 15 U.S.C. § 77o. Without naming Holland specifically, the Complaint merely asserts the legal conclusion that "[t]he Individual Defendants [as a group] were controlling persons of GWG by virtue of their positions as Directors or senior officers of GWG." Dkt. 63 ¶ 183. This is only supported by some undescribed "series of direct or indirect business or personal relationships with other Directors or officers or major shareholders of GWG" and the bare assertion that this group of defendants "participated in the operation and management of GWG, and conducted and participated, directly and indirectly, in the conduct of GWG's business affairs." *Id*.

As explained in Holland's Motion to Dismiss, these unadorned, conclusory assertions do not suffice to meet the minimal pleading requirements of Section 15, which require a plaintiff to "at least show that the defendant had an ability to control the *specific* transaction or activity upon which the primary violation is based." *Heck v Triche*, 775 F.3d 265, 283 (5th Cir. 2014) (internal citations omitted, emphasis added). In its Response the Plaintiffs point only to the unremarkable and irrelevant factual assertion from § 49 of the Complaint that "Holland was the trust advisor of the Seller Trusts."[11] This adds nothing to the Section 15 equation.

The Response does not address the relevant Fifth Circuit case law that vitiates its Section

---

[11] Dkt. 100, at 61.

15 claim. Even "control over day-to-day operations is not facial evidence of control over a primary violation." *Ahders v. SEI Private Tr. Co.*, 982 F.3d 312, 317 (5th Cir. 2020). To adequately plead a claim for control person liability, "a plaintiff must allege some facts beyond a defendant's position or title that show the defendant had actual power or control over the controlled person." *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. 2d 364, 380 (S.D. Tex. 2011), *aff'd sub nom. Harold Roucher Tr. U/A DTD 9/21/72 v. Nocella*, 464 Fed. Appx. 334 (5th Cir. 2012); *see also Dennis v. Gen. Imaging, Inc.*, 918 F.2d 496, 509 (5th Cir. 1990) (defendant's status as a director was not sufficient to make him a controlling person); *In re Pilgrim's Pride Corp. Sec. Litig.*, No. 2:08-CV419-TJW, 2010 WL 3257369, at *33 (E.D. Tex. Aug. 17, 2010) (complaint must "allege some facts beyond a defendant's position or title that show the defendant had actual power or control over the controlled person").

The group pleading artifice employed by the Plaintiffs is not the proper vehicle for alleging each individual Defendant's actual power or control over "the *specific* transaction or activity upon which the primary violation is based." *Heck,* supra, 775 F.3d at 283. In the face of this predicament, the best the Response can muster is a citation to this Court's recitation of the general elements of Section 11 cases in *In re Kosmos Energy Ltd. Sec. Litig.*, that 955 F. Supp. 2d 658, 664 (N.D. Tex. 2013) (whether the registration statement "contained an untrue statement of material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading").[12] The Response does not attempt to show how the Complaint alleges Holland's actual control of "the *specific* transaction or activity upon which the primary violation is based." This renders the Complaint insufficient to meet the minimum pleading standards necessary to overcome a motion to dismiss a claim under § 11 or § 12.

---

[12] Dkt. 100, at 36.

Of course, control-person liability under section 15 is thus "secondary or derivative, dependent on the plaintiff demonstrating an underlying 'primary' violation." *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 307 F. Supp. 3d 583, 618 (S.D. Tex. 2018). Since the Complaint fails to allege a primary violation, their secondary-liability claims should be dismissed as well. *Southland*, 365 F.3d at 383–84.

## VI.
### Amendments Should Not Be Allowed

The Response includes a request that the Plaintiffs be allowed to amend the Section 12 claims and a separate, omnibus request to amend "to reflect the results of their continuing investigation as to any claim the Court finds insufficiently pleaded."[13] The proposed leave for the § 12 claims should be rejected a futile, since the proposed amendment—that Holland and others "passed title to Plaintiffs or solicited their purchases through direct communications"—is directly contradicted by their own admission that the bonds were instead sold "through a network of independent broker-dealers."[14] The omnibus request should be rejected for failure to articulate the factual allegations that any prospective amendments would include. See *Moran v. La. Dep't of Pub. Safety & Corr.*, No. 22-30787, 2023 WL 5983923 at *1 (5th Cir. Sept. 14, 2023) (per curiam).

### CONCLUSION

The Complaint does not establish standing to support any of the asserted claims, and the Response does nothing to cure this jurisdictional defect or inform the Court how this defect could be remedied. Even if it could, the Section 11, Section 12, and derivative Section 15 claims should be dismissed with prejudice for all the reasons set forth in Holland' Motion to Dismiss.

---

[13] Dkt. 100, at 62.

[14] *Id.*, at 13.

Respectfully Submitted,


By:    */s/ S. Michael McColloch*
S. MICHAEL MCCOLLOCH, PLLC
**S. Michael McColloch**
E-mail: smm@mccolloch-law.com
Phone: 214.643.6055
KAREN COOK, PLLC
**Karen L. Cook**
E-mail: karen@karencooklaw.com
Phone: 214.643.6054

6060 N. Central Expressway, Suite 500
Dallas, Texas 75206

ATTORNEYS FOR DEFENDANT
MURRAY HOLLAND


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2024, the foregoing document was filed with the Clerk for the United States District Court for the Northern District of Texas using the CM/ECF electronic filing system, and that service of such filing will be made electronically on all counsel of record.


By:    */s/ Karen Cook*
Karen Cook, Esq.