**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE GWG HOLDINGS, INC.<br>SECURITIES LITIGATION | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-cv-00410-B<br><br><br>**CLASS ACTION** |
| This Document Relates To: All Actions | | |

**APPENDIX IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT WITH DEFENDANT WHITLEY PENN LLP**

| DOCUMENT | PAGES |
|---|---|
| Stipulation and Agreement of Settlement | App. 2 – 32 |
| Ex. A to Stipulation: [Proposed] Order Preliminarily Approving Settlement with Defendant Whitley Penn LLP | App. 33 – 40 |
| Ex. B to Stipulation: [Proposed] Final Judgment and Order of Dismissal with Prejudice | App. 41 – 48 |
| Ex. C to Stipulation: Escrow Agreement | App. 49 – 94 |
| Declaration of Lead Plaintiff Frank Moore in Support of Lead Plaintiff's Motion for Preliminary Approval of Settlement with Defendant Whitley Penn LLP | App. 95 – 97 |
| Declaration of Daniel C. Girard in Support of Lead Plaintiff's Motion for Preliminary Approval of Settlement with Defendant Whitley Penn LLP | App. 98 – 102 |

Dated: July 17, 2024

*/s/ Daniel C. Girard*
Daniel C. Girard (admitted *pro hac vice*)
Jordan Elias (admitted *pro hac vice*)
Adam E. Polk (admitted *pro hac vice*)
Sean Greene (admitted *pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dgirard@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com
sgreene@girardsharp.com

Paul D. Malmfeldt (admitted *pro hac vice*)
**MALMFELDT LAW GROUP P.C.**
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Tel: (312) 606-8625
pdm@malmfeldt.com

Warren T. Burns (TXBN 24053119)
Spencer Cox (TXBN 24097540)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550

*Attorneys for Lead Plaintiff Frank Moore*

## <u>CERTIFICATION OF SIGNATURE OF ANOTHER PERSON</u>

In accordance with L.R. 11.1(c), I hereby certify that the signatories included herein have consented to the filing of documents bearing their signatures.

<u>*/s/ Daniel C. Girard*</u>
Daniel C. Girard

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on July 17, 2024, I have filed the above and foregoing on the

Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record

will be served electronically with true and exact copies of this filing.

*/s/ Daniel C. Girard*
Daniel C. Girard

# APPENDIX

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE GWG HOLDINGS, INC.** | § | **Civil Action No. 3:22-cv-00410-B** |
| **SECURITIES LITIGATION** | § | |
| | § | |
| | § | **CLASS ACTION** |
| | § | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated July 17, 2024 (the "Stipulation") is submitted pursuant to Fed. R. Civ. P. 23 and Fed. R. Evid. 408. Subject to the Court's approval, this Stipulation is entered into by and between (1) the Court-appointed lead plaintiff Frank Moore[1] ("Lead Plaintiff" or "Class Representative"), individually and on behalf of each Settlement Class Member (defined below) and (2) defendant Whitley Penn LLP ("Whitley Penn" and together with Lead Plaintiff, "Settling Parties").

This Stipulation states the terms for the settlement and resolution of this matter as between and among the Settling Parties and is intended to fully and finally release, resolve, compromise, settle, and discharge the Settled Claims (defined below), in connection with the above-referenced consolidated action ("Consolidated Action"), subject to the approval of the United States District Court for the Northern District of Texas ("Court").

**WHEREAS**, on February 18, 2022, Shirin Bayati and Mojan Kamalvand filed a securities class action (the "*Bayati* Action") on behalf of a putative class of investors who acquired bonds ("L Bonds") issued by GWG Holdings, Inc. ("GWG") pursuant to the Registration Statement (defined below) against GWG and certain of its former and then-current

---

[1] Lead Plaintiff Thomas Horton dismissed his claims under Fed. R. Civ. P. 41(a)(1)(A)(i) on July 17, 2024.

directors and officers. Their complaint alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k, 77l, 77o, based on alleged misrepresentations and omissions in the Registration Statement for an offering of L Bonds issued by GWG declared effective on June 3, 2020;

**WHEREAS**, on April 20, 2022, GWG and certain of its subsidiaries filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas.  Under 11 U.S.C. section 362(a)(1), debtors' bankruptcy filings operated as an automatic stay ("Bankruptcy Stay") as to GWG. On May 12, 2022, the Court entered an order extending the Bankruptcy Stay to the claims against the nondebtor parties.  On April 25, 2022, Lead Plaintiffs filed a motion for appointment of lead plaintiff and approval of their selection of lead counsel. On June 1, 2022, the Court lifted the Bankruptcy Stay to consider Lead Plaintiffs' motion, which the Court granted on August 5, 2022;

**WHEREAS**, on May 26, 2023, while the *Bayati* Action remained subject to the Bankruptcy Stay, Lead Plaintiffs filed a putative securities class action ("*Horton* Action") naming as defendants Whitley Penn, The Beneficient Company Group L.P. ("Ben"), a former subsidiary of GWG, and certain former directors of GWG and then-current directors of Ben (collectively, "Ben Defendants") against whom claims had been asserted in the *Bayati* Action but which claims had been dismissed without prejudice on May 2, 2022 pursuant to an agreement between the Ben Defendants and the plaintiffs in the *Bayati* Action. In the *Horton* Action, Lead Plaintiffs alleged violations of Section 11 of the Securities Act against Whitley Penn, and other violations of the Securities Act against the remaining defendants;

**WHEREAS**, prior to the initiation of the *Horton* Action, Whitley Penn and Lead

2

Plaintiffs had agreed to toll any unexpired statute of limitation as to claims between them arising under the Securities Act, including the claims that would be asserted against Whitley Penn in the *Horton* Action, effective October 25, 2022, and continuing through the date of initiation of the *Horton* Action;

**WHEREAS**, by order dated September 12, 2023, the Court lifted the Bankruptcy Stay, consolidated the *Bayati* Action and *Horton* Action, and ordered the parties to engage in mediation. On October 2, 2023, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint ("CAC"). On November 7, 2023, the Ben Defendants moved to dismiss the claims in the CAC. On January 4, 2024, Whitley Penn filed a motion to dismiss the CAC on the grounds that the one-year statute of limitations had expired, the CAC failed to allege any material misrepresentation in connection with Whitley Penn's 2019 audit opinion, plaintiffs lack standing and there is no causal link between the 2019 audit opinion and the loss in value of the L Bonds following GWG's lack of liquidity in 2021. Also, on January 4, 2024, motions to dismiss the claims in the CAC were filed on behalf of the remaining defendants in the Consolidated Action (collectively, "Defendants");

**WHEREAS**, on February 20, 2024, the Court granted the motion filed by Lead Plaintiffs to extend the deadline to file a response brief in opposition to Whitley Penn's motion to dismiss. On or about March 6, 2024, Lead Plaintiffs and Whitley Penn reached a settlement in principle regarding the claims asserted against Whitley Penn in the CAC. On March 18, 2024, the Court entered an order: (i) withdrawing Whitley Penn's motion to dismiss without prejudice to its refiling if the settlement between Lead Plaintiffs and Whitley Penn is not approved or is otherwise terminated, (ii) staying Lead Plaintiffs' claims against Whitely Penn for a period not to exceed forty-five (45) days, and (iii) requiring Lead Plaintiffs and Whitley Penn to submit their

executed settlement agreement, together with a motion for preliminary approval, or otherwise to report to the Court on or before May 2, 2024;

**WHEREAS**, on April 16, 2024, Lead Plaintiffs submitted an Agreed Motion to Extend Deadline to Submit Executed Settlement Agreement and Motion for Preliminary Approval, requesting: (1) that the deadline for Lead Plaintiffs and Whitley Penn to submit their executed settlement agreement for approval be extended until June 17, 2024; and (2) that the stay of the Lead Plaintiffs' claims against Whitley Penn continue until the date upon which Lead Plaintiffs' and Whitley Penn make their submission. On April 22, 2024, the Court granted the motion, directing that: (1) Lead Plaintiffs and Whitley Penn submit their executed settlement agreement together with their motion for preliminary approval or otherwise report to the Court on or before June 17, 2024; and (2) extending the stay of Lead Plaintiffs' claims against Whitley Penn until Lead Plaintiffs and Whitley Penn make their submission or until June 17, 2024, whichever occurs earlier;

**WHEREAS**, on May 24, 2024, Lead Plaintiffs filed an Agreed Motion to Appoint David Murphy as Co-Mediator, requesting that the Court appoint David Murphy of Phillips ADR Enterprises LLC as an additional mediator alongside the previously appointed mediator, the Hon. W. Royal Furgeson (Ret.), to facilitate settlement discussions between Lead Plaintiffs and the Defendants (other than Whitley Penn) which the Court granted on June 3, 2024; and

**WHEREAS**, on June 10, 2024, Lead Plaintiffs filed an Unopposed Motion to Extend by 30 Days the Deadline to Submit Executed Settlement Agreement and Motion for Preliminary Approval, or to Otherwise Report to the Court, which the Court granted on June 12, 2024, directing that: (1) Lead Plaintiffs and Whitley Penn submit their executed settlement agreement together with their motion for preliminary approval or otherwise report to the Court on or before

4

July 17, 2024; and (2) the stay of Lead Plaintiffs' claims against Whitley Penn be extended until Lead Plaintiffs and Whitley Penn make their submission or until July 17, 2024, whichever occurs earlier.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Lead Plaintiff, for himself and on behalf of the Settlement Class, and Whitley Penn, through their undersigned counsel, subject to Court approval under Fed. R. Civ. P. 23, that, for the consideration set forth herein and conferred on Lead Plaintiff and the Settlement Class, the Consolidated Action as to Whitley Penn shall be finally and fully settled, compromised, and dismissed, with prejudice, and the Settled Claims shall be finally and fully released, resolved, compromised, settled, discharged and dismissed with prejudice as against Whitley Penn and the Whitley Penn Released Parties upon and subject to these terms and conditions set forth herein.

## <u>DEFINITIONS</u>

1.     In addition to other terms defined in this Stipulation, the following defined terms as used in this Stipulation shall have the following meaning:

      a.     "Ben" means The Beneficient Company Group, L.P.

      b.     "Claims" means any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist (including, but not limited to, any claims arising under

federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, breach of any contract, negligence, fraudulent conveyance, avoidance, violations of the federal securities laws, or otherwise), whether individual, class, direct, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

c.    "Settlement Administrator" means Epiq Class Action & Claims Solutions, Inc., which is designated to carry out the notice plan and to administer payments to Settlement Class Members from the Settlement Amount.  This entity shall be approved by the Court to serve as Settlement Administrator.

d.    "Class Counsel" means Girard Sharp LLP and Malmfeldt Law Group P.C., their attorneys, employees, agents, and their independent contractors who are acting or have acted on behalf or at the direction of them.

e.    "Class Period" means the time period between June 3, 2020, the effective date of the Registration Statement, and April 16, 2021, inclusive.

f.    "Class Representative" has the same meaning as "Lead Plaintiff," defined herein.

g.    "Consolidated Action" means the litigation captioned *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B, filed in the United States District Court for the Northern District of Texas before the Honorable Jane J. Boyle.

h.    "Court" means the United States District Court for the Northern District of Texas.

i.    "Defendants" means all defendants in the Consolidated Action.

j.    "Effective Date" means the date upon which the Settlement contemplated

6

by this Stipulation shall become effective as set forth in paragraph 29 herein.

   k. "Escrow Account" means the account to be established by Class Counsel and designated for purposes of the Settlement Fund, into which the Settlement Amount will be paid pursuant to ¶ 4 of this Stipulation and held in escrow under the control of the Escrow Agent, acting as an agent for Class Representative and the Settlement Class, subject to the terms of this Stipulation.

   l. "Escrow Agent" means Epiq Class Action & Claims Solutions, Inc., which shall be responsible for overseeing, safeguarding, and distributing the Escrow Account, acting as an agent for Class Representative and the Settlement Class, in accordance with the terms of the Escrow Agreement and this Stipulation.

   m. "Escrow Agreement" means an agreement to be entered into between Class Counsel and the Escrow Agent, attached hereto as Exhibit C, and agreed to by Whitley Penn's Counsel, governing the Escrow Agent's responsibilities and obligations with respect to the Escrow Account.

   n. "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. An order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving any writs, including writs of certiorari or

mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to an order solely adopting or approving a plan of allocation, or solely to any order issued with respect to any application for attorneys' fees and expenses pursuant to ¶¶ 16-17, 42 below, shall not in any way delay or preclude the Judgment from becoming Final.

        o.      "GWG" means GWG Holdings, Inc.

        p.      "Judgment" means the order and final judgment to be entered by the Court following the Settlement Hearing (defined below) approving the Settlement, certifying the Settlement Class, approving the release of the Settled Claims, and dismissing the Settled Claims with prejudice and without costs to any party, in the form attached hereto as Exhibit B.

        q.      "L Bonds" means the bonds issued by GWG pursuant to the Registration Statement.

        r.      "Lead Plaintiff" means Frank Moore.

        s.      "Opt-Out Threshold" means certain conditions set forth in ¶ 34 below under which this Stipulation may be withdrawn or terminated at the sole discretion of Whitley Penn.

        t.      "Person" or "Persons" means any natural or legal person, including without limitation any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, as well as each of their spouses, partners in a state-recognized domestic partnership, civil union, or marriage, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

8

u.    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court that will, for the limited purposes of this Settlement, preliminarily approve the Settlement, defer the scheduling of the Settlement Hearing, and defer submission of: (i) a proposed form of notice to the Settlement Class Members, (ii) a proposed method of notice, and (iii) a proposed plan of allocation of the Settlement Fund, which shall be submitted for Court approval at such time as the Court shall direct in advance of the Settlement Hearing.

v.    "PSLRA" means the Private Securities Litigation Reform Act of 1995.

w.    "Registration Statement" means the registration statement for the L Bond offering filed by GWG with the Securities and Exchange Commission and declared effective on June 3, 2020.

x.    "Securities Act" means the Securities Act of 1933.

y.    "Settled Claims" means any and all Claims, including without limitation Unknown Claims (as defined in ¶ gg below), (a) alleged or which could have been alleged by Class Representative or Settlement Class Members in the Consolidated Action, or (b) that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding against Whitley Penn or against any other of the Whitley Penn Released Parties, arising out of or relating to the Consolidated Action or the allegations, claims, defenses, and counterclaims asserted in the Consolidated Action, including without limitation Claims relating to any audits or reviews of any of the financial statements of GWG and Claims relating to the GWG securities described herein, except for claims to enforce the Settlement, whether arising under state, federal, or common law. Settled Claims shall include claims against Defendant Whitley Penn and the Whitley Penn Released Parties pursuant to the PSLRA for

9

contribution/indemnification, or claims that are otherwise dependent on liability in this Consolidated Action, and claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

   z. "Settlement" means the settlement contemplated by this Stipulation.

   aa. "Settlement Amount" means the cash sum of $450,000.00.

   bb. "Settlement Class" means all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the Class Period, excluding Defendants, current or former officers and directors of GWG or Ben and their immediate family members, legal representatives, heirs, successors or assigns, or any entity in which any Defendant has or had a controlling interest.

   cc. "Settlement Class Member" means a Person that is a member of the Settlement Class and that did not exclude himself, herself, or itself by filing a timely request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the notice.

   dd. "Settlement Hearing" means the hearing set by the Court under Fed. R. Civ. P. 23(e)(2) to consider final approval of the Settlement.

   ee. "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

   ff. "Settling Parties" means Class Representative, on behalf of himself and the Settlement Class Members, and Whitley Penn.

   gg. "Unknown Claims" means any and all Claims which Class Representative or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Whitley Penn Claims which Whitley Penn or any

10

Whitley Penn Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.

hh.    "Whitley Penn" means Whitley Penn LLP.

ii.    "Whitley Penn Claims" means any and all counterclaims and bases for relief, including without limitation Unknown Claims (as defined in ¶ gg above), that Whitley Penn (including all past and present individual partners and employees), its predecessors, successors and assigns could have raised in the Consolidated Action against Class Representative, Class Counsel, any other Class Representative counsel or consultant, or any Settlement Class Member, that arise out of or relate to the institution, maintenance, prosecution, or settlement of the Consolidated Action (other than claims to enforce the Settlement or the Judgment), including, but not limited to, claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

jj.    "Whitley Penn's Counsel" means Gibson, Dunn & Crutcher LLP.

kk.    "Whitley Penn Released Parties" means Defendant Whitley Penn, Whitley Penn's past and present partners, and all of their employees, family members, heirs, principals, owners, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, associates, officers, managers, directors, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, and reinsurers.

## CLASS CERTIFICATION

2.    Solely for the purpose of effectuating the Settlement, the Settling Parties stipulate and agree to: (a) certification of the Consolidated Action as a class action as to the claims against Whitley Penn, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of the Settlement Class; (b)

11

the Court making the necessary findings to certify a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (c) appointment of Lead Plaintiff as representative of the Settlement Class; and (d) appointment of Girard Sharp LLP and Malmfeldt Law Group P.C. as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

3.      At the appropriate time, as set forth herein, Lead Plaintiff will move for final approval of the Settlement and entry of Judgment, which will certify the Settlement Class as to the claims against Whitley Penn for settlement purposes only.

## SETTLEMENT CONSIDERATION

4.      In consideration of the releases, covenants, and other agreements set forth in this Settlement Agreement, Whitley Penn shall cause the Settlement Amount to be paid into the Escrow Account held and administered by the Escrow Agent within ten (10) business days after the Court's entry of the Preliminary Approval Order. The Settlement Amount deposited by Whitley Penn into the Escrow Account and any accrued interest after deposit shall become part of the Settlement Fund.

5.      Other than the payment of the Settlement Amount, Whitley Penn shall owe no additional monies of any kind under this Settlement Agreement, including any monies for attorneys' fees, administration costs, expenses, class member benefits, or costs of any kind associated with the Settlement.

6.      This is not a claims-made settlement, and if the Settlement and Judgment become Final, there shall be no reversion whatsoever of the Settlement Amount to Whitley Penn.

## RELEASE OF CLAIMS

7.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Consolidated Action, and shall fully and finally release any and all Settled

Claims against Whitley Penn and all other Whitley Penn Released Parties.

8.    Upon the Effective Date of this Settlement, Class Representative and Settlement Class Members, on behalf of themselves and each of their respective predecessors, successors, assigns, parents, subsidiaries and other affiliates, officers, directors, employees, partners, members, managers, owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees, custodians, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates, any Person(s) they represent in connection with the Consolidated Action or in connection with the purchase, sale of any L Bonds traceable to the Registration Statement during the Class Period, and any Person(s) who claims through or on behalf of them, shall be deemed by this Settlement and by operation of the Judgment to, and shall, release, waive, dismiss, and forever discharge the Settled Claims as to Whitley Penn and the other Whitley Penn Released Parties, and shall be deemed by this Settlement to, and shall be permanently and forever barred and enjoined from asserting, commencing or prosecuting in any forum, each and every one of the Settled Claims against Whitley Penn and the other Whitley Penn Released Parties. The release as set forth above is a material term to this Stipulation. It is material to Whitley Penn's participation in this Settlement that Whitley Penn and the other Whitley Penn Released Parties obtain the fullest possible release from liability to Class Representative or any Settlement Class Member relating to the Settled Claims, and it is the intention of the Settling Parties that any liability of Whitley Penn and the Whitley Penn Released Parties relating to the Settled Claims be eliminated. It is likewise material to Class Representative's and Class Counsel's participation in this Settlement that they, the Settlement Class Members, and their attorneys, agents, experts, and investigators obtain the fullest possible release from liability to Whitley Penn or any Whitley Penn Released Party relating to the Whitley Penn Claims, and it is the intention of the Settling Parties

13

that any such liability relating to the Whitley Penn Claims be eliminated.

9.    Upon the Effective Date of this Settlement, Whitley Penn, on behalf of itself, including all past and present individual partners and employees, its predecessors, successors and assigns, shall be deemed by this Settlement to, and shall release, waive, dismiss, and forever discharge the Whitley Penn Claims against Class Representative, Settlement Class Members, and their attorneys, agents, experts, and investigators, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Whitley Penn Claims against any of such Persons.

10.    WITH RESPECT TO ANY AND ALL SETTLED CLAIMS AGAINST WHITLEY PENN AND THE OTHER WHITLEY PENN RELEASED PARTIES, THE SETTLING PARTIES STIPULATE AND AGREE THAT, UPON THE EFFECTIVE DATE, THE CLASS REPRESENTATIVE SHALL EXPRESSLY WAIVE, AND EACH OF THE SETTLEMENT CLASS MEMBERS SHALL BE DEEMED TO HAVE WAIVED, AND BY OPERATION OF THE JUDGMENT SHALL HAVE WAIVED, THE PROVISIONS, RIGHTS AND BENEFITS OF CALIFORNIA CIVIL CODE § 1542, WHICH PROVIDES:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

THE CLASS REPRESENTATIVE SHALL EXPRESSLY WAIVE AND EACH OF THE SETTLEMENT CLASS MEMBERS SHALL BE DEEMED TO HAVE, AND BY OPERATION OF THE JUDGMENT SHALL HAVE, EXPRESSLY WAIVED ANY AND ALL PROVISIONS, RIGHTS AND BENEFITS CONFERRED BY ANY LAW OF ANY STATE, TERRITORY, OR COUNTRY OR PRINCIPLE OF COMMON LAW, WHICH IS

SIMILAR, COMPARABLE OR EQUIVALENT TO CALIFORNIA CIVIL CODE § 1542.

SETTLEMENT CLASS MEMBERS MAY HEREAFTER DISCOVER FACTS IN

ADDITION TO OR DIFFERENT FROM THOSE WHICH HE, SHE OR IT NOW KNOWS

OR BELIEVES TO BE TRUE WITH RESPECT TO THE SUBJECT MATTER OF THE

SETTLED CLAIMS, BUT THE CLASS REPRESENTATIVE SHALL EXPRESSLY FULLY,

FINALLY AND FOREVER SETTLE AND RELEASE, AND EACH SETTLEMENT CLASS

MEMBER, UPON THE EFFECTIVE DATE, SHALL BE DEEMED TO HAVE, AND BY

OPERATION OF THE JUDGMENT SHALL HAVE, FULLY, FINALLY AND FOREVER

SETTLED AND RELEASED, ANY AND ALL CLAIMS, KNOWN OR UNKNOWN,

SUSPECTED OR UNSUSPECTED, CONTINGENT OR NON-CONTINGENT, WHETHER

OR NOT CONCEALED OR HIDDEN, WHICH NOW EXIST, OR HERETOFORE HAVE

EXISTED, UPON ANY THEORY OF LAW OR EQUITY NOW EXISTING OR COMING

INTO EXISTENCE IN THE FUTURE, INCLUDING, BUT NOT LIMITED TO, CONDUCT

WHICH IS NEGLIGENT, INTENTIONAL, WITH OR WITHOUT MALICE, OR A

BREACH OF ANY FIDUCIARY, CONTRACTUAL, OR OTHER DUTY, LAW OR RULE,

WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH

DIFFERENT OR ADDITIONAL FACTS. THE CLASS REPRESENTATIVE

ACKNOWLEDGES, AND THE SETTLEMENT CLASS MEMBERS SHALL BE DEEMED

BY OPERATION OF THE JUDGMENT TO HAVE ACKNOWLEDGED, THAT THE

FOREGOING WAIVER WAS SEPARATELY BARGAINED FOR AND A KEY ELEMENT

OF THE SETTLEMENT OF WHICH THIS RELEASE IS A PART.

      11.    The proposed Judgment will provide that, to the fullest extent permitted by law,

all Persons shall be permanently enjoined, barred and restrained from bringing, commencing,

prosecuting or asserting any claims, actions, or causes of action for contribution, indemnification

or otherwise against Whitley Penn or any other of the Whitley Penn Released Parties seeking as

damages or otherwise the recovery of all or any part of any liability, judgment or settlement

which they pay or are obligated to pay or agree to pay to the Settlement Class, the Class

Representative or any Settlement Class Member arising out of, relating to or concerning any acts,

facts, statements or omissions that were or could have been alleged in the Consolidated Action,

whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-

party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any

arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or

forum.

## ATTORNEYS' FEES AND EXPENSES

12.    In connection with the entry of Judgment, and upon notice to the Settlement

Class Members under Fed. R. Civ. P. 23 (h), Class Counsel may apply to the Court for an award

of attorneys' fees, and reimbursement of expenses.

13.    Upon Court approval of Class Counsel's application for fees and/or

reimbursement of expenses, such fees and/or expenses shall immediately be paid to Class

Counsel solely from the Settlement Fund within twenty (20) days of the Effective Date of the

Settlement, notwithstanding any objections to or appeals of such order approving the award of

such fees and/or expenses.

14.    If the Effective Date does not occur, the Judgment does not become Final for

any reason (including a Final non-appealable reversal of the Judgment on appeal), or if this

Stipulation is terminated, then any award of fees and/or expenses is no longer payable.

15.    In the event the Settlement and Judgment do not become Final or the Settlement

is terminated as provided herein, within seven (7) business days of entry of the Final order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, the Settlement Administrator shall immediately return to Whitley Penn the Settlement Funds including interest earned but less any costs or expenses properly incurred and approved by the Court as set forth herein. Under those circumstances, Class Counsel shall undertake to return those amounts by taking all steps necessary to cause the Settlement Administrator to make the foregoing repayments. Once the Settlement and Judgment become Final, no monies shall revert to Whitley Penn.

16.     If any award of fees and expenses is reduced or reversed on appeal, or should it be determined that Class Counsel is not entitled to fees and expenses, Class Counsel and all other Class Representative's counsel to whom Class Counsel has distributed payments shall within ten (10) business days from the date of a Final order by the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court directing such reduction or reversal, make such refunds as are required by such Final order, and such funds shall be distributed by the Settlement Administrator to the Settlement Class in the manner directed in the Final order.

17.     The procedure for and the allowance or disallowance by the Court of any application by Class Counsel for attorneys' fees and expenses to be paid out of the Settlement Amount is not a necessary term of the Settlement or this Stipulation, and it is not a condition of this Stipulation that any particular application for attorneys' fees or expenses be approved. Class Representative and Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees. Any order or proceeding relating to the fee and expense application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not

17

operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation. Whitley Penn and the other Whitley Penn Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel or any other Class Representative's counsel or the Class Representative or any other Person who receives such payment from the Settlement Fund. Whitley Penn and the other Whitley Penn Released Parties shall not have any obligation to pay any portion of attorneys' fees or expenses, aside from payments due to the Settlement Fund.

### DEFERRAL OF LEAD PLAINTIFF'S SUBMISSIONS OF PROPOSED PLAN OF ALLOCATION, PROPOSED FORM OF NOTICE TO SETTLEMENT CLASS MEMBERS, AND PROPOSAL FOR METHOD OF NOTICE

18.    Subject to approval of the Court, and as set forth in the Preliminary Approval Order, Lead Plaintiff shall defer to a later date, or as otherwise ordered by the Court, submission of a proposed plan of allocation, a proposed form of notice to Settlement Class Members, and a proposal for a method of notice, pending Lead Plaintiff's mediation with other Defendants.

19.    Within one hundred fifty (150) days of the Court's entry of the Preliminary Approval Order, or as otherwise ordered by the Court, Lead Plaintiff shall file a motion (i) seeking approval of a form of notice to Settlement Class Members and a proposed method of notice, (ii) seeking approval of a plan of allocation of the Settlement Fund, (iii) setting a deadline for Plaintiff's submission of a motion seeking final approval of the Settlement and entry of Judgment, and (iv) requesting that the Court schedule the Settlement Hearing, or a date to otherwise report to the Court.

20.    The form of notice that Plaintiff shall submit to the Court for approval shall include as an exhibit a form that any Person requesting exclusion from the Settlement Class must

18

complete and submit to the Settlement Administrator.

## SETTLEMENT ADMINISTRATION

21.    The Settlement Administrator shall be responsible for administration of the Settlement and for providing notice to the Settlement Class Members in the form and manner directed by the Court.

22.    Prior to the Effective Date, Class Counsel may, with Whitley Penn's approval, direct the Escrow Agent to pay from the Settlement Fund up to $50,000.00 to the Settlement Administrator, for the reasonable costs and expenses of providing notice of the Settlement that have been incurred and billed by the Settlement Administrator.

23.    No later than 21 days prior to the Settlement Hearing, the Settlement Administrator (or its mailing agent) shall file with the Court an affidavit or a declaration stating that notice has been provided in the form and method directed by the Court.

24.    The Settlement Administrator shall distribute the Settlement Fund in accordance with the plan of allocation approved by the Court.

## REQUESTS FOR EXCLUSION

25.    Persons requesting exclusion from the Settlement Class shall be required to provide the following information to the Settlement Administrator on a form that shall be attached to the notice distributed to Settlement Class Members: (i) name; (ii) address; (iii) telephone number; (iv) identity, including original face value for the L Bonds purchased, or otherwise acquired, or sold; (v) prices or other consideration paid or received for such L Bonds; (vi) the date of each purchase or sale transaction; and (vii) a statement that the person or entity wishes to be excluded from the Settlement Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated below, or unless

the exclusion is otherwise accepted by the Court.

26.    Unless otherwise ordered by the Court, any person who does not submit a timely request for exclusion as provided by this section shall be bound by this Stipulation. The deadline for submitting requests for exclusion shall be 35 calendar days prior to the Settlement Hearing.

27.    The Settlement Administrator shall scan and send electronically copies of all requests for exclusion to counsel for the Settling Parties expeditiously (not more than three (3) business days) after the Settlement Administrator receives such a request. As part of the reply papers in support of the Settlement, Class Counsel shall include a list of all Persons who have requested exclusion from the Settlement Class.

## TERMS OF ORDER AND JUDGMENT

28.    If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Settling Parties shall request that the Court enter the Judgment in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION

29.    The Effective Date of Settlement shall be the date when all of the following shall have occurred:

a.    Final Approval by the Court of the Settlement, following the period set forth for notice under Class Action Fairness Act ("CAFA"), and following notice to the Settlement Class and the Settlement Hearing, as prescribed by Fed. R. Civ. P. 23;

b.    The Settling Parties have not exercised their respective rights to terminate the Settlement as provided in ¶¶ 30-31, 34-35 and the time to exercise those rights has expired; and

c.    The Judgment, as entered by the Court, has become Final, or in the event

that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Settling Parties elects to terminate this Settlement, the date that such alternative judgment has become Final.

30.      Each of the Settling Parties shall have the right to terminate its participation in this Settlement by providing written notice of its election to do so (the "Termination Notice") to counsel for the other Settling Parties hereto within thirty (30) days of any of the following:

a.      The Court's declining to enter the Preliminary Approval Order in any material respect;

b.      The Court's declining to approve this Stipulation in any material respect;

c.      The Court's declining to enter the Judgment in any material respect; provided, however, that this Settlement is expressly not conditioned on the Court's approval of any plan of allocation in the Consolidated Action; nor on the Court's approval of Class Counsel's application for attorneys' fees or expenses. Any change in the Judgment relating solely to these items shall not be considered a material change;

d.      The Court's declining to approve the adequacy of the Settlement Amount, scope of the Settled Claims, and/or the definitions of Settlement Class, or Settled Claims, as defined herein;

e.      The Judgment being modified or reversed in any material respect by the Court, the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court, except for a ruling solely with respect to: (i) any plan of allocation in the Consolidated Action, (ii) the Court's order regarding Class Counsel's application for attorneys' fees or expenses; or

f.      The Judgment does not become Final.

App. 22

31.     The Class Representative shall have the right to terminate the Settlement in the event that any failure to pay the Settlement Amount within the time set forth in paragraph 4 above is not cured within thirty (30) days after written notice is provided in accordance with paragraph 30 above.

32.     In the event of a termination (whether under ¶¶ 30, 31, or 34), the Stipulation and releases provided for therein shall become null and void and of no further force and effect (except for ¶ 38(a)-(e), which shall survive the termination), and the Settling Parties shall be deemed to have reverted to their respective positions as they existed prior to the Settling Parties agreeing in principle to a settlement, the execution of the Stipulation, and the entry of any orders pursuant to the Stipulation. The Settling Parties shall thereafter proceed in all respects as if the Stipulation had not been executed and any related orders had not been entered, and all of their respective claims and defenses as to any issue in the Consolidated Action shall be preserved without prejudice. In such event, the Settling Parties shall work together to arrive at a mutually agreeable, proposed schedule for resuming litigation of the Consolidated Action in light of such developments, to be submitted to the Court for approval.

33.     In the Judgment, the Settlement Class shall be certified solely for purposes of this Settlement, but in the event that the Judgment does not become Final or the Settlement Effective Date is not reached, all Settling Parties reserve all of their rights on all issues, including whether a class should be certified in the Consolidated Action.

## OPT-OUT TERMINATION RIGHT

34.     If Persons who otherwise would be Settlement Class Members make requests for exclusion, and if (i) any such Persons' investment principal in L Bonds issued or renewed between June 3, 2020 and April 16, 2021 totals an amount equal to or greater than $5,000,000; or

(ii) any such Persons own more than 5% of the L Bonds purchased or acquired during the Class Period; or (iii) such Persons number more than 35 individuals or entities, then Whitley Penn shall have, in its sole and absolute discretion, the option to terminate this Stipulation and Settlement (the "Supplemental Termination Option").

35.    Whitley Penn may exercise the Supplemental Termination Option, in its sole and complete discretion, by providing written notice to the other Settling Parties of such exercise within seven (7) calendar days after Whitley Penn's receipt from Class Counsel or the Settlement Administrator of requests for exclusion sufficient to give Whitley Penn actual notice that the Opt-Out Threshold has been reached.

## CAFA NOTICE

36.    Pursuant to CAFA, proper notice of the Settlement upon the United States Attorney General and each applicable State Attorney General shall be given by Whitley Penn's Counsel, at Whitley Penn's expense, at such time as the Court directs that notice of the Settlement be given to Settlement Class Members. Simultaneously, Whitley Penn shall provide a copy of such notice as well as proof of service of such notice to Class Counsel.  If additional Defendants have settled this Consolidated Action, then Whitley Penn's notice of Settlement can be included in a collective notice for all Defendants, with Whitley Penn responsible for its proportionate share of the expenses of such notice.

37.    The Settling Parties acknowledge that the structure of this Settlement prevents the CAFA notice from being given within ten days of when the Stipulation of Settlement is first filed with the Court.  Therefore, the Settling Parties agree that the Stipulation of Settlement will be filed with the Court again more than ninety (90) days prior to the Settlement Hearing to allow sufficient time for the CAFA notice.  The Settling Parties will seek the Court's approval that the CAFA

notice, to be provided at least ninety (90) days before the Settlement Hearing, is valid and timely.

## NO ADMISSION OF WRONGDOING

38.     The Settling Parties agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication in relation thereto, is evidence, or an admission or concession by any Settling Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Consolidated Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding. Neither this Stipulation, whether or not consummated, nor any of the terms and provisions of this Stipulation, nor the Settlement or the fact thereof, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement proceedings, nor any statement in connection therewith, shall be deemed to be, and may not be argued to be or offered or received:

a.     Against Whitley Penn as evidence of, or construed as evidence of any presumption, concession, or admission by Whitley Penn with respect to the truth of any fact alleged by Class Representative in this Consolidated Action or the validity of any claim that has been or could have been asserted against Whitley Penn in the Consolidated Action, or the deficiency of any defense that has been or could have been asserted in the Consolidated Action, or the propriety of class action or collective action treatment with respect to the claims of any investors in GWG securities related to the allegations that form the basis of the Consolidated Action, or the entitlement of any investors who are not Settlement Class Members to any payment by or damages from Whitley Penn, or of any wrongdoing or liability of Whitley Penn or other Whitley Penn Released Parties;

b.     Against Whitley Penn as evidence of, or construed as evidence of

any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document, or against Class Representative or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by Class Representative in the Consolidated Action;

      c.      Against Whitley Penn, Class Representative, or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by Whitley Penn, Class Representative, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against Whitley Penn, Class Representative, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Whitley Penn, Class Representative, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder and may file this Stipulation and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

      d.      Against Whitley Penn as evidence of, or construed as evidence of, any presumption, concession, or admission that the Settlement Amount represents the amount which could or would have been received after trial of the Consolidated Action against it; or

      e.      Against Class Representative or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by Class Representative or any Settlement Class Member that any of the claims are without merit, or

that any defenses asserted by Whitley Penn or any other Defendant in the Consolidated Action have any merit, or that damages recoverable in the Consolidated Action would not have exceeded the Settlement Amount.

## MISCELLANEOUS PROVISIONS

39.     All of the exhibits attached hereto are hereby incorporated herein by reference as though fully set forth herein. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall prevail.

40.     The Settling Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Class Representative or Settlement Class Members under federal, state, foreign or local law against Whitley Penn and all the other Whitley Penn Released Parties concerning the Settled Claims and against Class Representative and Settlement Class Members by Whitley Penn concerning the Whitley Penn Claims. Accordingly, the Settling Parties agree not to assert in any forum that the litigation was brought by Class Representative or defended by Whitley Penn in bad faith or without a reasonable basis. The Settling Parties shall assert no claims of any violation of Fed. R. Civ. P. 11 relating to the prosecution, defense, or settlement of this Consolidated Action. Moreover, none of the Settling Parties shall seek any cost-shifting against the other. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, including during telephonic and face-to-face sessions, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

41.     This Stipulation may not be modified or amended except by a writing signed by

all signatories hereto or their successors-in-interest, nor may a Settling Party be deemed to have waived any provision (including this provision) except by a writing signed by that Settling Party or its successor-in-interest.

42.    Neither the Settlement Class Members nor Whitley Penn shall be bound by the Stipulation if the Court modifies material terms thereof; provided, however, that it shall not be a basis for Class Representative to terminate the Settlement if the Court modifies any proposed plan of allocation or criteria for allocation of the Settlement Fund, or if the plan of allocation approved by the Court is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the allocation of the Settlement Fund, or if the Court reduces the amount of fees and expenses sought by Class Counsel or denies Class Counsel's fee requests with respect to this Consolidated Action.

43.    Class Counsel, on behalf of the Settlement Class, is expressly authorized by Class Representative to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and, subject to agreement by Whitley Penn, Class Counsel further is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which it deems appropriate.

44.    Class Representative and Class Counsel represent and warrant that none of the Class Representative's claims or causes of action referred to in this Consolidated Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

45.    Each counsel or other person executing the Stipulation or any of its exhibits on behalf of any Settling Party hereby warrants and represents that such person has the full authority to do so, and that he or she has the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

46.      The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47.      The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of considering all further matters arising out of or connected with the Settlement, including enforcing the terms of this Stipulation, and entering orders relating to awards of attorneys' fees and expenses to Class Counsel (including for distribution among any other Class Representative's counsel or the repayment of attorneys' fees and expenses as set forth in ¶ 16), and relating to any compensatory award to the Class Representative.

48.      This Stipulation and its exhibits constitute the entire agreement among the Settling Parties concerning this Settlement, and supersede all prior understandings, communications, stipulations, and agreements with respect to the subject of the Settlement. No representations, warranties, or inducements have been made by any Settling Party concerning this Stipulation and its exhibits other than those contained, memorialized, or referenced in such documents.

49.      This Stipulation may be executed in one or more original, e-mail and/or faxed counterparts, and the counterparts when executed may be made into a composite which shall constitute one integrated original agreement.

50.      This Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties hereto and their successors, heirs, executors and assigns.

51.      The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law

28

requires that federal law govern.

52.     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation. The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

53.     If any Settling Party is required to give notice to any other Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given by e-mail and by either hand-delivery or overnight courier. Notice shall be provided as follows:

| | |
|---|---|
| If to Class Counsel: | Daniel C. Girard<br>Girard Sharp LLP<br>601 California St., Suite 1400<br>San Francisco, CA 94108<br>dgirard@girardsharp.com |
| | Paul D. Malmfeldt<br>Malmfeldt Law Group P.C.<br>120 N. LaSalle St., Suite 2000<br>Chicago, IL 60602<br>pdm@malmfeldt.com |
| If to Whitley Penn's Counsel: | James J. Farrell<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166<br>jfarrell@gibsondunn.com |

54.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that the Stipulation is the result of arm's length negotiations between the Settling Parties, and all Settling Parties have contributed

29

substantially and materially to its preparation.

55.     The Settling Parties warrant that, in entering into this Settlement, they relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Settling Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents.

56.     Whitley Penn's Counsel and Class Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, this Stipulation and the Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain approval by the Court of the Settlement.

57.     No part of the Settlement Fund shall be allocated to the settlement of any other action arising from the facts and circumstances at issue in the Consolidated Action. No person shall have any claim against Class Representative, Class Counsel, anyone else who performed work on the Consolidated Action, any other agent designated by Class Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, any plan of allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against Whitley Penn or any other Whitley Penn Released Parties, based on any distributions, determinations, claim rejections or the design, terms or implementation of any plan of allocation.

58.     Class Representative shall not request exclusion from the Settlement Class, shall not object to the Settlement, and shall not encourage or otherwise influence any Settlement Class Member to request exclusion from, or to object to, the Settlement.

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Stipulation as of July 17, 2024.

/s/

Daniel C. Girard (admitted *pro hac vice*)
Jordan Elias (admitted *pro hac vice*)
Adam E. Polk (admitted *pro hac vice*)
Sean Greene (admitted *pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dgirard@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com
sgreene@girardsharp.com

Paul D. Malmfeldt (admitted *pro hac vice*)
**MALMFELDT LAW GROUP P.C.**
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Tel: (312) 606-8625
pdm@malmfeldt.com

Warren T. Burns (TXBN 24053119)
Spencer Cox (TXBN 24097540)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550

*Attorneys for Lead Plaintiff Frank Moore*

/s/

James J. Farrell
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166-0193
Phone: 212-351-5326
jfarrell@gibsondunn.com

John T. Cox, III
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Ave., Ste. 2100
Dallas, TX 75201
Phone: 214-698-3256
tcox@gibsondunn.com

*Attorneys for Whitley Penn LLP*

31

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE GWG HOLDINGS, INC. SECURITIES LITIGATION | § § § § § § § | Civil Action No. 3:22-cv-00410-B |
| | | **CLASS ACTION** |
| _____ | § § | |
| **This Document Relates To: All Actions** | § § § | |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT WITH DEFENDANT WHITLEY PENN LLP

WHEREAS, an action is pending before this Court styled *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (N.D. Tex.) (the "Consolidated Action");

WHEREAS, the Settling Parties[1] having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of the Consolidated Action, in accordance with the Stipulation dated July 17, 2024, which, together with the exhibits appended thereto, sets forth the terms and conditions for a proposed Settlement of the Settlement Class Members' claims against Whitley Penn and the Whitley Penn Released Parties and for dismissal of the Consolidated Action as to Whitley Penn with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits appended thereto;

WHEREAS, the Court at the request of the Lead Plaintiff and the non-settling Defendants has appointed the Hon. W. Royal Furgeson (Ret.) and, more recently, David Murphy of Phillips ADR Enterprises LLC to act as mediators, and the Court is advised that mediation is ongoing; and

WHEREAS, Lead Plaintiff, in the interests of efficiency and of avoiding confusion to Settlement Class Members, has proposed that the submission of a proposed form of notice, a proposed method for providing notice to Settlement Class Members, and a proposed plan of allocation be deferred pending Lead Plaintiff's mediation with the non-settling Defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair,

---

[1] Unless otherwise defined, all defined terms used herein have the same meanings as set forth in the Stipulation and Agreement of Settlement ("Stipulation").

reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing described below.

2.      Within one hundred fifty (150) days of the Court's entry of this Preliminary Approval Order, or as otherwise ordered by the Court, Lead Plaintiff shall file a motion: (i) seeking approval of a form of notice to Settlement Class Members and a proposed method of notice; (ii) seeking approval of a plan of allocation of the Settlement Fund; (iii) setting a deadline for Plaintiff's submission of a motion seeking final approval of the Settlement and entry of Judgment; (iv) setting a deadline for members of the proposed Settlement Class to submit objections to the proposed Settlement; (v) setting a deadline for Class Counsel to submit a motion for attorney's fees and reimbursement of expenses; and (vi) requesting that the Court schedule the Settlement Hearing.

3.      At the Settlement Hearing, the Court will: (i) determine whether the proposed Settlement of the claims against Whitley Penn on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) determine whether to certify the Settlement Class for purposes of the proposed Settlement only, designate Lead Plaintiff as Class Representative for the Settlement Class, and appoint Class Counsel as counsel for the Settlement Class; (iii) determine whether a Judgment as provided as Exhibit B to the Stipulation should be entered; (iv) determine whether the proposed plan of allocation that Lead Plaintiff will submit in connection with the motion for final approval of Settlement and entry of Judgment, should be approved; (v) determine any amount of attorneys' fees and expenses that should be awarded to Class Counsel for their representation of the Settlement Class; (vi) hear any objections by Settlement Class Members, including objections to

2

the Stipulation, plan of allocation, and/or motion for an award of attorneys' fees and expenses to Class Counsel; and (vii) consider such other matters as the Court may deem appropriate.

4.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

5.    Pursuant to the Stipulation, the Settling Parties have proposed certification of the following Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: "all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive." Excluded from the Class are: (i) Defendants; (ii) current or former officers and directors of GWG or Ben; (iii) Defendants' immediate family members, legal representatives, heirs, successors or assigns; and (iv) any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are any Persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

6.    The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (i) the members of the Settlement Class are so numerous that their joinder in the Consolidated Action would be impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Lead Plaintiff in the Consolidated Action are typical of the claims of the Settlement Class; (iv) Lead Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests

3

of the Settlement Class; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the Consolidated Action.

7.    The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to designate Lead Plaintiff as Class Representative for the Settlement Class and appoint Class Counsel as counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

8.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Whitley Penn or any of the Whitley Penn Released Parties of the truth of any of the allegations in the Consolidated Action, or of any liability, fault, or wrongdoing of any kind.

9.    All proceedings in the Consolidated Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against Whitley Penn or any of the Whitley Penn Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

10.    Neither this order, the Stipulation (whether or not consummated) and exhibits thereto, the plan of allocation that may be approved by the Court, the negotiations leading to the agreement in principle to settle Lead Plaintiff's claims against Whitley Penn in the Consolidated Action, the execution of the Stipulation, nor the proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be: (i) offered against Whitley Penn or any of the Whitley Penn Released Parties as evidence of, or construed as evidence of, any presumption, concession, or

admission by any of the Whitley Penn Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Consolidated Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of Whitley Penn or any of the Whitley Penn Released Parties or in any way referred to for any other reason as against Whitley Penn or any of the Whitley Penn Released Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (ii) offered against any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession or admission by any Settlement Class Member that any of their claims are without merit, that Whitley Penn or any of the Whitley Penn Released Parties had meritorious defenses, or that damages recoverable in the Consolidated Action would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind of Lead Plaintiff or any member of the Settlement Class or in any way referred to for any other reason as against Lead Plaintiff or any member of the Settlement Class, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (iii) construed against any of the Whitley Penn Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents that amount which could be or would have been recovered after trial; provided, however, that the Settling Parties and the Whitley Penn Released Parties and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Stipulation.

IT IS SO ORDERED.


DATED: _____        _____
                                    THE HONORABLE JANE J. BOYLE
                                    UNITED STATES DISTRICT JUDGE

App. 40

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE GWG HOLDINGS, INC.**<br>**SECURITIES LITIGATION** | §<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 3:22-cv-00410-B** |
| | § | **CLASS ACTION** |
| _____ | §<br>§ | |
| **This Document Relates To: All Actions** | §<br>§<br>§ | |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement ("Preliminary Approval Order") dated ___, 20___, and the Order Providing for Notice ("Notice Order") dated ___, 20___, on the application of the Settling Parties for Final Approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated July 17, 2024, (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    This Court has jurisdiction over the subject matter of the Consolidated Action and over all Settling Parties to the Consolidation Action, including all Settlement Class Members.

3.    The Court hereby certifies for the purposes of the Settlement only, the Consolidated Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class defined as: "all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive." Excluded from the Class are: (i) Defendants; (ii) current or former officers and directors of GWG or Ben; (iii) Defendants' immediate family members, legal representatives, heirs, successors or assigns; and (iv) any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are the Persons and entities listed in Exhibit 1 appended hereto who or which are excluded from the Settlement Class pursuant to their requests for exclusion.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

1

of the Settlement only, the Court hereby designates Lead Plaintiff as Class Representative for the

Settlement Class and appoints Class Counsel Girard Sharp LLP and Malmfeldt Law Group PC as

counsel for the Settlement Class.  Lead Plaintiff and Class Counsel have fairly and adequately

represented the Settlement Class both in terms of litigating the Consolidated Action and for

purposes of entering into and implementing the Settlement and have satisfied the requirements of

Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the

Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair,

reasonable, and adequate to the Settlement Class.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that

the Stipulation and the Settlement are fair, reasonable, and adequate as to each of the Settling

Parties, and that the Settlement and Stipulation are hereby finally approved in all respects, and

the Settling Parties are hereby directed to perform the Stipulation's terms.

7.      Accordingly, the Court authorizes and directs implementation of all the terms and

provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby

dismisses the Consolidated Action as to Defendant Whitley Penn, and dismisses all Settled Claims

of the Settlement Class against Whitley Penn and the Whitley Penn Released Parties with

prejudice, without costs as to Whitley Penn or any of the Whitley Penn Released Parties, except

as and to the extent provided in the Stipulation and herein.

8.      Upon the Effective Date, Class Representative and Settlement Class Members, on

behalf of themselves and each of their respective predecessors, successors, assigns, parents,

subsidiaries and other affiliates, officers, directors, employees, partners, members, managers,

owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors,

nominees, custodians, attorneys, heirs, representatives, administrators, executors, devisees,

2

legatees, and estates, any Person(s) they represent in connection with the Consolidated Action or in connection with the purchase, acquisition, or sale of any L Bonds traceable to the Registration Statement during the Class Period, and any Person(s) who claims through or on behalf of them, shall be deemed by the Settlement and by operation of this Judgment to, and shall, release, waive, dismiss, and forever discharge the Settled Claims as to Whitley Penn and the Whitley Penn Released Parties, and shall be deemed by this Settlement to, and shall be permanently and forever barred and enjoined from asserting, commencing or prosecuting in any forum, each and every one of the Settled Claims against Whitley Penn and the Whitley Penn Released Parties.

9.    Upon the Effective Date, Whitley Penn, on behalf of itself, including all past and present individual partners and employees, its predecessors, successors, and assigns, shall be deemed by the Settlement to, and shall release, waive, dismiss, and forever discharge the Whitley Penn Claims against Class Representative, Settlement Class Members, and their attorneys, agents, experts, and investigators, and shall be deemed by the Settlement and by operation of this Judgment to, and shall be forever enjoined from prosecuting each and every one of the Whitley Penn Claims against any of such Persons.

10.    The Notice given to the Settlement Class in accordance with the Notice Order entered on ___, 20___  was the best notice practicable under the circumstances, including the individual notice to Settlement Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.    Any plan of allocation submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall

3

be considered separate from this Judgment.

12.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of Whitley Penn or the Whitley Penn Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Whitley Penn Released Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Whitley Penn and the Whitley Penn Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Consolidated Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14.    The Court finds that during the course of the Consolidated Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.    In the event that the Settlement does not become effective in accordance with the

4

terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    Without further approval from the Court, Class Representative and Whitley Penn are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17.    The Court directs immediate entry of this Final Judgment by the Clerk of the Court. IT IS SO ORDERED.


DATED: _____    _____

THE HONORABLE JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**

EXHIBIT C

## ESCROW AGREEMENT

**THIS ESCROW AGREEMENT**, dated as of July 17, 2024 ("Escrow Agreement"), is entered into by and among (1) Girard Sharp LLP and Malmfeldt Law Group P.C. ("Class Counsel"), on behalf of lead plaintiff Frank Moore ("Lead Plaintiff") and the Settlement Class in the matter *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (N.D. Tex.) (the "Action"); and (2) Epiq Class Action & Claims Solutions, Inc., in the capacity of Escrow Agent ("Escrow Agent").

## RECITALS:

**WHEREAS**, Whitley Penn, as defined herein and Lead Plaintiff, are parties to the Action pending in the United States District Court for the Northern District of Texas (the "Court");

**WHEREAS**, Whitley Penn and Lead Plaintiff have reached an agreement with respect to the settlement and resolution of the Action as reflected in that certain Stipulation and Agreement of Settlement (the "Stipulation"), a true and correct copy of which is attached hereto as Exhibit A;

**WHEREAS**, the Stipulation was submitted to the Court for its approval on July 17, 2024; and

**WHEREAS**, under the Stipulation, Whitley Penn agrees to make available for deposit, within ten (10) business days after the Court's entry of the Preliminary Approval Order, four hundred fifty thousand and 00/100 Dollars ($450,000.00), by Whitley Penn, into an Escrow Account to be administered and disbursed by the Escrow Agent in accordance with the terms outlined in the Stipulation.

**NOW THEREFORE**, in consideration of the foregoing and to implement those portions of the Stipulation relating to the Escrow Account, the mutual covenants and agreements set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties agree as follows:

## AGREEMENT:

1.    Definitions:

**All capitalized terms used herein and not otherwise defined shall have the meaning ascribed thereto in the Stipulation.**

(a)    "Action" shall have the meaning set forth in the introductory paragraph above.

(b)    "Bank" shall mean Western Alliance Bank.

(c)    "Business Day" means any day other than a Saturday or a Sunday or a day on which banks located in the United States of America generally are authorized or required by law to close.

(d)    "Class Counsel" means Girard Sharp LLP and Malmfeldt Law Group P.C., their attorneys, employees, agents, and their independent contractors who are acting or have acted on behalf or at the direction of them.

(e)    "Class Representative" has the same meaning as "Lead Plaintiff," defined in the introductory paragraph above.

(f)    "Escrow Account" means an account established by the Escrow Agent with the Bank to directly receive Whitley Penn's deposit of the Settlement Amount, as more specifically described in Section 3 below.

(g)    "Escrow Agent" means Epiq Class Action & Claims Solutions, Inc., or any successor escrow agent appointed.  Escrow Agent shall also serve as the Settlement Administrator and Tax Administrator as defined in the Stipulation and Escrow Agreement, respectively.

(h)    "Escrow Funds" means (i) the Settlement Amount deposited into the Escrow Account by Whitley Penn pursuant to the Stipulation, and (ii) any and all earnings and/or interest from investment of the Settlement Amount.

(i)    "Investments" shall have the meaning set forth in Section 9(c) of this agreement.

(j)    "Settlement" means the settlement into which the Settling Parties have entered to resolve the Action pursuant to the terms of the Stipulation.

(k)    "Settlement Amount" means the cash sum of $450,000.00.

(l)    "Stipulation" shall have the meaning set forth in the recitals.

(m)    "Taxes" shall have the meaning set forth in Section 8(b) below.

(n)    "Tax Expenses" shall have the meaning set forth in Section 8(b) below.

(o)    "Terminating Event" shall have the meaning set forth in Section 7 below.

(p)    "Whitley Penn" means Whitley Penn LLP.

(q)    "Whitley Penn's Counsel" means Gibson, Dunn & Crutcher LLP.

(r)    "Written Direction" shall mean Written Direction, signed by Class Counsel, substantially in the form attached hereto and as required by Exhibit B.

2.    Appointment of and Acceptance by Escrow Agent.  Class Counsel, on behalf of the Class Representative and Settlement Class and themselves, and Whitley Penn hereby appoint Epiq Class Action & Claims Solutions, Inc. to serve as Escrow Agent, Settlement Administrator and Tax Administrator, under the terms and conditions of this Escrow Agreement and the Stipulation. Escrow Agent hereby accepts such appointments and agrees to administer and disburse the Escrow Funds only, subject to and strictly in accordance with the terms, provisions and conditions of this

Escrow Agreement and all of the terms, provisions and conditions of the Stipulation applicable to Escrow Agent.

3.    Establishment of Escrow Account.  Consistent with the Stipulation, Escrow Agent shall establish one or more accounts which may be interest-bearing or non-interest bearing (collectively, the "Escrow Account") with the Bank.  The name of the Escrow Account shall be in the following form: GWG Securities Settlement Fund.

Further, the parties acknowledge and agree that the Escrow Funds shall be deemed to be in the custody of the Court.

4.    Deposit of Settlement Amount.  Pursuant to the Stipulation, Whitley Penn agrees to make available for deposit, within ten (10) business days after the Court's entry of the Preliminary Approval Order, four hundred fifty thousand and 00/100 Dollars ($450,000.00) by Whitley Penn, into an Escrow Account to be administered and disbursed by the Escrow Agent in accordance with the terms outlined in the Stipulation.

Promptly upon receipt of notification and confirmation of such deposit from the Bank, Escrow Agent shall confirm in writing to Class Counsel and Whitley Penn's Counsel receipt of the Settlement Amount into the Escrow Account.

5.    Investment of the Escrow Funds.

(a)    Escrow Agent undertakes to perform all of the duties and responsibilities of Escrow Agent as set forth or provided for in this Escrow Agreement and the Stipulation.

(b)    During the term of this Escrow Agreement and only pursuant to Written Direction, Escrow Agent may instruct the Bank to invest the Escrow Funds in interest-bearing short-term instruments that are backed by the full faith and credit of the United States Government or that are fully insured by the United States Government or an agency thereof, bearing in mind the liquidity requirements of the Escrow Account to ensure that it contains sufficient cash available to pay all invoices, taxes, fees, costs and expenses, and other disbursements required under the Stipulation in a timely manner. Any interest, including dividends and other distributions and payments in connection with the investment of the Escrow Funds, shall accrue to the benefit of the Escrow Account.  Escrow Agent shall communicate with Class Counsel on at least a monthly basis to discuss potential cash needs for the following month.

(c)    Escrow Agent shall have no responsibility for any investment fees or losses resulting from the investment, reinvestment or liquidation of the Escrow Funds for which Escrow Agent has provided instruction to the Bank in accordance with the terms of this Escrow Agreement, nor shall Escrow Agent have any liability with respect to any failure by Class Counsel to provide timely Written Direction as to the investing of the Escrow Funds.  It is understood and agreed that Escrow Agent or its affiliates may derive indirect financial benefits from the Bank in connection with the deposit into the Escrow Account and investment of the Escrow Funds with and through the Bank, including without limitation, discounts on eligible banking services and fees, and loans at favorable rates, unrelated to the Escrow Account and instruments, but any direct financial benefits that may accrue to Escrow Agent shall be for the benefit of the Escrow Account.

6.    <u>Disbursement of Escrow Funds</u>.  Subject to the terms, provisions and conditions hereof and of the Stipulation hereof, Escrow Agent shall administer the transfer and disbursement of the Escrow Funds in accordance with the following:

    i)    Escrow Agent shall cause or permit the transfer and distribution of the Escrow Funds only in accordance with a Written Direction substantially in the form of <u>Exhibit B</u> hereto.  Any Written Direction given to Escrow Agent pursuant to this provision may be modified by a subsequent Written Direction. Any Written Direction that is inconsistent with the terms of the Stipulation (see, e.g., paragraphs 21 – 24) and the Court ordered plan of allocation, shall be ignored by the Escrow Agent.

    ii)    Escrow Agent shall otherwise dispose of the Escrow Funds as the Court may direct by an order issued in the Action.

    iii)    Escrow Agent as the tax administrator ("<u>Tax Administrator</u>") is authorized to distribute funds from the Escrow Account as instructed in writing by the Escrow Agent in its capacity as Tax Administrator supported by Written Direction in order to enable the Tax Administrator to make, or to reserve or provide to the Tax Administrator assets necessary to make, timely payments of tax estimates, Taxes, interest and any tax-related penalties, if any, on income earned by the Escrow Funds.

7.    <u>Termination of Stipulation</u>.  If the Settlement is terminated, canceled, or voided for any reason as provided in the Stipulation ("<u>Terminating Event</u>"), then pursuant to the Stipulation, all Escrow Funds paid into the Escrow Account by Whitley Penn (including interest, if any, earned thereon) shall be refunded to Whitley Penn, net of any disbursements from the Escrow Account in accordance with Section 6 of this Escrow Agreement.  The refund to Whitley Penn also shall be reduced by any Taxes and Tax Expenses (as those terms are defined above) paid or owed, as applicable, to the date of the Terminating Event, unless otherwise set forth in an applicable Court order.

8.    <u>Preparation and Payment of Taxes</u>.

(a)    Escrow Agent, in its capacity as Tax Administrator, shall instruct the Bank to establish and treat the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

(b)    In its capacity as Tax Administrator, Escrow Agent is hereby expressly authorized and directed to distribute funds from the Escrow Account, without prior order from the Court, to make timely payments of tax estimates, Taxes, interest and any tax-related assessments or penalties, if any, on income earned by the Escrow Funds. All Taxes including any estimated taxes, interest or penalties arising with respect to the income earned by the Escrow Account shall be paid out of the Escrow Account ("<u>Taxes</u>").  Expenses and costs incurred in connection with the operation and implementation of this Section (including, without limitation, reasonable, out-of-pocket expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described herein) ("<u>Tax Expenses</u>"), shall

be paid in accordance with the Stipulation. Further, Taxes and Tax Expenses shall be timely paid out of the Escrow Account, and Escrow Agent, as Tax Administrator, shall be entitled (notwithstanding anything herein to the contrary) to withhold from distribution to Settlement Class Members any monies necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses and (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)), all as directed by Escrow Agent in its capacity of Tax Administrator.  Notwithstanding the foregoing, Escrow Agent shall only be required to disburse such amounts for the payment of any Taxes and to establish such reserves for Taxes.

9.    <u>Resignation and Removal of Escrow Agent</u>.

(a)    Escrow Agent may resign from the performance of its duties hereunder at any time by giving thirty (30) days prior written notice of its resignation to Class Counsel, or may be removed, with or without cause, by Class Counsel and Whitley Penn by furnishing thirty (30) days prior written notice to Escrow Agent. Such resignation or removal shall take effect upon the earlier of: (a) the appointment of a successor escrow agent as provided below; or (b) entry by the Court of an order relieving Escrow Agent of its duties and responsibilities under this Escrow Agreement.

(b)    Upon any such notice of resignation or removal, Class Counsel and Whitley Penn shall appoint a successor escrow agent hereunder (the "<u>Successor Escrow Agent</u>").  Upon the acceptance in writing of any appointment as Successor Escrow Agent, such Successor Escrow Agent shall thereupon succeed to and become vested with all the rights, powers, privileges and duties of the Escrow Agent, and the Escrow Agent shall be discharged from its duties and obligations under this Escrow Agreement, but shall not be discharged from any liability for actions taken as Escrow Agent hereunder prior to the date of such succession by the Successor Escrow Agent.

(c)    The Escrow Agent shall transmit all records pertaining to the Escrow Account and shall transfer all Escrow Funds and all contracts, instruments and writings to which Escrow Agent is a party ("<u>Investments</u>") to the Successor Escrow Agent, after making any copies of such records as the Escrow Agent deems advisable. Class Counsel and Whitley Penn will use best efforts to appoint a Successor Escrow Agent within thirty (30) days of receiving Escrow Agent's written notice of resignation. If Class Counsel and Whitley Penn fail to designate a Successor Escrow Agent within such thirty (30)-day period, then Escrow Agent may, at its sole discretion, seek instructions or appropriate relief from the Court or initiate an interpleader proceeding in the Action.

10.    <u>Conflicting Demands or Claims</u>.  In the event Escrow Agent receives or becomes aware of conflicting demands or claims with respect to some or all of the Escrow Funds or instruments, Escrow Agent shall have the right to hold those Escrow Funds or instruments that are the subject of such conflicting demands or claims until such conflict is resolved.  Escrow Agent shall have the further right to commence or defend an action or proceeding for the resolution of such conflicting demands or claims; provided, however, any such actions or proceedings commenced by Escrow Agent against Class Counsel or Whitley Penn shall be brought as part of the Action.  In the event Escrow Agent files a proceeding in interpleader in only the Action and deposits the Escrow Funds with the Court, it shall thereupon be fully released and discharged from all further obligations to perform any and all duties or obligations imposed upon it by this Escrow Agreement for investment or disbursement of Escrow Funds, but will nonetheless comply with all orders issued by the Court

and otherwise timely complete other duties and obligations of Escrow Agent in accordance with the Stipulation such as appropriate reporting and accounting.

11.     <u>Liability of Escrow Agent</u>.    The duties and obligations of Escrow Agent shall be determined by the express provisions of this Escrow Agreement and those provisions of the Stipulation applicable to Escrow Agent, and no other duties or obligations shall be inferred or otherwise imposed upon or against Escrow Agent. Escrow Agent shall be protected from all liability in acting upon any Written Direction, or upon any order of the Court in the Action.  It is expressly understood that Escrow Agent is obligated only to receive, and hold the Escrow Funds as set forth in this Escrow Agreement and those provisions of the Stipulation applicable to Escrow Agent, regardless of whether such provisions are referenced herein, and to disburse the same in accordance with this Escrow Agreement.  Escrow Agent shall not be liable or responsible to anyone for any damages, losses or expenses, unless and only to the extent the same shall be caused by a breach by Escrow Agent or its agents (excluding the Bank) or employees of its duties and obligations, as are specifically set out in this Escrow Agreement or in the Stipulation; provided that, if, as a result of Escrow Agent's mistake, any Escrow Funds are placed in the wrong account or otherwise misplaced, said Escrow Funds shall be returned or reimbursed to the Escrow Account by Escrow Agent with the same effect as if such mistake had not occurred. Class Counsel agrees to indemnify, defend, hold harmless, pay or reimburse Escrow Agent and its affiliates and their respective successors, assigns, directors, agents and employees (the "<u>Indemnitees</u>") from and against any and all losses, damages, claims, liabilities, penalties, judgments, settlements, litigation, investigations, costs or expenses (including, without limitation, the fees and expenses of outside counsel and experts and their staff and all expense of document location, duplication and shipment) (collectively "<u>Losses</u>"), arising out of or in connection with (a) Escrow Agent's performance of this Escrow Agreement, except to the extent that such Losses are determined by a court of competent jurisdiction through a final order to have been caused by the negligence, willful misconduct, or bad faith of such Indemnitee; and (b) Escrow Agent's following of any Written Direction received in accordance with this Escrow Agreement.  This Section shall survive the termination of this Escrow Agreement for any reason.

12.     <u>Data Protection Security Measures</u>. All data will be handled pursuant to Settlement Administrator's data protection policies.

13.     <u>Compensation of Escrow Agent</u>.    Escrow Agent shall be entitled to reasonable compensation, as well as reimbursement for its reasonable costs and expenses incurred in connection with the performance of its obligations under this Escrow Agreement and the Stipulation (including, without limitation, reasonable attorneys' fees and legal expenses). <u>Exhibit C</u> includes a good faith estimate of such fees, although the actual fees may vary therefrom.  All such fees and expenses shall be paid in accordance with the terms of the Stipulation from the Escrow Funds and no other source.

14.     <u>Reports and Accounting</u>. Escrow Agent will provide monthly reports to Class Counsel and Whitley Penn's Counsel following Whitley Penn's deposit of the Settlement Amount into the Escrow Account, reflecting income and disbursement activity in the Escrow Account for the reporting period and year to date.  Escrow Agent shall further issue a final report and accounting that summarizes the income, expenses, and disbursements associated with the administration of the Escrow Funds and Escrow Account and such other reports as may reasonably be required or

requested from time to time.  Escrow Agent shall provide copies of the final report and accounting as requested to Class Counsel and Whitley Penn's Counsel.

15.    <u>Notices</u>.  All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given when delivered by electronic mail addressed to the intended recipient as set forth below:


If to Class Counsel:

      Daniel C. Girard
      Girard Sharp LLP
      601 California St., Suite 1400
      San Francisco, CA 94108
      dgirard@girardsharp.com

      Paul D. Malmfeldt
      Malmfeldt Law Group P.C.
      120 N. LaSalle St., Suite 2000
      Chicago, IL 60602
      pdm@malmfeldt.com

If to Whitley Penn's Counsel:

      James J. Farrell
      Gibson, Dunn & Crutcher LLP
      200 Park Avenue
      New York, NY 10166
      jfarrell@gibsondunn.com

If to Escrow Agent, then to:

      **EPIQ CLASS ACTION & CLAIMS SOLUTIONS, INC.**
      10300 SW Allen Boulevard
      Beaverton, OR  97005
      Attention:  Legal Department
      Email: legal@epiqsystems.com

with a copy to:

      Nicole Hamann, President and General Manager, Class Action and Mass Tort Solutions
      10300 SW Allen Boulevard
      Beaverton, OR  97005
      Email Address:  nham@epiqglobal.com

or to such other address as each party may designate for itself by like notice.

16.     Rights to Accounts.  Neither the Class Representative nor any Settlement Class Members shall have any right or title to or interest in any portion of the Escrow Account or Escrow Funds except as provided by order of the Court or as set forth in the Stipulation.

17.     Amendment or Waiver.  This Escrow Agreement may be changed, waived, discharged or terminated only by a writing signed by all of the parties to this Escrow Agreement.  No delay or omission by any party in exercising any right with respect hereto or failing to require timely performance of any obligation arising under this Escrow Agreement shall operate or be construed as a waiver of such right or obligation.  A waiver on any one occasion shall not be construed as a bar to, or waiver of, any right or remedy on any future occasion.  Escrow Agent agrees to negotiate an amendment of this Escrow Agreement with respect to the treatment, designation and/or use of the Escrow Funds, including, without limitation, the tax treatment of the Escrow Funds, should such amendment be requested in writing by Class Counsel.

18.     Governing Law.  This Escrow Agreement shall be construed and interpreted in accordance with the internal laws of the Delaware, without giving effect to the conflict of laws principles thereof.

19.     Entire Agreement.  This Escrow Agreement, together with the Exhibits hereto and the Stipulation, constitutes the entire agreement between the parties relating to the holding, investment and disbursement of the Escrow Funds and sets forth in their entirety the obligations and duties of Escrow Agent with respect to the Escrow Funds.  The parties agree that, subject to applicable law, in the event of any ambiguity or conflict between the Escrow Agreement and the Stipulation, the terms of the Stipulation shall prevail.

20.     Binding Effect/Assignment.  All of the terms of this Escrow Agreement, as may be amended from time to time in accordance with the terms hereof, shall be binding upon, inure to the benefit of and be enforceable by the parties hereto and their respective heirs, successors and permitted assigns.  No party may assign any of its rights or obligations under this Escrow Agreement without the prior written consent of the other parties hereto.

21.     Counterparts.  This Escrow Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  This Escrow Agreement may be executed and delivered in counterpart signature pages and delivered via facsimile or .pdf transmission, and any such counterpart executed and delivered via facsimile or .pdf transmission shall be deemed an original for all intents and purposes.

22.     No Other Third-Party Beneficiaries.  Other than a party signing this Escrow Agreement and Whitley Penn, no other party shall have any rights under this Escrow Agreement.

23.     Severability.  In the event any provision of this Escrow Agreement, or the application of such provision to any person or set of circumstances, shall be determined to be invalid, unlawful, or unenforceable to any extent for any reason, the remainder of this Escrow Agreement, and the application of such provision to persons or circumstances other than those as to which it is determined to be invalid, unlawful, or unenforceable, shall not be affected and shall continue to be enforceable to the fullest extent permitted by law.

24.    <u>Escrow Agent's Authorized Signers</u>.  Escrow Agent hereby agrees that the persons listed below in this paragraph shall be the only authorized signers on the Escrow Account at the Bank.  In addition, if any of the authorized signers change, the Escrow Agent shall notify Class Counsel of such change prior to the next transfer and disbursement of any Escrow Funds.  Escrow Agent agrees that the Assistant Secretary's Certificate provided by Escrow Agent to the Bank will contain samples of genuine signatures of the below listed Escrow Agent's authorized signers and that a minimum of one (1) authorized signers of Escrow Agent is required for all transfers and disbursements.  In addition, the Escrow Agent will request that the Bank provide call back verification for all transfers and disbursements of Escrow Funds by the signers authorizing each transfer and disbursement of Escrow Funds.

    (a)    <u>Escrow Agent's Authorized Signers:</u>

        (1)    Nicole Hamann        President and General Manager,
                                     Class Action and Mass Tort Solutions
        (2)    Loree Kovach         Senior Vice President, Strategy & Client Technology
        (3)    Sylvius Von Saucken  Managing Director, Class Action and Mass Tort
                                     Solutions


[*Remainder of Page Intentionally Left Blank*]

**IN WITNESS WHEREOF**, Class Counsel, on behalf of the Class Representative and Settlement Class Members, and Escrow Agent have each caused this Escrow Agreement to be executed as of the date first written above.

**Class Counsel:**

GIRARD SHARP LLP
Daniel C. Girard
601 California St., Suite 1400
San Francisco, CA 94108
dgirard@girardsharp.com

MALMFELDT LAW GROUP P.C.
Paul D. Malmfeldt
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
pdm@malmfeldt.com

By: _____

Name: Daniel C. Girard

Title: Partner

**Escrow Agent:**

EPIQ CLASS ACTION & CLAIMS
SOLUTIONS, INC.

By: _____

Name: Loree Kovach

Title: Sr Vice President

App. 59

**EXHIBIT A**

**<u>Stipulation and Agreement of Settlement</u>**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE GWG HOLDINGS, INC. | § | Civil Action No. 3:22-cv-00410-B |
| SECURITIES LITIGATION | § | |
| | § | |
| | § | **CLASS ACTION** |
| | § | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated July 17, 2024 (the "Stipulation") is submitted pursuant to Fed. R. Civ. P. 23 and Fed. R. Evid. 408. Subject to the Court's approval, this Stipulation is entered into by and between (1) the Court-appointed lead plaintiff Frank Moore[1] ("Lead Plaintiff" or "Class Representative"), individually and on behalf of each Settlement Class Member (defined below) and (2) defendant Whitley Penn LLP ("Whitley Penn" and together with Lead Plaintiff, "Settling Parties").

This Stipulation states the terms for the settlement and resolution of this matter as between and among the Settling Parties and is intended to fully and finally release, resolve, compromise, settle, and discharge the Settled Claims (defined below), in connection with the above-referenced consolidated action ("Consolidated Action"), subject to the approval of the United States District Court for the Northern District of Texas ("Court").

**WHEREAS**, on February 18, 2022, Shirin Bayati and Mojan Kamalvand filed a securities class action (the "*Bayati* Action") on behalf of a putative class of investors who acquired bonds ("L Bonds") issued by GWG Holdings, Inc. ("GWG") pursuant to the Registration Statement (defined below) against GWG and certain of its former and then-current

---

[1] Lead Plaintiff Thomas Horton dismissed his claims under Fed. R. Civ. P. 41(a)(1)(A)(i) on July 17, 2024.

directors and officers. Their complaint alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k, 77l, 77o, based on alleged misrepresentations and omissions in the Registration Statement for an offering of L Bonds issued by GWG declared effective on June 3, 2020;

**WHEREAS**, on April 20, 2022, GWG and certain of its subsidiaries filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. Under 11 U.S.C. section 362(a)(1), debtors' bankruptcy filings operated as an automatic stay ("Bankruptcy Stay") as to GWG. On May 12, 2022, the Court entered an order extending the Bankruptcy Stay to the claims against the nondebtor parties. On April 25, 2022, Lead Plaintiffs filed a motion for appointment of lead plaintiff and approval of their selection of lead counsel. On June 1, 2022, the Court lifted the Bankruptcy Stay to consider Lead Plaintiffs' motion, which the Court granted on August 5, 2022;

**WHEREAS**, on May 26, 2023, while the *Bayati* Action remained subject to the Bankruptcy Stay, Lead Plaintiffs filed a putative securities class action ("*Horton* Action") naming as defendants Whitley Penn, The Beneficient Company Group L.P. ("Ben"), a former subsidiary of GWG, and certain former directors of GWG and then-current directors of Ben (collectively, "Ben Defendants") against whom claims had been asserted in the *Bayati* Action but which claims had been dismissed without prejudice on May 2, 2022 pursuant to an agreement between the Ben Defendants and the plaintiffs in the *Bayati* Action. In the *Horton* Action, Lead Plaintiffs alleged violations of Section 11 of the Securities Act against Whitley Penn, and other violations of the Securities Act against the remaining defendants;

**WHEREAS**, prior to the initiation of the *Horton* Action, Whitley Penn and Lead

2

App. 62

Plaintiffs had agreed to toll any unexpired statute of limitation as to claims between them arising under the Securities Act, including the claims that would be asserted against Whitley Penn in the *Horton* Action, effective October 25, 2022, and continuing through the date of initiation of the *Horton* Action;

      **WHEREAS**, by order dated September 12, 2023, the Court lifted the Bankruptcy Stay, consolidated the *Bayati* Action and *Horton* Action, and ordered the parties to engage in mediation. On October 2, 2023, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint ("CAC"). On November 7, 2023, the Ben Defendants moved to dismiss the claims in the CAC. On January 4, 2024, Whitley Penn filed a motion to dismiss the CAC on the grounds that the one-year statute of limitations had expired, the CAC failed to allege any material misrepresentation in connection with Whitley Penn's 2019 audit opinion, plaintiffs lack standing and there is no causal link between the 2019 audit opinion and the loss in value of the L Bonds following GWG's lack of liquidity in 2021. Also, on January 4, 2024, motions to dismiss the claims in the CAC were filed on behalf of the remaining defendants in the Consolidated Action (collectively, "Defendants");

      **WHEREAS**, on February 20, 2024, the Court granted the motion filed by Lead Plaintiffs to extend the deadline to file a response brief in opposition to Whitley Penn's motion to dismiss. On or about March 6, 2024, Lead Plaintiffs and Whitley Penn reached a settlement in principle regarding the claims asserted against Whitley Penn in the CAC. On March 18, 2024, the Court entered an order: (i) withdrawing Whitley Penn's motion to dismiss without prejudice to its refiling if the settlement between Lead Plaintiffs and Whitley Penn is not approved or is otherwise terminated, (ii) staying Lead Plaintiffs' claims against Whitely Penn for a period not to exceed forty-five (45) days, and (iii) requiring Lead Plaintiffs and Whitley Penn to submit their

3

executed settlement agreement, together with a motion for preliminary approval, or otherwise to report to the Court on or before May 2, 2024;

**WHEREAS**, on April 16, 2024, Lead Plaintiffs submitted an Agreed Motion to Extend Deadline to Submit Executed Settlement Agreement and Motion for Preliminary Approval, requesting: (1) that the deadline for Lead Plaintiffs and Whitley Penn to submit their executed settlement agreement for approval be extended until June 17, 2024; and (2) that the stay of the Lead Plaintiffs' claims against Whitley Penn continue until the date upon which Lead Plaintiffs' and Whitley Penn make their submission. On April 22, 2024, the Court granted the motion, directing that: (1) Lead Plaintiffs and Whitley Penn submit their executed settlement agreement together with their motion for preliminary approval or otherwise report to the Court on or before June 17, 2024; and (2) extending the stay of Lead Plaintiffs' claims against Whitley Penn until Lead Plaintiffs and Whitley Penn make their submission or until June 17, 2024, whichever occurs earlier;

**WHEREAS**, on May 24, 2024, Lead Plaintiffs filed an Agreed Motion to Appoint David Murphy as Co-Mediator, requesting that the Court appoint David Murphy of Phillips ADR Enterprises LLC as an additional mediator alongside the previously appointed mediator, the Hon. W. Royal Furgeson (Ret.), to facilitate settlement discussions between Lead Plaintiffs and the Defendants (other than Whitley Penn) which the Court granted on June 3, 2024; and

**WHEREAS**, on June 10, 2024, Lead Plaintiffs filed an Unopposed Motion to Extend by 30 Days the Deadline to Submit Executed Settlement Agreement and Motion for Preliminary Approval, or to Otherwise Report to the Court, which the Court granted on June 12, 2024, directing that: (1) Lead Plaintiffs and Whitley Penn submit their executed settlement agreement together with their motion for preliminary approval or otherwise report to the Court on or before

4

July 17, 2024; and (2) the stay of Lead Plaintiffs' claims against Whitley Penn be extended until Lead Plaintiffs and Whitley Penn make their submission or until July 17, 2024, whichever occurs earlier.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Lead Plaintiff, for himself and on behalf of the Settlement Class, and Whitley Penn, through their undersigned counsel, subject to Court approval under Fed. R. Civ. P. 23, that, for the consideration set forth herein and conferred on Lead Plaintiff and the Settlement Class, the Consolidated Action as to Whitley Penn shall be finally and fully settled, compromised, and dismissed, with prejudice, and the Settled Claims shall be finally and fully released, resolved, compromised, settled, discharged and dismissed with prejudice as against Whitley Penn and the Whitley Penn Released Parties upon and subject to these terms and conditions set forth herein.

## DEFINITIONS

1.      In addition to other terms defined in this Stipulation, the following defined terms as used in this Stipulation shall have the following meaning:

a.      "Ben" means The Beneficient Company Group, L.P.

b.      "Claims" means any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist (including, but not limited to, any claims arising under

federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, breach of any contract, negligence, fraudulent conveyance, avoidance, violations of the federal securities laws, or otherwise), whether individual, class, direct, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

c.    "Settlement Administrator" means Epiq Class Action & Claims Solutions, Inc., which is designated to carry out the notice plan and to administer payments to Settlement Class Members from the Settlement Amount.  This entity shall be approved by the Court to serve as Settlement Administrator.

d.    "Class Counsel" means Girard Sharp LLP and Malmfeldt Law Group P.C., their attorneys, employees, agents, and their independent contractors who are acting or have acted on behalf or at the direction of them.

e.    "Class Period" means the time period between June 3, 2020, the effective date of the Registration Statement, and April 16, 2021, inclusive.

f.    "Class Representative" has the same meaning as "Lead Plaintiff," defined herein.

g.    "Consolidated Action" means the litigation captioned *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B, filed in the United States District Court for the Northern District of Texas before the Honorable Jane J. Boyle.

h.    "Court" means the United States District Court for the Northern District of Texas.

i.    "Defendants" means all defendants in the Consolidated Action.

j.    "Effective Date" means the date upon which the Settlement contemplated

by this Stipulation shall become effective as set forth in paragraph 29 herein.

        k.       "Escrow Account" means the account to be established by Class Counsel and designated for purposes of the Settlement Fund, into which the Settlement Amount will be paid pursuant to ¶ 4 of this Stipulation and held in escrow under the control of the Escrow Agent, acting as an agent for Class Representative and the Settlement Class, subject to the terms of this Stipulation.

        l.       "Escrow Agent" means Epiq Class Action & Claims Solutions, Inc., which shall be responsible for overseeing, safeguarding, and distributing the Escrow Account, acting as an agent for Class Representative and the Settlement Class, in accordance with the terms of the Escrow Agreement and this Stipulation.

        m.      "Escrow Agreement" means an agreement to be entered into between Class Counsel and the Escrow Agent, attached hereto as Exhibit C, and agreed to by Whitley Penn's Counsel, governing the Escrow Agent's responsibilities and obligations with respect to the Escrow Account.

        n.       "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. An order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving any writs, including writs of certiorari or

mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to an order solely adopting or approving a plan of allocation, or solely to any order issued with respect to any application for attorneys' fees and expenses pursuant to ¶¶ 16-17, 42 below, shall not in any way delay or preclude the Judgment from becoming Final.

> o.    "GWG" means GWG Holdings, Inc.

> p.    "Judgment" means the order and final judgment to be entered by the Court following the Settlement Hearing (defined below) approving the Settlement, certifying the Settlement Class, approving the release of the Settled Claims, and dismissing the Settled Claims with prejudice and without costs to any party, in the form attached hereto as Exhibit B.

> q.    "L Bonds" means the bonds issued by GWG pursuant to the Registration Statement.

> r.    "Lead Plaintiff" means Frank Moore.

> s.    "Opt-Out Threshold" means certain conditions set forth in ¶ 34 below under which this Stipulation may be withdrawn or terminated at the sole discretion of Whitley Penn.

> t.    "Person" or "Persons" means any natural or legal person, including without limitation any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, as well as each of their spouses, partners in a state-recognized domestic partnership, civil union, or marriage, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

8

u.      "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court that will, for the limited purposes of this Settlement, preliminarily approve the Settlement, defer the scheduling of the Settlement Hearing, and defer submission of: (i) a proposed form of notice to the Settlement Class Members, (ii) a proposed method of notice, and (iii) a proposed plan of allocation of the Settlement Fund, which shall be submitted for Court approval at such time as the Court shall direct in advance of the Settlement Hearing.

v.      "PSLRA" means the Private Securities Litigation Reform Act of 1995.

w.      "Registration Statement" means the registration statement for the L Bond offering filed by GWG with the Securities and Exchange Commission and declared effective on June 3, 2020.

x.      "Securities Act" means the Securities Act of 1933.

y.      "Settled Claims" means any and all Claims, including without limitation Unknown Claims (as defined in ¶ gg below), (a) alleged or which could have been alleged by Class Representative or Settlement Class Members in the Consolidated Action, or (b) that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding against Whitley Penn or against any other of the Whitley Penn Released Parties, arising out of or relating to the Consolidated Action or the allegations, claims, defenses, and counterclaims asserted in the Consolidated Action, including without limitation Claims relating to any audits or reviews of any of the financial statements of GWG and Claims relating to the GWG securities described herein, except for claims to enforce the Settlement, whether arising under state, federal, or common law. Settled Claims shall include claims against Defendant Whitley Penn and the Whitley Penn Released Parties pursuant to the PSLRA for

9

contribution/indemnification, or claims that are otherwise dependent on liability in this Consolidated Action, and claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

z.      "Settlement" means the settlement contemplated by this Stipulation.

aa.     "Settlement Amount" means the cash sum of $450,000.00.

bb.     "Settlement Class" means all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the Class Period, excluding Defendants, current or former officers and directors of GWG or Ben and their immediate family members, legal representatives, heirs, successors or assigns, or any entity in which any Defendant has or had a controlling interest.

cc.     "Settlement Class Member" means a Person that is a member of the Settlement Class and that did not exclude himself, herself, or itself by filing a timely request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the notice.

dd.     "Settlement Hearing" means the hearing set by the Court under Fed. R. Civ. P. 23(e)(2) to consider final approval of the Settlement.

ee.     "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

ff.     "Settling Parties" means Class Representative, on behalf of himself and the Settlement Class Members, and Whitley Penn.

gg.     "Unknown Claims" means any and all Claims which Class Representative or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Whitley Penn Claims which Whitley Penn or any

10

Whitley Penn Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.

        hh.    "Whitley Penn" means Whitley Penn LLP.

        ii.    "Whitley Penn Claims" means any and all counterclaims and bases for relief, including without limitation Unknown Claims (as defined in ¶ gg above), that Whitley Penn (including all past and present individual partners and employees), its predecessors, successors and assigns could have raised in the Consolidated Action against Class Representative, Class Counsel, any other Class Representative counsel or consultant, or any Settlement Class Member, that arise out of or relate to the institution, maintenance, prosecution, or settlement of the Consolidated Action (other than claims to enforce the Settlement or the Judgment), including, but not limited to, claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

        jj.    "Whitley Penn's Counsel" means Gibson, Dunn & Crutcher LLP.

        kk.    "Whitley Penn Released Parties" means Defendant Whitley Penn, Whitley Penn's past and present partners, and all of their employees, family members, heirs, principals, owners, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, associates, officers, managers, directors, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, and reinsurers.

## CLASS CERTIFICATION

2.    Solely for the purpose of effectuating the Settlement, the Settling Parties stipulate and agree to: (a) certification of the Consolidated Action as a class action as to the claims against Whitley Penn, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of the Settlement Class; (b)

11

the Court making the necessary findings to certify a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (c) appointment of Lead Plaintiff as representative of the Settlement Class; and (d) appointment of Girard Sharp LLP and Malmfeldt Law Group P.C. as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

3.    At the appropriate time, as set forth herein, Lead Plaintiff will move for final approval of the Settlement and entry of Judgment, which will certify the Settlement Class as to the claims against Whitley Penn for settlement purposes only.

## SETTLEMENT CONSIDERATION

4.    In consideration of the releases, covenants, and other agreements set forth in this Settlement Agreement, Whitley Penn shall cause the Settlement Amount to be paid into the Escrow Account held and administered by the Escrow Agent within ten (10) business days after the Court's entry of the Preliminary Approval Order. The Settlement Amount deposited by Whitley Penn into the Escrow Account and any accrued interest after deposit shall become part of the Settlement Fund.

5.    Other than the payment of the Settlement Amount, Whitley Penn shall owe no additional monies of any kind under this Settlement Agreement, including any monies for attorneys' fees, administration costs, expenses, class member benefits, or costs of any kind associated with the Settlement.

6.    This is not a claims-made settlement, and if the Settlement and Judgment become Final, there shall be no reversion whatsoever of the Settlement Amount to Whitley Penn.

## RELEASE OF CLAIMS

7.    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Consolidated Action, and shall fully and finally release any and all Settled

12

Claims against Whitley Penn and all other Whitley Penn Released Parties.

8.     Upon the Effective Date of this Settlement, Class Representative and Settlement Class Members, on behalf of themselves and each of their respective predecessors, successors, assigns, parents, subsidiaries and other affiliates, officers, directors, employees, partners, members, managers, owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees, custodians, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates, any Person(s) they represent in connection with the Consolidated Action or in connection with the purchase, sale of any L Bonds traceable to the Registration Statement during the Class Period, and any Person(s) who claims through or on behalf of them, shall be deemed by this Settlement and by operation of the Judgment to, and shall, release, waive, dismiss, and forever discharge the Settled Claims as to Whitley Penn and the other Whitley Penn Released Parties, and shall be deemed by this Settlement to, and shall be permanently and forever barred and enjoined from asserting, commencing or prosecuting in any forum, each and every one of the Settled Claims against Whitley Penn and the other Whitley Penn Released Parties. The release as set forth above is a material term to this Stipulation. It is material to Whitley Penn's participation in this Settlement that Whitley Penn and the other Whitley Penn Released Parties obtain the fullest possible release from liability to Class Representative or any Settlement Class Member relating to the Settled Claims, and it is the intention of the Settling Parties that any liability of Whitley Penn and the Whitley Penn Released Parties relating to the Settled Claims be eliminated. It is likewise material to Class Representative's and Class Counsel's participation in this Settlement that they, the Settlement Class Members, and their attorneys, agents, experts, and investigators obtain the fullest possible release from liability to Whitley Penn or any Whitley Penn Released Party relating to the Whitley Penn Claims, and it is the intention of the Settling Parties

13

that any such liability relating to the Whitley Penn Claims be eliminated.

9.     Upon the Effective Date of this Settlement, Whitley Penn, on behalf of itself, including all past and present individual partners and employees, its predecessors, successors and assigns, shall be deemed by this Settlement to, and shall release, waive, dismiss, and forever discharge the Whitley Penn Claims against Class Representative, Settlement Class Members, and their attorneys, agents, experts, and investigators, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Whitley Penn Claims against any of such Persons.

10.     WITH RESPECT TO ANY AND ALL SETTLED CLAIMS AGAINST WHITLEY PENN AND THE OTHER WHITLEY PENN RELEASED PARTIES, THE SETTLING PARTIES STIPULATE AND AGREE THAT, UPON THE EFFECTIVE DATE, THE CLASS REPRESENTATIVE SHALL EXPRESSLY WAIVE, AND EACH OF THE SETTLEMENT CLASS MEMBERS SHALL BE DEEMED TO HAVE WAIVED, AND BY OPERATION OF THE JUDGMENT SHALL HAVE WAIVED, THE PROVISIONS, RIGHTS AND BENEFITS OF CALIFORNIA CIVIL CODE § 1542, WHICH PROVIDES:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

THE CLASS REPRESENTATIVE SHALL EXPRESSLY WAIVE AND EACH OF THE SETTLEMENT CLASS MEMBERS SHALL BE DEEMED TO HAVE, AND BY OPERATION OF THE JUDGMENT SHALL HAVE, EXPRESSLY WAIVED ANY AND ALL PROVISIONS, RIGHTS AND BENEFITS CONFERRED BY ANY LAW OF ANY STATE, TERRITORY, OR COUNTRY OR PRINCIPLE OF COMMON LAW, WHICH IS

14

SIMILAR, COMPARABLE OR EQUIVALENT TO CALIFORNIA CIVIL CODE § 1542.

SETTLEMENT CLASS MEMBERS MAY HEREAFTER DISCOVER FACTS IN

ADDITION TO OR DIFFERENT FROM THOSE WHICH HE, SHE OR IT NOW KNOWS

OR BELIEVES TO BE TRUE WITH RESPECT TO THE SUBJECT MATTER OF THE

SETTLED CLAIMS, BUT THE CLASS REPRESENTATIVE SHALL EXPRESSLY FULLY,

FINALLY AND FOREVER SETTLE AND RELEASE, AND EACH SETTLEMENT CLASS

MEMBER, UPON THE EFFECTIVE DATE, SHALL BE DEEMED TO HAVE, AND BY

OPERATION OF THE JUDGMENT SHALL HAVE, FULLY, FINALLY AND FOREVER

SETTLED AND RELEASED, ANY AND ALL CLAIMS, KNOWN OR UNKNOWN,

SUSPECTED OR UNSUSPECTED, CONTINGENT OR NON-CONTINGENT, WHETHER

OR NOT CONCEALED OR HIDDEN, WHICH NOW EXIST, OR HERETOFORE HAVE

EXISTED, UPON ANY THEORY OF LAW OR EQUITY NOW EXISTING OR COMING

INTO EXISTENCE IN THE FUTURE, INCLUDING, BUT NOT LIMITED TO, CONDUCT

WHICH IS NEGLIGENT, INTENTIONAL, WITH OR WITHOUT MALICE, OR A

BREACH OF ANY FIDUCIARY, CONTRACTUAL, OR OTHER DUTY, LAW OR RULE,

WITHOUT REGARD TO THE SUBSEQUENT DISCOVERY OR EXISTENCE OF SUCH

DIFFERENT OR ADDITIONAL FACTS. THE CLASS REPRESENTATIVE

ACKNOWLEDGES, AND THE SETTLEMENT CLASS MEMBERS SHALL BE DEEMED

BY OPERATION OF THE JUDGMENT TO HAVE ACKNOWLEDGED, THAT THE

FOREGOING WAIVER WAS SEPARATELY BARGAINED FOR AND A KEY ELEMENT

OF THE SETTLEMENT OF WHICH THIS RELEASE IS A PART.

      11.    The proposed Judgment will provide that, to the fullest extent permitted by law,

all Persons shall be permanently enjoined, barred and restrained from bringing, commencing,

15

prosecuting or asserting any claims, actions, or causes of action for contribution, indemnification or otherwise against Whitley Penn or any other of the Whitley Penn Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class, the Class Representative or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Consolidated Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

## **ATTORNEYS' FEES AND EXPENSES**

12.    In connection with the entry of Judgment, and upon notice to the Settlement Class Members under Fed. R. Civ. P. 23 (h), Class Counsel may apply to the Court for an award of attorneys' fees, and reimbursement of expenses.

13.    Upon Court approval of Class Counsel's application for fees and/or reimbursement of expenses, such fees and/or expenses shall immediately be paid to Class Counsel solely from the Settlement Fund within twenty (20) days of the Effective Date of the Settlement, notwithstanding any objections to or appeals of such order approving the award of such fees and/or expenses.

14.    If the Effective Date does not occur, the Judgment does not become Final for any reason (including a Final non-appealable reversal of the Judgment on appeal), or if this Stipulation is terminated, then any award of fees and/or expenses is no longer payable.

15.    In the event the Settlement and Judgment do not become Final or the Settlement

16

is terminated as provided herein, within seven (7) business days of entry of the Final order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, the Settlement Administrator shall immediately return to Whitley Penn the Settlement Funds including interest earned but less any costs or expenses properly incurred and approved by the Court as set forth herein. Under those circumstances, Class Counsel shall undertake to return those amounts by taking all steps necessary to cause the Settlement Administrator to make the foregoing repayments. Once the Settlement and Judgment become Final, no monies shall revert to Whitley Penn.

16.    If any award of fees and expenses is reduced or reversed on appeal, or should it be determined that Class Counsel is not entitled to fees and expenses, Class Counsel and all other Class Representative's counsel to whom Class Counsel has distributed payments shall within ten (10) business days from the date of a Final order by the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court directing such reduction or reversal, make such refunds as are required by such Final order, and such funds shall be distributed by the Settlement Administrator to the Settlement Class in the manner directed in the Final order.

17.    The procedure for and the allowance or disallowance by the Court of any application by Class Counsel for attorneys' fees and expenses to be paid out of the Settlement Amount is not a necessary term of the Settlement or this Stipulation, and it is not a condition of this Stipulation that any particular application for attorneys' fees or expenses be approved. Class Representative and Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees. Any order or proceeding relating to the fee and expense application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not

17

operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation. Whitley Penn and the other Whitley Penn Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel or any other Class Representative's counsel or the Class Representative or any other Person who receives such payment from the Settlement Fund. Whitley Penn and the other Whitley Penn Released Parties shall not have any obligation to pay any portion of attorneys' fees or expenses, aside from payments due to the Settlement Fund.

### DEFERRAL OF LEAD PLAINTIFF'S SUBMISSIONS OF PROPOSED PLAN OF ALLOCATION, PROPOSED FORM OF NOTICE TO SETTLEMENT CLASS MEMBERS, AND PROPOSAL FOR METHOD OF NOTICE

18.    Subject to approval of the Court, and as set forth in the Preliminary Approval Order, Lead Plaintiff shall defer to a later date, or as otherwise ordered by the Court, submission of a proposed plan of allocation, a proposed form of notice to Settlement Class Members, and a proposal for a method of notice, pending Lead Plaintiff's mediation with other Defendants.

19.    Within one hundred fifty (150) days of the Court's entry of the Preliminary Approval Order, or as otherwise ordered by the Court, Lead Plaintiff shall file a motion (i) seeking approval of a form of notice to Settlement Class Members and a proposed method of notice, (ii) seeking approval of a plan of allocation of the Settlement Fund, (iii) setting a deadline for Plaintiff's submission of a motion seeking final approval of the Settlement and entry of Judgment, and (iv) requesting that the Court schedule the Settlement Hearing, or a date to otherwise report to the Court.

20.    The form of notice that Plaintiff shall submit to the Court for approval shall include as an exhibit a form that any Person requesting exclusion from the Settlement Class must

complete and submit to the Settlement Administrator.

## SETTLEMENT ADMINISTRATION

21.    The Settlement Administrator shall be responsible for administration of the Settlement and for providing notice to the Settlement Class Members in the form and manner directed by the Court.

22.    Prior to the Effective Date, Class Counsel may, with Whitley Penn's approval, direct the Escrow Agent to pay from the Settlement Fund up to $50,000.00 to the Settlement Administrator, for the reasonable costs and expenses of providing notice of the Settlement that have been incurred and billed by the Settlement Administrator.

23.    No later than 21 days prior to the Settlement Hearing, the Settlement Administrator (or its mailing agent) shall file with the Court an affidavit or a declaration stating that notice has been provided in the form and method directed by the Court.

24.    The Settlement Administrator shall distribute the Settlement Fund in accordance with the plan of allocation approved by the Court.

## REQUESTS FOR EXCLUSION

25.    Persons requesting exclusion from the Settlement Class shall be required to provide the following information to the Settlement Administrator on a form that shall be attached to the notice distributed to Settlement Class Members: (i) name; (ii) address; (iii) telephone number; (iv) identity, including original face value for the L Bonds purchased, or otherwise acquired, or sold; (v) prices or other consideration paid or received for such L Bonds; (vi) the date of each purchase or sale transaction; and (vii) a statement that the person or entity wishes to be excluded from the Settlement Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated below, or unless

19

the exclusion is otherwise accepted by the Court.

26.     Unless otherwise ordered by the Court, any person who does not submit a timely request for exclusion as provided by this section shall be bound by this Stipulation. The deadline for submitting requests for exclusion shall be 35 calendar days prior to the Settlement Hearing.

27.     The Settlement Administrator shall scan and send electronically copies of all requests for exclusion to counsel for the Settling Parties expeditiously (not more than three (3) business days) after the Settlement Administrator receives such a request. As part of the reply papers in support of the Settlement, Class Counsel shall include a list of all Persons who have requested exclusion from the Settlement Class.

## TERMS OF ORDER AND JUDGMENT

28.     If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Settling Parties shall request that the Court enter the Judgment in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION

29.     The Effective Date of Settlement shall be the date when all of the following shall have occurred:

a.     Final Approval by the Court of the Settlement, following the period set forth for notice under Class Action Fairness Act ("CAFA"), and following notice to the Settlement Class and the Settlement Hearing, as prescribed by Fed. R. Civ. P. 23;

b.     The Settling Parties have not exercised their respective rights to terminate the Settlement as provided in ¶¶ 30-31, 34-35 and the time to exercise those rights has expired; and

c.     The Judgment, as entered by the Court, has become Final, or in the event

20

that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Settling Parties elects to terminate this Settlement, the date that such alternative judgment has become Final.

30.     Each of the Settling Parties shall have the right to terminate its participation in this Settlement by providing written notice of its election to do so (the "Termination Notice") to counsel for the other Settling Parties hereto within thirty (30) days of any of the following:

a.     The Court's declining to enter the Preliminary Approval Order in any material respect;

b.     The Court's declining to approve this Stipulation in any material respect;

c.     The Court's declining to enter the Judgment in any material respect; provided, however, that this Settlement is expressly not conditioned on the Court's approval of any plan of allocation in the Consolidated Action; nor on the Court's approval of Class Counsel's application for attorneys' fees or expenses. Any change in the Judgment relating solely to these items shall not be considered a material change;

d.     The Court's declining to approve the adequacy of the Settlement Amount, scope of the Settled Claims, and/or the definitions of Settlement Class, or Settled Claims, as defined herein;

e.     The Judgment being modified or reversed in any material respect by the Court, the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court, except for a ruling solely with respect to: (i) any plan of allocation in the Consolidated Action, (ii) the Court's order regarding Class Counsel's application for attorneys' fees or expenses; or

f.     The Judgment does not become Final.

21

App. 81

31.    The Class Representative shall have the right to terminate the Settlement in the event that any failure to pay the Settlement Amount within the time set forth in paragraph 4 above is not cured within thirty (30) days after written notice is provided in accordance with paragraph 30 above.

32.    In the event of a termination (whether under ¶¶ 30, 31, or 34), the Stipulation and releases provided for therein shall become null and void and of no further force and effect (except for ¶ 38(a)-(e), which shall survive the termination), and the Settling Parties shall be deemed to have reverted to their respective positions as they existed prior to the Settling Parties agreeing in principle to a settlement, the execution of the Stipulation, and the entry of any orders pursuant to the Stipulation. The Settling Parties shall thereafter proceed in all respects as if the Stipulation had not been executed and any related orders had not been entered, and all of their respective claims and defenses as to any issue in the Consolidated Action shall be preserved without prejudice. In such event, the Settling Parties shall work together to arrive at a mutually agreeable, proposed schedule for resuming litigation of the Consolidated Action in light of such developments, to be submitted to the Court for approval.

33.    In the Judgment, the Settlement Class shall be certified solely for purposes of this Settlement, but in the event that the Judgment does not become Final or the Settlement Effective Date is not reached, all Settling Parties reserve all of their rights on all issues, including whether a class should be certified in the Consolidated Action.

## OPT-OUT TERMINATION RIGHT

34.    If Persons who otherwise would be Settlement Class Members make requests for exclusion, and if (i) any such Persons' investment principal in L Bonds issued or renewed between June 3, 2020 and April 16, 2021 totals an amount equal to or greater than $5,000,000; or

22

(ii) any such Persons own more than 5% of the L Bonds purchased or acquired during the Class Period; or (iii) such Persons number more than 35 individuals or entities, then Whitley Penn shall have, in its sole and absolute discretion, the option to terminate this Stipulation and Settlement (the "Supplemental Termination Option").

35.     Whitley Penn may exercise the Supplemental Termination Option, in its sole and complete discretion, by providing written notice to the other Settling Parties of such exercise within seven (7) calendar days after Whitley Penn's receipt from Class Counsel or the Settlement Administrator of requests for exclusion sufficient to give Whitley Penn actual notice that the Opt-Out Threshold has been reached.

## CAFA NOTICE

36.     Pursuant to CAFA, proper notice of the Settlement upon the United States Attorney General and each applicable State Attorney General shall be given by Whitley Penn's Counsel, at Whitley Penn's expense, at such time as the Court directs that notice of the Settlement be given to Settlement Class Members. Simultaneously, Whitley Penn shall provide a copy of such notice as well as proof of service of such notice to Class Counsel.  If additional Defendants have settled this Consolidated Action, then Whitley Penn's notice of Settlement can be included in a collective notice for all Defendants, with Whitley Penn responsible for its proportionate share of the expenses of such notice.

37.     The Settling Parties acknowledge that the structure of this Settlement prevents the CAFA notice from being given within ten days of when the Stipulation of Settlement is first filed with the Court.  Therefore, the Settling Parties agree that the Stipulation of Settlement will be filed with the Court again more than ninety (90) days prior to the Settlement Hearing to allow sufficient time for the CAFA notice.  The Settling Parties will seek the Court's approval that the CAFA

23

notice, to be provided at least ninety (90) days before the Settlement Hearing, is valid and timely.

## NO ADMISSION OF WRONGDOING

38.     The Settling Parties agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication in relation thereto, is evidence, or an admission or concession by any Settling Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Consolidated Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding. Neither this Stipulation, whether or not consummated, nor any of the terms and provisions of this Stipulation, nor the Settlement or the fact thereof, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement proceedings, nor any statement in connection therewith, shall be deemed to be, and may not be argued to be or offered or received:

a.     Against Whitley Penn as evidence of, or construed as evidence of any presumption, concession, or admission by Whitley Penn with respect to the truth of any fact alleged by Class Representative in this Consolidated Action or the validity of any claim that has been or could have been asserted against Whitley Penn in the Consolidated Action, or the deficiency of any defense that has been or could have been asserted in the Consolidated Action, or the propriety of class action or collective action treatment with respect to the claims of any investors in GWG securities related to the allegations that form the basis of the Consolidated Action, or the entitlement of any investors who are not Settlement Class Members to any payment by or damages from Whitley Penn, or of any wrongdoing or liability of Whitley Penn or other Whitley Penn Released Parties;

b.     Against Whitley Penn as evidence of, or construed as evidence of

24

any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document, or against Class Representative or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by Class Representative in the Consolidated Action;

c.    Against Whitley Penn, Class Representative, or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by Whitley Penn, Class Representative, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against Whitley Penn, Class Representative, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Whitley Penn, Class Representative, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder and may file this Stipulation and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

d.    Against Whitley Penn as evidence of, or construed as evidence of, any presumption, concession, or admission that the Settlement Amount represents the amount which could or would have been received after trial of the Consolidated Action against it; or

e.    Against Class Representative or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by Class Representative or any Settlement Class Member that any of the claims are without merit, or

that any defenses asserted by Whitley Penn or any other Defendant in the Consolidated Action have any merit, or that damages recoverable in the Consolidated Action would not have exceeded the Settlement Amount.

## MISCELLANEOUS PROVISIONS

39.     All of the exhibits attached hereto are hereby incorporated herein by reference as though fully set forth herein. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall prevail.

40.     The Settling Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Class Representative or Settlement Class Members under federal, state, foreign or local law against Whitley Penn and all the other Whitley Penn Released Parties concerning the Settled Claims and against Class Representative and Settlement Class Members by Whitley Penn concerning the Whitley Penn Claims. Accordingly, the Settling Parties agree not to assert in any forum that the litigation was brought by Class Representative or defended by Whitley Penn in bad faith or without a reasonable basis. The Settling Parties shall assert no claims of any violation of Fed. R. Civ. P. 11 relating to the prosecution, defense, or settlement of this Consolidated Action. Moreover, none of the Settling Parties shall seek any cost-shifting against the other. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, including during telephonic and face-to-face sessions, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

41.     This Stipulation may not be modified or amended except by a writing signed by

26

all signatories hereto or their successors-in-interest, nor may a Settling Party be deemed to have waived any provision (including this provision) except by a writing signed by that Settling Party or its successor-in-interest.

42.    Neither the Settlement Class Members nor Whitley Penn shall be bound by the Stipulation if the Court modifies material terms thereof; provided, however, that it shall not be a basis for Class Representative to terminate the Settlement if the Court modifies any proposed plan of allocation or criteria for allocation of the Settlement Fund, or if the plan of allocation approved by the Court is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the allocation of the Settlement Fund, or if the Court reduces the amount of fees and expenses sought by Class Counsel or denies Class Counsel's fee requests with respect to this Consolidated Action.

43.    Class Counsel, on behalf of the Settlement Class, is expressly authorized by Class Representative to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and, subject to agreement by Whitley Penn, Class Counsel further is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which it deems appropriate.

44.    Class Representative and Class Counsel represent and warrant that none of the Class Representative's claims or causes of action referred to in this Consolidated Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

45.    Each counsel or other person executing the Stipulation or any of its exhibits on behalf of any Settling Party hereby warrants and represents that such person has the full authority to do so, and that he or she has the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

27

46.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of considering all further matters arising out of or connected with the Settlement, including enforcing the terms of this Stipulation, and entering orders relating to awards of attorneys' fees and expenses to Class Counsel (including for distribution among any other Class Representative's counsel or the repayment of attorneys' fees and expenses as set forth in ¶ 16), and relating to any compensatory award to the Class Representative.

48.    This Stipulation and its exhibits constitute the entire agreement among the Settling Parties concerning this Settlement, and supersede all prior understandings, communications, stipulations, and agreements with respect to the subject of the Settlement. No representations, warranties, or inducements have been made by any Settling Party concerning this Stipulation and its exhibits other than those contained, memorialized, or referenced in such documents.

49.    This Stipulation may be executed in one or more original, e-mail and/or faxed counterparts, and the counterparts when executed may be made into a composite which shall constitute one integrated original agreement.

50.    This Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties hereto and their successors, heirs, executors and assigns.

51.    The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law

requires that federal law govern.

52.     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation. The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

53.     If any Settling Party is required to give notice to any other Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given by e-mail and by either hand-delivery or overnight courier. Notice shall be provided as follows:

| | |
|---|---|
| If to Class Counsel: | Daniel C. Girard<br>Girard Sharp LLP<br>601 California St., Suite 1400<br>San Francisco, CA 94108<br>dgirard@girardsharp.com |
| | Paul D. Malmfeldt<br>Malmfeldt Law Group P.C.<br>120 N. LaSalle St., Suite 2000<br>Chicago, IL 60602<br>pdm@malmfeldt.com |
| If to Whitley Penn's Counsel: | James J. Farrell<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166<br>jfarrell@gibsondunn.com |

54.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that the Stipulation is the result of arm's length negotiations between the Settling Parties, and all Settling Parties have contributed

substantially and materially to its preparation.

55.     The Settling Parties warrant that, in entering into this Settlement, they relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Settling Party, not expressly contained in this Stipulation or any of the incorporated Settlement documents.

56.     Whitley Penn's Counsel and Class Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, this Stipulation and the Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain approval by the Court of the Settlement.

57.     No part of the Settlement Fund shall be allocated to the settlement of any other action arising from the facts and circumstances at issue in the Consolidated Action. No person shall have any claim against Class Representative, Class Counsel, anyone else who performed work on the Consolidated Action, any other agent designated by Class Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, any plan of allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against Whitley Penn or any other Whitley Penn Released Parties, based on any distributions, determinations, claim rejections or the design, terms or implementation of any plan of allocation.

58.     Class Representative shall not request exclusion from the Settlement Class, shall not object to the Settlement, and shall not encourage or otherwise influence any Settlement Class Member to request exclusion from, or to object to, the Settlement.

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Stipulation as of July 17, 2024.

/s/

Daniel C. Girard (admitted *pro hac vice*)
Jordan Elias (admitted *pro hac vice*)
Adam E. Polk (admitted *pro hac vice*)
Sean Greene (admitted *pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dgirard@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com
sgreene@girardsharp.com

Paul D. Malmfeldt (admitted *pro hac vice*)
**MALMFELDT LAW GROUP P.C.**
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Tel: (312) 606-8625
pdm@malmfeldt.com

Warren T. Burns (TXBN 24053119)
Spencer Cox (TXBN 24097540)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550

*Attorneys for Lead Plaintiff Frank Moore*

/s/

James J. Farrell
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Ave.
New York, NY 10166-0193
Phone: 212-351-5326
jfarrell@gibsondunn.com

John T. Cox, III
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Ave., Ste. 2100
Dallas, TX 75201
Phone: 214-698-3256
tcox@gibsondunn.com

*Attorneys for Whitley Penn LLP*

31

**EXHIBIT B**

**WRITTEN DIRECTION**
GWG Securities Settlement Fund

**ACCOUNT # - XXXXXX**

In accordance with the Escrow Agreement, dated July 17, 2024 and the Stipulation referenced in the Escrow Agreement, Class Counsel, by its respective signature(s) below, direct Epiq Class Action & Claims Solutions, Inc., as Escrow Agent, to take the following actions with respect to the Escrow Funds:

Escrow Agent will not request any withdrawals or distributions from any Account without a Written Direction submitted and signed by at least one (1) authorized signatory from Class Counsel (each may sign a separate copy).

Class Counsel authorized signatories for Written Direction (the original signature by at least one (1) of each party whom is required for any withdrawals or distributions, except as provided above) are as follows:

a) By: _____

Name:  Daniel C. Girard

b) By: _____

Name:  Paul Malmfeldt

[*Signature page follows.*]

App. 92

**IN WITNESS WHEREOF**, Class Counsel, on behalf of the Class Representative and Settlement Class Members and themselves, and Escrow Agent have each caused this Written Direction to be executed as of the date of the Escrow Agreement.

**Class Counsel:**
GIRARD SHARP LLP
Daniel C. Girard
601 California St., Suite 1400
San Francisco, CA 94108
dgirard@girardsharp.com

MALMFELDT LAW GROUP P.C.
Paul D. Malmfeldt
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
pdm@malmfeldt.com

By: _____

Name: Daniel C. Girard_____

Title: Partner_____

**Escrow Agent:**
EPIQ CLASS ACTION & CLAIMS SOLUTIONS, INC.

By: _____

Name: ___Loree Kovach_____

Title: _Sr Vice President_____

**EXHIBIT C**

**Escrow Agent Compensation**
**Excluding Reimbursement(s) for Costs and Expenses**

The parties agree that compensation shall be due and payable to Escrow Agent on a monthly basis, and that such fees will be paid separately by deduction from the Escrow Funds at the commencement of this Escrow Agreement.

Docusign Envelope ID: 7346AA82-50DB-4B24-B209-3C63A3DCEDE0

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE GWG HOLDINGS, INC.** | § | **Civil Action No. 3:22-cv-00410-B** |
| **SECURITIES LITIGATION** | § | |
| | § | |
| | § | **CLASS ACTION** |
| | § | |
| | § | |
| | § | |
| | § | |
| **This Document Relates To: All Actions** | § | |
| | § | |

## DECLARATION OF LEAD PLAINTIFF FRANK MOORE IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT WHITLEY PENN LLP

I, Frank Moore, declare as follows:

1.      I am the court-appointed Lead Plaintiff[1] in the above-captioned action.  I submit this declaration in support of Lead Plaintiff's Motion for Preliminary Approval of Settlement with Defendant Whitley Penn LLP.  The following facts are based upon my personal knowledge and if called upon to do so, I could, and would, competently testify thereto.

2.      I have maintained an active role in this litigation by regularly communicating with my attorneys regarding the status and developments of the case and evaluating and responding to the recommendations of my counsel.  Among other activities, I have discussed the facts related to the Defendants with counsel and my rights and obligations in connection with my appointment as Lead Plaintiff and prosecuting a securities class action; gathered documents and information requested by my attorneys; reviewed pleadings and other case materials in the action; discussed the Settlement with my attorneys; and reviewed and approved the Settlement terms.

---

[1] All capitalized terms not otherwise defined herein have the same meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") submitted herewith.

1

3.      I believe the Settlement is a fair resolution of the claims against Whitley Penn, considering all relevant factors, including the strength of the defenses asserted by Whitley Penn, the added expense and complication that prosecuting the case against Whitley Penn will entail, and Whitley Penn's status as a regional accounting firm.

4.      I also retained independent bankruptcy counsel and served as a representative on the Official Bondholders' Committee (the "Committee") formed in the related bankruptcy proceeding, *In re GWG Holdings, Inc., et al.*, Case No. 22-90032 (MI) (Bankr. S.D. Tex.).  As a Committee member, I attended weekly meetings of the Committee and its counsel, participated in the evaluation of multiple proposals submitted to the bankruptcy court, including the eventual confirmed Chapter 11 plan, and devoted hundreds of hours to protecting the interests of L Bond investors.

5.      Moreover, I led Committee members in submitting a letter to the presiding judge in the bankruptcy court that relayed the Committee's concerns regarding the fees sought by the bankruptcy professionals.  *See In re GWG Holdings, Inc., et al.*, Doc. 2182.  I believe our letter was a significant factor in the negotiation by the Wind Down Trustee to reduce the fee applications of these professionals.  *See id.*, Doc. 2454 at p. 3.

6.      As the litigation continues, I remain committed to fulfilling my obligations as Lead Plaintiff, and asserting the rights of the Settlement Class.

7.      Based on the foregoing, and on the related Settlement papers submitted herewith, I respectfully request that the Court enter the [Proposed] Order Preliminarily Approving the Settlement with Defendant Whitley Penn LLP.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on ___7/15/2024___, at San Francisco, California.

DocuSigned by:

Frank Moore

469A6E3BC0DC45E...

Frank Moore

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE GWG HOLDINGS, INC. SECURITIES LITIGATION | § § § § § § § § § § § | Civil Action No. 3:22-cv-00410-B<br><br><br>__CLASS ACTION__ |
| This Document Relates To: All Actions | | |

__DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT WHITLEY PENN LLP__

I, Daniel C. Girard, hereby declare as follows:

1.      I am a member in good standing of the California State Bar and admitted to practice *pro hac vice* in this case.  I am a partner of the law firm Girard Sharp LLP, appointed lead counsel in the above-captioned action. I submit this declaration based on my personal knowledge and in support of Lead Plaintiff's Motion for Preliminary Approval of Settlement with Defendant Whitley Penn LLP.  If called upon to do so, I could, and would, testify competently to the pertinent facts set forth below.

2.      On January 4, 2024, Whitley Penn[1] filed a motion to dismiss the claims in the CAC.  Doc. 91.  Pursuant to this Court's mediation order (Doc. 62), over the next several months the Settling Parties negotiated with the assistance of the Court-appointed mediator, the Hon. W. Royal Furgeson (Ret.), regarding the resolution of the claims alleged in the Consolidated Action

---

[1] All capitalized terms not otherwise defined herein have the same meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") submitted herewith.

against Whitley Penn, with the Settling Parties reaching an agreement in principle on March 6, 2024.

3.     On July 17, 2024, following continued negotiations between Lead Plaintiff and Whitley Penn, the Settling Parties executed the Stipulation, setting forth the terms of the Settlement and the resolution of this matter as to Whitley Penn.

4.     The proposed Settlement is entered on behalf of the following class: All Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive. Stipulation, ¶ 1.bb.

5.     The Settlement provides a recovery of $450,000 in cash (Stipulation, ¶ 4). Lead Plaintiff believes the Settlement is fair given the strength of Whitley Penn's actual and anticipated defenses, and the risk, delay and expense of further proceedings and trial, including the risk that Settlement Class Members will recover nothing at all absent the Settlement. Accordingly, Lead Plaintiff concluded that given these risks, and the attendant costs, the proposed Settlement—which allows Lead Plaintiff to focus on the remaining Defendants—falls within the range of reasonableness.

6.     In connection with the implementation of the Settlement, Lead Plaintiff's counsel have consulted with the trustee of the "Wind Down Trust," established as part of the reorganization plan confirmed in the bankruptcy proceeding, and her advisers, to determine how best to notify Settlement Class Members of the pendency of this action and the Settlement, and how to distribute eventual recoveries.

7.     Based on several conferences with the trustee, our own independent research into GWG's disclosures and the record in the related bankruptcy proceeding, *In re GWG Holdings,*

*Inc., et al.*, Case No. 22-90032 (MI) (Bankr. S.D. Tex.), and consultation with independent settlement administrators, we concluded that deferring notice and distribution of proceeds to Settlement Class Members to determine if additional settlements can be reached with other Defendants will reduce the cost and potential confusion to class members resulting from successive distributions.  The cost to give notice, solicit and process claims, and pay class members will be approximately $125,000, according to experienced settlement administrators consulted by Class Counsel.

8.      We remain in communication with the trustee, who with the help from her professionals, continues to sort through the logistics of communicating with and distributing funds to Settlement Class Members. More specifically, the trustee continues to work with her professionals to solicit from individual sellers of GWG L Bonds records relating to their purchasers. We are informed that this information is not currently available, as GWG did not maintain security ownership records as to so-called "indirect" purchasers of L Bonds, as opposed to those who purchased directly from GWG, and only incomplete information can be obtained from the intermediaries who hold the securities in "street name."  With more time, the records the trustee is compiling may allow for direct distributions to Settlement Class Members, thereby reducing the cost of claims administration and avoiding the need for individual class member claims.

9.      The parties and mediators also continue to work through the delays and complexities that have impeded the progress of settlement negotiations with the remaining Defendants.  If additional settlements are reached later this year, deferring notice will eliminate unnecessary expense and avoid potential class member confusion resulting from repeated notices.

10.     Accordingly, Lead Plaintiff proposes a deferral period, agreed to by Whitley Penn, of one hundred fifty (150) days following the Court's entry of the Preliminary Approval Order, or as otherwise ordered by the Court, to (i) seek approval of a form of notice to Settlement Class Members and a proposed method of notice, (ii) seek approval of a plan of allocation of the Settlement Fund, (iii) set a deadline for Plaintiff's submission of a motion seeking final approval of the Settlement and entry of Judgment, and (iv) request that the Court schedule the Settlement Hearing, or a date to otherwise report to the Court.

11.     When notice issues, Plaintiff will move for (a) an award of attorneys' fees not to exceed 30% of the Settlement Amount; (b) payment of certain expenses or charges resulting from the prosecution of the action to date; and (c) any interest on such amounts at the same rate and for the same period as earned by the Settlement Fund.

12.     Lead Plaintiff solicited bids from two experienced settlement administrators for the cost to give notice, solicit and process claims, and pay class members. After comparing the bids, Lead Plaintiff selected the low bidder, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), to serve as the Settlement Administrator and Escrow Agent.  Epiq routinely serves as Settlement Administrator and Escrow Agent, and I believe it to be well-qualified in such capacities.

13.     Class Counsel have pragmatically assessed the strengths and weaknesses of Lead Plaintiff's claims against Whitley Penn after conducting a thorough investigation of the available facts, both before and during the course of the action, by: (i) retaining accounting consultants to assist in evaluating Lead Plaintiff's claims against Whitley Penn before the filing of the CAC; and (ii) reviewing and analyzing voluminous public and non-public documents regarding Whitley Penn and the remaining Defendants, including the review of, *inter alia*, public filings of

4

GWG, public filings of Ben, case documents in the related bankruptcy proceeding, *In re GWG Holdings, Inc., et al.*, Case No. 22-90032 (MI) (Bankr. S.D. Tex.), case documents in the related adversary proceeding, *Goldberg v. Heppner, et al.*, Adv. Pro. No. 24-03090 (MI) (Bankr. S.D. Tex.), and correspondence between the employees of GWG and Whitley Penn—all of which provided more details and greater depth into the securities violations alleged.

14.    Through their investigation, Class Counsel obtained a sufficient understanding of the key factual issues in the Consolidated Action prior to negotiating the Settlement.  In Class Counsel's judgment, Plaintiff's claims against Whitley Penn, which relate solely to its audit opinion on GWG's 2019 financial statements incorporated into the Registration Statement, present risks substantially greater than the risks of Plaintiff's claims against the other Defendants.

15.     Class Counsel believes that in view of the risks, uncertainties, expense and delay that would come with continued litigation, the proposed Settlement is fair, adequate, and reasonable.

16.    Based on the foregoing, and on the related Settlement papers submitted herewith, Class Counsel respectfully requests that the Court enter the [Proposed] Order Preliminarily Approving Settlement with Defendant Whitley Penn LLP.

17.    Pursuant to Fed. R. Civ. P. 23(e)(3), Lead Plaintiff states that there are no other agreements made in connection with the Settlement besides the Stipulation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of July 2024.

*/s/ Daniel C. Girard*
Daniel C. Girard

5

App. 102