UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE GWG HOLDINGS, INC. SECURITIES LITIGATION | § § § § § § § § § | CIVIL ACTION NO. 3:22-CV-0410-B |

ORDER

Before the Court is Lead Plaintiff Frank Moore's Motion for Preliminary Approval of a Settlement with Defendant Whitley Penn, LLP ("Whitley Penn") (Doc. 127). For the following reasons, the Court **GRANTS** the Motion.

WHEREAS, an action is pending before this Court styled *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (N.D. Tex.) (the "Consolidated Action");

WHEREAS, the Settling Parties[1] having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of the Consolidated Action, in accordance with the Stipulation dated July 17, 2024, which, together with the exhibits appended thereto, sets forth the terms and conditions for a proposed Settlement of the Settlement Class Members' claims against Whitley Penn and the Whitley Penn Released Parties and for dismissal of the Consolidated Action as to Whitley Penn with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits appended thereto;

---

[1] Unless otherwise defined, all defined terms used herein have the same meanings as set forth in the Stipulation and Agreement of Settlement ("Stipulation").

-1-

WHEREAS, the Court at the request of the Lead Plaintiff and the non-settling Defendants has appointed the Hon. W. Royal Furgeson (Ret.) and, more recently, David Murphy of Phillips ADR Enterprises LLC to act as mediators, and the Court is advised that mediation is ongoing; and

WHEREAS, Lead Plaintiff, in the interests of efficiency and of avoiding confusion to Settlement Class Members, has proposed that the submission of a proposed form of notice, a proposed method for providing notice to Settlement Class Members, and a proposed plan of allocation be deferred pending Lead Plaintiff's mediation with the non-settling Defendants.

**IT IS HEREBY ORDERED:**

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing described below.

2. Within one hundred fifty (150) days of the Court's entry of this Preliminary Approval Order, or as otherwise ordered by the Court, Lead Plaintiff shall file a motion: (i) seeking approval of a form of notice to Settlement Class Members and a proposed method of notice; (ii) seeking approval of a plan of allocation of the Settlement Fund; (iii) setting a deadline for Plaintiff's submission of a motion seeking final approval of the Settlement and entry of Judgment; (iv) setting a deadline for members of the proposed Settlement Class to submit objections to the proposed Settlement; (v) setting a deadline for Class Counsel to submit a motion for attorney's fees and reimbursement of expenses; and (vi) requesting that the Court schedule the Settlement Hearing.

3. At the Settlement Hearing, the Court will: (i) determine whether the proposed Settlement of the claims against Whitley Penn on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) determine whether to certify the Settlement Class for purposes of the proposed Settlement only, designate Lead Plaintiff as Class Representative for the Settlement Class, and appoint Class Counsel as counsel for the Settlement Class; (iii) determine whether a Judgment as provided as Exhibit B to the Stipulation should be entered; (iv) determine whether the proposed plan of allocation that Lead Plaintiff will submit in connection with the motion for final approval of Settlement and entry of Judgment, should be approved; (v) determine any amount of attorneys' fees and expenses that should be awarded to Class Counsel for their representation of the Settlement Class; (vi) hear any objections by Settlement Class Members, including objections to the Stipulation, plan of allocation, and/or motion for an award of attorneys' fees and expenses to Class Counsel; and (vii) consider such other matters as the Court may deem appropriate.

4. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

5. Pursuant to the Stipulation, the Settling Parties have proposed certification of the following Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: "all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020, and April 16, 2021, inclusive." Excluded from the Class are: (i) Defendants; (ii) current or former officers and directors of GWG or Ben; (iii) Defendants' immediate family members, legal representatives, heirs, successors

or assigns; and (iv) any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are any Persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

6. The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (i) the members of the Settlement Class are so numerous that their joinder in the Consolidated Action would be impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Lead Plaintiff in the Consolidated Action are typical of the claims of the Settlement Class; (iv) Lead Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the Consolidated Action.

7. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to designate Lead Plaintiff as Class Representative for the Settlement Class and appoint Class Counsel as counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

8. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Whitley Penn or any of the Whitley Penn Released Parties of the truth of any of the allegations in the Consolidated Action, or of any liability, fault, or wrongdoing of any kind.

9. All proceedings in the Consolidated Action with respect to the claims asserted against Whitley Penn are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against Whitley Penn or any of the Whitley Penn Released Parties any action or proceeding in any court or tribunal asserting any of the Settled Claims.

10. Neither this order, the Stipulation (whether or not consummated) and exhibits thereto, the plan of allocation that may be approved by the Court, the negotiations leading to the agreement in principle to settle Lead Plaintiff's claims against Whitley Penn in the Consolidated Action, the execution of the Stipulation, nor the proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be: (i) offered against Whitley Penn or any of the Whitley Penn Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Whitley Penn Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Consolidated Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of Whitley Penn or any of the Whitley Penn Released Parties or in any way referred to for any other reason as against Whitley Penn or any of the Whitley Penn Released Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (ii) offered against any Settlement Class Member as evidence of, or construed as

evidence of, any presumption, concession or admission by any Settlement Class Member that any of their claims are without merit, that Whitley Penn or any of the Whitley Penn Released Parties had meritorious defenses, or that damages recoverable in the Consolidated Action would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind of Lead Plaintiff or any member of the Settlement Class or in any way referred to for any other reason as against Lead Plaintiff or any member of the Settlement Class, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (iii) construed against any of the Whitley Penn Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents that amount which could be or would have been recovered after trial; provided, however, that the Settling Parties and the Whitley Penn Released Parties and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Stipulation.

    SO ORDERED.

    SIGNED: December 12, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE