**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE GWG HOLDINGS, INC.** | § | **Civil Action No. 3:22-cv-00410-B** |
| **SECURITIES LITIGATION** | § | |
| | § | |
| | § | **CLASS ACTION** |
| | § | |
| | § | |
| | § | |
| | § | |
| **This Document Relates To: All Actions** | § | |
| | § | |

**APPENDIX IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

| DOCUMENT | PAGES |
|---|---|
| Settlement Agreement | App. 2 – 48 |
| Ex. A to Settlement Agreement: Directors' and Officers' Liability Insurance Policies | App. 49 – 51 |
| Ex. B to Settlement Agreement: Proofs of Claim Filed in the Bankruptcy Case | App. 52 – 53 |
| Ex. C to Settlement Agreement: Bankruptcy Approval Order | App. 54 – 58 |
| Ex. D to Settlement Agreement: [Proposed] Order Preliminarily Approving Settlement with Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P. | App. 59 – 76 |
| Ex. E to Settlement Agreement: [Proposed] Final Judgment and Order of Dismissal with Prejudice of Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P. | App. 77 – 84 |
| Ex. F to Settlement Agreement: Motion of Litigation Trustee and Settling Defendants for Entry of Bar Order in Connection with Settlement of Adversary Proceeding | App. 85 – 109 |

1

| | |
|---|---|
| Ex. G to Settlement Agreement: Notice of (I) Pendency of Class Action and Proposed Settlements; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Expenses | App. 110 – 127 |
| Ex. H to Settlement Agreement: Summary Notice of (I) Pendency of Class Action and Proposed Settlements; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Expenses | App. 128 – 131 |
| Supplemental Opt-Out Contingency Agreement | App. 132 – 139 |
| Declaration of Justin R. Hughes in Support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Settlement | App. 140 – 144 |

Dated: March 7, 2025

/s/ Daniel C. Girard
Daniel C. Girard (admitted *pro hac vice*)
Adam E. Polk (admitted *pro hac vice*)
Sean Greene (admitted *pro hac vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dgirard@girardsharp.com
apolk@girardsharp.com
sgreene@girardsharp.com

Paul D. Malmfeldt (admitted *pro hac vice*)
**MALMFELDT LAW GROUP P.C.**
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Tel: (312) 606-8625
pdm@malmfeldt.com

Warren T. Burns (TXBN 24053119)
Clayton Mahaffey (admitted *pro hac vice*)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550
wburns@burnscharest.com
cmahaffey@burnscharest.com

*Attorneys for Lead Plaintiff Frank Moore*

2

## <u>CERTIFICATION OF SIGNATURE OF ANOTHER PERSON</u>

In accordance with Local Rule 11.1(c), I hereby certify that the signatories included

herein have consented to the filing of documents bearing their signatures.

<u>/s/ Daniel C. Girard</u>
Daniel C. Girard

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 7, 2025, I filed the above and foregoing on the Court's

CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be

served electronically with true and exact copies of this filing.


*/s/ Daniel C. Girard*
Daniel C. Girard

App. 1

# APPENDIX

*Goldberg v. Heppner, et al.*
Adv. Pro. No. 24-03090 (MI)
United States Bankruptcy Court for the Southern District of Texas

*In re GWG Holdings, Inc. Securities Litigation*
Civil Action No. 3:22-cv-00410-B
United States District Court for the Northern District of Texas

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is entered into on March 6, 2025, in the above-captioned actions (the "Litigation") pending in the United States District Court for the Northern District of Texas (the "District Court") and the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), between and among Frank Moore, Lead Plaintiff in *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (the "Class Action"), Michael Goldberg, Trustee of the GWG Litigation Trust (together with any duly appointed successor, the "Trustee" and together with Lead Plaintiff, the "Plaintiffs") in *Goldberg v. Heppner, et al.*, Adv. Pro. No. 24-03090 (MI) (the "Trust Action"), and Defendants Bradley K. Heppner, Beneficient Fiduciary Financial, L.L.C. and any predecessor or successor trustee (in his or its capacity as Trustee of The Collective Collateral Trust I, The Collective Collateral Trust II, The Collective Collateral Trust III, The Collective Collateral Trust IV, The Collective Collateral Trust V, The Collective Collateral Trust VI, The Collective Collateral Trust VII, The Collective Collateral Trust VIII, The LT-1 Liquid Trust, The LT-2 Liquid Trust, The LT-5 Liquid Trust, The LT-7 Liquid Trust, The LT-8 Liquid Trust, and The LT-9 Liquid Trust), Funding Trust Management, L.L.C., LiquidTrust Management, L.L.C., Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Murray T. Holland, Timothy L. Evans, David H. de Weese, Roy W. Bailey, David F. Chavenson, Beneficient f/k/a The Beneficient Company Group, L.P., The Beneficient Company Group (USA) LLC, Beneficient Capital Company, LLC, Beneficient Capital Company II, LLC,

1

App. 2

Beneficient Company Holdings, LP, CT Risk Management, L.L.C., and Beneficient Management, LLC (collectively, "Released Defendants").

This Agreement states the terms for the settlement and resolution of the Litigation as between and among the settling parties and is intended to fully and finally release, resolve, compromise, settle, and discharge the Released Claims (defined below) as to any Insured (defined below), in connection with the Litigation, subject to the approval of the District Court and the Bankruptcy Court.

**WHEREAS**, on February 18, 2022, Shirin Bayati and Mojan Kamalvand filed a securities class action (the "*Bayati* Action") on behalf of a putative class of investors who acquired L Bonds (as defined below) issued by GWG Holdings, Inc. ("GWG") pursuant to the Registration Statement (defined below) against GWG and certain of its former and then-current directors and officers. Their complaint alleged violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k, 77l, 77o, based on alleged misrepresentations and omissions in the Registration Statement for an offering of L Bonds issued by GWG declared effective on June 3, 2020;

**WHEREAS**, on April 20, 2022 (the "Initial Petition Date"), GWG, GWG Life, LLC and GWG Life USA, LLC (collectively, the "Initial Debtors"), and on October 31, 2022, GWG DLP Funding IV, LLC, GWG DLP Funding Holdings VI, LLC, and GWG DLP Funding VI, LLC (collectively, the "DLP Entities", together with the Initial Debtors, the "Debtors"), commenced chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas;

**WHEREAS**, under 11 U.S.C. § 362(a)(1), Debtors' bankruptcy filings operated as an automatic stay ("Bankruptcy Stay") as to GWG. On May 12, 2022, the District Court entered an order extending the Bankruptcy Stay to the claims against the non-debtor parties. On April 25, 2022, Lead Plaintiffs filed a motion for appointment of lead plaintiff and approval of their selection of lead

2

App. 3

counsel. On June 1, 2022, the District Court lifted the Bankruptcy Stay to consider Lead Plaintiffs' motion, which the District Court granted on August 5, 2022;

WHEREAS, on May 26, 2023, while the *Bayati* Action remained subject to the Bankruptcy Stay, Lead Plaintiffs filed a putative securities class action ("*Horton* Action") naming as defendants Whitley Penn LLP ("Whitley Penn"), The Beneficient Company Group L.P. ("Ben"), a former subsidiary of GWG, and certain former directors of GWG and then-current directors of Ben (collectively, "Ben Defendants") against whom claims had been asserted in the *Bayati* Action but which claims had been dismissed without prejudice on May 2, 2022 pursuant to an agreement between the Ben Defendants and the plaintiffs in the *Bayati* Action. In the *Horton* Action, Lead Plaintiffs alleged violations of Section 11 of the Securities Act against Whitley Penn, and other violations of the Securities Act against the remaining defendants;

WHEREAS, on June 20, 2023, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Further Modified Second Amended Joint Chapter 11 Plan (Case No. 22-90032, Docket No. 1952) (the "Confirmation Order"), which confirmed the Debtors' Further Modified Second Amended Joint Chapter 11 Plan, submitted by the Debtors, the Bondholder Committee, and L Bond Management, LLC as Co-Proponents (the "Plan"), and on August 1, 2023, the effective date of the Plan occurred;

WHEREAS, the Plan and Confirmation Order established the GWG Wind Down Trust ("Wind Down Trust"), appointing Elizabeth Freeman as trustee ("Wind Down Trustee"), for the purpose of winding down the business affairs of the Debtors, liquidating the Wind Down Trust assets, and making distributions to the Wind Down Trust interest holders in accordance with the Plan;

WHEREAS, the Plan and Confirmation Order established the GWG Litigation Trust ("Litigation Trust" or "Trust"), appointing Michael I. Goldberg as trustee, for the purpose of prosecuting or settling the Retained Causes of Action, as that term is defined in the Plan, the proceeds

App. 4

of which are to be distributed to the Wind Down Trust, as sole beneficiary of the Litigation Trust, for ultimate distribution by or at the direction of the Wind Down Trustee in accordance with Article VI.C of the Plan;

**WHEREAS**, on August 30, 2023, Lead Plaintiffs, the Trustee, certain defendants, and the Insurers participated in mediation in Dallas, Texas, facilitated by the Hon. W. Royal Furgeson (Ret.);

**WHEREAS**, by order dated September 12, 2023, the District Court consolidated the *Bayati* Action and *Horton* Action, ordered the parties to engage in mediation, and appointed Judge Furgeson as mediator;

**WHEREAS**, on October 2, 2023, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint ("CAC"). On November 7, 2023, the Ben Defendants moved to dismiss the claims in the CAC. On January 4, 2024, Whitley Penn filed a motion to dismiss the CAC. Motions to dismiss were also filed on this date on behalf of the remaining defendants, each of whom is a former officer and/or director of GWG (collectively with Ben Defendants, "GWG Defendants");

**WHEREAS**, on February 20, 2024, Lead Plaintiffs filed a consolidated opposition to the GWG Defendants' motions to dismiss. On the same day, the District Court also granted a motion filed by Lead Plaintiffs to extend the deadline to file an opposition to Whitley Penn's motion to dismiss;

**WHEREAS**, on March 18, 2024, the District Court entered an order withdrawing Whitley Penn's motion to dismiss without prejudice, staying Lead Plaintiffs' claims against Whitley Penn, and requiring Lead Plaintiffs and Whitley Penn to submit their executed settlement agreement, together with a motion for preliminary approval, or otherwise to report to the District Court on or before May 2, 2024;

**WHEREAS**, on March 21, 2024, the GWG Defendants filed their replies in further support of their motions to dismiss;

App. 5

**WHEREAS**, on April 22, 2024, and June 12, 2024, the District Court entered orders extending the stay of Lead Plaintiffs' claims against Whitley Penn, and extending the deadline for Lead Plaintiffs and Whitley Penn to submit their settlement agreement and motion for preliminary approval;

**WHEREAS**, the District Court appointed David Murphy of Phillips ADR Enterprises LLC, as an additional mediator by order dated June 3, 2024;

**WHEREAS**, on July 17, 2024, Lead Plaintiff filed his motion for preliminary approval of settlement with Whitley Penn. On this date, Lead Plaintiff Horton also filed a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i);

**WHEREAS**, on October 24, 2024, the District Court entered an order granting the GWG Defendants' motions to dismiss and permitting Lead Plaintiff to file a consolidated amended complaint within 21 days of the order. On this date, the District Court also entered an order setting a hearing for Lead Plaintiff's motion for preliminary approval of settlement with Whitley Penn for December 11, 2024;

**WHEREAS**, on November 14, 2024, Lead Plaintiff filed his First Amended Consolidated Class Action Complaint;

**WHEREAS**, on November 22, 2024, the District Court entered an order setting a briefing schedule for motions to dismiss the First Amended Consolidated Class Action Complaint that required the GWG Defendants to file their motions to dismiss by January 23, 2025;

**WHEREAS**, between September 2023 and December 2024, Lead Plaintiffs, the Trustee, certain defendants, and the Insurers continued mediated settlement discussions;

**WHEREAS**, on November 24, 2024, Judge Furgeson and Mr. Murphy presented a mediators' proposal to the Parties. On December 16, 2024, after additional discussions, the Parties agreed in principle to the terms of the Settlement;

App. 6

**WHEREAS**, on December 11, 2024, the Court held a hearing on Lead Plaintiff's motion for preliminary approval of settlement with Whitley Penn, and on December 12, 2024, the Court entered an order granting preliminary approval of the settlement;

**WHEREAS**, on December 27, 2024, the District Court entered an order vacating briefing deadlines for GWG Defendants' motions to dismiss and staying Lead Plaintiff's claims against GWG Defendants for ninety (90) days, pending the submission of a motion for preliminary approval of a settlement between Lead Plaintiff and the GWG Defendants;

**WHEREAS**, on April 19, 2024, Michael I. Goldberg, as Trustee of the Litigation Trust, filed the Trust Action in the Bankruptcy Court against Defendants Bradley K. Heppner, individually and in his capacity as Trustee of The Bradley K. Heppner Family Trust, The Heppner Family Home Trust, and The Highland Business Holdings Trust; Beneficial Capital Company, L.L.C.; Beneficial Capital Company II, L.L.C.; Beneficial Company Holdings, L.P.; Beneficial Holdings, Inc.; Beneficial Management, L.L.C.; Bradley Capital Company, L.L.C.; Peter T. Cangany, Jr.; David F. Chavenson; CT Risk Management, L.L.C.; Timothy L. Evans; HCLP Credit Company, L.L.C.; HCLP Nominees, L.L.C.; Thomas O. Hicks; Highland Consolidated, L.P.; Murray T. Holland; Research Ranch Operating Company, L.L.C.; Bruce W. Schnitzer; The Beneficial Company Group, L.P.; The Beneficial Company Group (USA), L.L.C.; LiquidTrust Management, L.L.C.; Funding Trust Management, L.L.C.; and John Stahl, in his capacity as Trustee of The LT-1 Collective Collateral Trust, The LT-2 Collective Collateral Trust, The LT-3 Collective Collateral Trust, The LT-4 Collective Collateral Trust, The LT-5 Collective Collateral Trust, The LT-6 Collective Collateral Trust, The LT-7 Collective Collateral Trust, The LT-8 Collective Collateral Trust, The LT-9 Collective Collateral Trust, The LT-1 Liquid Trust, The LT-2 Liquid Trust, The LT-5 Liquid Trust, The LT-7 Liquid Trust, The LT-8 Liquid Trust, and The LT-9 Liquid Trust (collectively,

App. 7

"Trust Action Defendants"); [1]

**WHEREAS**, on August 29, 2024, certain of the Trust Action Defendants filed motions to withdraw the reference and to transfer venue to the District of Delaware, which are currently pending before the Bankruptcy Court;

**WHEREAS**, the Trust Action Defendants filed motions to dismiss the complaint filed in the Trust Action on August 29, 2024, and on November 4, 2024; the Trustee filed his response brief on November 25, 2024; and certain Trust Action Defendants filed their reply brief on December 13, 2024;

**WHEREAS**, the Trustee has consulted with the Wind Down Trustee concerning this Agreement and the terms thereof, and the Wind Down Trustee supports the settlement reflected herein; and

**WHEREAS**, on January 8, 2025, the Bankruptcy Court entered an order extending the deadline for the Trust Action Defendants to file replies in support of their motions to dismiss to February 21, 2025, and subsequently further extended the deadline to March 14, 2025.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Lead Plaintiff, for himself and on behalf of the Class, the Trustee, on behalf of the Trust, and the Released Defendants, through their undersigned counsel, subject to District Court approval under

---

[1] Stahl has been replaced as trustee by Beneficient Fiduciary Financial, L.L.C. in its capacity as Trustee of The Collective Collateral Trust I, The Collective Collateral Trust II, The Collective Collateral Trust III, The Collective Collateral Trust IV, The Collective Collateral Trust V, The Collective Collateral Trust VI, The Collective Collateral Trust VII, The Collective Collateral Trust VIII, The LT-1 Liquid Trust, The LT-2 Liquid Trust, The LT-5 Liquid Trust, The LT-7 Liquid Trust, The LT-8 Liquid Trust, and The LT-9 Liquid Trust. The entities named in the Trust Action as LT-1 Collective Collateral Trust through The LT-9 Collective Collateral Trust do not exist. The correct names are The Collective Collateral Trust I, The Collective Collateral Trust II, The Collective Collateral Trust III, The Collective Collateral Trust IV, The Collective Collateral Trust V, The Collective Collateral Trust VI, The Collective Collateral Trust VII, and The Collective Collateral Trust VIII.

App. 8

Fed. R. Civ. P. 23, and subject to the approval of the Bankruptcy Court under Fed. R. Bankr. P. 9019, that, for the consideration set forth herein and conferred on the Plaintiffs, the Class Action and the Trust Action shall be finally and fully settled, compromised, and dismissed, with prejudice, and the Released Claims shall be finally and fully released, resolved, compromised, settled, discharged and dismissed with prejudice as against Released Defendants Releasees (as defined below), upon and subject to these terms and conditions set forth herein.

## DEFINITIONS

1.    In addition to other terms defined in this Agreement, the following defined terms as used in this Agreement shall have the following meaning:

a.    "Administration Costs" means the costs, fees, and expenses—other than Notice Costs—that are allowable under the terms of the Confirmation Order and incurred in connection with administering the Settlement, including the costs, fees, and expenses incurred in the distribution of funds from the Net Settlement Fund. Administration Costs will be deducted from the Settlement Fund after the Effective Date. No Party shall be responsible for paying such Administration Costs.

b.    "Affiliate" means any Person that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the Person specified.

c.    "Allowed Claim" shall have the meaning attributed thereto under the terms of the Confirmation Order.

d.    "Bankruptcy Approval Order" means the Final Order, substantially in the form attached hereto as Exhibit C (or in another form and substance acceptable to all of the Parties), to be entered by the Bankruptcy Court approving the Settlement and authorizing the execution, delivery and performance of this Agreement by the Trustee.

8

App. 9

e.    "Bankruptcy Case" means the jointly administered bankruptcy cases styled *In re GWG Holdings, Inc.*, Case No. 22-90032, filed in the United States Bankruptcy Court for the Southern District of Texas before the Honorable Marvin Isgur.

f.    "Ben" means Beneficient f/k/a The Beneficient Company Group, L.P.

g.    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-15.

h.    "Claims" means any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist (including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, breach of any contract, negligence, fraudulent conveyance, avoidance, violations of the federal securities laws, or otherwise), whether individual, class, direct, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

i.    "Class" means all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the Class Period, excluding Released Defendants, current or former officers and directors of GWG or Ben and their immediate family members, legal representatives, heirs, successors or assigns, or any entity in which any Released Defendant has or had a controlling interest.

App. 10

j.        "Class Counsel" means counsel for Lead Plaintiff, Plaintiff Shirin Bayati, and Plaintiff Mojan Kamalvand, including Girard Sharp LLP, Malmfeldt Law Group P.C., Burns Charest LLP, Silver Law Group, Kramer Levin Naftalis & Frankel LLP, and Morrison & Foerster LLP, their attorneys, employees, agents, and consultants, and their independent contractors who are acting or have acted on behalf or at the direction of them.

k.        "Class Counsel Fee Payment" means any award of attorneys' fees or reimbursement of costs or expenses in the Class Action, awarded pursuant to Fed. R. Civ. P. 23 by the District Court.

l.        "Class Member" means any one of, and "Class Members" means all of, the members of the Class.

m.        "Class Notice" means the "Notice of Proposed Settlement of Class Action," which is to be sent to members of the Class substantially in the form attached hereto as Exhibit G or as directed by the District Court.

n.        "Class Period" means the time period between June 3, 2020, the effective date of the Registration Statement, and April 16, 2021, inclusive.

o.        "D&O Holdback" means the available coverage under the D&O Policies remaining after payment of the Settlement Amount, and available to the Insureds in connection with the Settlement or the Ongoing Proceedings (until such time as Ongoing Proceedings are finally resolved, at which point any remaining sums (if any) shall revert to the Litigation Trust in accordance with the terms of paragraph 7 for further distribution in accordance with the terms of the Distribution Plan (defined herein)).

p.        "D&O Holdback Balance" means the amount (if any) remaining under the terms of the D&O Policies upon occurrence of the conditions as set forth in paragraph 7.a herein.

App. 11

q.     "D&O Policies" means the directors' and officers' liability insurance policies identified in Exhibit A.

r.     "Distribution Plan" means the distribution of the Net Settlement Fund by the Fund Administrator pursuant to the terms of the Confirmation Order.

s.     "Distribution Taxes" means (i) all federal, state and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by the Fund Administrator in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants). Any Distribution Taxes will be paid from the Settlement Fund. No Party shall be responsible for paying such Distribution Taxes.

t.     "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in paragraph 30 herein.

u.     "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. An order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving any writs, including writs of certiorari or mandamus, and any other proceedings of like kind. Any appeal with respect to any application for attorneys' fees and expenses in the Class Action pursuant to paragraphs 24 and 25 below, shall not in any way delay or preclude the Judgment from becoming Final.

App. 12

v.      "Final Order" with respect to any order or judgment, including the Bankruptcy Approval Order and the Judgment, shall mean an order or judgment of the pertinent court, as entered on the docket in the pertinent case, which has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek certiorari has expired, and no appeal or petition for certiorari has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been timely filed has been resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought.  Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure (as made applicable by Fed. R. Bankr. P. 9024 or otherwise) nor the All-Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times. Notwithstanding the foregoing, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to attorneys' fees, costs, or expenses in the Class Action shall not in any way delay or preclude the Judgment from becoming Final.

w.      "Fund Administrator" means the Trustee or the Wind Down Trustee.

x.      "Insured" shall have the same meaning as set forth in the D&O Policies, including without limitation all Released Defendants and all current and former directors and officers of Ben and all former directors and officers of GWG, regardless of whether such Persons are Released Defendants.

y.      "Insurer" means an issuer of one or more of the D&O Policies and their counsel.

z.      "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit E,[2] to be entered by the District Court approving the Settlement, or an alternative judgment entered by the District Court approving the Settlement that is not substantially in the form

---

[2] The Judgment shall include a bar order pursuant to 15 U.S.C. § 78u-4(f)(7) of the Private Securities Litigation Reform Act.

App. 13

of Exhibit E but does not result in any Party terminating the Settlement pursuant to paragraph 31 or paragraph 32 of this Agreement.

aa.    "L Bonds" means the bonds issued by GWG pursuant to the Registration Statement.

bb.    "Lead Plaintiff" means Frank Moore and any person who previously served as or proposed to serve as a lead plaintiff in the Class Action.

cc.    "Net Settlement Fund" means the Settlement Fund less: (i) any Distribution Taxes; (ii) Notice Costs; (iii) Administration Costs; and (iv) the Plaintiff Counsel Fee Payments; provided that if, under the terms of this Agreement, the Net Settlement Fund is to be disbursed from the Settlement Fund Account to the Fund Administrator for distribution to Class Members before a Final Order has established the amount of any Class Counsel Fee Payment, the Net Settlement Fund shall be calculated using the total amount of the Class Counsel Fee Payment that has been requested from the District Court.

dd.    "Notice Costs" means the costs, fees and expenses that are incurred in connection with providing notice to the Class pursuant to Fed. R. Civ. P. 23(c)(2) and to persons or creditors in the Bankruptcy Case that may be affected by the Settlement. Any Notice Costs incurred prior to the Effective Date will be paid from the Settlement Fund.  No Party shall be responsible for paying such Notice Costs.

ee.    "Ongoing Proceedings" means certain pending or threatened legal matters existing as of the date of this Agreement as to which certain of the Insureds may possess rights under the terms of the D&O Policies.

ff.    "Opt-Out Contingency Agreement" is defined in paragraph 32 hereof.

gg.    "Parties" means the Lead Plaintiff, on behalf of himself and the Class Members, the Trustee, on behalf of the Trust, and each of the Released Defendants.

App. 14

hh.    "Person" or "Persons" means any natural or legal person, including without limitation any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, as well as each of their spouses, partners in a state-recognized domestic partnership, civil union, or marriage, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

ii.    "Plaintiff Counsel Fee Payments" means the sum of the Class Counsel Fee Payment and the Trust Counsel Fee Payment, not to exceed thirty five percent (35%) of the Settlement Fund.

jj.    "Plan" means the Debtors' Further Modified Second Amended Joint Chapter 11 Plan, submitted by the Debtors, the Bondholder Committee, and L Bond Management, LLC as Co-Proponents and all exhibits and supplements thereto, as approved by the Confirmation Order;

kk.    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit D, to be entered by the District Court that will, for the limited purposes of this Settlement, preliminarily approve: (i) the Settlement, (ii) the proposed form of notice to the Class Members, (iii) the proposed method of notice, and (iv) the proposed plan of allocation of the Settlement Fund.

ll.    "PSLRA" means the Private Securities Litigation Reform Act of 1995.

mm.    "Registration Statement" means the registration statement for the L Bond offering filed by GWG with the Securities and Exchange Commission and declared effective on June 3, 2020.

App. 15

nn.     "Released Claims" means the Released Class Action Claims, the Released Trust Action Claims, and the Released Defendant Claims, pursuant to paragraphs 17-18 below.  In no event shall "Released Claims" be interpreted to include the Reserved Trust Action Claims or any claims by the Reserved Trust Action Defendants related to the Reserved Trust Action Claims, or to preclude the Trustee from continuing to name as a nominal defendant in the Trust Action Bradley K. Heppner, solely in his capacity as trustee of The Bradley K. Heppner Family Trust, The Heppner Family Home Trust, The Highland Business Holdings Trust, The Highland Investment Holdings Trust, or any other trust for which he serves as trustee and which has been alleged or is later alleged to have received any proceeds of the transfers described in the Trust Action or any other transfers from the Debtors, subject to the terms in paragraph 1.aaa below.

oo.     "Released Class Action Claims" means any and all Claims, causes of action, demands, losses, and rights of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Class (or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such):  (i) asserted in the Class Action (and any actions consolidated into the Class Action); (ii) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, any of the allegations, transactions, facts, events, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Class Action (and any actions consolidated into the Class Action); (iii) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, the acquisition during the Class Period of the L Bond securities at issue in the Class Action; and/or (iv) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, the defense of the Class Action; in each case against all Released Class Action Defendants Releasees; provided however, for the avoidance of doubt that Released Class Action Claims shall not include claims of

15

any kind against any broker dealer or investment advisor who participated in the distribution of L Bonds as a member of GWG's sales network through dealer manager Emerson Equity LLC.

pp.    "Released Class Action Defendants Releasees" means Bradley K. Heppner; Peter T. Cangany, Jr.; Thomas O. Hicks; Dennis P. Lockhart; Bruce W. Schnitzer; Roy W. Bailey; David F. Chavenson; David H. de Weese; Timothy L. Evans; Murray T. Holland; The Beneficient Company Group, L.P.; the Released Defendants' Counsel; the Insurers; any and all other Insureds; and any of their respective parents, subsidiaries, and Affiliates (and all of their current and former officers, directors, members, managers, parents, Affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, employers, agents, servants, representatives, partners, limited partners, shareholders, heirs, trustees, beneficiaries, advisors, accountants, and attorneys, in their capacities as such, and each of their respective Affiliates, heirs, executors, administrators, successors, and assigns); provided however, for the avoidance of doubt that Released Class Action Defendants Releasees shall not include any broker dealer or investment advisor who participated in the distribution of L Bonds as a member of GWG's sales network through dealer manager Emerson Equity LLC.

qq.    "Released Class Action Plaintiffs" means Lead Plaintiff, Thomas Horton, Shirin Bayati, Mojan Kamalvand, and Class Counsel.

rr.    "Released Defendants Releasees" means the Released Class Action Defendants Releasees and the Released Trust Action Defendants Releasees.

ss.    "Released Defendant Claims" means the Released Defendant Class Action Claims and the Released Trust Action Defendant Claims.

tt.    "Released Defendant Class Action Claims" means any and all counterclaims and bases for relief, including without limitation Unknown Claims (as defined in paragraph 1.lll below), that Released Class Action Defendants Releasees could have raised in the Class Action or

16

App. 17

any other forum against Released Class Action Plaintiffs, any counsel or consultant, or any Class Member, that arise out of or relate to the institution, maintenance, prosecution, or settlement of the Class Action (other than claims to enforce the Settlement or the Judgment), including, but not limited to, claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

uu.    "Released Defendants' Counsel" means Allen Overy Shearman Sterling US LLP; Winston & Strawn LLP; O'Melveny & Myers LLP; Cleary Gottlieb Steen & Hamilton LLP; Locke Lord LLP; Fletcher Held, PLLC; Quinn Emanuel Urquhart & Sullivan, LLP; Baker Botts L.L.P.; S. Michael McColloch PLLC; Karen Cook PLLC; and Law Offices of Frank J. Wright, PLLC.  For purposes of the releases provided herein, "Released Defendants' Counsel" also includes the current and former partners, attorneys, employees, and other professionals of the entities listed in this paragraph.

vv.    "Released Plaintiffs' Claims" means both the Released Class Action Claims and the Released Trust Action Claims.

ww.    "Released Trust Action Claims" means any and all Claims, causes of action, demands, losses, and rights of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that GWG (or others acting by, through, or on its behalf), the Trustee, or the Trust (or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such):  (i) asserted in the Trust Action; (ii) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, any of the allegations, transactions, facts, events, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Trust Action; (iii) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, the defense of the Trust Action or the Bankruptcy Case; (iv) could have asserted in any other forum that arise out of or are based upon, in any way, directly or indirectly, any investment or any other

17

App. 18

relationship with GWG or any of its Affiliates; and/or (v) could have asserted in any forum that arise out of or are based upon in any way, directly or indirectly, any duty or alleged duty owed to GWG or any of its subsidiaries or Affiliates; in each case (x) against any one or more of the Released Trust Action Defendants Releasees and (y) that arose on or before December 16, 2024; *provided, however*, that in no event shall any Reserved Trust Action Claims be considered a Released Trust Action Claim.

xx.    "Released Trust Action Defendants Releasees" means Bradley K. Heppner; Beneficient f/k/a The Beneficient Company Group, L.P.; Beneficient Management, L.L.C.; Beneficient Company Holdings, L.P.; Beneficient Capital Company, L.L.C.; Beneficient Capital Company II, L.L.C.; The Beneficient Company Group (USA), L.L.C.; CT Risk Management, L.L.C.; Beneficient Fiduciary Financial, L.L.C.; The LT-1 Liquid Trust; The LT-2 Liquid Trust; The LT-5 Liquid Trust; The LT-7 Liquid Trust; The LT-8 Liquid Trust; The LT-9 Liquid Trust; The Collective Collateral Trust I; The Collective Collateral Trust II; The Collective Collateral Trust III; The Collective Collateral Trust IV; The Collective Collateral Trust V; The Collective Collateral Trust VI; The Collective Collateral Trust VII; The Collective Collateral Trust VIII; LiquidTrust Management, L.L.C.; Funding Trust Management, L.L.C.; Peter T. Cangany, Jr.; Thomas O. Hicks; Bruce W. Schnitzer; Murray T. Holland; Timothy L. Evans; David F. Chavenson; John Stahl; The LT-1 Collective Collateral Trust; The LT-1 Collective Collateral Trust; The LT-2 Collective Collateral Trust; The LT-3 Collective Collateral Trust; The LT-4 Collective Collateral Trust; The LT-5 Collective Collateral Trust; The LT-6 Collective Collateral Trust; The LT-7 Collective Collateral Trust; The LT-8 Collective Collateral Trust; The LT-9 Collective Collateral Trust; Released Defendants' Counsel; the Insurers; and any and all other Insureds.

yy.    "Released Trust Action Defendant Claims" means (i) any and all counterclaims and bases for relief, including without limitation Unknown Claims (as defined in

18

App. 19

paragraph 1.lll below), that Released Trust Action Defendants Releasees could have raised in the Trust Action or any other forum against the Trustee, Trust Counsel, or any contract counsel or consultant, that arise out of or relate to the institution, maintenance, prosecution, or settlement of the Trust Action (other than claims to enforce the Settlement or the Judgment), including, but not limited to, claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim that arose on or before December 16, 2024, excepting any and all claims by the Reserved Trust Action Defendants or related to the Reserved Trust Action Claims; and (ii) any and all Claims, causes of action, demands, losses, and rights of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, that any Released Trust Action Defendants Releasees have asserted or could have asserted against the Debtors or the Debtors' bankruptcy estates, including without limitation, the proofs of claim filed in the Bankruptcy Case and listed in Exhibit B.

zz. "Released Trust Action Plaintiffs" means the Debtors, the Trust, the Trustee, and Trust Counsel.

aaa. "Reserved Trust Action Claims" means any and all claims and causes of action of the Trustee against any Person that is not a Released Trust Action Defendants Releasee, including but not limited to (i) the Reserved Trust Action Defendants, and (ii) any third-party professional firm that provided services to the Debtors, the Reserved Trust Action Defendants, or the Released Trust Action Defendants, excepting the Released Defendants' Counsel. It is the intention of the Released Trust Action Plaintiffs to fully and finally release Bradley K. Heppner from liability for all Claims that arose on or before December 16, 2024. Notwithstanding the foregoing, Claims brought against Bradley K. Heppner solely in his capacity as trustee of any Reserved Trust Action Defendants or any other trust for which he serves as trustee and which has been alleged or is later alleged to have received the proceeds of any of the transfers described in the Trust Action and any other transfers

19

App. 20

from the Debtors are included within the definition of Reserved Trust Action Claims, but the Trustee may not seek any relief or obtain any recovery from Bradley K. Heppner individually pursuant to such Claims to the extent such claims arose on or before December 16, 2024.

bbb.    "Reserved Trust Action Defendants" means The Bradley K. Heppner Family Trust; The Heppner Family Home Trust; The Highland Business Holdings Trust; The Highland Investment Holdings Trust; Beneficient Holdings, Inc.; Bradley Capital Company, L.L.C.; Elmwood Bradley Oaks, L.P.; The Highland Investment Holdings Trust; Timothy B. Harmon, solely in his capacity as trustee of The Highland Investment Holdings Trust; HCLP Credit Company, L.L.C.; HCLP Nominees, L.L.C.; Highland Consolidated, L.P.; and Research Ranch Operating Company, L.L.C.

ccc.    "Securities Act" means the Securities Act of 1933.

ddd.    "Settlement" means the settlement contemplated by this Agreement.

eee.    "Settlement Amount" means the cash sum of $50,500,000.00.

fff.    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

ggg.    "Settlement Fund Account" means an interest-bearing signature account maintained by the Fund Administrator to which the Settlement Amount will be deposited and which will be administered in accordance with this Agreement.

hhh.    "Settlement Hearing" means the hearing set by the District Court under Fed. R. Civ. P. 23(e)(2) to consider final approval of the Settlement.

iii.    "Termination Notice" is defined in paragraph 31 hereof.

jjj.    "Trust Counsel" means Reid Collins & Tsai LLP.

kkk.    "Trust Counsel Fee Payment" means the amount payable to Trust Counsel pursuant to the terms of the engagement agreement between the Trust and Trust Counsel.

App. 21

lll.    "Unknown Claims" means any Released Claims which the Trustee, the Lead Plaintiff, any other Class Members, or Released Defendants Releasees does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  The Parties agree that, upon the Effective Date, the Trustee, the Lead Plaintiff, each of the other Class Members and the Released Defendants Releasees shall have expressly waived, shall be deemed to have waived, with respect to the Released Claims, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS  OR HER SETTLEMENT WITH THE DEBTOR.

The Parties acknowledge, and the other Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## CLASS CERTIFICATION

2.    Solely for purposes of the Settlement and for no other purpose, Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P. shall consent to:  (a) the appointment of Lead Plaintiff as class representative for the Class; (b) the appointment of Girard Sharp LLP and Malmfeldt Law Group P.C. to serve as counsel for the Class; and (c) certification of the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for Settlement purposes only.

21

App. 22

**APPROVAL OF SETTLEMENT**

3.    ***Bankruptcy Court Approval***.  Promptly after the execution of this Agreement, the Trustee shall submit to the Bankruptcy Court a motion for approval of the Settlement and the entry of a Bankruptcy Approval Order substantially in the form attached hereto as Exhibit C.  The Trustee shall consult in good faith with Class Counsel and Released Defendants' Counsel as to the language of the motion seeking such Bankruptcy Approval Order.

4.    ***District Court Approval***.

a.    Promptly after the execution of this Agreement, Lead Plaintiff shall submit to the District Court a motion for preliminary approval of the Settlement, including entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit D.  Lead Plaintiff shall consult in good faith with the Trustee and Released Defendants' Counsel as to the language of the motion and related pleadings seeking such Preliminary Approval Order.  In addition, Lead Plaintiff shall undertake to provide all requisite notices of the hearing on such motion.  Lead Plaintiff and the Trustee shall otherwise cooperate with the Released Defendants named in the Class Action in complying with the requirements of CAFA, including the notice provision contained in 28 U.S.C. § 1715.

b.    The Released Defendants named in the Class Action shall comply with the requirements of CAFA, including the notice provision contained in 28 U.S.C. § 1715.  In accordance with 28 U.S.C. § 1715(d), the Settlement Hearing shall not be held earlier than ninety days after any such requisite notices are served.

c.    Pursuant to the terms of the Preliminary Approval Order, Fed. R. Civ. P. 23 and the rules of the District Court, Lead Plaintiff shall file a motion with the District Court for entry of a Final Order by the District Court that finally approves this Agreement and the Settlement.  Class Counsel shall consult in good faith with the Trustee and Released Defendants' Counsel as to the

App. 23

language of the motion and supporting memorandum of law seeking such Final Order, including as to the form of such Order itself. In addition, Lead Plaintiff shall undertake to provide all requisite notices of the Settlement Hearing. Lead Plaintiff shall otherwise cooperate with the Released Defendants named in the Class Action in complying with the requirements of CAFA, including the notice provision contained in 28 U.S.C. § 1715.

d.    If the Settlement contemplated by this Agreement is approved by Final Order of the District Court following a Settlement Hearing, then Lead Plaintiff shall request, with the consent of the Released Defendants named in the Class Action, that the Court enter a Judgment, substantially in the form attached hereto as Exhibit E.

5.    Lead Plaintiff and the Trustee (subject to any orders entered by the Bankruptcy Court) shall suspend and hold in abeyance prosecuting against Released Defendants Releasees the Class Action and the Trust Action or any separate action containing similar allegations until thirty (30) days after the date the Settlement is terminated or the Settlement does not become effective (as set forth in paragraphs 30-33).

**SETTLEMENT CONSIDERATION**

6.    ***Settlement Consideration***.    In consideration for the promises and obligations contained herein, including the full and final release, settlement and discharge of all Released Class Action Claims against the Released Class Action Defendants Releasees and all Released Trust Action Claims against the Released Trust Action Defendants Releasees, the Insurers shall pay or cause to be paid the Settlement Amount, but only in accordance with and subject to the terms and conditions of this Agreement.

7.    ***Reversion of D&O Holdback***.

a.    In consideration for the promises and obligations contained herein, including the full and final release, settlement and discharge of all Released Plaintiffs' Claims against the

App. 24

Released Defendants Releasees, and provided that the D&O Holdback Balance is greater than $250,000, the Insurers shall pay or cause to be paid to the Trust the D&O Holdback Balance if, after the Effective Date of this Agreement: (i) the Ongoing Proceedings do not result in any legal or regulatory action or proceeding against any Insured; (ii) a final, non-appealable judgment is entered as to the last Insured who was a party to or otherwise subject to any Ongoing Proceedings; (iii) the Ongoing Proceedings conclude with respect to each and every Insured for any other reason not identified in (i) or (ii); or (iv) all applicable statutes of limitations, repose, or other applicable time periods in which to institute proceedings have run and no legal or regulatory action related to the Ongoing Proceedings has been filed.

b.      The Released Defendants shall immediately notify the Insurers and Trust Counsel upon the occurrence of any of the conditions set forth in (i), (ii), (iii), or (iv) above, and the Insurers will cause payment of the D&O Holdback Balance to be made to the Trust within 45 days of the later of: (i) the Insurers receiving such written notice; or (ii) the Insurers' receipt of acceptable payment instructions and a W-9 form for the Trust.

c.      The Released Class Action Plaintiffs and the Released Trust Action Plaintiffs agree that nothing in Paragraph 7.a. or otherwise in this Agreement confers any rights to the Released Class Action Plaintiffs and the Released Trust Action Plaintiffs under or concerning the D&O Policies and with respect to the Insurers other than the right to receive the D&O Holdback Balance as provided in Paragraph 7.a.

**SETTLEMENT FUND ACCOUNT; MAINTENANCE OF SETTLEMENT FUND**

8.      Each of the applicable Insurers shall pay its respective contribution to the Settlement Amount by check or wire transfer into an interest-bearing escrow account designated by the Fund Administrator within thirty days following the latest of (i) entry of the Bankruptcy Approval Order by the Bankruptcy Court, (ii) entry of the Preliminary Approval Order by the District Court, or (iii)

App. 25

the Insurers' receipt of acceptable payment instructions and a W-9 form for the escrow account (the "Funding Date").  The Fund Administrator will receive the Settlement Amount deposit, when payment thereof becomes due under the terms hereof, and shall make all payments required to be made pursuant to the terms of this Agreement and arrange for the preparation and filing of all tax reports, tax forms and tax returns required to be filed by the Settlement Fund, including all Forms 1099.

9.      The Fund Administrator shall segregate, invest, administer and distribute the Settlement Fund pursuant to this Agreement and such other orders as the Bankruptcy Court may make.  Interest from the escrow account will accrue to the benefit of the Settlement Fund upon the occurrence of the Funding Date.  Any Notice Costs incurred prior to the Effective Date will be paid from the Settlement Fund.

10.      The Fund Administrator will pay from the Settlement Fund any (i) Distribution Taxes, (ii) any Notice Costs and Administration Costs, (iii) the Trust Counsel Fee Payment; and (iv) the Class Counsel Fee Payment.

11.      The Released Defendants Releasees shall have no responsibility for or liability with respect to the investment, allocation or distribution of funds of the Settlement Fund; the determination, administration, calculation, or payment of claims or distributions from the Settlement Fund; or the payment or withholding of any taxes or the filing of any tax returns, forms or notices with respect to the income of or distributions from the Settlement Fund.

### DISTRIBUTION OF SETTLEMENT AMOUNT

12.      The Net Settlement Fund shall be distributed to the holders of Allowed Claims in accordance with the Confirmation Order following the Effective Date of the Settlement (as set forth in paragraph 30). Lead Plaintiff will seek District Court approval for such Distribution Plan.

App. 26

13.     If any disbursement is made pursuant to the preceding paragraph before a Final Order has established the amount of any Class Counsel Fee Payment, and the amount of such Class Counsel Fee Payment established by a Final Order is less than the amount that was used to calculate the Net Settlement Fund, the Net Settlement Fund shall be recalculated using the amount established by such Final Order, and transferred to the Fund Administrator for distribution pursuant to the Confirmation Order.

14.     This is not a claims-made settlement, and the Released Defendants and the Insurers shall not have any right to the return of the Settlement Amount or any portion thereof after the occurrence of the Effective Date.  The Parties agree that any obligation of the Released Defendants Releasees to make payments under the Settlement is limited to the Settlement Amount and the D&O Holdback Balance, and that the Released Defendants Releasees shall have no further monetary obligation to the Trustee, Class Counsel, Lead Plaintiff or any Class Member, arising from or related to GWG, Ben, their respective Affiliates, the Released Plaintiffs' Claims, or this Agreement notwithstanding any objection to or appeal from the award of Class Counsel's attorneys' fees in connection with the Settlement.

15.     None of the Released Defendants shall have any involvement in or any responsibility, authority, or liability whatsoever for the disbursement of the Net Settlement Fund and shall have no liability whatsoever to any Person or entity, including, but not limited to, Released Class Action Plaintiffs, or any other Class Members, in connection with the foregoing.

## RELEASE OF CLAIMS

16.     The obligations incurred pursuant to this Agreement shall be in full and final disposition of any and all Released Plaintiffs' Claims as against all Released Defendants Releasees.

26

App. 27

17.      ***Class Action Releases.***

a.      Upon the Effective Date, the Released Class Action Plaintiffs, and each and every Class Member, each on behalf of itself and each of its current and former directors, officers, members, managers, employees, shareholders, partners, advisors, accountants, attorneys, insurers, representatives, Affiliates, successors, assigns, trustees, beneficiaries, and agents, and each of their respective Affiliates, shall be deemed by operation of law to have, and by operation of the Judgment shall have, released, waived, discharged, and dismissed each and every Released Class Action Claim, including Unknown Claims, against each and every Released Class Action Defendants Releasee and shall forever be enjoined from commencing or prosecuting in any forum any or all of the Released Class Action Claims against each and every Released Class Action Defendants Releasee, except that the foregoing release, waiver and discharge shall not release, waive or discharge Released Class Action Plaintiffs' right to enforce this Agreement.

b.      Upon the Effective Date, the Released Class Action Defendants Releasees shall be deemed by operation of law to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each of the Released Class Action Plaintiffs from all Released Defendant Class Action Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Class Action and the Released Class Action Claims, except that the foregoing release, waiver, and discharge shall not release, waive, or discharge the Released Class Action Defendants Releasees right to enforce this Agreement.

18.      ***Trust Action Releases.***

a.      Upon the Effective Date, the Released Trust Action Plaintiffs, each on behalf of itself and any other Person claiming under or through it, and each of its successors, assigns, or any other Person asserting any claim on behalf of the Debtors, the Trust, the Trustee, or for any injury

27

App. 28

suffered by the Debtors or the Debtors' estates, shall be deemed by operation of law to have, and by operation of the Bankruptcy Approval Order shall have released, waived, discharged, and dismissed each and every Released Trust Action Defendants Releasee from and in respect to each and every Released Trust Action Claim, including Unknown Claims (and including, without limitation, any administrative expense claims pursuant to 11 U.S.C. § 503), which any of them may have ever had or may now have against the Released Trust Action Defendants Releasees, except that the foregoing release, waiver and discharge shall not release, waive or discharge (i) Released Trust Action Plaintiffs' right to enforce this Agreement, or (ii) any solely direct (i.e. non-derivative) Claims of non-Parties to this Settlement Agreement that could not have been brought by any of the Released Trust Action Plaintiffs. The Released Trust Action Plaintiffs shall forever be enjoined from commencing or prosecuting in any forum any or all of the Released Trust Action Claims against each and every Released Trust Action Defendants Releasee.

b.      Upon the Effective Date, the Released Trust Action Defendants Releasees shall be deemed by operation of law, and by operation of the Bankruptcy Approval Order shall have released, waived, discharged, and dismissed each and every Released Trust Action Defendant Claim against each and every Released Trust Action Plaintiff, including without limitation the proofs of claim identified in Exhibit B, and shall forever be enjoined from commencing or prosecuting in any forum any or all of the Released Trust Action Defendant Claims against each and every Released Trust Action Plaintiff, except that the foregoing release, waiver and discharge shall not release, waive or discharge the Released Trust Action Defendants Releasees right to enforce this Agreement.

c.      Upon the Effective Date, the Released Trust Action Defendants Releasees shall be deemed to have withdrawn the proofs of claim identified in Exhibit B.

d.      The Parties will use their best efforts to secure a bar order from the Bankruptcy Court in favor of the Released Defendants Releasees for any Claims that may be asserted by non-

28

App. 29

Parties against any of the Released Defendants Releasees related to the allegations in the Trust Action and/or the Class Action.  The Released Defendants named in the Trust Action and the Trustee will jointly file a motion substantially in the form of the draft motion attached to this Settlement Agreement as Exhibit F.  For the avoidance of doubt, this Settlement shall not be conditioned on the Bankruptcy Court's approval of the requested bar order.

19.    ***Contribution; Settlement Allocation***.

a.    In the event the Trustee obtains a final judgment against a non-Party and that non-Party successfully asserts a contribution or third-party claim against any of the Released Defendants Releasees related to or arising from the subject matter of the Trust Action or the Class Action, and a court, arbitrator or other tribunal determines that Delaware law applies to such contribution or third-party claim, then the Trustee agrees under 10 Del. C. § 6304 to reduce the amount of the judgment for the same injury against any non-Party joint tortfeasors (provided that Released Defendant Releasees are determined to be joint tortfeasors for such injury) by the greater of (x) the settlement amount determined in the Trustee's action against the non-Party to be allocable to the respective alleged injury or (y) the Released Defendant Releasees' pro rata or equitable share of the responsibility, if any, for such injury or damages.  Nothing herein shall waive or alter the rights of any non-settling party to claim a reduction in any judgment that such party would otherwise be entitled to pursue under any applicable law.

b.    The entire Settlement Fund will be distributed by the Trustee and/or the Wind Down Trustee, as all of the Class Members are creditors who are beneficiaries of the Wind Down Trust, which is the sole beneficiary of the Trust.  The Parties acknowledge that this settlement resolves distinct claims asserted by Lead Plaintiff and the Trustee for distinct and separate alleged injuries.  The Parties further acknowledge that this settlement resolves separate claims for distinct alleged injuries alleged by the Trustee to have occurred in 2019, 2020, and 2021, as alleged in the

29

Trust Action. The Parties reserve all rights and arguments as to the appropriate allocation of the settlement (x) as between the Class Action and the Trust Action, and (y) as to the Trust Action, amongst the various alleged injuries alleged by the Trustee.

## REPRESENTATIONS AND WARRANTIES

20.     Each Party represents and warrants that it has not sold, assigned, transferred or otherwise disposed of (other than by the releases contemplated by this Agreement), and will not sell, assign, transfer or otherwise dispose of (other than by the releases contemplated by this Agreement), any Claim purported to be released by such Party pursuant to paragraphs 17 through 18 above. Without limitation of the foregoing, Lead Plaintiff and Class Counsel represent and warrant that Lead Plaintiff is a member of the Class and that neither the Released Class Action Claims against the Released Class Action Defendants Releasees nor any right of Lead Plaintiff to receive a potential further distribution in the Bankruptcy Case has been assigned, encumbered or in any manner transferred in whole or in part.

21.     The Trustee and Trust Counsel represent and warrant that they do not have actual knowledge of any Claims against any of the Released Defendants Releasees that have arisen between December 16, 2024, and the date this Settlement Agreement became fully executed.

## ATTORNEYS' FEES AND EXPENSES

22.     Class Counsel will apply to the District Court for the Class Counsel Fee Payment in an amount not to exceed $8,484,000.00, plus reimbursement of expenses not to exceed $500,000.00. If the amount of expenses exceeds $500,000.00, any such overage shall be deducted from the attorneys' fee award. Released Defendants and the Trustee will not object to any application for any Class Counsel Fee Payment to be paid from the Settlement Fund as filed by Class Counsel, provided that such application is in accordance with the terms of this Agreement. For the avoidance of doubt, Released Defendants Releasees shall have no obligation to pay or reimburse any fees, costs, or

App. 31

expenses incurred by or on behalf of Lead Plaintiff, any other Class Member, the Trustee, any other party, or any of their respective counsel, except as provided for herein.

23.     Any Class Counsel Fee Payment, as awarded by the District Court, shall be distributed (together with any interest accrued thereon) to Class Counsel from the Settlement Fund Account, as ordered, immediately after the Effective Date and after the District Court enters a Final Order awarding any such Class Counsel Fee Payment.

24.     Notwithstanding anything to the contrary in this Agreement, the proceedings for the District Court to determine the amount of any Class Counsel Fee Payment, and the District Court's award of any such Class Counsel Fee Payment, are not conditions of the Settlement and are to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  The proposed order submitted by Class Counsel shall provide that the Class Counsel Fee Payment shall be set forth in a fee and expense award separate from the Judgment entered by the District Court to ensure that any appeal of either order shall not constitute an appeal of the other.  Any order or proceedings relating to the application of Class Counsel for an award of a Class Counsel Fee Payment, or any appeal from any order related thereto, or reversal or modification thereof, will not operate, and will not provide any basis, to modify, cancel, or terminate the Settlement, or affect or delay the finality of the Judgment or any other orders entered pursuant to this Agreement.

25.     In the event that the District Court's order or judgment awarding the Class Counsel Fee Payment is reversed or modified (for any reason other than termination of the Settlement), then Class Counsel shall, in an amount consistent with such reversal or modification, refund such Class Counsel Fee Payment received by Class Counsel or any participating counsel, plus interest earned thereon, within ten (10) days from receiving notice of such reversal or modification.  Any refunds

App. 32

paid pursuant to this paragraph shall become part of the Net Settlement Fund and be distributed by the Fund Administrator in accordance with the Distribution Plan.

## CLASS NOTICE

26.    In accordance with the terms of the Preliminary Approval Order, Class Counsel shall cause Stretto, Inc. (the "Noticing Agent"), the noticing agent of the Wind Down Trust, to disseminate the Class Notice in connection with the proposed Settlement.

27.    Beginning no later than twenty (20) business days after the date of entry of the Preliminary Approval Order (the "Notice Date"), the Noticing Agent shall cause a copy of the Class Notice to be mailed by first-class mail to all Persons who purchased or otherwise acquired L Bonds at the addresses set forth in the records received by the Wind Down Trust in connection with the Bankruptcy Court's Confirmation Order, or who otherwise may be identified through further reasonable effort.

28.    By no later than the Notice Date, the Noticing Agent shall post a copy of the Class Notice on the Wind Down Trust's website established in connection with the Bankruptcy Case, https://gwgholdingstrust.com/ (the "Settlement Website") and cause publication of a summary form of notice to be published in Investor's Business Daily and once via PR Newswire; and no later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Released Defendants' Counsel and file with the Court proof, by affidavit or declaration, of the mailing described in the preceding paragraph.

29.    Brokers and other nominees who held L Bonds purchased or otherwise acquired pursuant and/or traceable to the Registration Statement during the Class Period for the benefit of another Person shall: (a) within seven (7) calendar days of receipt of the Class Notice, request from the Noticing Agent sufficient copies of the Class Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Class Notices forward them to all such beneficial

App. 33

owners; or (b) within seven (7) calendar days of receipt of the Class Notice, send a list of the names and mailing addresses of all such beneficial owners to the Noticing Agent in which event the Noticing Agent shall promptly mail the Class Notice to such beneficial owners.

**CONDITIONS OF SETTLEMENT AND EFFECT OF TERMINATION**

30.    The Effective Date of Settlement shall be the date when all of the following shall have occurred:

a.    each Party's receipt of a counterpart of this Agreement that has been duly executed by each of the other Parties;

b.    the Bankruptcy Court, upon and after appropriate notice and opportunity for a hearing, has entered the Bankruptcy Approval Order and the Bankruptcy Approval Order has become a Final Order;

c.    the District Court, upon and after appropriate notice and opportunity for a hearing, has entered the Preliminary Approval Order;

d.    the District Court, upon and after appropriate notice and opportunity for a hearing, has entered (i) an order (in form and substance acceptable to all of the Parties and that shall comply with the requirements of CAFA (and in particular, 28 U.S.C. § 1715(d)) finally approving this Agreement and (ii) the Judgment, and such order and the Judgment has each become a Final Order;

e.    none of the Released Class Action Plaintiffs, the Released Trust Action Plaintiffs, or Released Defendants has exercised any right to terminate this Agreement based upon the terms herein and in the Opt-Out Contingency Agreement (defined below). Any waiver of any of the preceding conditions shall not be effective unless and until set forth in a writing signed by all of the Parties, and any Party may elect to sign or not sign any proffered waiver in its sole and absolute discretion.

33

App. 34

31.    Each of the Parties shall have the right to terminate the Settlement by delivering written notice of its election to do so ("Termination Notice") to all other Parties within thirty (30) days of: (a) the Bankruptcy Court declining to enter the Bankruptcy Approval Order in any material respect; (b) the District Court declining to enter the Preliminary Approval Order in any material respect; (c) the District Court declining to enter the Judgment in any material respect; (d) entry prior to the Effective Date of an order by the issuing court or by a higher court modifying, vacating, or reversing in any material respect the Bankruptcy Approval Order or the Judgment; or (e) any of the conditions of paragraph 30 of this Agreement otherwise not being satisfied or waived by the Parties in writing. Notice shall take effect upon delivery. The Parties agree, however, that any decision with respect to any application for the Class Counsel Fee Payment shall not be considered material to the Settlement, shall not be a condition to the effectiveness of the Settlement, shall not affect the finality of the Judgment, and shall not be grounds for termination.

32.    Simultaneously herewith, the Parties to the Class Action, by and through their respective counsel, with the knowledge, consent, and agreement of the other Parties, are executing a supplemental agreement, which gives the Released Defendants in the Class Action the right, but not the obligation, to terminate the Settlement in the event that a certain portion of the Class (defined in the supplemental agreement as the "Opt-Out Threshold") delivers timely and valid requests for exclusion from the Class (the "Opt-Out Contingency Agreement"). The Parties will keep the Opt-Out Threshold confidential, except if compelled by judicial process to disclose it. If the District Court or the Bankruptcy Court requests to see the Opt-Out Threshold, the Parties will seek to provide the Opt-Out Threshold to the court *in camera*.

33.    Except as otherwise provided herein, in the event that the Settlement does not become effective (as set forth in paragraph 30) or is terminated (as set forth in paragraphs 31 or 32), this Agreement (including the releases contemplated herein), and any interim actions taken or deemed

34

App. 35

taken hereunder, shall be null and void and without prejudice to any claim, defense or position that has been, or may be, asserted by any of the Parties in the Trust Action, the Class Action, or any other action or proceeding; none of its terms shall be effective or enforceable; the fact and terms of the Settlement and all related negotiations shall not be admissible in any trial or used for any other purpose in the Trust Action, Class Action, or any other action or proceeding; and the Parties shall revert to their respective statuses and litigation positions as they existed on December 16, 2024.

34.     In the event that the Settlement does not become effective or is terminated (as set forth in paragraphs 30 through 32), and the Insurers have delivered the Settlement Amount pursuant to paragraph 8, the Fund Administrator shall return the Settlement Fund plus any interest earned and less any paid Administration Costs, Notice Costs, or taxes owed to the Insurers no later than five (5) days after the later of (a) the date the Settlement does not become effective or is terminated; and (b) the date by which the Fund Administrator has received appropriate payment transfer instructions from the Insurers, including the bank name and address, ABA routing number, account name and number, a signed letter from the payee on the payee's letterhead including such payment transfer instructions, and a signed Form W-9 reflecting the taxpayer identification number to be distributed. For the avoidance of doubt, in the event that the Settlement Fund is returned to the Insurers pursuant to this paragraph, Class Counsel shall be liable to refund to the Insurers any Class Counsel Fee Payment distributed from the Settlement Fund prior to the return of the Settlement Fund to the Insurers, and Trust Counsel shall be liable to refund to the Insurers any Trust Counsel Fee Payment distributed from the Settlement Fund prior to the return of the Settlement.

## NO ADMISSION; DENIAL OF LIABILITY

35.     Neither this Agreement (whether or not consummated) nor any negotiations or proceedings connected with it shall be deemed or construed to be an admission by any Party to this Agreement or any Released Defendant Releasee or evidence of any fact or matter alleged or that

35

App. 36

could have been alleged in the Class Action, the Trust Action, or in any other actions or proceedings, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, except (a) in a proceeding to interpret or enforce the terms of the Settlement or (b) as evidence in the event that any third party seeks a settlement credit in other proceedings brought by the Trustee.  Nothing in this Agreement (whether or not consummated) nor any negotiations or proceedings connected with it shall be used in support of any argument or claim that any transfer or transaction challenged as fraudulent or wrongful in the Trust Action should be avoidable or voided.

36.    Without limiting the generality of the preceding paragraph, Released Defendants are entering into this Settlement for settlement purposes only, without any admission of fault, liability, or wrongdoing whatsoever, and expressly deny any fault, liability, or wrongdoing whatsoever in connection with the facts alleged in the Class Action and the Trust Action.

## **MISCELLANEOUS**

37.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

38.    The Parties (including through their counsel) agree to act in good faith and take reasonable steps towards the consummation of this Settlement in accordance with the terms of this Agreement.

39.    Each of the attorneys executing this Agreement, any of its exhibits, or any related settlement documents on behalf of any Party or Parties hereto hereby warrants and represents that he or she has been authorized to do so by the Party or Parties he or she represents.

40.    All of the schedules and exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

App. 37

41.    This Agreement, the schedule and exhibits attached hereto, and the Opt-Out Contingency Agreement constitute the entire agreement between the Parties and supersede any prior agreements or understandings, whether written or oral.

42.    No representations, warranties or inducements have been made to or relied upon by any Party concerning this Agreement, other than the representations, warranties and covenants expressly set forth herein and in the Opt-Out Contingency Agreement.

43.    This Agreement shall be binding upon, and shall inure to the benefit of, each Party and each such Party's respective agents, representatives, successors, executors, heirs, assigns, and any other Person claiming by or through such Party.

44.    This Agreement may be executed in any number of counterparts by any of the signatories hereto, and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Agreement as if all signatories hereto had executed the same document.  Copies of this Agreement executed in counterpart shall constitute one and the same agreement.  Facsimile, electronic or PDF transmitted signatures shall be deemed to have the full force and effect of original ink signatures.

45.    This Agreement, and any and all disputes arising out of or relating in any way to this Agreement (including as to any matter relating in any way whatsoever to the Settlement), whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of Texas without regard to conflict of laws principles.

46.    The use of the masculine, feminine or neuter gender or the singular or plural form of words herein shall not limit any provision of this Agreement.  The use of the terms "including" or "include" shall in all cases herein mean "including but not limited to" or "include but are not limited to," respectively.  Reference to a Person in a particular capacity in relation to another Person (including in relation to a Party) shall refer to such Person only in such capacity and relation and not

37

App. 38

in any other capacity. Reference to any agreement (including this Agreement), document or instrument means such agreement, document or instrument as amended or modified and in effect from time to time in accordance with the terms thereof and, if applicable, the terms hereof. Reference to any law means such law as amended, modified, codified, replaced or re-enacted, in whole or in part, and in effect on the date hereof, including rules, regulations, enforcement procedures and any interpretations promulgated thereunder. References (whether underscored or otherwise) to paragraphs, clauses, exhibits or schedules shall refer to those portions of this Agreement, and any references (whether underscored or otherwise) to a clause shall, unless otherwise identified, refer to the appropriate clause within the same paragraph in which such reference occurs. The use of the terms "hereunder," "hereof," "hereto" and words of similar import shall refer to this Agreement as a whole and not to any particular paragraph or clause of or exhibit or schedule to this Agreement. All terms defined in this Agreement shall have the above-defined meanings when used in any certificate, report or other document made or delivered pursuant to this Agreement, unless the context therein shall clearly otherwise require. In the computation of periods of time in this Agreement from a specified date to a later specified date, the word "from" means "from and including" and the words "to" and "until" each means "to, but not through."

47.     The Bankruptcy Court and the District Court, as appropriate, shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Bankruptcy Court and the District Court, as the case may be, for purposes of implementing and enforcing this Agreement.

48.     This Agreement may not be modified or amended, in whole or in part, nor may any of its provisions be waived, in whole or in part, except by a writing signed by all Parties or their counsel or their respective successors in interest.

App. 39

49.     This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Agreement and the exhibits incorporated herein.

50.     All agreements by, between or among the Parties, their counsel and their other advisors as to confidentiality, including the confidentiality of information exchanged between or among them, shall remain in full force and effect and shall survive the execution of and any termination of this Agreement and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

51.     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

52.     THE PARTIES HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY DISPUTE OR OTHER MATTER RELATING TO THIS AGREEMENT, INCLUDING WITH RESPECT TO ANY DISPUTE RELATING TO ANY PARTY'S ACTIONS OR INACTIONS UNDER OR OTHERWISE IN RELATION TO THIS AGREEMENT.

[*Remainder of Page Intentionally Left Blank.*]

App. 40

Dated: March 6, 2025

**GIRARD SHARP LLP**

By: *Daniel Girard*
    Daniel C. Girard
    Adam E. Polk
    Sean Greene
    601 California Street, Suite 1400
    San Francisco, CA 94108
    Telephone: (415) 981-4800
    dgirard@girardsharp.com
    apolk@girardsharp.com
    sgreene@girardsharp.com

**MALMFELDT LAW GROUP P.C.**
Paul D. Malmfeldt
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 606-8625
pdm@malmfeldt.com

*Counsel for Lead Plaintiff Frank Moore*

**REID COLLINS & TSAI LLP**

By: _____
    William T. Reid IV
    Nathaniel J. Palmer
    1301 S. Capital of Texas Hwy, Ste. C300
    Austin, Texas 78746
    Telephone: (512) 647-6100
    wreid@reidcollins.com
    npalmer@reidcollins.com

*Counsel for the GWG Litigation Trust*

**ALLEN OVERY SHEARMAN
STERLING US LLP**

By: _____
    R. Thaddeus Behrens
    Daniel H. Gold
    The Link at Uptown
    2601 Olive Street, 17th Floor
    Dallas, TX 75201
    (214) 271-5777
    thad.behrens@aoshearman.com
    daniel.gold@aoshearman.com

*Attorneys for Beneficient Capital Company,
L.L.C.; Beneficient Capital Company II,
L.L.C.; Beneficient Company Holdings, L.P.;
Beneficient Management, L.L.C.; CT Risk
Management, L.L.C.; The Beneficient
Company Group (USA), L.L.C.; Beneficient
f/k/a The Beneficient Company Group, L.P.;
Thomas O. Hicks; Dennis P. Lockhart; Bruce
W. Schnitzer; LiquidTrust Management,
L.L.C.; Funding Trust Management, L.L.C.;*

40

Dated: March 6, 2025

**GIRARD SHARP LLP**

By: _____

Daniel C. Girard
Adam E. Polk
Sean Greene
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
dgirard@girardsharp.com
apolk@girardsharp.com
sgreene@girardsharp.com

**MALMFELDT LAW GROUP P.C.**

Paul D. Malmfeldt
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 606-8625
pdm@malmfeldt.com

*Counsel for Lead Plaintiff Frank Moore*

**REID COLLINS & TSAI LLP**

By: _____

William T. Reid IV
Nathaniel J. Palmer
1301 S. Capital of Texas Hwy, Ste. C300
Austin, Texas 78746
Telephone: (512) 647-6100
wreid@reidcollins.com
npalmer@reidcollins.com

*Counsel for the GWG Litigation Trust*

**ALLEN OVERY SHEARMAN
STERLING US LLP**

By: _____

R. Thaddeus Behrens
Daniel H. Gold
The Link at Uptown
2601 Olive Street, 17th Floor
Dallas, TX 75201
(214) 271-5777
thad.behrens@aoshearman.com
daniel.gold@aoshearman.com

*Attorneys for Beneficient Capital Company,
L.L.C.; Beneficient Capital Company II,
L.L.C.; Beneficient Company Holdings, L.P.;
Beneficient Management, L.L.C.; CT Risk
Management, L.L.C.; The Beneficient
Company Group (USA), L.L.C.; Beneficient
f/k/a The Beneficient Company Group, L.P.;
Thomas O. Hicks; Dennis P. Lockhart; Bruce
W. Schnitzer; LiquidTrust Management,
L.L.C.; Funding Trust Management, L.L.C.;*

40

App. 42

*and Beneficient Fiduciary Financial, L.L.C. in its capacity as Trustee of The Collective Collateral Trust I, The Collective Collateral Trust II, The Collective Collateral Trust III, The Collective Collateral Trust IV, The Collective Collateral Trust V, The Collective Collateral Trust VI, The Collective Collateral Trust VII, The Collective Collateral Trust VIII, The LT-1 Liquid Trust, The LT-2 Liquid Trust, The LT-5 Liquid Trust, The LT-7 Liquid Trust, The LT-8 Liquid Trust, and The LT-9 Liquid Trust*

**BAKER BOTTS L.L.P.**

By: _____
    Thomas E. O'Brien
    2001 Ross Avenue, Suite 900
    Dallas, TX 75201
    (214) 953-6934
    tom.obrien@bakerbotts.com

    James C. Tecce
    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
    295 Fifth Avenue
    New York, NY 10016
    (212) 849-7199
    jamestecce@quinnemanuel.com

*Attorneys for Bradley K. Heppner, individually*

**WINSTON & STRAWN LLP**

By: _____
    Steven H. Stodghill
    John CC Sanders, Jr.
    2121 N. Pearl St., Suite 900
    Dallas, TX 75201
    Telephone: 214-453-6500
    sstodghill@winston.com
    jsanders@winston.com

*Attorneys for Roy W. Bailey*

41

App. 43

*and Beneficient Fiduciary Financial, L.L.C. in its capacity as Trustee of The Collective Collateral Trust I, The Collective Collateral Trust II, The Collective Collateral Trust III, The Collective Collateral Trust IV, The Collective Collateral Trust V, The Collective Collateral Trust VI, The Collective Collateral Trust VII, The Collective Collateral Trust VIII, The LT-1 Liquid Trust, The LT-2 Liquid Trust, The LT-5 Liquid Trust, The LT-7 Liquid Trust, The LT-8 Liquid Trust, and The LT-9 Liquid Trust*

**BAKER BOTTS L.L.P.**

By: _____

Thomas E. O'Brien
2001 Ross Avenue, Suite 900
Dallas, TX 75201
(214) 953-6934
tom.obrien@bakerbotts.com

James C. Tecce
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 Fifth Avenue
New York, NY 10016
(212) 849-7199
jamestecce@quinnemanuel.com

*Attorneys for Bradley K. Heppner, individually*

**WINSTON & STRAWN LLP**

By: _____

Steven H. Stodghill
John CC Sanders, Jr.
2121 N. Pearl St., Suite 900
Dallas, TX 75201
Telephone: 214-453-6500
sstodghill@winston.com
jsanders@winston.com

*Attorneys for Roy W. Bailey*

41

App. 44

O'MELVENY & MYERS LLP

By: _____
Timothy S. Durst
Kristin Alvarado
2801 North Harwood Street Suite 1600
Dallas, TX 75201-1663
Telephone: 972-360-1900
Facsimile: 972-360-1901
tdurst@omm.com
kalvarado@omm.com

Amy S. Park
**O'MELVENY & MYERS LLP**
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Telephone: 650-473-2680
apark@omm.com

*Attorneys for David Chavenson, David H.
de Weese, and Sheldon Stein*

**CLEARY GOTTLIEB STEEN &
 HAMILTON LLP**

By: _____
Nowell D. Bamberger
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1752
nbamberger@cgsh.com

*Attorneys for Timothy L. Evans*

**FLETCHER HELD, PLLC**

By: _____
Kenneth P. Held
808 Travis Street, Suite 1553
Houston, Texas 77002
(713) 255-0414
kheld@fletcherheld.com

*Attorneys for Peter T. Cangany, Jr.*

**S. MICHAEL MCCOLLOCH PLLC**

42

App. 45

**O'MELVENY & MYERS LLP**

By: _____
Timothy S. Durst
Kristin Alvarado
2501 North Harwood Street Suite 1700
Dallas, TX 75201-1663
Telephone: 972-360-1900
Facsimile: 972-360-1901
tdurst@omm.com
kalvarado@omm.com

Amy S. Park
**O'MELVENY & MYERS LLP**
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Telephone: 650-473-2680
apark@omm.com

*Attorneys for David Chavenson, David H.
de Weese, and Sheldon Stein*

**CLEARY GOTTLIEB STEEN &
  HAMILTON LLP**

By: _____
Nowell D. Bamberger
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1752
nbamberger@cgsh.com

*Attorneys for Timothy L. Evans*

**FLETCHER HELD, PLLC**

By: _____
Kenneth P. Held
808 Travis Street, Suite 1553
Houston, Texas 77002
(713) 255-0414
kheld@fletcherheld.com

*Attorneys for Peter T. Cangany, Jr.*

**S. MICHAEL MCCOLLOCH PLLC**

42

App. 46

**O'MELVENY & MYERS LLP**

By: _____
    Timothy S. Durst
    Kristin Alvarado
    2501 North Harwood Street Suite 1700
    Dallas, TX 75201-1663
    Telephone: 972-360-1900
    Facsimile: 972-360-1901
    tdurst@omm.com
    kalvarado@omm.com

    Amy S. Park
    **O'MELVENY & MYERS LLP**
    2765 Sand Hill Road
    Menlo Park, CA 94025-7019
    Telephone: 650-473-2680
    apark@omm.com

*Attorneys for David Chavenson, David H.
de Weese, and Sheldon Stein*


**CLEARY GOTTLIEB STEEN &
  HAMILTON LLP**

By: _____
    Nowell D. Bamberger
    2112 Pennsylvania Avenue, NW
    Washington, DC 20037
    Telephone: (202) 974-1752
    nbamberger@cgsh.com

*Attorneys for Timothy L. Evans*

**FLETCHER HELD, PLLC**

By: _____
    Kenneth P. Held
    808 Travis Street, Suite 1553
    Houston, Texas 77002
    (713) 255-0414
    kheld@fletcherheld.com

*Attorneys for Peter T. Cangany, Jr.*


**S. MICHAEL MCCOLLOCH PLLC**

42

App. 47

By: _____
S. Michael McColloch
6060 N. Central Expressway, Suite 500
Dallas, Texas 75206
Telephone: (214) 643-6055
smm@mccolloch-law.com

**KAREN COOK PLLC**
Karen Cook
700 Park Seventeen Tower
1717 McKinney Avenue
Dallas, Texas 75202
Telephone: (214) 593-6429
karen@karencooklaw.com

Frank J. Wright
**LAW OFFICES OF FRANK J.
WRIGHT, PLLC**
1800 Valley View Lane, Suite 250
Farmers Branch, TX 75234
Telephone: (214) 935-9100
frank@fjwright.law

*Attorneys for Murray Holland*

43

App. 48

# EXHIBIT A

## Exhibit A

| Insurers | Policy No. | Limit of Liability | Underlying Limit |
|---|---|---|---|
| Indian Harbor Insurance Company | ELU167134-20 | $5,000,000 | |
| ACE American Insurance Company | DOX G46772040 002 | $5,000,000 | $5,000,000 |
| Berkshire Hathaway Specialty Insurance Company | 47-EPF-307648-02 | $5,000,000 | $10,000,000 |
| Allied World National Assurance Company | 0311-8353 | $5,000,000 | $15,000,000 |
| Allianz Global Risks US Insurance Company | USF00296120 | $5,000,000 | $20,000,000 |
| Berkley Insurance Company | BPRO8050233 | $5,000,000 | $25,000,000 |
| Endurance American Insurance Company | FIX30001065901 | $5,000,000 | $30,000,000 |
| QBE Insurance Corporation | QPL1326899 | $5,000,000 | $35,000,000 |
| Argonaut Insurance Company | MLX 4243832-1 | $5,000,000 | $40,000,000 |
| Stratford Insurance Company | FIP0000471 | $5,000,000 | $45,000,000 |
| RSUI Indemnity Company | NHS686778 | $5,000,000 | $50,000,000 |
| Crum & Forster Specialty Insurance Company | EPC-100596 | $5,000,000 | $55,000,000 |
| U.S. Specialty Insurance Company | 14-MGU-20-A49192 | $5,000,000 | $60,000,000 |
| Freedom Specialty Insurance Company | XMF2009029 | $5,000,000 | $65,000,000 |
| Associated Industries Insurance Company Inc. | ANV131462A | $5,000,000 | $70,000,000 |
| Ascot Insurance Company | FIXS2010000012-01 | $5,000,000 | $75,000,000 |

44

App. 50

| Insurers | Policy No. | Limit of Liability | Underlying Limit |
|---|---|---|---|
| Twin City Fire Insurance Company | 61 DA 0350748-20 | $5,000,000 | $80,000,000 |
| Certain Underwriters at Lloyds (Hiscox Syndicate 33) | B0507FI2000805 | $2,500,000 | $85,000,000 |
| Liberty Mutual Insurance Europe SE | | $2,500,000 | |
| Atlantic Specialty Insurance Company | FIN-000539-0001 | $5,000,000 | $90,000,000 |
| National Union Fire Insurance Company | 01-309-69-83 | $10,000,000 | $95,000,000 |
| Allianz Global Risks US Insurance Company | USF00296320 | $5,000,000 | $105,000,000 |
| XL Specialty Insurance Company | ELU167205-20 | $10,000,000 | $110,000,000 |
| Berkshire Hathaway Specialty Insurance Company | 47-EPF-307647-02 | $5,000,000 | $120,000,000 |
| Endurance American Insurance Company | FIX30001058101 | $5,000,000 | $125,000,000 |
| Continental Casualty Company | 652105528 | $5,000,000 | $130,000,000 |
| Allied World National Assurance Company | 0311-8354 | $5,000,000 | $135,000,000 |
| Westchester Fire Insurance Company | G71519983 002 | $5,000,000 | $140,000,000 |
| Markel American Insurance Company | MKLM6EL005435 | $5,000,000 | $145,000,000 |
| Old Republic Insurance Company | ORPRO 44323 | $5,000,000 | $150,000,000 |

App. 51

App. 52

# EXHIBIT B

**Exhibit B**

| Party | Claim Number(s) or Claim ID |
|---|---|
| Beneficient Capital Company, L.L.C. | 3673–3674 |
| Beneficient Company Holdings, L.P. | 3677–3679 |
| Beneficient Management, L.L.C. | 3675–3676 |
| The Beneficient Company Group (USA), L.L.C. | 3683–3684 |
| Beneficient, f/k/a The Beneficient Company Group, L.P. | 3680–3682 |
| David F. Chavenson | 3317 |
| David de Weese | 3320 |
| Timothy L. Evans | 34052282, 50008 |
| Murray T. Holland | 34052684, 34074544, 50009 |

46

App. 53

App. 54

# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>GWG HOLDINGS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-90032 (MI) (Jointly Administered) |

## [Proposed] ORDER ON MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT

Upon consideration of the Motion for Entry of an Order Approving a Settlement and Compromise Pursuant to Bankruptcy Rule 9019 (the "Motion"),[2] seeking approval of the Proposed Settlement dated as of March 6, 2025, and attached hereto as Exhibit A (the "Proposed Settlement"); and upon consideration of the evidence admitted and all objections, if any, to the Motion having been withdrawn, resolved, or overruled on the merits; and this Court having considered the legal and factual bases for the relief requested in the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2] Unless otherwise defined herein, all capitalized terms have the same meaning as used in the Motion.

App. 55

such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The matters raised in the Motion are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

C.      Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      Proper, sufficient, and adequate notice of the Motion and the hearing on the Motion have been given in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Plan, and no other or further notice is necessary.

E.      The Litigation Trustee has consulted with The Wind Down Trustee regarding the Proposed Settlement Pursuant to Article IV.E.2 of the Plan.

F.      The Proposed Settlement includes releases for claims the Litigation Trustee has asserted against the Settling Defendants for separate alleged injuries suffered by the Debtors arising out of a series of transactions between 2019 and 2021, which are described in the Complaint and the Motion.

G.      The Proposed Settlement and the transactions, compromises, and releases provided therein are reasonable and appropriate under the circumstances, and the GWG Litigation Trust has demonstrated both (i) good, sufficient, and sound business purposes and justification for the Proposed Settlement and the transactions, compromises, and releases provided therein, and (ii) compelling circumstances for approval of the Proposed Settlement pursuant to Bankruptcy Rule 9019.

H.      Based upon the evidence and arguments, this Court has weighed the probability of success in litigation, the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending to it. This Court has also taken into account the paramount interest

App. 56

of creditors and, based on all of the foregoing, has determined that the relief requested in the Motion is fair and equitable, in the best interests of the GWG Litigation Trust, and should be approved in all respects.

I.      In the absence of the Proposed Settlement, the GWG Litigation Trust faces litigation expense, risk, and delay. Even if the GWG Litigation Trust was successful in litigating its alleged claims, any recovery would not accrue to the benefit of the GWG Litigation Trust for several years. The Proposed Settlement resolves the disputes now without the need for additional and uncertain litigation.

J.      The terms of the Proposed Settlement and the transactions, compromises, and releases provided therein were negotiated and agreed to by the GWG Litigation Trust and the Settling Defendants,[3] each of whom was represented by competent counsel, in good faith, without collusion, and as a result of arm's-length bargaining.

K.      The Proposed Settlement was entered into by the GWG Litigation Trust and the Settling Defendants, each of whom was represented by competent counsel, in good faith, without collusion, and as a result of arm's-length bargaining.

Therefore, **IT IS HEREBY ORDERED, DETERMINED, ADJUDGED, AND DECREED THAT:**

---

[3] The "Settling Defendants" named in the Adversary Proceeding are Bradley K. Heppner; Beneficient f/k/a The Beneficient Company Group, L.P.; Beneficient Management, L.L.C.; Beneficient Company Holdings, L.P.; Beneficient Capital Company, L.L.C.; Beneficient Capital Company II, L.L.C.; The Beneficient Company Group (USA), L.L.C.; CT Risk Management, L.L.C.; Beneficient Fiduciary Financial, L.L.C.; The LT-1 Liquid Trust; The LT-2 Liquid Trust; The LT-5 Liquid Trust; The LT-7 Liquid Trust; The LT-8 Liquid Trust; The LT-9 Liquid Trust; The Collective Collateral Trust I; The Collective Collateral Trust II; The Collective Collateral Trust III; The Collective Collateral Trust IV; The Collective Collateral Trust V; The Collective Collateral Trust VI; The Collective Collateral Trust VII; The Collective Collateral Trust VIII; LiquidTrust Management, L.L.C.; Funding Trust Management, L.L.C.; Peter T. Cangany, Jr.; Thomas O. Hicks; Bruce W. Schnitzer; Murray T. Holland; Timothy L. Evans; David F. Chavenson; John Stahl; The LT-1 Collective Collateral Trust; The LT-1 Collective Collateral Trust; The LT-2 Collective Collateral Trust; The LT-3 Collective Collateral Trust; The LT-4 Collective Collateral Trust; The LT-5 Collective Collateral Trust; The LT-6 Collective Collateral Trust; The LT-7 Collective Collateral Trust; The LT-8 Collective Collateral Trust; and The LT-9 Collective Collateral Trust.  For the avoidance of doubt, "Settling Defendants" as used in this Order also includes other "Released Trust Action Defendants Releasees" as such term is defined in the Proposed Settlement.

App. 57

1.      The Proposed Settlement is approved.

2.      The GWG Litigation Trust, Settling Defendants, and their insurers are authorized

to take such steps and actions as may be necessary or appropriate to implement the terms of the

Proposed Settlement and this Order.

3.      The terms and conditions of this Order shall be effective and enforceable upon its

entry.

4.      This Court retains jurisdiction with respect to all matters arising from or related to

the Proposed Settlement or this Order.


Dated: _____, 2025
Houston, Texas                                          _____
                                                        MARVIN ISGUR
                                                        UNITED STATES BANKRUPTCY JUDGE

App. 58

App. 59

# EXHIBIT D

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE GWG HOLDINGS, INC.** | § | **Civil Action No. 3:22-cv-00410-B** |
| **SECURITIES LITIGATION** | § | |
| | § | |
| | § | **CLASS ACTION** |
| | § | |
| | § | |
| | § | |
| | § | |
| **This Document Relates To: All Actions** | § | |
| | § | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT WITH DEFENDANTS BRADLEY K. HEPPNER, PETER T. CANGANY, JR., THOMAS O. HICKS, DENNIS P. LOCKHART, BRUCE W. SCHNITZER, ROY W. BAILEY, DAVID F. CHAVENSON, DAVID H. DE WEESE, TIMOTHY L. EVANS, MURRAY T. HOLLAND, AND THE BENEFICIENT COMPANY GROUP, L.P.**

App. 60

WHEREAS, a securities class action is pending in this Court entitled *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (the "Class Action");

WHEREAS, on December 11, 2024, the Court held a hearing on Lead Plaintiff Frank Moore's ("Lead Plaintiff") motion for preliminary approval of settlement with Defendant Whitley Penn LLP ("Whitley Penn"), and on December 12, 2024, the Court entered an order granting preliminary approval of the settlement;

WHEREAS, (a) Lead Plaintiff, on behalf of himself and the Class (defined below); and (b) Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P. (collectively, the "GWG Defendants"), have agreed to settle the remaining claims asserted against the GWG Defendants in the Class Action with prejudice on the terms and conditions set forth in the Settlement Agreement dated March 6, 2025 (the "Agreement") subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order, all capitalized words contained herein used in relation to the Settlement of the Class Action against the GWG Defendants shall have the same meanings as they have in the Agreement;

WHEREAS, unless otherwise defined in this Order, all capitalized words contained herein used in relation to the settlement of the Class Action against Whitley Penn ("Whitley Penn Settlement") shall have the same meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 17, 2024 (the "Whitley Penn Agreement");

1

App. 61

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Agreement and allowing notice to Class Members as more fully described herein;

WHEREAS, in its December 12, 2024 order granting preliminary approval of the Whitley Penn Settlement, the Court granted Lead Plaintiff's request to defer submission of a proposed form of notice, a proposed method for providing notice to Class Members, and a proposed plan of allocation pending Lead Plaintiff's mediation with the GWG Defendants; and

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Agreement and the exhibits attached thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has jurisdiction over the subject matter of the Class Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties to the Class Action and each of the Class Members.

2.     The Parties to the Class Action have proposed the certification of the following Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive (the "Class Period").  Excluded from the Class are Released Defendants, current or former officers and directors of GWG or Ben and their immediate family members, legal representatives, heirs, successors or assigns, or any entity in which any Released Defendant has or had a controlling interest.  Also excluded from the Class

2

App. 62

are any Persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court.

3.      The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Class for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Class Action, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Class are so numerous that their joinder in the Class Action would be impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of Lead Plaintiff in the Class Action are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Class Action.

4.      The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiff as class representative for the Class and appoint Girard Sharp LLP and Malmfeldt Law Group P.C. as counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.      The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

App. 63

6.    The Court will hold a hearing (the "Settlement Hearing") on

_____, 2025, at __:__ _.m., in Courtroom 1516 of the Earle Cabell Federal

Building, located at 1100 Commerce Street, Dallas, Texas 75242-1003, for the following

purposes: (a) to determine whether the Class should be certified for purposes of the Settlement;

(b) to determine whether the proposed Settlement on the terms and conditions provided for in the

Agreement is fair, reasonable, and adequate to the Class, and should be finally approved by the

Court; (c) to determine whether a judgment, substantially in the form attached as Exhibit E to the

Agreement, should be entered dismissing the Class Action with prejudice against the GWG

Defendants and granting the Releases specified and described in the Agreement; (d) to determine

whether the proposed Distribution Plan for the proceeds of the Settlement is fair and reasonable

and should be approved; (e) to determine whether the motion by Class Counsel for an award of

attorneys' fees and expenses should be approved; and (f) to consider any other matters that may

properly be brought before the Court in connection with the Settlement. Notice of the Settlement

and the Settlement Hearing shall be given to Class Members as set forth in paragraph 8 of this

Order.

7.    The Court may adjourn the Settlement Hearing without further notice to the Class

and may approve the proposed Settlement with such modifications as the Parties to the Class

Action may agree to, if appropriate, without further notice to the Class. The Court retains

jurisdiction to consider all further applications arising out of or connected with the proposed

Settlement. The Court may decide to hold the Settlement Hearing by telephone or video

conference without further notice to the Class. Any Class Member (or his, her, their, or its

counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket

4

App. 64

and/or the Settlement Website (defined below) for any change in date, time, or format of the hearing.

8.    The Court approves Stretto, Inc., the noticing agent retained by the Wind Down Trust established in the related Bankruptcy Case (the "Noticing Agent"), to disseminate the Class Notice in connection with the proposed Settlement. Notice of the Settlement and the Settlement Hearing shall be given by the Noticing Agent under the direction of Class Counsel as follows:

a.    Beginning no later than twenty (20) business days after the date of entry of this Order (such date that is twenty (20) business days after the date of entry of this Order, the "Notice Date"), the Noticing Agent shall cause a copy of the Class Notice, substantially in the form attached hereto as Exhibit G, to be mailed by first-class mail to all holders of Allowed Claims, as such term is defined in the Confirmation Order, at the addresses appearing in the records of the Wind Down Trustee, or who otherwise may be identified through further reasonable effort;

b.    By no later than the Notice Date, the Noticing Agent shall disseminate the Class Notice via email to all email addresses associated with L Bond investors in the records of the Wind Down Trustee. To the extent such transmission of email notice results in "bounce-backs," the Noticing Agent will make a second attempt to re-send the email notice to the extent feasible;

c.    By no later than the Notice Date, the Noticing Agent shall post a copy of the Class Notice on the Wind Down Trust's website established in connection with the Bankruptcy Case, https://gwgholdingstrust.com (the "Settlement Website"), and cause publication of a summary form of notice, substantially in the form attached hereto as Exhibit H, to be published in Investor's Business Daily and once via PR Newswire;

5

App. 65

d.        By no later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Released Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing;

e.        Brokers and other nominees who held L Bonds purchased or otherwise acquired pursuant and/or traceable to the Registration Statement during the Class Period for the benefit of another Person shall: (a) within seven (7) calendar days of receipt of the Class Notice, request from the Noticing Agent sufficient copies of the Class Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Class Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Noticing Agent in which event the Noticing Agent shall promptly mail or email the Class Notice to such beneficial owners; and

f.        Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with the above of up to $0.03 per name/address provided and up to $0.03 plus postage, by providing the Noticing Agent with proper documentation supporting the expenses for which reimbursement is sought. Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Noticing Agent to consider a reasonable flat-rate adjustment for the costs incurred to perform their research. Properly documented expenses incurred by nominees in compliance with the above will be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court. All communications concerning the above should be addressed to the Noticing Agent and not to the Court.

App. 66

9.      The Settlement Hearing will also be held for the following purposes: (a) to determine whether the Class should be certified for purposes of the Whitley Penn Settlement; (b) to determine whether the proposed Whitley Penn Settlement with Whitley Penn on the terms and conditions provided for in the Whitley Penn Agreement is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (c) to determine whether a judgment, substantially in the form attached as Exhibit B to the Whitley Penn Agreement, should be entered dismissing the Class Action with prejudice against Whitley Penn and granting the Releases specified and described in the Whitley Penn Agreement; (d) to determine whether the proposed Distribution Plan for the proceeds of the Whitley Penn Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Class Counsel for an award of attorneys' fees and expenses in connection with the Whitley Penn Settlement should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Whitley Penn Settlement. Class Notice of the Whitley Penn Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 8 of this Order.

10.     The Court approves, as to form and content, the Class Notice, attached hereto as Exhibit G, and finds that the mailing and distribution of the Class Notice in the manner and form set forth in paragraph 8 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Class Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for an award of attorneys' fees and expenses, of their right to object to the Settlement, the Distribution Plan, and/or Class Counsel's motion for attorneys' fees and expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons and

7

App. 67

entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements

of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the

Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as

amended, and all other applicable law and rules. The date and time of the Settlement Hearing,

and all other relevant deadlines, shall be included in the Class Notice before it is mailed.

11.     As provided in the Agreement, Released Defendants named in the Class Action

shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.*

("CAFA"), no later than ten (10) calendar days following the filing of the Agreement with the

Court.  Released Defendants named in the Class Action are solely responsible for the costs of the

CAFA notice and administering the CAFA notice. By no later than seven (7) calendar days

before the Settlement Hearing, Released Defendants named in the Class Action shall cause to be

served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding

compliance with CAFA.

12.     As provided in the Whitley Penn Agreement, Whitley Penn shall serve the notice

required under CAFA, no later than ten (10) calendar days following the filing of the Agreement

with the Court.  Whitley Penn is solely responsible for the costs of the CAFA notice and

administering the CAFA notice. By no later than seven (7) calendar days before the Settlement

Hearing, Whitley Penn shall cause to be served on Class Counsel and filed with the Court proof,

by affidavit or declaration, regarding compliance with CAFA.

13.     Any member of the Class who wishes to exclude himself, herself, themselves, or

itself from the Class must request exclusion in writing within the time and in the manner set forth

in the Class Notice, which shall provide that: (1) any such request for exclusion from the Class

must be mailed or delivered such that it is received no later than fourteen (14) calendar days

App. 68

prior to the Settlement Hearing, to: GWG Class Action, EXCLUSIONS, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602, and (2) each request for exclusion must (i) state the name, address, and telephone number of the Person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact Person; (ii) state that such Person or entity "requests exclusion from the Class in *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (N.D. Tex.)"; (iii) state the amount of L Bonds that the Person or entity requesting exclusion: (A) purchased or otherwise acquired pursuant and/or traceable to the Registration Statement during the period between June 3, 2020 and April 16, 2021, inclusive, as well as the dates, amount of L Bonds, and prices of each such purchase or acquisition transaction, and (B) of the L Bonds purchased or otherwise acquired during the Class Period, sold on or after June 3, 2020, as well as the dates, amount of L Bonds, and prices of each such sale transaction; and (iv) be signed by the Person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the information called for above and is received within the time stated above, or is otherwise accepted by the Court. Class Counsel is authorized to request from any Person or entity requesting exclusion documentation sufficient to prove the information called for above, or additional transaction information or documentation regarding his, her, their, or its holdings in L Bonds.  Class Counsel shall cause to be provided to Released Defendants' Counsel copies of all requests for exclusion promptly upon receipt and as expeditiously as possible, and in any event not less than ten (10) calendar days prior to the Settlement Hearing.

14.    Any Person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class

9

App. 69

Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Class Action.

15.    Any Class Member who or that does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Agreement and Settlement and all proceedings, determinations, orders, and judgments in the Class Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Class Action Claims against any of the Released Class Action Defendants Releasees, as more fully described in the Agreement and Class Notice.

16.    Any Class Member may enter an appearance in the Class Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Court and delivering a notice of appearance to Class Counsel and Released Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who or which does not enter an appearance will be represented by Class Counsel.

17.    Any Class Member may file a written objection to the proposed Settlement, the proposed Distribution Plan, and/or Class Counsel's motion for an award of attorneys' fees and expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Distribution Plan, and/or Class Counsel's motion for attorneys' fees and expenses should not be approved; provided, however, that no Class Member shall be heard

10

App. 70

or entitled to contest the approval of the terms and conditions of the proposed Settlement, the

proposed Distribution Plan, and/or the motion for attorneys' fees and expenses unless that Person

or entity has filed a written objection with the Court and served copies of such objection on Class

Counsel and Released Defendants' Counsel at the addresses set forth below such that they are

received no later than fourteen (14) calendar days prior to the Settlement Hearing.

Class Counsel:

Daniel C. Girard
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
dgirard@girardsharp.com

Paul Malmfeldt
**MALMFELDT LAW GROUP P.C.**
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
pdm@malmfeldt.com

Released Defendants' Counsel:

Thad Behrens
**ALLEN OVERY SHEARMAN
 STERLING US LLP**
2601 Olive St., 17th Floor
Dallas, TX  75201
thad.behrens@aoshearman.com

Steven H. Stodghill
**WINSTON & STRAWN LLP**
2121 N. Pearl St., Suite 900
Dallas, TX  75201
sstodghill@winston.com

Timothy S. Durst
**O'MELVENY & MYERS LLP**
2501 N. Harwood St., Suite 1700
Dallas, TX  75201
tdurst@omm.com

Nowell D. Bamberger
**CLEARY GOTTLIEB STEEN &
 HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC  20037

11

App. 71

nbamberger@cgsh.com

S. Michael McColloch
**S. MICHAEL McCOLLOCH PLLC**
6060 N. Central Expressway, Suite 500
Dallas, TX  75206
smm@mccolloch-law.com

18.    Any objections, filings, and other submissions by the objecting Class Member must (a) identify the case name and case number, *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (N.D. Tex.); (b) state the name, address, and telephone number of the Person or entity objecting; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (e) include documents sufficient to prove membership in the Class, including documents showing the amount of L Bonds that the objecting Class Member purchased or otherwise acquired pursuant and/or traceable to the Registration Statement during the period between June 3, 2020 and April 16, 2021, inclusive. The documentation establishing membership in the Class must consist of copies of confirmation slips or monthly account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a confirmation slip or account statement. Class Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings in L Bonds.

19.    Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Distribution Plan, or Class Counsel's motion for attorneys' fees and expenses must also file a notice of appearance with the Court and serve it on

12

App. 72

Class Counsel and on Released Defendants' Counsel at the addresses set forth in paragraph 17 above so that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and intend to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

20.    Any Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Distribution Plan, or Class Counsel's motion for an award of attorneys' fees and expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Distribution Plan, or the requested attorneys' fees and expenses, or from otherwise being heard concerning the Settlement, the Distribution Plan, or the requested attorneys' fees and expenses in this or any other proceeding. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Distribution Plan, or the application for attorneys' fees and expenses.

21.    Until otherwise ordered by the Court, the Court stays all proceedings in the Class Action other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Class Member, either directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Class Action

13

Defendants Releasees any action or proceeding in any court or tribunal asserting any of the Released Class Action Claims.

22.    At or after the Settlement Hearing, the Court shall determine whether the Distribution Plan proposed by Class Counsel and any application for attorneys' fees and payment of expenses shall be approved.

23.    If the Settlement is terminated as provided in the Agreement, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Agreement, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and the GWG Defendants, and the Parties to the Class Action shall revert to their respective positions in the Class Action as of immediately prior to December 16, 2024, as provided in the Agreement.

24.    Neither this Order, the Agreement (whether or not consummated) and exhibits thereto, the Distribution Plan that may be approved by this Court, the negotiations leading to the agreement in principle to settle Lead Plaintiff's claims against the Released Class Action Defendants, the execution of the Agreement, nor the proceedings taken pursuant to or in connection with the Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be: (i) offered against the Released Class Action Defendants Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Class Action Defendants Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Class Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of the Released Class Action Defendants Releasees or in any way referred to for any other

14

App. 74

reason as against the Released Class Action Defendants Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement; (ii) offered against the Released Class Action Plaintiffs or any Class Member as evidence of, or construed as evidence of, any presumption, concession or admission by Released Class Action Plaintiffs or any Class Member that any of their claims are without merit, that any of the Released Class Action Defendants Releasees had meritorious defenses, or that damages recoverable in the Class Action would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind of Released Class Action Plaintiffs or any member of the Class or in any way referred to for any other reason as against Released Class Action Plaintiffs or any member of the Class, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement; or (iii) construed against any of the Released Class Action Defendants Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents that amount which could be or would have been recovered after trial; provided, however, that the Parties to the Class Action and their respective counsel may refer to the Agreement to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Agreement.

25.     No Class Member or any other Person will have any claim against any of the Parties, their counsel, the Noticing Agent, or the Wind Down Trustee arising from or relating to the settlement or actions, determinations, or distributions made substantially in accordance with the settlement or the orders of the Court.

26.     Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Distribution Plan, and Class Counsel's motion for an award of

15

App. 75

attorneys' fees and expenses no later than thirty-five (35) calendar days prior to the Settlement

Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days

prior to the Settlement Hearing.

27.    The Court retains jurisdiction to consider all further applications arising out of or

connected with the proposed Settlement.

IT IS SO ORDERED.

DATED: _____                    _____
                                                  THE HONORABLE JANE J. BOYLE
                                                  UNITED STATES DISTRICT JUDGE

App. 76

App. 77

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE GWG HOLDINGS, INC.** | § | **Civil Action No. 3:22-cv-00410-B** |
| **SECURITIES LITIGATION** | § | |
| | § | |
| | § | **CLASS ACTION** |
| | § | |
| | § | |
| | § | |
| | § | |
| **This Document Relates To: All Actions** | § | |
| | § | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANTS BRADLEY K. HEPPNER, PETER T. CANGANY, JR., THOMAS O. HICKS, DENNIS P. LOCKHART, BRUCE W. SCHNITZER, ROY W. BAILEY, DAVID F. CHAVENSON, DAVID H. DE WEESE, TIMOTHY L. EVANS, MURRAY T. HOLLAND, AND THE BENEFICIENT COMPANY GROUP, L.P.**

App. 78

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement ("Preliminary Approval Order") dated _____, 20___, on the application of Lead Plaintiff Frank Moore, on behalf of himself and the Class, and Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P., for Final Approval of the Settlement set forth in the Settlement Agreement dated March 6, 2025, (the "Agreement"). Due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Class Action and over all Parties to the Class Action, including all Class Members.

3.      The Court hereby certifies for the purposes of the Settlement only, the Class Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined as: all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive. Excluded from the Class are Released Defendants, current or former officers and directors of GWG or Ben and their immediate family members, legal representatives, heirs, successors or assigns, or any entity in which any Released Defendant

1

App. 79

has or had a controlling interest. Also excluded from the Class are the Persons and entities listed in Exhibit 1 appended hereto who or which are excluded from the Class pursuant to their requests for exclusion.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby designates Lead Plaintiff as class representative for the Class and appoints Girard Sharp LLP and Malmfeldt Law Group P.C. as counsel for the Class. Lead Plaintiff and Class Counsel have fairly and adequately represented the Class both in terms of litigating the Class Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement and the Distribution Plan set forth in the Agreement and finds that said Settlement and Distribution Plan are, in all respects, fair, reasonable, and adequate to the Class.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Agreement and the Settlement are fair, reasonable, and adequate as to each of the Parties to the Class Action, and that the Agreement and Settlement are hereby finally approved in all respects, and the Parties to the Class Action are hereby directed to perform the Agreement's terms.

7.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Agreement, as well as the terms and provisions hereof. The Court hereby dismisses the Class Action as to Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P.,

App. 80

and dismisses all Released Class Action Claims against the Released Class Action Defendants Releasees with prejudice, without costs as to Released Class Action Defendants Releasees, except as and to the extent provided in the Agreement and herein.

8. Upon the Effective Date, the Released Class Action Plaintiffs, and each and every Class Member, each on behalf of itself and each of its current and former directors, officers, members, managers, employees, shareholders, partners, advisors, accountants, attorneys, insurers, representatives, Affiliates, successors, assigns, trustees, beneficiaries, and agents, and each of their respective Affiliates, shall be deemed by operation of law to have, and by operation of the Settlement and this Judgment to have, released, waived, discharged, and dismissed each and every Released Class Action Claim, including Unknown Claims, against each and every Released Class Action Defendants Releasee and shall forever be enjoined from commencing or prosecuting in any forum any or all of the Released Class Action Claims against each and every Released Class Action Defendants Releasee, except that the foregoing release, waiver and discharge shall not release, waive or discharge Released Class Action Plaintiffs' right to enforce the Agreement.

9. Upon the Effective Date, the Released Class Action Defendants Releasees shall be deemed by operation of law to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each of the Released Class Action Plaintiffs from all Released Defendant Class Action Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Class Action and the Released Class Action Claims, except that the foregoing release, waiver, and discharge shall not release, waive, or discharge the Released Class Action Defendants Releasees' right to enforce the Agreement.

App. 81

10.     The Class Notice given to the Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, including the individual notice to Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.

11.     Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Class Action Claim, or of any wrongdoing or liability of Released Class Action Defendants Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Class Action Defendants Releasees; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Released Class Action Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Class Action Defendants Releasees may file the Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

4

App. 82

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Class Action; and (d) all Parties to the Class Action for the purpose of construing, enforcing, and administering the Agreement.

13.     The Court finds that during the course of the Class Action, the Parties to the Class Action and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.     No Class Member or any other Person will have any claim against any of the Parties, their counsel, the Noticing Agent, or the Wind Down Trustee arising from or relating to the settlement or actions, determinations, or distributions made substantially in accordance with the settlement or the orders of the Court.

15.     In accordance with 15 U.S.C. § 77z-1, 15 U.S.C. § 78u-4(f)(7), and any other applicable law or regulation, any and all Claims which are brought by any Person or entity against any of the Released Class Action Defendants Releasees for contribution or indemnification arising out of any Released Class Action Claim are hereby permanently barred and discharged.  Any such Claims brought by any of the Released Class Action Defendants Releasees against any Person or entity (other than Persons or entities whose liability to any of the Released Class Action Plaintiffs or Class Members is extinguished by this Order and Final Judgment) are likewise permanently barred and discharged.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Effective Date does not occur, then this Judgment shall be

5

App. 83

rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

17.     Without further approval from the Court, the Parties to the Class Action are hereby authorized to agree to and adopt such amendments or modifications of the Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties to the Class Action may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

18.     The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____        _____
                                     THE HONORABLE JANE J. BOYLE
                                     UNITED STATES DISTRICT JUDGE

6

App. 84

App. 85

# **EXHIBIT F**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>GWG HOLDINGS, INC., *et al.*[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 22-90032 (MI) (Jointly Administered) |

**MOTION OF LITIGATION TRUSTEE AND SETTLING DEFENDANTS FOR ENTRY
OF BAR ORDER IN CONNECTION WITH SETTLEMENT OF ADVERSARY
PROCEEDING**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**
>
> **A hearing will be conducted on this matter on April 16, 2025, at 2:30 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the following URL: https://www.gotomeet.me/JudgeIsgur.**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg. "**GWG**" as used herein refers to GWG Holdings, Inc. and its affiliated debtors and debtors in possession.

App. 86

**TABLE OF CONTENTS**

PAGE

INTRODUCTION ................................................................................................................. 1

JURISDICTION AND VENUE ........................................................................................... 2

RELEVANT FACTUAL BACKGROUND.......................................................................... 3

    I.    GWG's Confirmed Bankruptcy Plan Gives the Trustee the Exclusive Right to Pursue Claims Based on Alleged Injuries to GWG. ......................................................... 3

    II.    The Trustee Files this Adversary Proceeding, and the Parties Engage in Hard Fought Litigation............................................................................................................. 3

    III.    The Trustee and the Settling Defendants Agree to Settle After Extensive Discussions with Experienced Mediators. ......................................................................... 4

    IV.    The Settling Defendants Commit All of Their Insurance to Facilitate the Settlement, Which Does Not Include Other Non-Settling Defendants................................... 4

    V.    A Key Term of the Settlement Agreement Is that the Trustee and the Settling Defendants Will Use Their Best Efforts to Secure a Bar Order. ....................................... 5

    VI.    The Trustee Has Other Pending Litigation With Allegations that Overlap with the Allegations in this Adversary Proceeding............................................................. 5

ARGUMENT ....................................................................................................................... 6

    I.    Applicable Legal Standards for Bar Orders........................................................ 6

    II.    The Proposed Bar Order Meets the Applicable Legal Standards. ..................... 8

    III.    The Proposed Bar Order Is Consistent with *Purdue Pharma*.......................... 11

NOTICE............................................................................................................................... 12

CONCLUSION.................................................................................................................... 12

i

App. 87

## TABLE OF AUTHORITIES

**Page**

**Cases**

*In re ClubX, LLC,*
  2024 WL 5182335 (E.D. Va. Dec. 19, 2024) ........................................................9, 11

*Feld v. Zale Corp. (In re Zale Corp.),*
  62 F.3d 746 (5th Cir. 1995) ..............................................................................7

*Fetner v. Hotel Street Cap., L.L.C.,*
  2021 WL 1022585 (E.D. Va. Feb. 5, 2021)...............................................7, 8, 14, 15

*Franklin v. Kaypro Corp.,*
  884 F.2d 1222 (9th Cir. 1989) ..........................................................................7

*Harrington v. Purdue Pharma L.P.,*
  144 S. Ct. 2071 (2024)....................................................................2, 11, 12, 14, 15

*Hill v. Day (In re Today's Destiny, Inc.),*
  388 B.R. 737 (Bankr. S.D. Tex. 2008) .............................................................10

*Lehman Brothers, Inc. v. Munford, Inc. (In re Munford, Inc.),*
  97 F.3d 449 (11th Cir. 1996) .........................................................................7, 8

*Manriquez v. United States,*
  2004 U.S. Dist. LEXIS 27746 (W.D. Tex. Oct. 28, 2004) ......................................10

*Markland v. Davis (In re Centro Grp., LLC),*
  2021 WL 5158001 (11th Cir. Nov. 5, 2021)..........................................................11

*McDonald v. Union Carbide Corp.,*
  734 F.2d 182 (5th Cir. 1984) ...........................................................................6

*In re MCSGlobal Inc.,*
  562 B.R. 648 (E.D. Va. Jan. 4, 2017) ...............................................................12

*In re Terra-Drill P'ships Sec. Litig.,*
  726 F. Supp. 655 (S.D. Tex. Dec. 8, 1989)............................................................7

*Tittle v. Enron Corp.,*
  228 F.R.D. 541 (S.D. Tex. 2005).......................................................................6

*In re U.S. Oil & Gas Litig.,*
  967 F.2d 489 (11th Cir. 1992) ..........................................................................6

ii

App. 88

*United States v. Hartog*,
  597 B.R. 673 (S.D. Fla. 2019) .................................................................................................8

*In re Voluntary Purchasing Grps., Inc. Litig.*,
  2002 WL 1269972 (N.D. Tex. June 5, 2002) ..........................................................................7, 9

*Werner v. KPMG LLP*,
  415 F. Supp. 2d 688 (S.D. Tex. 2006) ...................................................................................10

*WFG Lender Servs., LLC v. SLK Global BPO Servs. Pvt. Ltd.*,
  2019 WL 13418433 (S.D. Tex. Jan. 22, 2019) ......................................................................10

*Zacaria v. Stanford Int'l Bank, Ltd.*,
  945 F.3d 883 (5th Cir. 2019) ..................................................................................................7

**Statutes**

10 Del. C. § 6304 ........................................................................................................................11

10 Del. C. § 6304(b) ...................................................................................................................11

11 U.S.C. § 105 ............................................................................................................................3

11 U.S.C. § 105(a) .....................................................................................................................1, 6

28 U.S.C. § 157 ............................................................................................................................2

28 U.S.C. § 1334 ..........................................................................................................................2

28 U.S.C. § 1408 ..........................................................................................................................2

28 U.S.C. § 1409 ..........................................................................................................................2

Tex. Civ. Prac. & Rem Code § 33.000 .......................................................................................2

Tex. Civ. Prac. & Rem Code § 33.011(5) .................................................................................10

Tex. Civ. Prac. & Rem Code § 33.015(d) .................................................................................10

**Other Authorities**

Fed. R. Civ. P. 14 .......................................................................................................................10

Fed. R. Civ. P. 14(a) ..................................................................................................................10

Fed. R. Civ. P. 16 .........................................................................................................................6

Fed. R. Bankr. P. 9019 .................................................................................................................3

App. 89

The Trustee[2] and Defendants Bradley K. Heppner, Beneficient Fiduciary Financial, L.L.C. and any predecessor or successor trustee (in his or its capacity as Trustee of The Collective Collateral Trust I, The Collective Collateral Trust II, The Collective Collateral Trust III, The Collective Collateral Trust IV, The Collective Collateral Trust V, The Collective Collateral Trust VI, The Collective Collateral Trust VII, The Collective Collateral Trust VIII, The LT-1 Liquid Trust, The LT-2 Liquid Trust, The LT-5 Liquid Trust, The LT-7 Liquid Trust, The LT-8 Liquid Trust, and The LT-9 Liquid Trust), Funding Trust Management, L.L.C., LiquidTrust Management, L.L.C., Peter T. Cangany, Jr., Thomas O. Hicks, Bruce W. Schnitzer, Murray T. Holland, Timothy L. Evans, David F. Chavenson, Beneficient f/k/a The Beneficient Company Group, L.P., The Beneficient Company Group (USA) LLC, Beneficient Capital Company, LLC, Beneficient Capital Company II, LLC, Beneficient Company Holdings, LP, CT Risk Management, L.L.C., and Beneficient Management, LLC (the "**Settling Defendants**") file this motion pursuant to 11 U.S.C. § 105(a) for entry of an order in connection with the Settlement Agreement barring claims against any of the Released Defendants Releasees for alleged injuries to GWG that were or could have been asserted by the Trust (the "**Motion**"), and in support thereof respectfully state as follows:

## INTRODUCTION

1.      The parties' Settlement Agreement in the adversary proceeding styled *Goldberg v. Heppner, et al.*, Adv. Pro. No. 24-03090 (the "**Adversary Proceeding**"), if approved by the Court, commits the entirety of the remainder of the Settling Defendants' D&O insurance proceeds, leaving none for potential civil claims that might be asserted by other creditors of GWG attempting

---

[2]      Capitalized terms used but not defined herein are defined in the Settlement Agreement (ECF No. ⬜) (the "**Settlement Agreement**"), attached as an exhibit to the GWG Litigation Trustee's Motion for Entry of an Order Approving Settlement Agreement (ECF No. ⬜) (the "**9019 Motion**").

App. 90

to assert claims on behalf of the estate or otherwise.  Through this Motion, the Trustee and the Settling Defendants seek an order ensuring that in exchange for this substantial commitment of settlement consideration, the Settling Defendants receive complete peace from claims asserting that they caused injury to GWG's estate.

2.    The Trustee has the exclusive authority to bring and settle claims on behalf of GWG's estate.  The Trustee has other pending litigation with overlapping factual allegations related to some of the same transactions that the Trustee challenged in the Adversary Proceeding. Entry of a bar order is necessary to ensure that others—in the currently pending proceedings or otherwise—do not seek to hold the Settling Defendants (and their affiliated Released Defendants Releasees) secondarily responsible for alleged injuries to GWG by asserting contribution or third-party claims.  This result is fully consistent with the statutory framework for contribution claims in Chapter 33 of the Texas Civil Practice and Remedies Code.

3.    The proposed bar order here complies with the applicable legal requirements for such orders.  It seeks to bar only claims interrelated with the claims in this case and that seek to hold the Settling Defendants liable for alleged injuries to GWG; it does not seek to bar third parties (if any) that can assert individualized, non-derivative injuries based on their individual dealings with the Settling Defendants or GWG.  Accordingly, the Supreme Court's recent *Purdue Pharma* opinion has no bearing on this Motion.

4.    The Court should grant this Motion and enter the accompanying proposed order.

### JURISDICTION AND VENUE

5.    The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Confirmation Order (ECF No. 1952).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The basis for the relief

App. 91

requested herein is section 105 of title 11 of the United States Code, the Confirmation Order, and

Federal Rule of Bankruptcy Procedure 9019.

**RELEVANT FACTUAL BACKGROUND**

**I.    GWG's Confirmed Bankruptcy Plan Gives the Trustee the Exclusive Right to Pursue Claims Based on Alleged Injuries to GWG.**

6.    On June 20, 2023, the Court entered its Confirmation Order (ECF No. 1952) (the

"**Confirmation Order**") confirming GWG's bankruptcy plan (Exhibit A to ECF No. 1952) (the

"**Plan**").  The Plan provides that the Trustee has exclusive authority to prosecute and settle claims

based on alleged injuries to GWG.  *See* Plan Article I.A.106 ("Initial Litigation Trust Assets"

include "the Retained Causes of Action"), Article I.A. 121 ("Litigation Trust" is "established . . .

for the purpose of prosecuting or settling the Retained Causes of Action"), Article I.A.124

("Litigation Trustee . . . shall . . . prosecute and/or settle the Retained Causes of Action"), Article

I.A.163 ("Retained Causes of Action" includes "Causes of Action belonging to the Debtors or their

Estates that are not released pursuant to this Plan or other Final Order"), Article IV.E.1 ("The

Litigation Trust will . . . hold all Retained Causes of Action"), Article IV.E.2 ("The Litigation

Trustee shall have the sole authority to make decisions and take action with respect to the Initial

Litigation Trust Assets [and] the Retained Causes of Action"), Article IV.Q ("The Litigation Trust,

through its authorized agents or representatives, shall retain and may exclusively enforce any and

all Retained Causes of Action.  The Litigation Trust shall have the exclusive right, authority, and

discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise,

release, withdraw, or litigate to judgement any such Causes of Action . . . .").

**II.    The Trustee Files this Adversary Proceeding, and the Parties Engage in Hard Fought Litigation.**

7.    As set forth in more detail in the 9019 Motion, the Trustee brought this Adversary

Proceeding against numerous defendants in early 2024, and the parties engaged in hard fought

3

App. 92

litigation.  At the time of the filing of this Motion in early 2025, numerous substantive motions consisting of over 900 pages of briefing were pending.  *See* ECF Nos. 58, 63, 74, 81 (Motion to Withdraw Reference), ECF Nos. 60, 75, 80, 133, 134 (Motion to Transfer Venue), ECF Nos. 61, 62, 101, 104, 110, 111, 113, 114, 117, 132, 138 (Motions to Dismiss).

**III.    The Trustee and the Settling Defendants Agree to Settle After Extensive Discussions with Experienced Mediators.**

8.    As described in more detail in the 9019 Motion and the Settlement Agreement, the Trustee and the Settling Defendants entered into the Settlement Agreement only after extensive negotiations that pre-dated the filing of this case and lasted more than a year.  The discussions were facilitated by the Hon. W. Royal Furgeson (Ret.) and David Murphy of Phillips ADR Enterprises LLC.  On November 24, 2024, Judge Furgeson and Mr. Murphy presented a mediators' proposal to the parties.  On December 16, 2024, after additional discussions, the parties agreed in principle to the terms of the settlement.

**IV.    The Settling Defendants Commit All of Their Insurance to Facilitate the Settlement, Which Does Not Include Other Non-Settling Defendants.**

9.    Pursuant to the Settlement Agreement, the Settling Defendants have agreed to provide all of the remaining limits on the applicable insurance policies as settlement consideration, with the exception of an agreed holdback for the Settling Defendants and other insureds to use in certain specified pending legal proceedings.  Any unused portion of that holdback will revert to the Trustee as additional settlement consideration.  The Settlement Agreement would resolve the Trustee's claims only against the Settling Defendants.[3]

---

[3]    The Defendants not included in the settlement are The Bradley K. Heppner Family Trust, The Heppner Family Home Trust, The Highland Business Holdings Trust, The Highland Investment Holdings Trust, Beneficient Holdings, Inc., Bradley Capital Company, L.L.C., Research Ranch Operating Company, L.L.C., Elmwood Bradley Oaks, L.P., HCLP Credit Company, L.L.C., HCLP Nominees, L.L.C., and Highland Consolidated, L.P.

4

App. 93

**V.     A Key Term of the Settlement Agreement Is that the Trustee and the Settling Defendants Will Use Their Best Efforts to Secure a Bar Order.**

10.     One of the key terms of the mediators' proposal as agreed to by the Trustee and the Settling Defendants and as memorialized in the Settlement Agreement is that the settling parties would use their best efforts to secure a bar order from this Court in favor of the Released Defendants Releasees.   The bar order is proposed to apply to any Claims based on alleged injuries to GWG or its estate that may be asserted against any of the Released Defendants Releasees by non-Parties related to the allegations in the Adversary Proceeding and/or the putative securities class action that is also being settled in the Settlement Agreement and is pending in the Northern District of Texas before Judge Boyle.

11.     Although the settlement is not contingent on the Court entering a bar order, the Trustee's agreement to use his best efforts to obtain a bar order is integral to the Settlement Agreement.  Indeed, the Settling Defendants would not have accepted the mediators' proposal or agreed to the Settlement Agreement without this key term.

**VI.     The Trustee Has Other Pending Litigation With Allegations that Overlap with the Allegations in this Adversary Proceeding.**

12.     Relevant to the bar order sought through this Motion, the Trustee has brought other actions with factual allegations and legal theories that overlap with the allegations and claims asserted in this Adversary Proceeding.  These actions include *Goldberg v. Sabes*, Adv. Pro. No. 24-03089, *Goldberg v. Foley & Lardner LLP*, Adv. Pro. No. 24-03199, and an arbitration proceeding against one of GWG's auditors.  *See* ECF No. 2475 in Case No. 22-90032, at 4 ("In June 2024, the Litigation Trustee commenced an arbitration proceeding against one of the Debtors' former auditors.").  For example, the claims in *Goldberg v. Foley Lardner LLP* relate to the Essex Transaction, $65 million loan, and $79 million investment agreement that are also at issue in this

5

App. 94

adversary proceeding.  The Trustee could conceivably bring other actions with overlapping allegations as well.

13.    The Settling Defendants are giving up all of their applicable D&O insurance coverage in connection with settling the Trustee's claims against them brought on behalf of the GWG estate.  A bar order is necessary to give the Settling Defendants (and their associated Released Defendants Releasees) complete peace from potential attempts by parties in these other proceedings to try to hold the Released Defendants Releasees secondarily liable—through contribution, cross-claims, or otherwise—for the alleged injuries to GWG that the Trustee asserts in those proceedings.

## ARGUMENT

### I.    Applicable Legal Standards for Bar Orders

14.    Courts have the discretion to prevent the filing of third-party claims, and "[t]his discretion includes the approval of settlement agreements which deal with third-party actions against those released . . . ."  *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984).  "If the cross-claims that the district court seeks to extinguish through the entry of a bar order arise out of the same facts as those underlying the litigation, then the district court may exercise its discretion to bar such claims in reaching a fair and equitable settlement."  *Tittle v. Enron Corp.*, 228 F.R.D. 541, 559 (S.D. Tex. 2005) (quoting *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 494, 496 (11th Cir. 1992)).  A bankruptcy court can enter a bar order in connection with the settlement of an adversary proceeding pursuant to 11 U.S.C. § 105(a) and Fed. R. Civ. P. 16.  *E.g.,*

App. 95

*Lehman Brothers, Inc. v. Munford, Inc. (In re Munford, Inc.)*, 97 F.3d 449, 454-55 (11th Cir. 1996); *Fetner v. Hotel Street Cap., L.L.C.*, 2021 WL 1022585, at *3 (E.D. Va. Feb. 5, 2021).[4]

15.    "Settling defendants cannot obtain finality unless a 'bar order' is entered by the court.  In essence, a bar order constitutes a final discharge of all obligations of the settling defendants and bars any further litigation of claims made by non-settling defendants." *In re Voluntary Purchasing Grps., Inc. Litig.*, 2002 WL 1269972, at *3 (N.D. Tex. June 5, 2002) (quoting *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225 (9th Cir. 1989)).  Accordingly, the "settlement bar rule" prevents others from asserting claims against settling defendants. *Id.* at *4. "The rationale underlying this rule is to protect the finality of settlements." *Id.*  "A settling defendant is entitled to a bar against contribution.  Any other rule would inhibit settlement of claims . . . ." *In re Terra-Drill P'ships Sec. Litig.*, 726 F. Supp. 655, 656 (S.D. Tex. Dec. 8, 1989).

16.    In the receivership context, the Fifth Circuit has approved bar orders in connection with settlements where the order precludes "claims arising from the same [conduct]" as challenged in the settled suit between the receiver and the defendant and the barred claims involved "the same loss, from the same entities, related to the same conduct, and arising out of the same transactions and occurrences by the same actors." *See Zacaria v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883, 898 (5th Cir. 2019).  It has also observed that a settlement bar order is particularly appropriate where "continued litigation would eat away at the limited funds available under [the settling defendant's] 'wasting' insurance policy." *Id.* at 901.

17.    When parties seek a bar order in connection with settling an adversary proceeding, courts consider the following four factors:  "the interrelatedness of the claims that the bar order

---

[4]    The Fifth Circuit's opinion in *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746 (5th Cir. 1995) involved, unlike here, (i) a settlement in connection with confirming a bankruptcy plan, and (ii) an attempt to enjoin claims based on alleged injuries to non-debtors.

App. 96

precludes, the likelihood of the [barred parties] to prevail on the barred claim, the complexity of the litigation, and the likelihood of depletion of the resources of the settling defendants." *In re Munford, Inc.*, 97 F.3d at 455.

## II.    The Proposed Bar Order Meets the Applicable Legal Standards.

18.    A bar order prohibiting others from attempting to hold the Settling Defendants liable for alleged injuries to GWG satisfies these legal standards.

19.    *First*, the claims sought to be barred are interrelated with the estate's claims. "The test is whether assertion of the claims proposed to be barred could conceivably have an effect on the estate being administered in bankruptcy." *United States v. Hartog*, 597 B.R. 673, 681 (S.D. Fla. 2019) (quotation marks omitted). There can be no dispute that the claims sought to be barred here are interrelated with the estate's claims, as the claims sought to be barred are those that seek to recover based on theories of alleged injury to GWG. *See, e.g.*, *Fetner*, 2021 WL 1022585, at *4 (settlement bar order upheld where "recovery on [the barred claims] would have been ensured to the benefit of the bankruptcy estate"). The Confirmation Order and the Plan give the Trustee the exclusive right to pursue these claims.

20.    *Second*, the likelihood of barred parties to prevail on the barred claims is speculative at best, as the Settling Defendants would vigorously defend against any claims seeking to hold them liable for alleged injuries to GWG, as they have done throughout the Adversary Proceeding. What is not speculative is that prevailing on any claims against the Settling Defendants would be time-consuming, costly, and difficult, and that the pursuit of such claims would be contrary to the goals of the parties' Settlement Agreement.

21.    *Third*, this litigation and any other potential litigation based on the same factual circumstances is undeniably complex. The Complaint in the Adversary Proceeding is over 300 pages and has generated hundreds of pages of threshold motions. Litigating the challenged

8

App. 97

transactions through trial—in this case or in the Trustee's related cases—would require multiple experts on issues such as valuation and damages.

22.    *Fourth*, the Settling Defendants' resources are being depleted.  As explained in the 9019 Motion, the Settling Defendants in settling this case are committing the remainder of their applicable D&O insurance policies that will not be used for the defense of other pending proceedings.  One way or another, the settlement provides that the Settling Defendants will be left with zero remaining insurance from the applicable policies at the end of the day.

23.    The *In re Voluntary Purchasing Groups* case is instructive.  The plaintiffs and VPG settled and jointly sought a bar order precluding third-party claims against VPG.  *In re Voluntary Purchasing Grps., Inc. Litig.*, 2002 WL 1269972, at *1-2.  Over the objection of a third party, the court barred the third party "from bringing any third party actions for contribution against VPG with respect to all causes of action alleged by plaintiffs" except for a claim for injunctive relief.  *Id.* at *4.  The court noted that VPG had "bought its peace" with the settling plaintiffs and therefore should not be at risk of being secondarily liable to those plaintiffs through third-party claims.  *See id.*; *see also In re ClubX, LLC*, 2024 WL 5182335, at *5 (E.D. Va. Dec. 19, 2024) (upholding bar order and stating "[w]ith such a benefit to be conferred on the debtor, it is fair and reasonable to ensure that the bargained for releases that led to the benefit actually result in finality for the settling parties").

24.    The same analysis applies here.  The Settling Defendants have agreed to buy peace with the Trustee through the Settlement Agreement.  Third parties should not be permitted to seek to hold the Settling Defendants liable for alleged injuries to GWG when they have committed all of their applicable D&O insurance to settle all claims based on those injuries.  Moreover, the proposed bar order is integral to the Settlement Agreement in that the Settling Defendants would

9

App. 98

not have agreed to settle without the Trustee's commitment to join them in using best efforts to obtain a bar order. Therefore, the proposed bar order should be entered.

25.    This result is consistent with the Texas Civil Practice and Remedies Code's provision that "[n]o defendant has a right of contribution against any settling person," which is defined as "a person who has, at any time, paid or promised to pay money . . . to a claimant in consideration of potential liability with respect to the . . . harm for which recovery of damages is sought." Tex. Civ. Prac. & Rem Code §§ 33.011(5), 33.015(d). Similarly, the statute provides that "each liable defendant is entitled to contribution from each person **who is not a settling person** and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission." *Id.* § 33.016(b) (emphasis added). Accordingly, no defendant (in this or any other action) can seek contribution from a settling party for the same harm. Indeed, this Court has cited the statute in holding that a party "should not seek contribution from [parties] that qualify as 'settling persons.'" *Hill v. Day (In re Today's Destiny, Inc.)*, 388 B.R. 737, 751-52 (Bankr. S.D. Tex. 2008).[5]

---

[5]    The statute applies to protect settling defendants where, as here, they settled the claims against them in one case, and then a defendant in a separate case potentially seeks to hold them liable for contribution or on third-party claims. *See Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 706 (S.D. Tex. 2006) ("Section 33.015 applies when a defendant asserts contribution rights as between codefendants; Section 33.016 applies when a defendant asserts contribution rights against others not sued by the plaintiff."). Courts have applied the statute to deny a defendant's motion to bring in a third party pursuant to Fed. R. Civ. P. 14. *E.g.*, *WFG Lender Servs., LLC v. SLK Global BPO Servs. Pvt. Ltd.*, 2019 WL 13418433, at *7-8 (S.D. Tex. Jan. 22, 2019) ("SLK's third-party claims against Mission Title are improper because SLK cannot seek recovery from Mission Title due to Mission Title's alleged negligence because these claims have been settled and released. For these reasons the third-party claims against Mission Title should be stricken."); *Manriquez v. United States*, 2004 U.S. Dist. LEXIS 27746, at *6-8 (W.D. Tex. Oct. 28, 2004) ("Because Texas law expressly denies Thomason Hospital any right of contribution from Ramirez, Ramirez cannot be liable to Thomason Hospital for any of Plaintiff's claims against Thomason Hospital, and impleading Ramirez is improper under Rule 14(a).").

10

App. 99

26.    Similarly, for Delaware law claims, 10 Del. C. § 6304 provides protection for settling defendants from contribution claims where the settlement agreement provides for a judgment reduction. *See* 10 Del. C. § 6304(b) (settling defendant is "relieve[d] . . . from liability to make contribution to another" where agreement "provides for a reduction, to the extent of the pro rata share of the released [party], of the injured person's damages recoverable against all the other [parties]"). The Settlement Agreement here includes such a provision. Settlement Agreement ¶ 19.a. Accordingly, entry of the proposed bar order is consistent with both the Texas and Delaware statutes.

### III.    The Proposed Bar Order Is Consistent with *Purdue Pharma*.

27.    The recent case of *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071 (2024), does not have any bearing on the entry of a bar order in this case. In *Purdue Pharma*, the Supreme Court held that a bankruptcy court cannot approve nonconsensual releases of claims against non-debtor third parties as part of a plan of reorganization. *See generally id.* As courts recognized before *Purdue Pharma*, a bar order in connection with a settlement is different than a nonconsensual release in connection with a plan of reorganization. *See Markland v. Davis (In re Centro Grp., LLC)*, 2021 WL 5158001, at *2-3 (11th Cir. Nov. 5, 2021).

28.    The proposed bar order here is carefully crafted to include only claims that the Trustee has the exclusive right to pursue, a scenario which *Purdue Pharma* did not address. To be clear, the proposed bar order would *not* apply to direct claims of creditors asserting individualized, non-derivative injuries based on their individual dealings with the Settling Defendants. Nothing in *Purdue Pharma* deprives the Trustee of the ability to release estate claims and causes of action against non-debtors or the Court's ability to prevent end runs around those releases by precluding third parties from seeking to hold settlors responsible for alleged estate injuries. *See In re ClubX, LLC*, 2024 WL 5182335, at *6 (rejecting argument that settlement bar order was impermissible

11

App. 100

under *Purdue Pharma* where the bar order would "only include estate causes of action"); *see also In re MCSGlobal Inc.*, 562 B.R. 648, 655 (E.D. Va. Jan. 4, 2017) (holding that standards for release of third-party direct claims did not apply where "the Trustee has been very careful to affirm that he is not seeking a release of third-party claims; rather; the Trustee is seeking a release of the *estate's* claims that are released in the settlement"). *Purdue Pharma* thus poses no impediment to granting this Motion.

### NOTICE

29.    Prior to filing of this Motion, the Trustee coordinated with the Wind Down Trustee and her advisors and Stretto regarding service. The Trustee and Wind Down Trustee wish to ensure the broadest possible notice. A Service List was created that includes all parties on the master mailing matrix, including all WDT Interest holders. Further, the service list now includes individual indirect WDT Interest holders identified by the Wind Down Trustee during this case. Service will occur by First Class US Mail on all parties and also by e-mail whenever possible. Stretto will file an affidavit of service with the Service List attached. Further, this Motion will be posted on the GWG Trust website, and the Trustee will provide notice of this Motion to counsel to all parties (a) against whom the Trustee is pursuing claims, or (b) with whom the Trustee has entered into tolling agreements.

### CONCLUSION

WHEREFORE, for the forgoing reasons, the Court should grant the Motion and enter the proposed order submitted herewith, and the Trustee and the Settling Defendants should be granted such other relief as may be appropriate.

App. 101

Dated:  March 7, 2025

Respectfully submitted,

**REID COLLINS & TSAI LLP**

By: */s/ Nathaniel Palmer*
William T. Reid, IV
Tex. Bar No. 00788817
S.D. Tex. Bar No. 17074
Nathaniel J. Palmer (admitted *pro hac vice*)
Tex. Bar No. 24065864
Joshua J. Bruckerhoff
Tex. Bar. No. 24059504
S.D. Tex. Bar No. 1049153
Morgan M. Menchaca
Tex. Bar No. 24103877
S.D. Tex. Bar No. 3697565
Dylan Jones (admitted *pro hac vice*)
Tex. Bar No. 24126834
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
(512) 647-6100
wreid@reidcollins.com
npalmer@reidcollins.com
jbruckerhoff@reidcollins.com
mmenchaca@reidcollins.com
djones@reidcollins.com

Michael J. Yoder (admitted *pro hac vice*)
Tex. Bar No. 24056572
1601 Elm Street, Ste 4200
Dallas, Texas 75201
(214) 420-8912
myoder@reidcollins.com

Tarek F.M. Saad (admitted *pro hac vice*)
Tex. Bar No. 00784892
420 Lexington Avenue, Suite 2731
New York, NY 10170
(212) 344-5203
tsaad@reidcollins.com

*Counsel for the GWG Litigation Trustee*

13

App. 102

**ALLEN OVERY SHEARMAN STERLING US LLP**

By: */s/ R. Thaddeus Behrens*
R. Thaddeus Behrens
Texas Bar No. 24029440
thad.behrens@aoshearman.com
Daniel H. Gold
Texas Bar No. 24053230
daniel.gold@aoshearman.com
Ian E. Roberts
Texas Bar No. 24056217
ian.roberts@aoshearman.com
Matthew A. McGee
Texas Bar No. 24062527
matt.mcgee@aoshearman.com
William D. Marsh
Texas Bar No. 24092762
billy.marsh@aoshearman.com
The Link at Uptown
2601 Olive Street, 17th Floor
Dallas, TX 75201
Tel.: (214) 271-5777

*Counsel for Defendants Beneficient Capital Company, L.L.C.; Beneficient Capital Company II, L.L.C.; Beneficient Company Holdings, L.P.; Beneficient Management, L.L.C.; CT Risk Management, L.L.C.; The Beneficient Company Group (USA), L.L.C.; The Beneficient Company Group, L.P.; Thomas O. Hicks; Bruce W. Schnitzer; LiquidTrust Management, L.L.C.; Funding Trust Management, L.L.C.; and Beneficient Fiduciary Financial, L.L.C. in its capacity as Trustee of The Collective Collateral Trust I, The Collective Collateral Trust II, The Collective Collateral Trust III, The Collective Collateral Trust IV, The Collective Collateral Trust V, The Collective Collateral Trust VI, The Collective Collateral Trust VII, The Collective Collateral Trust VIII, The LT-1 Liquid Trust, The LT-2 Liquid Trust, The LT-5 Liquid Trust, The LT-7 Liquid Trust, The LT-8 Liquid Trust, and The LT-9 Liquid Trust*

14

App. 103

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ James C. Tecce*
James C. Tecce
NY Bar No. 2919926
295 Fifth Avenue
New York, NY 10016
(212) 849-7199
jamestecce@quinnemanuel.com

*Counsel for Defendant Bradley K. Heppner, individually*

**O'MELVENY & MYERS LLP**

By: */s/ Timothy S. Durst*
Timothy S. Durst
Tex. Bar No. 00786924
S.D. Tex. Bar No. 19715
2801 N. Harwood Street, Ste. 1600
Dallas, TX 75201
(972) 360-1923
tdurst@omm.com

*Counsel for Defendant David F. Chavenson*

**CLEARY GOTTLIEB STEEN & HAMILTON, LLP**

By: */s/ Nowell D. Bamberger*
Matthew C. Solomon
DC Bar No. 187816
Nowell D. Bamberger
DC Bar No. 989157
2112 Pennsylvania Avenue NW, Ste. 1000
Washington, DC 20037-3229
(202) 974-1500
msolomon@cgsh.com
nbamberger@cgsh.com

Roger B. Cowie
**LOCKE LORD, LLP**
Tex. Bar No. 00783886
S.D. Tex. Bar No. 18886
rcowie@lockelord.com

15

App. 104

2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

*Counsel for Defendant Timothy L. Evans*

**S. MICHAEL MCCOLLOCH PLLC**

By: */s/ S. Michael McColloch*
S. Michael McColloch
Tex. Bar No. 13431950
S.D. Tex. Bar No. 3398015
6060 N. Central Expressway, Ste. 500
Dallas, TX 75206
(214) 643-6055
smm@mccolloch-law.com

Karen Cook
**KAREN COOK PLLC**
Tex. Bar No. 12696860
S.D. Tex. Bar No. 2837418
6060 N. Central Expressway, Ste. 500
Dallas, TX 75206
(214) 643-6054
karen@karencooklaw.com

Frank J. Wright
**LAW OFFICES OF FRANK J. WRIGHT, PLLC**
Tex. Bar No. 22028800
S.D. Tex. Bar No. 753096
1800 Valley View Lane, Suite 250
Farmers Branch, TX 75234
(214) 935-9100
frank@fjwright.law

*Counsel for Defendant Murray T. Holland*

**FLETCHER HELD, PLLC**

By: */s/ Kenneth P. Held*
Kenneth P. Held
Tex. Bar No. 24030333
S.D. Tex. Bar No. 29197

16

App. 105

808 Travis Street, Suite 1553
Houston, Texas 77002
(713) 255-0414
kheld@fletcherheld.com

*Counsel for Defendant Peter T. Cangany, Jr.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2025, the foregoing was served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

*/s/ Nathaniel Palmer*
Nathaniel Palmer

17

App. 106

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| GWG HOLDINGS, INC., *et al.*[1] | Case No. 22-90032 (MI) (Jointly Administered) |
| Debtors. | |

**ORDER GRANTING MOTION OF LITIGATION TRUSTEE AND SETTLING
DEFENDANTS FOR ENTRY OF BAR ORDER IN CONNECTION WITH
SETTLEMENT OF ADVERSARY PROCEEDING
[Relates to Adv. Docket No. ___]**

Upon consideration of the Motion of Litigation Trustee and Settling Defendants for Entry of Bar Order in Connection with Settlement of Adversary Proceeding (the "**Motion**")[2] filed by the Trustee and the Settling Defendants; and the Court having reviewed the Motion, the supporting pleadings, and any responses thereto; and the Court having determined that the legal and factual bases set forth in the Motion entitle the Trustee and the Settling Defendants to the relief granted therein; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1.      The Motion is GRANTED in its entirety.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: GWG Holdings, Inc. (2607); GWG Life, LLC (6955); GWG Life USA, LLC (5538); GWG DLP Funding IV, LLC (2589); GWG DLP Funding VI, LLC (6955); and GWG DLP Funding Holdings VI, LLC (6955). The location of Debtor GWG Holdings, Inc.'s principal place of business and the Debtors' service address is 325 N. St. Paul Street, Suite 2650 Dallas, TX 75201. Further information regarding the Debtors and these chapter 11 cases is available at the website of the Debtors' claims and noticing agent: https://donlinrecano.com/gwg.

[2]    Capitalized terms used but not defined herein have the meaning ascribed in the Motion and/or in the Settlement Agreement (ECF No. __) (the "**Settlement Agreement**"), attached as an exhibit to the GWG Litigation Trustee's Motion for Entry of an Order Approving Settlement Agreement (ECF No. __) (the "**9019 Motion**").

1

App. 107

2.    Pursuant to the Confirmation Order and Plan, the Trustee has the exclusive right to prosecute claims and seek to recover for alleged injuries to GWG.

3.    Upon the Effective Date, the Court permanently bars, restrains, and enjoins all non-Parties to the Settlement Agreement from directly, indirectly, or through a third party instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the Settling Defendants or any of the Released Defendants Releasees, any action, lawsuit, cause of action, liability, claim, investigation, demand, levy, complaint, or proceeding of any nature (with the exception of any claims or demands for contractual indemnification, including but not limited to indemnification rights pursuant to corporate articles of incorporation or bylaws) in any forum that (i) in any way relates to, is based upon, arises from or is connected with the allegations in the Trust Action and/or the allegations in the Class Action, and (ii) seeks to hold any of the Settling Defendants or any of the Released Defendants Releasees liable or responsible for alleged injuries to GWG or its estate.  Nothing in this paragraph precludes any third party from asserting any direct claims for any injuries that the third party itself suffered.

4.    This Order does not prevent any non-Party who is now or is in the future alleged to be responsible for any portion of the alleged injuries in the Trust Action and/or the Class Action from seeking a settlement credit or other reduction in any judgment obtained against such non-Party to the extent provided for under applicable law.

5.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation, or enforcement of this Order.

App. 108

Signed: _____, 2025

_____
Marvin Isgur
United States Bankruptcy Judge

App. 109

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE GWG HOLDINGS, INC. SECURITIES LITIGATION | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-cv-00410-B<br><br><br>**CLASS ACTION** |
| This Document Relates To: All Actions | | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENTS; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND EXPENSES**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Class Action") pending in the United States District Court for the Northern District of Texas (the "Court"), if you purchased or otherwise acquired L Bonds of GWG Holdings, Inc. ("GWG") between June 3, 2020 and April 16, 2021, inclusive (the "Class Period"), and were allegedly damaged thereby.[1]

**NOTICE OF SETTLEMENTS:** Please also be advised that Court-appointed Lead Plaintiff Frank Moore ("Lead Plaintiff"), on behalf of himself and the Class (as defined in ¶ 18 below), have reached proposed settlements of the Class Action for $50,950,000.00 in cash that, if approved, will resolve all claims in the Class Action (the "Settlements"). The terms and provisions of the Settlements are contained in the GWG Agreement and the Whitley Penn Agreement, each posted to https://gwgholdingstrust.com.

---

[1] All capitalized terms used in this Class Notice that refer to the Settlement with the GWG Defendants (defined below in ¶ 1) not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement dated March 6, 2025 (the "GWG Agreement"), which is available at https://gwgholdingstrust.com.  All capitalized terms used in relation to the settlement between Whitley Penn LLP ("Whitley Penn") and Lead Plaintiff (the "Whitley Penn Settlement") not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 17, 2024 (the "Whitley Penn Agreement"), which is also available at https://gwgholdingstrust.com.

1

App. 111

This Class Notice is directed to you in the belief that you may be a member of the Class. If you do not meet the Class definition, this Class Notice does not apply to you.

**PLEASE READ THIS NOTICE CAREFULLY. This notice explains important rights you may have as a member of the Class. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Class Notice, the proposed Settlements, or your eligibility to participate in the Settlements, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants or their counsel. All questions should be directed to the Noticing Agent or Class Counsel (*see* ¶¶ 6 and 54 below).**

1.  **Description of the Class Action and the Class:** This Class Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P. ("Ben") (together, the "GWG Defendants") violated the federal securities laws by making false and/or misleading statements that were material to investors concerning the business model of Ben, GWG's subsidiary at the time. The GWG Defendants deny these allegations and deny any wrongdoing of any kind. This Class Notice also relates to a proposed settlement of claims alleging that GWG's independent auditor, Whitley Penn LLP, violated federal securities laws in connection with its audit opinion concerning GWG's 2019 financial statements.  A more detailed description of the Class Action is set forth in ¶¶ 11-17 below. The proposed Settlements, if approved by the Court, will settle claims of the Class, as defined in ¶ 18 below.  As set forth in more detail in the GWG Agreement, the Settlement with the GWG Defendants is contingent upon final approval by both the Court and the United States Bankruptcy Court for the Southern District of Texas.

2.  **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of himself and the Class, and the Trustee, on behalf of the GWG Litigation Trust, have agreed to settle the Class Action and certain claims in a separate action brought by the GWG Litigation Trust against the GWG Defendants and other persons and entities associated with GWG and Ben in exchange for a payment of $50,500,000. Separately, subject to Court approval, Lead Plaintiff, on behalf of himself and the Class, has agreed to settle the Class Action against Whitley Penn in exchange for a payment of $450,000. If these Settlements are approved, a settlement fund of $50,950,000, less any (i) Distribution Taxes; (ii) Notice Costs; (iii) Administration Costs; (iv) Plaintiff Counsel Fee Payments; and (v) any other costs or fees approved by the Court will be distributed to the holders of Allowed Claims in accordance with the Confirmation Order entered in the related Bankruptcy Case, *In re GWG Holdings, Inc., et al.*, Case No. 22-90032 (MI) (Bankr. S.D. Tex.) (the "Distribution Plan").  You can review the Confirmation Order at: https://gwgholdingstrust.com.

3.  **Estimate of Average Amount of Recovery Per Unit of L Bonds:** Based on the total principal amount of GWG's public L Bond debt as of the date GWG and affiliated debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, Lead Plaintiff estimates

2

App. 112

the average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $31.48 per Unit of L Bonds, where a "Unit" represents $1,000 in principal amount of L Bonds as defined in the Registration Statement. Class Members should note, however, that the foregoing average recovery is only an estimate.

4.    **Average Amount of Damages Per Unit of L Bonds:** The Parties to the Class Action do not agree on the average amount of damages per Unit of L Bonds that would be recoverable if Lead Plaintiff was to prevail in the Class Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that damages were suffered by any Class Member as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Girard Sharp LLP and Malmfeldt Law Group P.C., and additional class counsel (collectively with Lead Counsel, "Class Counsel"), have been prosecuting the Class Action on a wholly contingent basis since its inception in 2022, have not received any payment of attorneys' fees for their representation of the Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Class Action. Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed $8,619,000 of the Settlement Funds (as defined in ¶ 36 below). In addition, Class Counsel will apply for reimbursement of expenses incurred in connection with the institution, prosecution, and resolution of the Class Action in an amount not to exceed $500,000. The estimated average cost for such fees and expenses if the Court approves Class Counsel's fee and expense application is $5.63 per Unit of L Bonds.  Any fees and expenses awarded by the Court will be paid from the Settlement Funds.

6.    **Identification of Attorneys' Representatives:** Lead Plaintiff and the Class are represented by Lead Plaintiff's counsel:

Daniel C. Girard
Sean Greene
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800
dgirard@girardsharp.com
sgreene@girardsharp.com

Paul D. Malmfeldt
**MALMFELDT LAW GROUP P.C.**
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 606-8625
pdm@malmfeldt.com

Further information regarding the Class Action, the Settlements, and this Class Notice may be obtained by contacting Class Counsel or the Noticing Agent at: GWG Class Action, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602; (833) 307-4634;

App. 113

GWGClassAction@stretto.com; https://gwgholdingstrust.com. **Please do not contact the Court regarding this Class Notice.**

7.    **Reasons for the Settlements:** Lead Plaintiff's principal reason for entering into the Settlements is the substantial and certain recovery that the Settlements provide for the Class without the risk or the delays inherent in further litigation. In addition, the GWG Defendants have limited insurance available to them, and continued litigation will further deplete that insurance. Moreover, the substantial recovery provided under the Settlements must be considered against the significant risk that a smaller recovery—or no recovery at all—might be achieved after contested motions, a trial of the Class Action, and the likely appeals that would follow a trial. This process would last several years. The Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws or any other laws, are entering into the Settlements solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS: | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS <u>RECEIVED</u> NO LATER THAN [_____], 2025.** | This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants. You should not exclude yourself from the Class if you want the Court to approve the Settlements. You do not need to exclude yourself to preserve your right to sue the broker dealer or registered investment advisor who sold you L Bonds. |
| **OBJECT TO THE SETTLEMENTS BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS <u>RECEIVED</u> NO LATER THAN [_____], 2025.** | If you do not like the proposed Settlements, the proposed Distribution Plan, or the request for attorneys' fees and expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlements, the Distribution Plan, or the fee and expense request if you exclude yourself from the Class.  The Court cannot order larger Settlements, the Court can only approve or reject the Settlements. |
| **GO TO A HEARING ON [_____], 2025, AT [__:__] [_].M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS <u>RECEIVED</u> NO LATER THAN [_____], 2025.** | Filing a written objection and notice of intention to appear by [_____], 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlements, the Distribution Plan, and/or the request for attorneys' fees and expenses. In the Court's discretion, the [_____], 2025 hearing may be conducted by telephone or video conference (*see* ¶¶ 45-46 below). If you submit a written objection, you may (but you do not have to) participate in the hearing |

4

App. 114

| | |
|---|---|
| | and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a Class Member and you do nothing, you will remain a Class Member, which means that you give up your right to sue about the claims that are resolved by the Settlements, and you will be bound by any judgments or orders entered by the Court in the Class Action. |

These rights and options—and the deadlines to exercise them—are further explained in this Class Notice.

<u>Please Note</u>: **The date and time of the Settlement Hearing—currently scheduled for [_____], 2025, at [__:__] [_].m.—is subject to change without further notice to the Class. It is also within the Court's discretion to hold the hearing in person or by video or telephonic conference. If you plan to attend the hearing, you should check the settlement website, https://gwgholdingstrust.com (the "Settlement Website"), or with Class Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| **WHAT THIS NOTICE CONTAINS** |
|---|

| | |
|---|---|
| Why Did I Get This Notice? | Page [ ] |
| What Is This Case About? | Page [ ] |
| How Do I Know If I Am Affected By The Settlements? Who Is Included In The Class? | Page [ ] |
| What Are The Parties' Reasons For The Settlements? | Page [ ] |
| What Might Happen If There Were No Settlements? | Page [ ] |
| How Are Class Members Affected By The Class Action And The Settlements? | Page [ ] |
| How Do I Participate In The Settlements? What Do I Need To Do? | Page [ ] |
| How Much Will My Payment Be? | Page [ ] |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page [ ] |
| What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself? | Page [ ] |
| When And Where Will The Court Decide Whether To Approve The Settlements? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlements? | Page [ ] |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page [ ] |

App. 115

**WHY DID I GET THIS NOTICE?**

8.    The Court directed that this Class Notice be mailed to you because you or an investment account for which you serve as a custodian may have purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the Class Period. The Court has directed us to send you this Class Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlements. If the Court approves the Settlements and the Distribution Plan (or some other plan of allocation), the Fund Administrator will make payments pursuant to the Settlements after any objections and appeals are resolved.

9.    The purpose of this Class Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlements, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlements, the proposed Distribution Plan, and the motion by Class Counsel for attorneys' fees and expenses (the "Settlement Hearing"). *See* ¶¶ 45-46 below for details about the Settlement Hearing, including the date and location of the hearing. You should not exclude yourself from the Class if you want the Court to approve the Settlements. Please note that you do not need to exclude yourself from the Class to protect your right to sue the broker dealer or investment advisor who sold you L Bonds.

10.    The issuance of this Class Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Class Action in favor of Lead Plaintiff or Defendants, and the Court still must decide whether to approve the Settlements. If the Court approves the Settlements and the Distribution Plan, then payments to Class Members will be made by the Wind Down Trust after any appeals are resolved. For updates, please visit the Wind Down Trust website: https://gwgholdingstrust.com.

**WHAT IS THIS CASE ABOUT?**

11.    Lead Plaintiff asserts claims under §§11 and 15 of the Securities Act of 1933 against each of the GWG Defendants and Defendant Whitley Penn alleging that GWG's June 3, 2020 Registration Statement for its offering of L Bonds ("Registration Statement") contained material misrepresentations and omitted material information.

12.    Lead Plaintiff alleges that the Registration Statement said Ben offered liquidity products structured as loans to unaffiliated trusts, that the trusts used the loan proceeds to purchase alternative assets, and that the cash flows from the alternative assets collateralized Ben's loans. Lead Plaintiff also allege that the Registration Statement also stated that Ben earned interest income on the loans, and earned fees by providing services to the unaffiliated trusts.

13.    Lead Plaintiff alleges that in November 2021, GWG restated its 2019 financial statements and its quarterly financial statements for each of the first three quarters of 2020 ("Restatement").

6

App. 116

Lead Plaintiff alleges that the Restatement treated the trusts, to which Ben purportedly made loans and provided services, as subsidiaries of Ben. Lead Plaintiff alleges that the previously-reported interest income and fees were eliminated from GWG's restated financial statements.

14.  Lead Plaintiff alleges that the Registration Statement, by reporting that Ben had earned interest income and fees during the first quarter of 2020, materially misrepresented Ben's financial performance. Lead Plaintiff also alleges that the Registration Statement materially misrepresented Ben's business model; rather than making loans and providing services to unaffiliated trusts, Ben's business was investment in alternative assets which it made through its subsidiaries.

15.  In addition, Lead Plaintiff alleges that the Registration Statement contained material misrepresentations and/or omitted material information relating to Ben's goodwill valuation, the use of L Bond proceeds, and the resignations of certain GWG directors.

16.   Defendants deny all allegations of wrongdoing and that they have any liability to Lead Plaintiff or the Class. The Court has not ruled as to whether Defendants are liable.

17.  You may read a copy of the Complaint here: https://gwgholdingstrust.com.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENTS? WHO IS INCLUDED IN THE CLASS?** |
| --- |

18.  If you are a member of the Class, you are subject to the Settlements, unless you timely request to be excluded. The Class consists of:

> All Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive.

Excluded from the Class are Defendants, current or former officers and directors of GWG or Ben and their immediate family members, legal representatives, heirs, successors or assigns, or any entity in which any Defendant has or had a controlling interest.  Also excluded from the Class are any Persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court in accordance with the requirements set forth in this Class Notice. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?" on page [__] below.

| **WHAT ARE THE PARTIES' REASONS FOR THE SETTLEMENTS?** |
| --- |

19.  Lead Plaintiff and Class Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue the claims against Defendants through class certification, summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. Lead Plaintiff would also face risks relating to Defendants' negative causation

App. 117

defenses. Defendants have contended that any loss experienced by Lead Plaintiff is not attributable to any alleged misrepresentation or omission in the Registration Statement. If Defendants had succeeded on one or more of their negative causation and damages arguments, the potential recoverable damages could have been dramatically reduced or even eliminated.

20.  Lead Plaintiff and Class Counsel also recognize that continued litigation will continue to deplete the remaining insurance coverage available to the GWG Defendants, reducing the amount available to settle the Class Action and the Trust Action.

21.  In light of these risks, Lead Plaintiff and Class Counsel believe the $50,950,000 of cash consideration to be paid on behalf of Defendants in connection with the Settlements, is a favorable outcome for the Class.

22.  Defendants deny the claims asserted against them in the Class Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Class Action. Defendants believe that all of their public disclosures were accurate when made and deny all allegations of wrongdoing that have been asserted against them. Defendants have agreed to the Settlements solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlements are not and may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENTS?

23.  If there were no Settlements and Lead Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, neither Lead Plaintiff nor the other Class Members would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlements, or nothing at all. Finally, if the Class Action continues against the GWG Defendants, their insurance will be further depleted by ongoing expenditures, including legal fees in the Class Action and the Trust Action, reducing the amount available to compensate L Bond investors.

## HOW ARE CLASS MEMBERS AFFECTED BY THE CLASS ACTION AND THE SETTLEMENTS?

24.  As a Class Member, you are represented by Lead Plaintiff and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf as provided in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlements?" below.

25.  If you are a Class Member and you wish to object to the Settlements, the Distribution Plan, or Class Counsel's application for attorneys' fees and expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlements?" below.

App. 118

26.  If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement with GWG Defendants is approved, the Court will enter a judgment (the "GWG Judgment"). The GWG Judgment will dismiss with prejudice the claims in the Class Action against the GWG Defendants upon the Effective Date of the Settlement.  As a result, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Class Action Claims (as defined in ¶ 28 below) against the Released Class Action Defendants Releasees (as defined in ¶ 29 below), and will forever be barred and enjoined from prosecuting any or all of the Released Class Action Claims against the Released Class Action Defendants Releasees.

27.  If the Settlement with Whitley Penn is approved, the Court will enter a judgment (the "Whitley Penn Judgment").  The Whitley Penn Judgment will dismiss with prejudice the claims in the Class Action against Whitley Penn upon the effective date of the Settlement with Whitley Penn.  As a result, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Settled Claims (as defined in ¶ 30 below) against the Whitley Penn Released Parties (as defined in ¶ 31 below), and will forever be barred and enjoined from prosecuting any or all of the Settled Claims against the Whitley Penn Released Parties.

28.  "Released Class Action Claims" means any and all Claims, causes of action, demands, losses, and rights of every nature and description, whether known or Unknown Claims (as defined below in ¶ 32), whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Class (or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such): (i) asserted in the Class Action (and any actions consolidated into the Class Action); (ii) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, any of the allegations, transactions, facts, events, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Class Action (and any actions consolidated into the Class Action); (iii) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, the acquisition during the Class Period of the L Bond securities at issue in the Class Action; and/or (iv) could have asserted in any forum that arise out of or are based upon, in any way, directly or indirectly, the defense of the Class Action; in each case against all Released Class Action Defendants Releasees; provided however, for the avoidance of doubt that Released Class Action Claims shall not include claims of any kind against any broker dealer or investment advisor who participated in the distribution of L Bonds as a member of GWG's sales network through dealer manager Emerson Equity LLC.

29.  "Released Class Action Defendants Releasees" means Bradley K. Heppner; Peter T. Cangany, Jr.; Thomas O. Hicks; Dennis P. Lockhart; Bruce W. Schnitzer; Roy W. Bailey; David F. Chavenson; David H. de Weese; Timothy L. Evans; Murray T. Holland; The Beneficient

9

Company Group, L.P.; the Released Defendants' Counsel; the Insurers; any and all other Insured; and any of their respective parents, subsidiaries, and Affiliates (and all of their current and former officers, directors, members, managers, parents, Affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, employers, agents, servants, representatives, partners, limited partners, shareholders, heirs, trustees, beneficiaries, advisors, accountants, and attorneys, in their capacities as such, and each of their respective Affiliates, heirs, executors, administrators, successors, and assigns); provided however, for the avoidance of doubt that Released Class Action Defendants Releasees shall not include any broker dealer or investment advisor who participated in the distribution of L Bonds as a member of GWG's sales network through dealer manager Emerson Equity LLC.

30.  "Settled Claims" means any and all Claims, including without limitation Unknown Claims (as defined in ¶ 33 below), (a) alleged or which could have been alleged by Class Representative or Settlement Class Members in the Consolidated Action, or (b) that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding against Whitley Penn or against any other of the Whitley Penn Released Parties, arising out of or relating to the Consolidated Action or the allegations, claims, defenses, and counterclaims asserted in the Consolidated Action, including without limitation Claims relating to any audits or reviews of any of the financial statements of GWG and Claims relating to the GWG securities described in the Whitley Penn Agreement, except for claims to enforce the Settlement with Whitley Penn, whether arising under state, federal, or common law. Settled Claims shall include claims against Defendant Whitley Penn and the Whitley Penn Released Parties pursuant to the PSLRA for contribution/indemnification, or claims that are otherwise dependent on liability in this Consolidated Action, and claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

31.  "Whitley Penn Released Parties" means Defendant Whitley Penn, Whitley Penn's past and present partners, and all of their employees, family members, heirs, principals, owners, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, associates, officers, managers, directors, bankers, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers, and reinsurers.

32.  As to the Settlement with the GWG Defendants, "Unknown Claims" means any Released Claims which the Trustee, the Lead Plaintiff, any other Class Members, or Released Defendants Releasees does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. The Parties agree that, upon the Effective Date, the Trustee, the Lead Plaintiff, each of the other Class Members and the Released Defendants Releasees shall have expressly waived, shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS

10

App. 120

OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties acknowledge, and the other Class Members shall be deemed by operation of the GWG Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

33. As to the Settlement with Whitley Penn, "Unknown Claims" means any and all Claims which Class Representative or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Whitley Penn Claims which Whitley Penn or any Whitley Penn Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement with Whitley Penn.

### HOW DO I PARTICIPATE IN THE SETTLEMENTS? WHAT DO I NEED TO DO?

34. If you are a holder of Series A1 Interest in the Wind Down Trust, you are eligible for a payment and your distribution will be made by the Wind Down Trustee.

### HOW MUCH WILL MY PAYMENT BE?

35. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlements.

36. Pursuant to the Settlements, the Released Defendants' Insurers have agreed to cause $50,500,000 in cash to be paid into an escrow account and Whitley Penn has previously paid $450,000 into an escrow account. These amounts plus any interest earned thereon are referred to as the "Settlement Funds." If the Settlements are approved by the Court and the Effective Date occurs, the "Net Settlement Funds" (that is, the Settlement Funds, including the portion attributable to the Whitley Penn Settlement, less any: (i) Distribution Taxes; (ii) Notice Costs; (iii) Administration Costs; (iv) Plaintiff Counsel Fee Payments; and (v) other costs or fees approved by the Court), will be distributed to Class Members in accordance with the Distribution Plan.

37. The Net Settlement Funds will not be distributed unless and until the Court has approved the Settlements and Distribution Plan, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

38. Neither Defendants nor any other Person or entity that paid any portion of the Settlements on their behalf are entitled to get back any portion of the Settlement Funds once the Court's orders or judgments approving the Settlements become Final.

11

App. 121

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

39.  Class Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Class since 2022, nor have Class Counsel been paid for their litigation expenses. Class Counsel will apply to the Court for an immediate award of attorneys' fees in an amount not to exceed $8,619,000, representing 17% of the Settlement Funds.

40.  At the same time, Class Counsel also intends to apply for payment of litigation expenses from the Settlement Funds in an amount not to exceed $500,000. The Court will determine the amount of any award of attorneys' fees or litigation expenses. Any award of attorneys' fees and litigation expenses will be paid from the Settlement Funds at the time of award by the Court and prior to allocation and payment to Class Members. ***Class Members are not personally liable for any such fees or expenses.***

41.  Pursuant to an agreement with the Litigation Trustee, in addition to reimbursement of expenses, counsel for the Litigation Trust will receive attorneys' fees of $9,191,000 from the Settlement with the GWG Defendants, such that total attorneys' fees deducted from the Settlement with the GWG Defendants will not exceed 35%. Only Class Counsel's fees and expenses are subject to the approval of the Court in the Class Action.

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS?  HOW DO I EXCLUDE MYSELF?

42.  Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such Person or entity mails or delivers a written request for exclusion from the Class, addressed to GWG Class Action, EXCLUSIONS, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602. The request for exclusion must be **received no later than [_____], 2025**. You will not be able to exclude yourself from the Class after that date. Each request for exclusion must (i) state the name, address, and telephone number of the Person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact Person; (ii) state that such Person or entity "requests exclusion from the Class in *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (N.D. Tex.)"; (iii) state the amount of L Bonds that the Person or entity requesting exclusion: (A) purchased or otherwise acquired pursuant and/or traceable to the Registration Statement during the period between June 3, 2020 and April 16, 2021, inclusive, as well as the dates, amount of L Bonds, and prices of each such purchase or acquisition, and (B) of the L Bonds purchased or otherwise acquired during the Class Period, sold on or after June 3, 2020, as well as the dates, amount of L Bonds, and prices of each such sale transaction; and (iv) be signed by the Person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the information called for above and is received within the time stated above, or is otherwise accepted by the Court. Class Counsel is authorized to request from any Person or entity requesting exclusion documentation sufficient to prove the information called for above, or additional transaction information or documentation regarding his, her, their, or its holdings in L Bonds.

12

App. 122

43.  Defendants have the right to terminate the Settlements if valid requests for exclusion are received from Persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENTS? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENTS?**

44.  **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlements without attending the Settlement Hearing**.

45.  **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Class. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Settlement Website, https://gwgholdingstrust.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in person or remote appearances at the hearing, will be posted to the Settlement Website, https://gwgholdingstrust.com. If the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement Website, https://gwgholdingstrust.com.**

46.  The Settlement Hearing will be held on **[_____], 2025, at [__:__] [_].m.**, before the Honorable Jane J. Boyle of the United States District Court for the Northern District of Texas, in Courtroom 1516 of the Earle Cabell Federal Building, located at 1100 Commerce Street, Dallas, Texas 75242-1003, for the following purposes: (i) to determine whether the Class should be certified for purposes of the Settlements; (ii) to determine whether the proposed Settlements on the terms and conditions provided for in the agreements with the GWG Defendants and Whitley Penn are fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (iii) to determine whether Judgments, substantially in the form attached as Exhibit E to the GWG Agreement, and as Exhibit B to the Whitley Penn Agreement, should be entered dismissing the Class Action with prejudice against Defendants and granting the releases specified and described in the agreements (and in this Class Notice); (iv) to determine whether the proposed Distribution Plan for the proceeds of the Settlements is fair and reasonable and should be approved; (v) to determine whether the motion by Class Counsel for an award of attorneys' fees and litigation expenses should be approved; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlements. The Court reserves the right to approve the Settlements, the Distribution Plan, and Class Counsel's motion for attorneys' fees and litigation expenses, and/or consider any other matter related to the Settlements at or after the Settlement Hearing without further notice to Class Members.

47. Any Class Member that does not request exclusion may object to the Settlements, the proposed Distribution Plan, or Class Counsel's motion for an award of attorneys' fees and litigation expenses. Objections must be in writing. To object, you must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Texas at the address set forth below **on or before [_____], 2025**. You must also serve the papers on Class Counsel and on Released Defendants' Counsel at the addresses set forth below so that the papers are **received on or before [_____], 2025.**

Clerk's Office:    United States District Court
1100 Commerce Street, Room 1452
Dallas, TX 75242

Class Counsel:    Daniel C. Girard
Sean Greene
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800
dgirard@girardsharp.com
sgreene@girardsharp.com

Paul D. Malmfeldt
**MALMFELDT LAW GROUP P.C.**
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 606-8625
pdm@malmfeldt.com

Released Defendants' Counsel:    Thad Behrens
**ALLEN OVERY SHEARMAN
STERLING US LLP**
2601 Olive St., 17th Floor
Dallas, TX 75201
thad.behrens@aoshearman.com

Steven H. Stodghill
**WINSTON & STRAWN LLP**
2121 N. Pearl St., Suite 900
Dallas, TX 75201
sstodghill@winston.com

Timothy S. Durst
**O'MELVENY & MYERS LLP**
2501 N. Harwood St., Suite 1700
Dallas, TX 75201
tdurst@omm.com

14

App. 124

Nowell D. Bamberger
**CLEARY GOTTLIEB STEEN &
    HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC  20037
nbamberger@cgsh.com

S. Michael McColloch
**S. MICHAEL McCOLLOCH PLLC**
6060 N. Central Expressway, Suite 500
Dallas, TX  75206
smm@mccolloch-law.com

48.  Any objections, filings, and other submissions by the objecting Class Member must (i) identify the case name and case number, *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (N.D. Tex.); (ii) state the name, address, and telephone number of the Person or entity objecting; (iii) be signed by the objector (even if the objector is represented by counsel); (iv) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (v) include documents sufficient to provide membership in the Class, including documents showing the amount of L Bonds that the objecting Class Member (1) purchased or otherwise acquired pursuant and/or traceable to the Registration Statement during the period between June 3, 2020 and April 16, 2021, inclusive, as well as the dates, amount of L Bonds, and prices of each such purchase or acquisition transaction, and (2) of the L Bonds purchased or otherwise acquired during the Class Period, sold on or after June 3, 2020, as well as the dates, amount of L Bonds, and prices of each such sale transaction. The documentation establishing membership in the Class must consist of copies of confirmation slips or monthly account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a confirmation slip or account statement. Class Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings in L Bonds.

49.  You may not object to the Settlements, the Distribution Plan, or Class Counsel's motion for attorneys' fees and litigation expenses if you exclude yourself from the Class or if you are not a member of the Class.

50.  You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file a written objection in accordance with the procedures described above, unless the Court orders otherwise.

51.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlements, the Distribution Plan, or Class Counsel's motion for attorneys' fees and litigation expenses, assuming you timely file a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and on Released

15

App. 125

Defendants' Counsel at the addresses set forth in ¶ 47 above so that it is **received on or before [_____], 2025**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or videoconference, with or without the filing of written objections.

52. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Released Defendants' Counsel at the addresses set forth in ¶ 47 above so that the notice is **received on or before [_____], 2025**.

53. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlements, the proposed Distribution Plan, or Class Counsel's motion for attorneys' fees and litigation expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| :---: |

54. This Class Notice contains only a summary of the terms of the proposed Settlements. For more detailed information about the matters involved in this Class Action, you are referred to the papers on file in the Class Action, including the GWG Agreement and the Whitley Penn Agreement, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of Texas, 1100 Commerce Street, Room 1452, Dallas, TX 75242. Additionally, copies of the agreements and any related orders entered by the Court, as well as other documents pertaining to the Class Action, will be posted on the Settlement Website, https://gwgholdingstrust.com.

All inquiries concerning this Class Notice should be directed to:

GWG Class Action
c/o Stretto, Inc.
410 Exchange, Ste 100
(833) 307-4634
GWGClassAction@stretto.com
https://gwgholdingstrust.com/

Daniel C. Girard
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
(415) 981-4800
dgirard@girardsharp.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

16

App. 126

Dated: [_____], 2025

By Order of the Court
United States District Court
Northern District of Texas

App. 127

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE GWG HOLDINGS, INC. SECURITIES LITIGATION | § § § § § § § § § | Civil Action No. 3:22-cv-00410-B |
| | | **CLASS ACTION** |
| This Document Relates To: All Actions | § § | |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENTS; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND EXPENSES**

TO:   All Persons[1] who purchased or otherwise acquired L Bonds issued by GWG Holdings, Inc., pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive (the "Class"):[2]

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

---

[1] All capitalized terms used in this summary notice ("Summary Notice") that refer to the Settlement with Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P. (the "GWG Defendants"), not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement dated March 6, 2025 (the "GWG Agreement"), which is available at https://gwgholdingstrust.com.  All capitalized terms used in relation to the settlement between Defendant Whitley Penn LLP ("Whitley Penn") and Lead Plaintiff (the "Whitley Penn Settlement") not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 17, 2024 (the "Whitley Penn Agreement"), which is also available at https://gwgholdingstrust.com.

[2] Excluded from the Class are Defendants, current or former officers and directors of GWG or Ben and their immediate family members, legal representatives, heirs, successors or assigns, or any entity in which any Defendant has or had a controlling interest.  Also excluded from the Class are any Persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court in accordance with the requirements set forth in the Class Notice (defined below).

1

App. 129

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Texas (the "Court"), that the above-captioned securities class action (the "Class Action") is pending in the Court.

**YOU ARE ALSO NOTIFIED** that Court-appointed Lead Plaintiff Frank Moore ("Lead Plaintiff"), on behalf of himself and the Class, and the Defendants have reached proposed settlements of the Class Action totaling $50,950,000.00 in cash that, if approved, will resolve all claims in the Class Action (the "Settlements").

The Settlement Hearing will be held on **[_____], 2025, at [__:__] [_].m.**, before the Honorable Jane J. Boyle of the United States District Court for the Northern District of Texas, in Courtroom 1516 of the Earle Cabell Federal Building, located at 1100 Commerce Street, Dallas, Texas 75242-1003, for the following purposes: (i) to determine whether the Class should be certified for purposes of the Settlements; (ii) to determine whether the proposed Settlements on the terms and conditions provided for in the agreements with the GWG Defendants and Whitley Penn are fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (iii) to determine whether Judgments, substantially in the form attached as Exhibit E to the GWG Agreement, and as Exhibit B to the Whitley Penn Agreement, should be entered dismissing the Class Action with prejudice against Defendants and granting the releases specified and described in the agreements (and in the Class Notice); (iv) to determine whether the proposed Distribution Plan for the proceeds of the Settlements is fair and reasonable and should be approved; (v) to determine whether the motion by Class Counsel for an award of attorneys' fees and litigation expenses should be approved; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlements.

**If you are a member of the Class, your rights will be affected by the pending Class Action and the Settlements.** If you have not yet received the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Expenses (the "Class Notice"), you may obtain copies of this document by contacting the Noticing Agent by mail at GWG Class Action, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602; by telephone at (833) 307-4634; or by email at GWGClassAction@stretto.com. Copies of the Class Notice can also be downloaded from the Settlement Website, https://gwgholdingstrust.com.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is **received no later than [_____], 2025**, in accordance with the instructions set forth in the Class Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Class Action. You should not exclude yourself from the Class if you want the Court to approve the Settlements.

Any objections to the proposed Settlements, the proposed Distribution Plan, and/or Class Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered to Class Counsel and Released Defendants' Counsel such that they are **received no**

2

App. 130

later than [_____], 2025, in accordance with the instructions set forth in the Class Notice.

**If you have any questions about this Summary Notice, the proposed Settlements, or your eligibility to participate in the Settlements, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel. All questions should be directed to the Noticing Agent or Class Counsel.**

Requests for the Class Notice should be made to:

GWG Class Action
c/o Stretto, Inc.
410 Exchange, Ste 100
Irvine, CA 92602

(833) 307-4634
GWGClassAction@stretto.com
https://gwgholdingstrust.com

Inquiries, other than requests for the Class Notice, may be made to Class Counsel:

Daniel C. Girard
Girard Sharp LLP
601 California Street, Suite 1400
San Francisco, CA 94108

(415) 981-4800
dgirard@girardsharp.com

By Order of the Court

3

App. 131

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE GWG HOLDINGS, INC. SECURITIES LITIGATION | Civil Action No. 3:22-cv-00410-B |
| THIS DOCUMENT RELATES TO: | ALL ACTIONS |

**SUPPLEMENTAL OPT-OUT CONTINGENCY AGREEMENT**

Pursuant to paragraph 32 of the Settlement Agreement, dated as of March 6, 2025 ("Settlement Agreement"), this Supplemental Opt-Out Contingency Agreement is entered into by and among: (a) Lead Plaintiff Frank Moore ("Lead Plaintiff"), on behalf of himself and the Class (as defined in the Settlement Agreement); and (b) Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Murray T. Holland, Timothy L. Evans, David H. de Weese, Roy W. Bailey, David F. Chavenson, and The Beneficient Company Group, L.P. (collectively, "Defendants") (together with Lead Plaintiff, the "Parties").

1. All capitalized terms used in this Supplemental Opt-Out Contingency Agreement but not defined herein shall have the same meanings as in the Settlement Agreement.

2. Subject to paragraph 31 of the Settlement Agreement, and without limiting the grounds for termination specified therein, the settling Parties, in accordance with paragraph 32 of the Settlement Agreement, hereby agree that Defendants shall have the unilateral right, in their sole discretion, to withdraw from and terminate the Settlement in its entirety and to render the Settlement null and void if individuals and/or entities who would otherwise be Class Members that collectively acquired L Bonds from GWG Holdings, Inc. in the principal amount set forth in a

App. 132

separate document during the period of June 3, 2020 through April 16, 2021, inclusive, timely and validly elect to exclude themselves from the Class in accordance with the requirements for requesting exclusion provided in the Class Notice (the "Opt-Out Threshold").

3.    Class Counsel shall be responsible for timely notifying Defendants' counsel of all requests for exclusion. In the event Defendants receive untimely notification, then the time for Defendants to exercise their termination option set forth herein shall be extended to afford Defendants a reasonable opportunity to determine whether to exercise their termination option.

4.    Class Counsel and Defendants' counsel shall jointly request that the deadline for receipt of requests for exclusion from the Class be no later than fourteen (14) calendar days prior to the Settlement Hearing. Copies of all requests for exclusion from the Class received by the Fund Administrator (or other person designated to receive exclusion requests) shall be provided to Defendants' counsel no later than ten (10) calendar days prior to the Settlement Hearing.

5.    The election provided for in paragraph 2 hereof must be made and communicated in writing to Class Counsel no later than three (3) business days prior to the Settlement Hearing (a "Notice of Intention"). If the election is made, it may be revoked by Defendants in accordance with paragraph 7 below. Class Counsel shall have the right to communicate with any Persons that submit requests for exclusion and, if requests for exclusion are withdrawn such that the Opt-Out Threshold is no longer met, Class Counsel will immediately inform Defendants' counsel, and the election to terminate, if made, will automatically become null and void and of no further effect.

6.    To retract or withdraw a prior request for exclusion, a Class Member must file a written notice with the Court stating the Person's desire to retract or withdraw his, her, or its request for exclusion and that Person's desire to be bound by any Judgment and Settlement;

2

App. 133

provided, however, that the filing of such written notice may be effected by Class Counsel, as long as it is personally executed by a Class Member.

7. In the event that Defendants provide a Notice of Intention to exercise the termination option, such Notice of Intention may be withdrawn by providing written notice of such withdrawal to Class Counsel no later than 5:00 P.M. Central Time on the day before the Settlement Hearing, or by such later date as may be agreed upon in writing as between Class Counsel and Defendants' counsel.

8. The Opt-Out Threshold set forth in a separate document, is confidential. If the District Court or the Bankruptcy Court requests to see the Opt-Out Threshold, the Parties will seek to provide the Opt-Out Threshold to the court *in camera*, so as to preserve the confidentiality of the Opt-Out Threshold. Nothing herein shall prevent Lead Plaintiff or Defendants from: (i) complying fully with any request or order of the Court; and (ii) complying in full with obligations under the Class Action Fairness Act.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Supplemental Opt-Out Contingency Agreement to be executed, by their duly authorized attorneys, as of March 6, 2025.

GIRARD SHARP LLP

*Daniel Girard*

Daniel C. Girard (admitted *pro hac vice*)
Adam E. Polk (admitted *pro hac vice*)
Sean Greene (admitted *pro hac vice*)
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dgirard@girardsharp.com
apolk@girardsharp.com
sgreene@girardsharp.com

Paul D. Malmfeldt (admitted *pro hac vice*)
MALMFELDT LAW GROUP P.C.
120 N. LaSalle Street, Suite 2000

3

App. 134

Chicago, IL 60602
Tel: (312) 606-8625)
pdm@malmfeldt.com

Warren T. Burns (TXBN 24053119)
Spencer Cox (TXBN 24097540)
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4450

*Attorneys for Lead Plaintiff Frank Moore*


ALLEN OVERY SHEARMAN STERLING
US LLP

R. Thaddeus Behrens
Texas Bar No. 24029440
thad.behrens@aoshearman.com
Daniel H. Gold
Texas Bar No. 24053230
dan.gold@aoshearman.com
Matthew A. McGee
Texas Bar No. 24062527
matt.mcgee@aoshearman.com
William D. Marsh, Jr.
Texas Bar No. 24092762
billy.marsh@aoshearman.com
The Link at Uptown
2601 Olive Street, 17th Floor
Dallas, TX 75201
Tel.: (214) 271-5777

*Attorneys for Defendants Brad K. Heppner;*
*Peter T. Cangany, Jr.; Thomas O. Hicks;*
*Dennis P. Lockhart; Bruce W. Schnitzer;*
*and The Beneficient Company Group, L.P.*

4

App. 135

WINSTON & STRAWN LLP

Steven H. Stodghill
John CC Sanders, Jr.
2121 N. Pearl St., Suite 900
Dallas, TX 75201
Tel.: (214) 453-6500
sstodghill@winston.com
jsanders@winston.com

*Attorneys for Defendant Roy W. Bailey*


O'MELVENY & MYERS LLP


Timothy S. Durst
Kristin Alvarado
2501 North Harwood Street Suite 1700
Dallas, TX 75201-1663
Tel.: (972) 360-1900
tdurst@omm.com
kalvarado@omm.com

Amy S. Park
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Tel.: (650) 473-2680
apark@omm.com

*Attorneys for Defendants David Chavenson
and David H. de Weese*

App. 136

WINSTON & STRAWN LLP

_____

Steven H. Stodghill
John CC Sanders, Jr.
2121 N. Pearl St., Suite 900
Dallas, TX 75201
Tel.: (214) 453-6500
sstodghill@winston.com
jsanders@winston.com

*Attorneys for Defendant Roy W. Bailey*


O'MELVENY & MYERS LLP

_____

Timothy S. Durst
Kristin Alvarado
2501 North Harwood Street Suite 1700
Dallas, TX 75201-1663
Tel.: (972) 360-1900
tdurst@omm.com
kalvarado@omm.com

Amy S. Park
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Tel.: (650) 473-2680
apark@omm.com

*Attorneys for Defendants David Chavenson
and David H. de Weese*

5

App. 137

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

Nowell D. Bamberger (admitted *pro hac vice*)
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel.: (202) 974-1752
nbamberger@cgsh.com

Roger Cowie
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
Tel.: (214) 740-8614
rcowie@lockelord.com

*Attorneys for Defendant Timothy L. Evans*


S. MICHAEL MCCOLLOCH PLLC


S. Michael McColloch
6060 N. Central Expressway, Suite 500
Dallas, TX 75206
Tel.: (214) 643-6055
smm@mccolloch-law.com

Karen Cook
KAREN COOK PLLC
700 Park Seventeen Tower
1717 McKinney Avenue
Dallas, TX 75202
Tel.: (214) 593-6429
karen@karencooklaw.com

*Attorneys for Defendant Murray Holland*

6

App. 138

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

_____

Nowell D. Bamberger (admitted *pro hac vice*)
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel.: (202) 974-1752
nbamberger@cgsh.com

Roger Cowie
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
Tel.: (214) 740-8614
rcowie@lockelord.com

*Attorneys for Defendant Timothy L. Evans*


S. MICHAEL MCCOLLOCH PLLC

_____

S. Michael McColloch
6060 N. Central Expressway, Suite 500
Dallas, TX 75206
Tel.: (214) 643-6055
smm@mccolloch-law.com

Karen Cook
KAREN COOK PLLC
700 Park Seventeen Tower
1717 McKinney Avenue
Dallas, TX 75202
Tel.: (214) 593-6429
karen@karencooklaw.com

*Attorneys for Defendant Murray Holland*

6

App. 139

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE GWG HOLDINGS, INC.** | § | **Civil Action No. 3:22-cv-00410-B** |
| **SECURITIES LITIGATION** | § | |
| | § | |
| | § | **CLASS ACTION** |
| | § | |
| | § | |
| | § | |
| | § | |
| **This Document Relates To: All Actions** | § | |
| | § | |

**DECLARATION OF JUSTIN R. HUGHES IN SUPPORT OF LEAD PLAINTIFF'S
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

I, Justin R. Hughes, hereby declare and state as follows:

1.    My name is Justin R. Hughes. I have personal knowledge of the matters set forth herein, and I believe them to be true and correct. I am a director at Stretto, Inc. ("Stretto"), a nationally recognized legal services and technology firm. Members of Stretto's team have successfully administered many of the most noteworthy securities class action settlements in recent years, including *In re Bank of America Corp. Sec., Derivative, & Emp. Retirement Income Security Act (Erisa) Litig.*, Case No. 09-MDL-2058 (PKC) (S.D.N.Y.); *In re: BNYM ADR FX Litig.*, Case No. 16-CV-00212-JPO-JLC (S.D.N.Y.); *Merryman et al. v. Citigroup, Inc. et al.*, Case No. 1:15-cv-9185-CM-KNF (S.D.N.Y.); *Merryman et al. v. JPMorgan Chase Bank, N.A.*, Case No. 1:15-cv-9188-VEC (S.D.N.Y.); and *In re Grupo Televisa Sec. Litig.*, Case No. 18-cv-1979-LLS (S.D.N.Y.).

2.    This declaration describes the proposed notice plan (the "Notice Plan") and notices for the securities class action styled *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (N.D. Tex.), pending in the United States District Court for the Northern District of

1

App. 140

Texas. Stretto recommends the proposed Notice Plan based on our extensive prior experience and research into the notice issues particular to this case.

3.      The proposed Notice Plan for the Settlement[1] has been designed to provide direct mail and email notifications to all investors who are members of the Class and who can be identified with reasonable effort, as well as additional notice through publication in relevant publications and over the Internet.

4.      The Notice Plan is designed to provide notice to the Class, which is defined as all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive. Excluded from the Class are Released Defendants, current or former officers and directors of GWG or Ben and their immediate family members, legal representatives, heirs, successors or assigns, or any entity in which any Released Defendant has or had a controlling interest.  Also excluded from the Class are any Persons submitting a request for exclusion within the timeframe provided for in the Preliminary Approval Order, or whose request for exclusion is otherwise accepted by the Court.

**Notice Plan**

5.      Through Stretto's engagement as an agent to the Trustee of the GWG Wind Down Trust f/k/a GWG Holdings, Inc. (the "Wind Down Trust"), Stretto has received from the Wind Down Trust a list of the names, addresses, and email addresses of potential Class Members, including direct holders, non-objecting beneficial owners, and additional indirect bondholders provided by various brokers.  The direct holders were those former bondholders whose positions

---

[1] All capitalized terms not otherwise defined herein have the same meanings as set forth in the Settlement Agreement, dated March 6, 2025.

2

App. 141

were held directly through GWG Holdings, Inc. Upon the effective date of the Plan, August 1, 2023, those holders' information was converted from bonds to Series A1 or Series A2 WDT Interests and is maintained by Computershare Trust Company, N.A., as the GWG Wind Down Trust's Transfer Agent and Distribution Agent. The indirect holders were those former bondholders whose positions were held indirectly through their brokers and/or custodians of record.

6.      To deliver notice to indirect bondholders, whose interests in GWG are held through brokers and/or custodians of record, the GWG Wind Down Trust acquired a list through Broadridge Financial Solutions, Inc. of non-objecting holders (known as a "NOBO list") of the former GWG L Bond interests, now converted to Series A1 WDT Interests. Upon receipt of the NOBO list, the GWG Wind Down Trust then located in its archived files all subscription agreements and sales documents, *i.e.*, investor packets, related to investments made by indirect investors who acquired their L Bonds through GWG's network of financial advisors and brokers. The GWG Wind Down Trust then requested from the brokers and/or custodians of record their list of clients holding L Bonds using specific CUSIP numbers as registered by GWG through the Depository Trust Company ("DTC") for the purpose of distributions from the GWG Wind Down Trust. The Series A1 WDT Interest representing the claims of the former bondholders of GWG Holdings, Inc. was requested under CUSIP No. 361ESCO56. The GWG Wind Down Trust provided to Stretto the resulting list of potential indirect bondholders supplemented by those identified in the GWG Holdings, Inc. archived books and records, verified in some cases by brokers. Other brokers and custodians failed to produce client lists. To account for indirect bondholders, who may hold their securities through brokers and custodians, and who have not

App. 142

responded to the inquiries of the trustee of the Wind Down Trust, Stretto will also publish notice as described in paragraph 11 below to all potential bondholders of the Class Action.

7.       Stretto will load all data received into the settlement database created for the Class Action.

8.       Stretto has also received a list of third-party nominee record holders of securities from the trustee of the Wind Down Trust, which consists of banks, brokerage firms, and nominees that engaged in L Bond transactions (the "Nominee List").  The  Nominee List will be used to provide notice, as discussed below.

9.       Stretto will email, where email addresses are available, and mail the Class Notice to (a) all potential Class Members identified through the administration of the GWG Wind Down Trust (as described above), and (b) the Nominee List. To the extent transmission of email notice results in "bounce-backs," Stretto will make a second attempt to re-send the email notice to the extent feasible. The Class Notice will include instructions to nominees to: (a) within seven (7) calendar days of receipt of the Class Notice, request from Stretto sufficient copies of the Class Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Class Notices, forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to Stretto in which event Stretto shall, after removing any duplicate records, promptly mail or email the Class Notice to such beneficial owners.

10.       Stretto will also submit the Class Notice to the DTC to post on the DTC Legal Notice System ("LENS"). LENS enables DTC member banks and brokers to review the Class Notice and contact Stretto directly to obtain copies of the Class Notice for their clients who may be potential Class Members. On a rolling basis, as requests for notice are received, Stretto will

4

App. 143

mail Class Notices (in bulk) to nominees, or directly mail the Class Notice to potential Class Members identified by nominees. Stretto will also disseminate the Class Notice to any other Persons or entities requesting them. Any Class Notices that are returned as undeliverable will be reviewed to determine if an alternative or updated address is available from the U.S. Postal Service or through a third-party vendor to which Stretto subscribes and will be re-mailed to the updated or alternative address, if available.

11.     To supplement direct mailed notice to potential Class Members, Stretto will cause the Summary Notice to be published once in Investor's Business Daily and to be transmitted over the PR Newswire.

12.     Concurrent with the initial mailing of the Class Notice, a settlement webpage will be live at the Wind Down Trust's website established in connection with the Plan (https://gwgholdingstrust.com).   At the Settlement Website, Class Members can obtain information about the Class Action and the Settlement, as well as access and download copies of the Class Notice, the Agreement, and other Settlement-related documents. In addition, a toll-free telephone number and dedicated email address will be established and staffed with customer service representatives trained to answer questions about the Settlement.

13.     We believe the foregoing Notice Plan is the best method practicable under the circumstances to provide notice to the Class.

Dated this 7th of March, 2025.

_____
Justin R. Hughes

5

App. 144