IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

§
§
IN RE GWG HOLDINGS, INC.    §    CIVIL ACTION NO. 3:22-CV-00410-B
SECURITIES LITIGATION    §
§
§
§
§

## ORDER

Before the Court is Lead Plaintiff Frank Moore's Motion for Preliminary Approval of Settlement and Approval of Settlement Notice (Doc. 144). For the following reasons, the Court **GRANTS** the Motion.

WHEREAS, a securities class action is pending in this Court entitled *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (the "Class Action");

WHEREAS, on December 11, 2024, the Court held a hearing on Lead Plaintiff Frank Moore's ("Lead Plaintiff") motion for preliminary approval of settlement with Defendant Whitley Penn LLP ("Whitley Penn"), and on December 12, 2024, the Court entered an order granting preliminary approval of the settlement;

WHEREAS, (a) Lead Plaintiff, on behalf of himself and the Class (defined below); and (b) Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P. ("Ben," and collectively, the "GWG Defendants"), have agreed to settle the remaining claims asserted against the GWG Defendants in

the Class Action with prejudice on the terms and conditions set forth in the Settlement Agreement dated March 6, 2025 (the "Agreement") subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Order, all capitalized words contained herein used in relation to the Settlement of the Class Action against the GWG Defendants shall have the same meanings as they have in the Agreement;

WHEREAS, unless otherwise defined in this Order, all capitalized words contained herein used in relation to the settlement of the Class Action against Whitley Penn ("Whitley Penn Settlement") shall have the same meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 17, 2024 (the "Whitley Penn Agreement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Agreement and allowing notice to Class Members as more fully described herein;

WHEREAS, in its December 12, 2024 order granting preliminary approval of the Whitley Penn Settlement, the Court granted Lead Plaintiff's request to defer submission of a proposed form of notice, a proposed method for providing notice to Class Members, and a proposed plan of allocation pending Lead Plaintiff's mediation with the GWG Defendants; and

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Agreement and the exhibits attached thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the Class Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties to the Class Action and each of the Class Members.

2.      The Parties to the Class Action have proposed the certification of the following Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive (the "Class Period").  Excluded from the Class are Released Defendants, current or former officers and directors of GWG or Ben and their immediate family members, legal representatives, heirs, successors or assigns, or any entity in which any Released Defendant has or had a controlling interest.  Also excluded from the Class are any Persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court.

3.      The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Class for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Class Action, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Class are so numerous that their joinder in the Class Action would be impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of Lead Plaintiff in the Class Action are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Class Action.

4.      The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiff as class representative for the Class and appoint Girard Sharp LLP and Malmfeldt Law Group P.C. as counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.      The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

6.      The Court will hold a hearing (the "Settlement Hearing") on January 13, 2026, at 10:00 a.m., in Courtroom 1516 of the Earle Cabell Federal Building, located at 1100 Commerce Street, Dallas, Texas 75242-1003, for the following purposes: (a) to determine whether the Class should be certified for purposes of the Settlement; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (c) to determine whether a judgment, substantially in the form attached as Exhibit E to the Agreement, should be entered dismissing the Class Action with prejudice against the GWG Defendants and granting the Releases specified and described in the Agreement; (d) to determine whether the proposed Distribution Plan for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Class Counsel for an award of attorneys' fees and expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with

the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 8 of this Order.

7.    The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties to the Class Action may agree to, if appropriate, without further notice to the Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Class. Any Class Member (or his, her, their, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website (defined below) for any change in date, time, or format of the hearing.

8.    The Court approves Stretto, Inc., the noticing agent retained by the Wind Down Trust established in the related Bankruptcy Case (the "Noticing Agent"), to disseminate the Class Notice in connection with the proposed Settlement. Notice of the Settlement and the Settlement Hearing shall be given by the Noticing Agent under the direction of Class Counsel as follows:

a.    Beginning no later than twenty (20) business days after the date of entry of this Order (such date that is twenty (20) business days after the date of entry of this Order, the "Notice Date"), the Noticing Agent shall cause a copy of the Class Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail to all holders of Allowed Claims, as such term is defined in the Confirmation Order, at the addresses appearing in the records of the Wind Down Trustee, or who otherwise may be identified through further reasonable effort;

b.    By no later than the Notice Date, the Noticing Agent shall disseminate the Class Notice via email to all email addresses associated with L Bond investors in the records of the

4

Wind Down Trustee. To the extent such transmission of email notice results in "bounce-backs," the Noticing Agent will make a second attempt to re-send the email notice to the extent feasible;

c.    By no later than the Notice Date, the Noticing Agent shall post a copy of the Class Notice on the Wind Down Trust's website established in connection with the Bankruptcy Case, https://gwgholdingstrust.com (the "Settlement Website"), and cause publication of a summary form of notice, substantially in the form attached hereto as Exhibit 2, to be published in Investor's Business Daily and once via PR Newswire;

d.    By no later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Released Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing;

e.    Brokers and other nominees who held L Bonds purchased or otherwise acquired pursuant and/or traceable to the Registration Statement during the Class Period for the benefit of another Person shall: (a) within seven (7) calendar days of receipt of the Class Notice, request from the Noticing Agent sufficient copies of the Class Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Class Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Noticing Agent in which event the Noticing Agent shall promptly mail or email the Class Notice to such beneficial owners; and

f.    Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with the above of up to $0.03 per name/address provided and up to $0.03 plus postage, by providing the Noticing

Agent with proper documentation supporting the expenses for which reimbursement is sought. Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Noticing Agent to consider a reasonable flat-rate adjustment for the costs incurred to perform their research. Properly documented expenses incurred by nominees in compliance with the above will be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court. All communications concerning reimbursement under this paragraph should be addressed to the Noticing Agent and not to the Court.

9.      The Settlement Hearing will also be held for the following purposes: (a) to determine whether the Class should be certified for purposes of the Whitley Penn Settlement; (b) to determine whether the proposed Whitley Penn Settlement with Whitley Penn on the terms and conditions provided for in the Whitley Penn Agreement is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (c) to determine whether a judgment, substantially in the form attached as Exhibit B to the Whitley Penn Agreement, should be entered dismissing the Class Action with prejudice against Whitley Penn and granting the Releases specified and described in the Whitley Penn Agreement; (d) to determine whether the proposed Distribution Plan for the proceeds of the Whitley Penn Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Class Counsel for an award of attorneys' fees and expenses in connection with the Whitley Penn Settlement should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Whitley Penn Settlement. Class Notice of the Whitley Penn Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 8 of this Order.

10.     The Court approves, as to form and content, the Class Notice, attached hereto as Exhibit 1, and finds that the mailing and distribution of the Class Notice in the manner and form set forth in paragraph 8 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Class Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for an award of attorneys' fees and expenses, of their right to object to the Settlement, the Distribution Plan, and/or Class Counsel's motion for attorneys' fees and expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing, and all other relevant deadlines, shall be included in the Class Notice before it is mailed.

11.     As provided in the Agreement, Released Defendants named in the Class Action shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Agreement with the Court.  Released Defendants named in the Class Action are solely responsible for the costs of the CAFA notice and administering the CAFA notice. By no later than seven (7) calendar days before the Settlement Hearing, Released Defendants named in the Class Action shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA.

7

12.     As provided in the Whitley Penn Agreement, Whitley Penn shall serve the notice required under CAFA, no later than ten (10) calendar days following the filing of the Agreement with the Court.   Whitley Penn is solely responsible for the costs of the CAFA notice and administering the CAFA notice. By no later than seven (7) calendar days before the Settlement Hearing, Whitley Penn shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA.

13.     Any member of the Class who wishes to exclude himself, herself, themselves, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Class Notice, which shall provide that: (1) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing, to: GWG Class Action, EXCLUSIONS, c/o Stretto, Inc., 410 Exchange, Ste 100, Irvine, CA 92602, and (2) each request for exclusion must (i) state the name, address, and telephone number of the Person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact Person; (ii) state that such Person or entity "requests exclusion from the Class in *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (N.D. Tex.)"; (iii) state the amount of L Bonds that the Person or entity requesting exclusion: (A) purchased or otherwise acquired pursuant and/or traceable to the Registration Statement during the period between June 3, 2020 and April 16, 2021, inclusive, as well as the dates, amount of L Bonds, and prices of each such purchase or acquisition transaction, and (B) of the L Bonds purchased or otherwise acquired during the Class Period, sold on or after June 3, 2020, as well as the dates, amount of L Bonds, and prices of each such sale transaction; and (iv) be signed by the Person or entity requesting exclusion or an authorized representative. A request for exclusion

8

shall not be effective unless it provides all the information called for above and is received within the time stated above, or is otherwise accepted by the Court. Class Counsel is authorized to request from any Person or entity requesting exclusion documentation sufficient to prove the information called for above, or additional transaction information or documentation regarding his, her, their, or its holdings in L Bonds.  Class Counsel shall cause to be provided to Released Defendants' Counsel copies of all requests for exclusion promptly upon receipt and as expeditiously as possible, and in any event not less than ten (10) calendar days prior to the Settlement Hearing.

14.     Any Person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Class Action.

15.     Any Class Member who or that does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Agreement and Settlement and all proceedings, determinations, orders, and judgments in the Class Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Class Action Claims against any of the Released Class Action Defendants Releasees, as more fully described in the Agreement and Class Notice.

16.     Any Class Member may enter an appearance in the Class Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Court and delivering a notice of appearance to Class Counsel and Released Defendants'

Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who or which does not enter an appearance will be represented by Class Counsel.

17.    Any Class Member may file a written objection to the proposed Settlement, the proposed Distribution Plan, and/or Class Counsel's motion for an award of attorneys' fees and expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Distribution Plan, and/or Class Counsel's motion for attorneys' fees and expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Distribution Plan, and/or the motion for attorneys' fees and expenses unless that Person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Released Defendants' Counsel at the addresses set forth below such that they are received no later than fourteen (14) calendar days prior to the Settlement Hearing.

Class Counsel:                                      Daniel C. Girard
                                                    **GIRARD SHARP LLP**
                                                    601 California Street, Suite 1400
                                                    San Francisco, CA 94108
                                                    dgirard@girardsharp.com

                                                    Paul Malmfeldt
                                                    **MALMFELDT LAW GROUP P.C.**
                                                    120 N. LaSalle St., Suite 2000
                                                    Chicago, IL 60602
                                                    pdm@malmfeldt.com

Released Defendants' Counsel:                       Thad Behrens
                                                    **ALLEN OVERY SHEARMAN**
                                                    **STERLING US LLP**
                                                    2601 Olive St., 17th Floor
                                                    Dallas, TX  75201
                                                    thad.behrens@aoshearman.com

10

Steven H. Stodghill
**WINSTON & STRAWN LLP**
2121 N. Pearl St., Suite 900
Dallas, TX  75201
sstodghill@winston.com

Timothy S. Durst
**O'MELVENY & MYERS LLP**
2501 N. Harwood St., Suite 1700
Dallas, TX  75201
tdurst@omm.com

Nowell D. Bamberger
**CLEARY    GOTTLIEB    STEEN    &
    HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC  20037
nbamberger@cgsh.com

S. Michael McColloch
**S. MICHAEL McCOLLOCH PLLC**
6060 N. Central Expressway, Suite 500
Dallas, TX  75206
smm@mccolloch-law.com

18.    Any objections, filings, and other submissions by the objecting Class Member must (a) identify the case name and case number, *In re GWG Holdings, Inc. Securities Litigation*, Case No. 3:22-cv-00410-B (N.D. Tex.); (b) state the name, address, and telephone number of the Person or entity objecting; (c) be signed by the objector (even if the objector is represented by counsel); (d) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (e) include documents sufficient to prove membership in the Class, including documents showing the amount of L Bonds that the objecting Class Member purchased or otherwise acquired pursuant and/or traceable to the

11

Registration Statement during the period between June 3, 2020 and April 16, 2021, inclusive. The documentation establishing membership in the Class must consist of copies of confirmation slips or monthly account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a confirmation slip or account statement. Class Counsel is authorized to request from any objector additional transaction information or documentation regarding his, her, their, or its holdings in L Bonds.

19.    Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Distribution Plan, or Class Counsel's motion for attorneys' fees and expenses must also file a notice of appearance with the Court and serve it on Class Counsel and on Released Defendants' Counsel at the addresses set forth in paragraph 17 above so that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and intend to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

20.    Any Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Distribution Plan, or Class Counsel's motion for an award of attorneys' fees and expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Distribution Plan, or the requested attorneys' fees and expenses, or from otherwise being heard concerning the

Settlement, the Distribution Plan, or the requested attorneys' fees and expenses in this or any other proceeding. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Distribution Plan, or the application for attorneys' fees and expenses.

21.    Until otherwise ordered by the Court, the Court stays all proceedings in the Class Action other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Class Member, either directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Class Action Defendants Releasees any action or proceeding in any court or tribunal asserting any of the Released Class Action Claims.

22.    At or after the Settlement Hearing, the Court shall determine whether the Distribution Plan proposed by Class Counsel and any application for attorneys' fees and payment of expenses shall be approved.

23.    If the Settlement is terminated as provided in the Agreement, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Agreement, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and the GWG Defendants, and the Parties to the Class Action shall revert to their respective positions in the Class Action as of immediately prior to December 16, 2024, as provided in the Agreement.

24.    Neither this Order, the Agreement (whether or not consummated) and exhibits thereto, the Distribution Plan that may be approved by this Court, the negotiations leading to the

13

agreement in principle to settle Lead Plaintiff's claims against the Released Class Action Defendants, the execution of the Agreement, nor the proceedings taken pursuant to or in connection with the Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be: (i) offered against the Released Class Action Defendants Releasees as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Class Action Defendants Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Class Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of the Released Class Action Defendants Releasees or in any way referred to for any other reason as against the Released Class Action Defendants Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement; (ii) offered against the Released Class Action Plaintiffs or any Class Member as evidence of, or construed as evidence of, any presumption, concession or admission by Released Class Action Plaintiffs or any Class Member that any of their claims are without merit, that any of the Released Class Action Defendants Releasees had meritorious defenses, or that damages recoverable in the Class Action would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault or wrongdoing of any kind of Released Class Action Plaintiffs or any member of the Class or in any way referred to for any other reason as against Released Class Action Plaintiffs or any member of the Class, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement; or (iii) construed against any of the Released Class Action Defendants Releasees as an admission, concession, or presumption that the

14

consideration to be given under the Settlement represents that amount which could be or would have been recovered after trial; provided, however, that the Parties to the Class Action and their respective counsel may refer to the Agreement to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Agreement.

25.    No Class Member or any other Person will have any claim against any of the Parties, their counsel, the Noticing Agent, or the Wind Down Trustee arising from or relating to the settlement or actions, determinations, or distributions made substantially in accordance with the settlement or the orders of the Court.

26.    Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Distribution Plan, and Class Counsel's motion for an award of attorneys' fees and expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

**SIGNED: September 25, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

15