# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE GWG HOLDINGS, INC. SECURITIES LITIGATION** | § § § § § § § § § § § | **Civil Action No. 3:22-cv-00410-B** |
| | | **CLASS ACTION** |
| **This Document Relates To: All Actions** | | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANT WHITLEY PENN LLP

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement with Defendant Whitley Penn LLP ("Preliminary Approval Order"), dated December 12, 2024, and the Order Preliminarily Approving Settlement with Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P., and Approving Settlement Notice ("Notice Order"), dated September 25, 2025, on the application of the Settling Parties for Final Approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated July 17, 2024 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Consolidated Action and over all Settling Parties to the Consolidation Action, including all Settlement Class Members.

3.      The Court hereby certifies for the purposes of the Settlement only, the Consolidated Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class defined as: "all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive."  Excluded from the Class are: (i) Defendants; (ii) current or former officers and directors of GWG or Ben; (iii) Defendants' immediate family members, legal representatives, heirs, successors or assigns; and (iv) any entity

1

in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are the Persons and entities listed in Exhibit 1 appended hereto who or which are excluded from the Settlement Class pursuant to their requests for exclusion.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby designates Lead Plaintiff as Class Representative for the Settlement Class and appoints Class Counsel Girard Sharp LLP and Malmfeldt Law Group P.C. as counsel for the Settlement Class.  Lead Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Consolidated Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and the Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and Stipulation are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7.    Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Consolidated Action as to Defendant Whitley Penn, and dismisses all Settled Claims of the Settlement Class against Whitley Penn and the Whitley Penn Released Parties with prejudice, without costs as to Whitley Penn or any of the Whitley Penn Released Parties, except as and to the extent provided in the Stipulation and herein.

8.    Upon the Effective Date, Class Representative and Settlement Class Members, on

2

behalf of themselves and each of their respective predecessors, successors, assigns, parents, subsidiaries and other affiliates, officers, directors, employees, partners, members, managers, owners, trustees, beneficiaries, advisors, consultants, insurers, reinsurers, stockholders, investors, nominees, custodians, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates, any Person(s) they represent in connection with the Consolidated Action or in connection with the purchase, acquisition, or sale of any L Bonds traceable to the Registration Statement during the Class Period, and any Person(s) who claims through or on behalf of them, shall be deemed by the Settlement and by operation of this Judgment to, and shall, release, waive, dismiss, and forever discharge the Settled Claims as to Whitley Penn and the Whitley Penn Released Parties, and shall be deemed by this Settlement to, and shall be permanently and forever barred and enjoined from asserting, commencing or prosecuting in any forum, each and every one of the Settled Claims against Whitley Penn and the Whitley Penn Released Parties.

9. Upon the Effective Date, Whitley Penn, on behalf of itself, including all past and present individual partners and employees, its predecessors, successors, and assigns, shall be deemed by the Settlement to, and shall release, waive, dismiss, and forever discharge the Whitley Penn Claims against Class Representative, Settlement Class Members, and their attorneys, agents, experts, and investigators, and shall be deemed by the Settlement and by operation of this Judgment to, and shall be forever enjoined from prosecuting each and every one of the Whitley Penn Claims against any of such Persons.

10. The Notice given to the Settlement Class in accordance with the Notice Order entered on September 25, 2025, was the best notice practicable under the circumstances, including the individual notice to Settlement Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in

3

the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.    Any plan of allocation submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of Whitley Penn or the Whitley Penn Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Whitley Penn Released Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Whitley Penn and the Whitley Penn Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Consolidated Action; and (d) all Settling Parties hereto for the purpose of

4

construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Consolidated Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without further approval from the Court, Class Representative and Whitley Penn are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: January 13, 2026

_____
THE HONORABLE JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

5