IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE GWG HOLDINGS, INC. SECURITIES LITIGATION | § § § § § § § § § § § |  Civil Action No. 3:22-cv-00410-B<br><br>**CLASS ACTION** |
| _____<br><br>This Document Relates To: All Actions | | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANTS BRADLEY K. HEPPNER, PETER T. CANGANY, JR., THOMAS O. HICKS, DENNIS P. LOCKHART, BRUCE W. SCHNITZER, ROY W. BAILEY, DAVID F. CHAVENSON, DAVID H. DE WEESE, TIMOTHY L. EVANS, MURRAY T. HOLLAND, AND THE BENEFICIENT COMPANY GROUP, L.P.**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement ("Preliminary Approval Order"), dated September 25, 2025, on the application of Lead Plaintiff Frank Moore, on behalf of himself and the Class, and Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P., for Final Approval of the Settlement set forth in the Settlement Agreement dated March 6, 2025, (the "Agreement"). Due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   This Final Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise set forth herein.

2.   This Court has jurisdiction over the subject matter of the Class Action and over all Parties to the Class Action, including all Class Members.

3.   The Court hereby certifies for the purposes of the Settlement only, the Class Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined as: all Persons who purchased or otherwise acquired L Bonds, pursuant and/or traceable to the Registration Statement during the time period between June 3, 2020 and April 16, 2021, inclusive. Excluded from the Class are Released Defendants, current or former officers and directors of GWG or Ben and their immediate family members, legal representatives, heirs, successors or assigns, or any entity in which any Released Defendant

has or had a controlling interest. Also excluded from the Class are the Persons and entities listed in Exhibit 1 appended hereto who or which are excluded from the Class pursuant to their requests for exclusion.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby designates Lead Plaintiff as class representative for the Class and appoints Girard Sharp LLP and Malmfeldt Law Group P.C. as counsel for the Class. Lead Plaintiff and Class Counsel have fairly and adequately represented the Class both in terms of litigating the Class Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement and the Distribution Plan set forth in the Agreement and finds that said Settlement and Distribution Plan are, in all respects, fair, reasonable, and adequate to the Class.

6.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Agreement and the Settlement are fair, reasonable, and adequate as to each of the Parties to the Class Action, and that the Agreement and Settlement are hereby finally approved in all respects, and the Parties to the Class Action are hereby directed to perform the Agreement's terms.

7.  Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Agreement, as well as the terms and provisions hereof. The Court hereby dismisses the Class Action as to Defendants Bradley K. Heppner, Peter T. Cangany, Jr., Thomas O. Hicks, Dennis P. Lockhart, Bruce W. Schnitzer, Roy W. Bailey, David F. Chavenson, David H. de Weese, Timothy L. Evans, Murray T. Holland, and The Beneficient Company Group, L.P.,

and dismisses all Released Class Action Claims against the Released Class Action Defendants Releasees with prejudice, without costs as to Released Class Action Defendants Releasees, except as and to the extent provided in the Agreement and herein.

8. Upon the Effective Date, the Released Class Action Plaintiffs, and each and every Class Member, each on behalf of itself and each of its current and former directors, officers, members, managers, employees, shareholders, partners, advisors, accountants, attorneys, insurers, representatives, Affiliates, successors, assigns, trustees, beneficiaries, and agents, and each of their respective Affiliates, shall be deemed by operation of law to have, and by operation of the Settlement and this Judgment to have, released, waived, discharged, and dismissed each and every Released Class Action Claim, including Unknown Claims, against each and every Released Class Action Defendants Releasee and shall forever be enjoined from commencing or prosecuting in any forum any or all of the Released Class Action Claims against each and every Released Class Action Defendants Releasee, except that the foregoing release, waiver and discharge shall not release, waive or discharge Released Class Action Plaintiffs' right to enforce the Agreement.

9. Upon the Effective Date, the Released Class Action Defendants Releasees shall be deemed by operation of law to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each of the Released Class Action Plaintiffs from all Released Defendant Class Action Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Class Action and the Released Class Action Claims, except that the foregoing release, waiver, and discharge shall not release, waive, or discharge the Released Class Action Defendants Releasees' right to enforce the Agreement.

10. The Class Notice given to the Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, including the individual notice to Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.

11. Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Class Action Claim, or of any wrongdoing or liability of Released Class Action Defendants Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Class Action Defendants Releasees; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Released Class Action Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Class Action Defendants Releasees may file the Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Class Action; and (d) all Parties to the Class Action for the purpose of construing, enforcing, and administering the Agreement.

13. The Court finds that during the course of the Class Action, the Parties to the Class Action and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. No Class Member or any other Person will have any claim against any of the Parties, their counsel, the Noticing Agent, or the Wind Down Trustee arising from or relating to the settlement or actions, determinations, or distributions made substantially in accordance with the settlement or the orders of the Court.

15. In accordance with 15 U.S.C. § 77z-1, 15 U.S.C. § 78u-4(f)(7), and any other applicable law or regulation, any and all Claims which are brought by any Person or entity against any of the Released Class Action Defendants Releasees for contribution or indemnification arising out of any Released Class Action Claim are hereby permanently barred and discharged. Any such Claims brought by any of the Released Class Action Defendants Releasees against any Person or entity (other than Persons or entities whose liability to any of the Released Class Action Plaintiffs or Class Members is extinguished by this Order and Final Judgment) are likewise permanently barred and discharged.

16. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Effective Date does not occur, then this Judgment shall be

rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

17. Without further approval from the Court, the Parties to the Class Action are hereby authorized to agree to and adopt such amendments or modifications of the Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties to the Class Action may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

18. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: January 13, 2026

_____
THE HONORABLE JANE J. BOYLE
UNITED STATES DISTRICT JUDGE